E-FILED
Friday, 04 May, 2007  05:33:44 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| DEDRIC MOORE, | ) | |
| | ) | |
| Petitioner, | ) | No. 07-2015 |
| | ) | |
| v. | ) | The Honorable |
| | ) | Michael P. McCuskey, |
| DONALD HULICK, | ) | Judge Presiding. |
| | ) | |
| Respondent. | ) | |

### TO THE CLERK OF THE DISTRICT COURT

Pursuant to Rule 5, 28 U.S.C. sect. 2254, the below-named Exhibits are being filed:

Exhibit X:     Trial court record.

Respectfully submitted,
LISA MADIGAN
Attorney General of Illinois

BY:     /s/ Mary A. Fleming

MARY A. FLEMING
Assistant Attorney General
100 W. Randolph, 12th Floor
Chicago, Il. 60601
(312) 814-3692
Mfleming@atg.state.il.us
Atty. Reg. #6242892

798-2 FILED
Friday, 04 May, 2007 05:34:22 PM
Clerk, U.S. District Court, ILCD

**McKinley Health Center**
**University of Illinois**

**PROGRESS NOTES**

Name____

S.S.#____

HANSEN LORI KRISTINE
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

CONFIDENTIAL DATA

DISCLOSURE IS
PROHIBITED WITHOUT
WRITTEN CONSENT.

2/26/98 cont.

Hansen, Lori    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    2/26/98

S - Patient comes for follow-up of an assault. She was seen in Covenant ER two nights ago and was told to follow-up today for a head injury, burns to a couple of fingers, knee and smoke inhalation. She states that maybe she felt a little bit short of breath, but it might just be her imagination. Not much coughing. The burns on her fingers are doing well. The one on her knee does seem to be getting more painful and she has been getting a green discharge from it. She does have a headache, but no nausea or visual changes, no dizziness.

O - Her lungs are clear throughout. There is an abrasion on her left parietal scalp. No bony deformity. There are small partial thickness burns on the left index and right fourth fingers without sign of infection. There is a very large burn on the anterior left knee which is surrounded by some erythema and has a lot of yellow discharge.

A - Head injury assault and burns secondary to an assault with probable infection of left knee burn.

P - She was given Zithromax 250 mg 2 po today and then 1 po days 2-5. Call if she develops a stomach upset from it. She was given Silvadene in Covenant and she will continue to use that twice a days after washing the burn with soap and water and applying a nonstick dressing. She is going to follow-up again tomorrow afternoon.

K. Ellis, M.D./ct
dt: 3/2/98

MEDICAL CLINIC    FEB 27 1993

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        02/27/98
0    /328-0370    10:05:45
HANSEN LORI KRISTINE
APPT    Med .Ellis
Freshm    F    28    PAGE

R 12    121/70
Tmp
97.5    P 90

① Knee wound cleansed c̄ Sure-cleans per Dr Ellis request, dressed c̄ non-stick gauze, Silvadene, Kling et Wrap. ——— vo Dr Ellis / Kenneth?

K. Ellis

cont.

OVER

C000371

798-2383

University of Illinois
McKinley Health Center
1109 S. Lincoln Avenue
Urbana, Illinois 61801

HANSEN LORI KRISTINA
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

Social Security Number

CONFIDENTIAL DATA
DISCLOSURE IS
PROHIBITED WITHOUT
WRITTEN CONSENT

2/27/98 cont.

HANSEN, LORI    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    2/27/98

S - Patient comes for follow up of left knee burn. She states she thinks it's looking a little worse today.

O - There does seem to be some increased erythema surrounding the wound today. It is warm. There is some brown-green discolored substance over the open area of the wound that is dried and does not come off with the swab.

A - Burn left knee with probable wound infection.

P - Changed her antibiotic to Ceftin 250 mg. bid times 10 days. I gave her a Sureclens to take home and some gauze and more Silvadene. She is to return to clinic again in 3 days or if it seems to be worse tomorrow come into Walk-In Clinic.

K. Ellis, M.D./jj
dt: 3/3/98

**MEDICAL CLINIC** NOV 0 2 1998

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    03/02/98
6   /359-4843   10:48:50
HANSEN LORI KRISTINA
APPT      Med ,Ellis
Freshm   F   28   PASS

119/75
P91
95.1
V/Collins

Hansen, Lori    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    3/2/98

S - Patient comes for follow-up of a burn left knee. She states that it does seem to be doing better now. A friend of hers is a physician who cleaned it up for her over the weekend.

O - Wound left knee looks much improved, still some green colored discharge, but very minimal surrounding erythema now or warmth.

A - Left knee wound much improved.

P - Have her continue twice a day cleaning with Silvadene and Augmentin. Might consider adding coverage for pseudomonas if it doesn't continue to do well. Have her return to clinic again in 2-3 days.

K. Ellis, M.D./cl
dt: 3/3/98

C000372

McKinley Health Center
University of Illinois

**PROGRESS NOTES**

Place label Here

Name _Hansen Lori_
Last Name          First Name

S.S.# _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_

798-2383

**MEDICAL CLINIC** MAR 0 4 1998

CONFIDENTIAL DATA
DISCLOSURE IS
PROHIBITED WITHOUT
CONSENT

```
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      03/04/98
6   /359-4843   08:52:15
HANSEN LORI KRISTINA
APPT      Med ,Ellis
Freshm   F    28   PASS
```

118/69

79

94, 4

V/ Collins

0900 Dressing change per Dr Elli's request. Suclens used to cleanse wound. Some green patches noted. Sm amt of bleeding. silvadene c adaptic gauze applied. 4x4's, kling et sleeve applied. ————————— Kscranton RN

**MEDICAL CLINIC** MAR 0 6 1998

```
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      03/06/98
6   /328-0375   09:17:40
HANSEN LORI KRISTINA
APPT      Med .Ellis
Freshm   F    28   PASS
```

129/74      88-P      0.T. 95⁷      Wt.131

DArbitt RN

Dressing change per Dr Elli's req. (L) knee cleansed c suclens. Silvaden applied c adaptic non stick gauze, 5urge steril 4x4, kling wrap et tube dressing. Discussed when to go to Q dressing. Very sm area green patch now noted. Elsewhere sl red but healing well. flu prn ————————— Kscranton RN

green patch only

798-2383

FINAL REPORT

03/01/98                MCKINLEY HEALTH CENTER
7:43 AM                 1109 S. LINCOLN AVENUE                    PAGE:    1
                        URBANA, ILLINOIS 61801

NAME: HANSEN, LORI                                    DATE:  2/27/98
ID NUMBER: 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     AGE:   28
LOCATION:  PREV.MED.       SEX:  F
DOCTOR:    ELLIS

ACCESSION #: 3294                          ORDERED:   2/27/98  4:28 PM NETTE
COMMENT    : 328-2375  L KNEE  CEFT         COLLECTED:  2/27/98  4:28 PM LAB
                                           RECEIVED:   2/27/98  4:28 PM NETTE
                                           COMPLETED:  3/01/98  7:42 AM

| TEST | UNITS | RESULTS | FLAG | CERT. | REFERENCE RANGE |
|------|-------|---------|------|-------|-----------------|

MICROBIOLOGY

    MISC. CULTURE          NOGROWTH                    RLM

CONFIDENTIAL DATA
DISCLOSURE IS
PROHIBITED WITHOUT
WRITTEN CONSENT.

9B RESULTS REVIEWED:
   DATE:  3/2/98   INITIAL:  KKS

PATIENT NOTIFIED (phone/mail/in person):  given results
   DATE: _____  INITIAL: _____  PTR#: at appointment today

                                      SANDHYA SARWATE, M.D.
                                      MEDICAL LAB DIRECTOR

                                      C000314

                    FINAL REPORT

708- 2383                              P. 02

# INCIDENT REPORT
## Champaign Fire Department

NFIRS-1

[ ] DELETE
[ ] CHANGE

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **A** | FDID **CD131** | INCIDENT NO **98-000708** | EXP NO **00** | MO **02** | DAY **25** | YR **98** | DAY OF WEEK **Wednesday 4** | ALARM TIME **03:00:00** | ARRIVAL TIME **03:03:00** | IN SERVICE **03:56:00** |

**B** TYPE OF SITUATION FOUND **Structure Fire 11** | TYPE OF ACTION TAKEN **Extinguishment 1** | MUTUAL AID [ ] Recd [ ] Given

**C** FIXED PROPERTY USE **2-family Dwelling-year 414** | IGNITION FACTOR **Incendiary, No Civil Disturb. 11**

**D** CORRECT ADDRESS **512 S New St. Champaign, IL** | CO. **CH** | TWN **CHA** | ZIP CODE **61820** | CENSUS TRACT **0005.00**

**E** OCCUPANT NAME **Hansen, Lori** | TELEPHONE **217-359-4843** | ROOM/APT NO

**F** OWNER NAME | ADDRESS | TELEPHONE

**G** METHOD OF ALARM FROM PUBLIC **Telephone Direct 1** | TYPE OF ALARM **Fire F** | DISTRICT **0S1** | SHIFT **2** | STATION **1** | NO. ALARMS **1**

**H** 911 USED **USED THE 911 Y** | PERSONNEL RESPONDED **015** | ENGINES RESPONDED **002** | AERIAL APPARATUS **001** | OTHER VEHICLES **005**

ALL INCIDENTS

**I** NUMBER OF INJURIES FIRE SERVICE **000** OTHER **001** | NUMBER OF FATALITIES FIRE SERVICE **000** OTHER **000**

CAS

**J** COMPLEX **Dwelling Complex 41** | MOBILE PROPERTY TYPE **Not Applicable 08**

**K** AREA OF FIRE ORIGIN **Personal Service Area 28** | EQUIPMENT INVOLVED IN IGNITION **No Equipment Involved 9B**

**L** FORM OF HEAT OF IGNITION **Undetermined 00** | TYPE OF MATERIAL IGNITED **Multiple Types 97** | FORM OF MATERIAL IGNITED **Soft Goods/Wearing Apparel 30**

**M** METHOD OF EXTINGUISHMENT **Preconnect 6** | LEVEL OF FIRE ORIGIN **Grade to +9' 1** | ESTIMATED LOSS **10,000** | ESTIMATED VALUE **70,000**

ALL FIRES

**N** NUMBER OF STORIES **One Story 1** | CONSTRUCTION TYPE **Unprotected Wood Frame 8**

**O** EXTENT OF FLAME DAMAGE **Room of Origin 3** | EXTENT OF SMOKE DAMAGE **Structure of Origin 6**

**P** DETECTOR PERFORMANCE **No Detectors Present 8** | SPRINKLER PERFORMANCE **No Equipment 8**

**Q** IF SMOKE SPREAD BEYOND ROOM OF ORIGIN | TYPE OF MATERIAL GENERATING MOST SMOKE **Multiple Types 97** | AVENUE OF SMOKE TRAVEL **Opening in Construction 5**

**R** | FORM OF MATERIAL GENERATING MOST SMOKE **Soft Goods/Wearing Apparel 30**

STRUCTURE

**S** IF MOBILE PROPERTY | YEAR | MAKE | MODEL | SERIAL NO. | LICENSE NO.

**T** IF EQUIPMENT INVOLVED IN IGNITION | YEAR | MAKE | MODEL | SERIAL NO.

[X] CHECK IF COMMENTS

**U** OFFICER IN CHARGE (NAME, POSITION, ASSIGNMENT) **Weber, Charles D/Battalion Chi** | DATE **02/25/1998**
MEMBER MAKING REPORT (IF DIFFERENT FROM ABOVE) **OYELD** | DATE **02/25/1998**

C00 375





# INCIDENT REPORT
## Champaign Fire Department

A

| FDID | INCIDENT NO | EXP NO | MO | DAY | YR | DAY OF WEEK | ALARM TIME |
|------|-------------|--------|-----|-----|-----|-------------|------------|
| CD131 | 98-000708 | 00 | 02 | 25 | 98 | Wednesday 4 | 03:00:00 |

**NARRATIVE**

Responded to a fire in a duplex. Upon our arrival, we found fire in the front room window. The front door was locked, but the back door was standing open. We entered the back door with an 11/2" line and extinguished the fire. A primary search was initiated with no humans found. We did find two cats and brought them outside. An overhaul was done with the major factor being the front room ceiling which was removed. Investigator Bain was called to the scene of which he took control. A female occupant was taken to a hospital for treatment of injuries. A possible odor of gasoline or some type of paint thinner was evident in the bathroom area.

C000376

*798-2383*

Fire Investigation Report
512 A   South New Street
Champaign, Illinois 61820
2-25-98
Incident # 98-708


I was called to this incident to conduct the origin and cause of the fire that had occurred there. Upon my arrival at the scene I spoke with Battalion Chief Weber who advised me that preliminary information indicated that there had been an assault and possible intentional fire set at this location. Mr. Cory Haines, who is an employee of METCAD and an investigative intern with the Champaign Fire Department, assisted me in the examination of this fire scene. I spoke with a uniformed police officer who indicated that the occupant of the house was being taken by ambulance to the hospital. Her condition was not known. The officer indicated that the victim's clothing had been taken into evidence and placed in the trunk of a police squad car. I asked if I could exam the clothing and I was allowed to do so. I detected an odor of gasoline on the clothing and suggested that some of the clothing be placed in a metal container in order to capture the latent fumes. I took a white bra from the paper bag in which the clothing had been placed and put it into a one quart metal container. I sealed the container and retained it in my possession by locking it in my investigation vehicle.

I spoke to fire fighters who indicated that upon their arrival they had observed flames coming from the front (north west) window of the duplex building. They also advised me that the front door to this unit was locked but the rear door was standing in an open position. They proceeded to attack the fire from the rear entrance and extinguished it in a short time.

The heaviest fire damage was noted in the living room of the unit. Heavy soot damage and moderate heat damage was seen in the kitchen. Moderate soot and heat damage continued through the hallway with lighter damage seen in the two bedrooms and bathroom. I began an examination of the living room near the southwest wall, as it appeared to be the general area of origin. This opinion was determined by the facts that extreme fire destruction was noted in this area along with significant calcination noted on the southwest wall. Very low burn patterns were also noted at the bottom of this wall.

A sample portion of a living room rug (which was on top of another carpet) was taken and placed in an evidence can. This item was labeled "Item 1". This sample, taken from below the southwest wall, was taken because an odor similar to a flammable or combustible smell was detected in this area. A second sample of the same living room rug was taken from an area approximately 36 inches to the north east of the first sample. The second sample was placed in a sealed metal contained and labeled "Item 2". These two samples, along with the clothing sample, were retained in my possession until I personally placed them in the Champaign Fire Department's secured evidence retention locker.

C000377

798-2383

Fire Investigation Report
512 A  South New Street
Champaign, Illinois   61820
2-25-98
Incident # 98-708

An electrical receptacle was located on the southwest wall in the general area of the
origin of this fire.  My examination of this outlet showed insufficient signs of extreme
heating having taken place from within this electrical component to be considered as a
possible fire cause.  It was apparent that this fire did not originate from within this
electrical outlet.  I identified no other unintentional causes for this fire.

It is my opinion that this fire was intentionally ignited within the living room of this unit.
The area and point of origin appears to be along the southwest wall of the living room.

*Eddie Bain*

Lieutenant Eddie Bain
Fire Prevention Bureau
Champaign Fire Department

C000378



*798-2383*



# AMERICAN FAMILY INSURANCE GROUP

2600 W RICHWOODS BLVD • PEORIA IL.

PO BOX 3220 • PEORIA IL 61612-3220 • PHONE: (309) 688-0622

November 25, 1998

Det. Don Shepard #7797
City of Champaign Police Dept
82 East University Av.
Champaign, IL 61820

         Case # **C98-02383**
RE:   Our Claim No.:  521-078991
       Our Insured:    Hansen, Lori
       Date of Loss:   2/25/1998

Dear Detective Shepard:

It is my understanding that a suspect may be apprehended in this case, named **Dedric Moore.**

Todate, we have paid $8,404 on this file. Please pass a copy of this letter to the State's Attorney

so that our interests in Restitution/Subrogation are made known.

Thank you for services and work in this case.

Respectfully,

DeWayne Householter
Claims Department

copy to L Hansen
dh

# EVIDENCE

## CHAMPAIGN POLICE DEPARTMENT
### CHAMPAIGN, ILLINOIS 61820

| | EVIDENCE | ☒ |
| --- | --- | --- |
| | SAFEKEEPING | ☐ |
| | CONTRABAND | ☐ |
| | RECOVERED PROPERTY | ☐ |

OFFENSE NO. 7 ? ? ? ?

OFFICER'S NAME AND NUMBER  D J/Schield 79?

DATE AND TIME SEIZED  02-25-98 035 4/11-24-98 1925  All Major DR

TYPE OF CRIME

| | LAST NAME | FIRST NAME | M.I. | DATE OF BIRTH | | ADDRESS | HOME PHONE | WORK PHONE |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| OWNER | | | | | | | | |
| SUSP. #1 | Moore | Derric | T. | 08/13/78 | | | | |
| SUSP. #2 | | | | | | | | |
| SUSP. #3 | | | | | | | | |
| VICTIM | Hansen | Lori | K. | 04/12/79 | | | | |
| OTHER | Stevens | Jennifer | E. | 08/26/80 | 1702 W University Ave, C | 352-295? | |

JUVENILE

| NO. | EXHIBIT NO. | TYPE OF PROPERTY — DESCRIPTION — MODEL NO. — SOURCE — ETC. | LEADS CHECKED | SERIAL NUMBER | DATA # | BIN |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | | One Micro Cassette Tape ( Statement of | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

REMARKS:

| ☐ RETAIN UNTIL NO EVIDENTIARY VALUE | ☐ RELEASE ON DEMAND | ☐ DESTROY | |
| --- | --- | --- | --- |
| INITIAL STORAGE BY OFFICER ☐ | "CKER # ——— | DATE AND TIME EVIDENCE BOOKED | EVIDENCE CLERK |
| IMPOUND BLDG. ☐ | IMPOUND BAY ☐ | ☒ OTHER DJ/ ?? | |

EVIDENCE ROOM USE ONLY

C 0000380

RECORDS



# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

1

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98  2:35 p.m. | 798-2383 | |
| CLASSIFICATION | | LOCATION | |
| Attempted Murder | | 512 South New | |

Date and time of original report was 02-25-98 at 0259 hours.  Date and time
today's report is 11-24-98 at 2:35 hour, p.m.  The report number is 798-2383.
Offense was attempted first degree muder and the location was 512 South New
Street.

DS:     Would you please state your first name for me ma'am?

A:       Jennifer.

DS:     And what's your middle initial?

A:       E.

DS:     And your last name?

A:       Stevens.

DS:     How do you spell your last name?

A:       S-t-e-v-e-n-s.

DS:     What's your birthday?

A:       08-26-80.

DS:     And where's your address?

A:       1703 West University Avenue.

DS:     And your phone number there?

A:       352 3953

DS:     Are you aware that the tape player is on?

A:       Yes.

DS:     And you came in today at my request to talk to you about this case again.
         Is that correct?

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | | BADGE/ID NO. | DATE |
|---|---|---|---|---|
| | Detective Don Shepard | DS | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | | BADGE/ID NO. | DATE |
| ckm | | | | C000381 |



# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

2

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98   2:35 p.m. | 798-2383 | |
| **CLASSIFICATION** | | **LOCATION** | |
| Attempted Murder | | 512 South New | |

A:    Yes.

DS:    And present with us is also Detective Charles Shepard which you've met before. Is that right?

A:    Yes.

DS:    Did you have an occasion to speak with him before about this case?

A:    Yes.

DS:    And did you also speak to me about this?

A:    Yes.

DS:    Basically what I want to do is go over what your statement was in the past to make sure we've got it all correct. Do you remember the night of the incident where Dedrick Moore's grandmother's house was on fire?

A:    Yes.

DS:    It was, okay. How do you know Dedrick Moore?

A:    He was my boyfriend.

DS:    And how long was he your boyfriend?

A:    'Bout a year and a half.

DS:    Okay.

CS:    Was he your boyfriend at that time?

DS:    And do you remember what date this fire occurred?

A:    February 25th.

DS:    1998?

A:    1998.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | Detective Don Shepard | I 97 | 11-25-98 |
| **DATA ENTRY BY** | **APPROVED (SUPERVISOR)** | **BADGE/ID NO.** | **DATE** |
| ckm | | | |

C0 0 0 3 8 2

# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

3

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98   2:35 p.m. | 798-2383 | |
| CLASSIFICATION | LOCATION | | |
| Attempted Murder | 512 South New | | |

DS:    Do you remember if you had seen Dedrick on that day?

A:    Yes I did.

DS:    And had you seen him the day before that?

A:    Yes.

DS:    Or the day before that?

A:    Yes.

DS:    Okay.  I want to start two days prior to the fire.  So we're gonna go back to February the 23rd.

A:    Okay.

DS:    Is there anything that you did that day that recalls your memory specifically about that day?

A:    No.

DS:    Okay.  Do you remember going anywhere with him or doing anything that day?

A:    I mean I remember being with him.

DS:    Okay.  So what was your normal routine?  Did you see him every day or?

A:    Yes I did.

DS:    Okay.  Do you remember going out to your Dad's house with him to borrow money?

A:    Okay yes, um hum.

DS:    And did you tell Detective Charles Shepard that earlier?

A:    Yes I did.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | Detective Don Shepard | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
| ckm | | | |

C000383



# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

4

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98  2:35 p.m. | 798-2383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| Attempted Murder | 512 South New |

DS:    Do you remember what day that would've been?

A:    Probably I guess the maybe it was the 20, was it the day, let's see 24th or I don't remember the exact day.

DS:    Okay.

A:    By date, by date.

DS:    Okay.  Do you remember where your mother was at when this incident occurred?

A:    Yes, Mardi Gra.  She was in Mardi Gra.

DS:    So she was out of the state?

A:    Right.

DS:    Where was you staying then?

A:    I was staying with my friend, Sarah Steinman.

DS:    And where's Sarah live at?

A:    She lives in Rolling Acres on Meadow Lane.

DS:    How do you spell her last name?

A:    S-t-e-i-n-m-a-n.

DS:    Do you know her phone number?

A:    Yes.  359 2852.

DS:    When, which nights did you spend with Sarah?

A:    I spent probably most of the week.  Because my Mom was in Mardi Gra for that probably until that, I want to say Thursday or Friday she was probably gone.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | Detective Don Shepard | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
| ckm | | | |

C000384




# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

5

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98  2:35 p.m. | 798-2383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| Attempted Murder | 512 South New |

DS:   Thursday or Friday after this incident?

A:    Right.  So she was gone through that week.

DS:   During the time that you stayed with Sarah, do you remember where
      Dedrick was staying?

A:    Yes.  As far as I know that he was staying with Emmanuel Moore, his
      brother.

DS:   Where does Emmanuel live?

A:    He was living at 108 East Healey.

DS:   Do you know which apartment number?

A:    Eight, apartment 8.

DS:   How do you know that Dedrick was staying there?

A:    Because like one morning I remember going, leaving school 'bout 11 and
      picking him up for lunch I believe after a doctor's appointment around 11,
      11:30ish.  He was still asleep.  So I know that at least he was sleeping.

DS:   So you woke him up when you got there?

A:    Yeah, I woke him up.

DS:   Is that an incident that you told Detective Charles Shepard about earlier.

A:    Yeah.

DS:   Okay.  So when you got there to, to pick him up, you went and did
      something with him right?

A:    Um hum.

DS:   When did you drop him off that day and where?

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | Detective Don Shepard | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
| ckm | | | C0003 85 |



# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

6

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98  2:35 p.m. | 798-2383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| Attempted Murder | 512 South New |

A:    Maybe one and I dropped him back off at Dontay's or Emmanuel Moore's and went back to school.

DS:    So does Emmanuel go by the name Dontay also?

A:    Dontay is what he goes by.  But his real, you know, his full name is Emmanuel Moore.

DS:    Okay.  So then that night, do you remember being with Dedrick?

A:    Yeah, probably like, like evening 'bout six, sixish, 6:30.

DS:    Okay.  When you went back to Sarah's, did you go there and spend the night that night?

A:    Yeah.

DS:    Do you remember what time you got there?

A:    Probably about 9:30.

DS:    P.M.?

A:    Yeah.

DS:    Okay.

A:    9:30, ten.

DS:    Did you have an occasion to speak with Dedrick on the night of this fire?

A:    Yes, I believe so yeah.

DS:    Is this an incident that you told Detective Charley Shepard about earlier?

A:    Yes um hum.

DS:    Do you remember what the circumstances were that you spoke to him under?  How you contacted him et cetera?

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | | BADGE/ID NO. | DATE |
|---|---|---|---|---|
| | Detective Don Shepard | | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | | BADGE/ID NO. | DATE |
| ckm | | | | |

000386

# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

7

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98  2:35 p.m. | 798-2383 | |
| CLASSIFICATION | LOCATION | | |
| Attempted Murder | 512 South New | | |

A:    Either, it was always either I paged him or he paged me.  And then I believe I, I don't know, but I believe that I probably may have paged him. But on certain nights he would page like late.

DS:    What was your pager number?

A:    621 2173.

DS:    Do you know what his pager number was?

A:    It was a two number, I think it's, it was 292 2400.  I know it was a 2400.

DS:    Okay.

A:    I don't remember.

DS:    When he called, did he call you at Sarah Steinman's that night?

A:    He wouldn't call directly 'cause if it was late.  So I probably was, he would probably page me first as to not wake anybody up.

DS:    And, and then you called him?

A:    Yeah, um hum.

DS:    At the number that he put in your pager number.

A:    Right.

DS:    Did he tell you where he was calling from?  Or where he was at?

A:    Yeah, yeah.

DS:    Where was that at?

A:    On the corner of First and Springfield on the pay phone.

DS:    Okay.  Do you remember what the content of the conversation was?

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | | BADGE/ID NO. | DATE |
|---|---|---|---|---|
| | Detective Don Shepard | | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | | BADGE/ID NO. | DATE |
| ckm | | | | |

C000387

# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

8

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98  2:35 p.m. | 798-2383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| Attempted Murder | 512 South New |

A:   Just basically small talk. What are you doing? Where are you, where are you at and stuff like that.

DS:   Okay. Do you remember what time it was that you had this conversation?

A:   Not exactly. I know it was, it was probably pretty late, 12, one, around there.

DS:   P.M. or 12 a.m. I mean?

A:   Um hum, yes.

DS:   Midnight.

A:   Um hum.

DS:   Okay. And he told you he was at the pay phone at Springfield and First.

A:   Right.

DS:   Did he say if he was with anybody else?

A:   No.

DS:   Did you know or do you know when Dedrick started staying at Lillie Moore's again after this fire?

A:   It was probably his pair, his, his mother came home I remember the next day or the, the night it happened, she came home that, that morning.

DS:   Okay.

A:   And I remember he stayed at Dontay's I believe probably one or two more nights.

DS:   And then what

A:   And then came back.

DS:   To where?

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | Detective Don Shepard | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
| ckm | | | |

C000388

 

# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

.9

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98  2:35 p.m. | 798-2383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| Attempted Murder | 512 South New |

A:     To New Street think to help, you know, to help them move or whatever.

CS:    Did he know when his mother was gonna be returning?

A:     I'm not sure about that.  I don't know.

DS:    Did he know the neighbor that lived in the north half of that duplex?

A:     I, he know, he knew who she was yeah.

DS:    How do you know that?

A:     Just because we would speak in passing.

DS:    Did you ever see Dedrick stop and have a conversation with her?

A:     No.

DS:    Did you ever stop and have a conversation with her?

A:     No.  It was

DS:    Do you know her name?

A:     No.

DS:    Do you know if Dedrick knew her name?

A:     No.

DS:    Did you ever see anybody else coming in and out of her place as far as if someone lived with her or not?

A:     I, I seen a, actually I saw a man with her a couple times, but

DS:    Do you know if she lived by herself or with someone else?

A:     I don't' know.  She, I mean, just judging by like the size of the place, I thought it was just her, but I don't know.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | Detective Don Shepard | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
| ckm | | | C000389 |



# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

10

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98  2:35 p.m. | 798-2383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| Attempted Murder | 512 South New |

DS:    Did Dedrick ever

A:    I have no idea.

DS:    I'm sorry, did Dedrick ever speak of that?

A:    No.

DS:    Okay.  Do you know what kind of coat Dedrick owned at the time of this incident?

A:    Yeah, it's a, a jean jacket and a white winter jacket.  And every once in awhile would wear a red and black jacket.  But it wasn't his.

DS:    Okay whose jacket

A:    It was his brother, Dontay's.

DS:    Detective Charles Shepard showed you a still frame photo.  And that was from a video tape right?

A:    Um hum.

DS:    And in fact, it's date and time stamped 02-25-98 at 02:34:34A.  I'm showing you that picture now.

A:    Um hum.

DS:    Is that the picture he showed you then?

A:    Yes.

DS:    And do you recognize that picture as anybody that you know?

A:    I mean no, features are similar, but

DS:    Are you saying

A:    I can't, I can't identify it.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | Detective Don Shepard | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
| ckm | | | |

C000390




# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

11

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98  2:35 p.m. | 798-2383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| Attempted Murder | 512 South New |

DS:     Okay.  Are you saying that no features

A:      Can't identify it.

DS:     Are identifiable or no, features are identifiable?

A:      Features are identifiable, but I don't know, I can't name the person.

DS:     Okay.  Is it, does it look like anyone that you know?

A:      I'm not really.

CS:     Is it true that when I showed the initial picture in our initial interview, you told me it looked like Dedrick?

A:      It looks, I mean similar, but you can't identify that picture.

DS:     What was you initial reaction when you first saw that picture when Charles Shepard showed you

A:      It was upsetting.

DS:     Did you go to the bathroom and get sick?

A:      I was, yeah.

DS:     What caused you to go to the bathroom and get sick?

A:      'Cause it's is, I don't know.  It's really, I mean it's similar but I can't, I can't identify the clothes, I

CS:     But did you think by facial features that that could be Dedrick Moore?

A:      Yeah.

DS:     Charley is there anything else that you can think of that we've not covered?

CS:     What kind of cigarettes did Dedrick smoke?

A:      Newport.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | Detective Don Shepard | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
| ckm | | | C 0 0 0 3 9 1 |




# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

12

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98  2:35 p.m. | 798-2383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| Attempted Murder | 512 South New |

DS:   You said that Dedrick went back to Lillie's house to spend the night the first time you believe that was when we served the search warrant on the house. Is that right?

A:   I believe so.

DS:   Okay. Do you know if, when Dedrick stayed there, how he got in the house?

A:   No, I don't know.

DS:   Did he have a key to the house?

A:   I think so, he should have

DS:   That night when we served the search warrant the only people there was you and him, correct?

A:   Correct.

DS:   How did you get in that night?

A:   Through the door, I mean.

DS:   Okay, did he have a key that night?

A:   He musta had a key. Yeah, I, I don't remember specifically remembering unlocking the door. I'm sure he had a key though. I know he had a key to the house.

CS:   So he had access to in and out of the house at any time.

A:   Yeah.

CS:   Is that right. Okay.

DS:   So you know that he did have a key.

A:   Yeah.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | | BADGE/ID NO. | DATE |
|---|---|---|---|---|
| | Detective Don Shepard | | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | | BADGE/ID NO. | DATE |
| ckm | | | | |



# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

13

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98  2:35 p.m. | 798-2383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| Attempted Murder | 512 South New |

DS: Okay. Do you know if there was anyone else staying there with him at that time?

A: No.

DS: Okay. Well, I think that

CS: What was his common schedule? Did he usually stay up fairly late at night, sleep in in the morning?

A: Sometimes he did yes, but it was all depending on what was going on. If it was a weekend, week night.

DS: Do you know if he spent the night with anyone else besides his brother, Emmanuel?

A: No I don't.

DS: Do you know anyone who lives out on Robinson Court?

A: Robinson Court. Where is that?

DS: That's north of Washington, west of Prospect Avenue.

A: North of Washington. I don't know of Robinson Court I don't believe.

CS: Do you know how Dedrick first learned of this incident?

A: No, I don't know how, I know he told me about it.

CS: What did he tell you?

A: He told me that there was a fire next door.

CS: Did he say anything else about it?

A: No.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | Detective Don Shepard | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
| ckm | | | C000393 |



# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

14

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98  2:35 p.m. | 798-2383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| Attempted Murder | 512 South New |

DS:    Did he store gasoline there or do you know if there's gasoline stored there?

A:    No, not that I know of.

DS:    Do you know Karon Williams?

A:    Oh okay, Karon, is that where he stayed on Robinson Court?  Okay.  I don't know if he stay, ever stayed there.  But I know Terron, yes.

DS:    Okay.

CS:    Did Dedrick know Karon?

A:    Yes.

CS:    Were they good friends, acquaintances?

A:    They were, I mean they were pretty good friends, but they weren't with each other like every day or, they weren't like really best friends.  But they were good friends yeah.

DS:    Do you know Robert Hickman?

A:    Yes.

DS:    How do you know Robert Hickman?

A:    He's my friend, Sarah's boyfriend.

DS:    Sarah Steinman?

A:    Yeah.

DS:    Okay.  So Robert is Sarah's boyfriend.

A:    Yeah and also went to school with him.

DS:    Okay.  Okay.  Did Dedrick know Robert?

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | Detective Don Shepard | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
| ckm | | | C000394 |

# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

15

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02-25-98  0259 hours | 11-24-98  2:35 p.m. | 798-2383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| Attempted Murder | 512 South New |

A:      Yes.  They weren't like good friends though.

DS:    'Kay.  Well, I believe that's all I have.
A:      Okay.

DS:    I'm gonna stop the tape player now.  I appreciate you coming in to talk to
        us.

A:      Okay.

DS:    The time is 2:50 p.m.

A:      Okay.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | | BADGE/ID NO. | DATE |
|---|---|---|---|---|
| | Detective Don Shepard | | I 97 | 11-25-98 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | | BADGE/ID NO. | DATE |
| ckm | | | | C000395 |

# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02/25/98  0259 hr | 01/29/99  1600 hr | 798-2383 | |
| CLASSIFICATION | LOCATION | | |
| HOME INVASION | 512 South New #A | | |

I took photos of the outside of 512 South New on 01/27/99 at 1200 hr. on film #1706 Frames #17 to end of the roll.

Today at 1500 hr. I also served a court order on Dedric T. Moore; the suspect in this case. His attorney, Diana Lenik was present. I took photos of his face on film #1907 with the entire roll. I also obtained handwriting samples. There were also three "Resident Request Forms" that had been filled out by Dedric at the Champaign County Correctional Center. I retrieved them on 01/28/99.

I entered the request forms and handwriting samples into evidence at CPD. They are being forwarded to the State Crime Lab for processing with other evidence collected previously in this case.

I am forwarding this report to the State's Attorney's Office to be placed with the case file.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | | 7197 | 01/29/99 1600 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
| Det. D. Shepard | | | |

C000396

# CHAMPAIGN POLICE DEPARTMENT
## CHAMPAIGN, ILLINOIS 61820

# EVIDENCE

| EVIDENCE | |
|---|---|
| SAFEKEEPING | ☒ |
| CONTRABAND | |
| RECOVERED PROPERTY | |

OFFENSE NO. **790-2383**

OFFICER'S NAME **D. Shepard** 797

| | JOB OFFENSE | DATE AND TIME | SEIZED | TYPE OF CRIME | JUVENILE |
|---|---|---|---|---|---|
| | 02/25/98 | 01/29/98 / SOUTHERN | 16 | ATTEMPT | |
| | | | | MURDER | |

| | LAST NAME | FIRST NAME | M.I. | DATE OF BIRTH | ADDRESS | HOME PHONE | WORK PHONE |
|---|---|---|---|---|---|---|---|
| OWNER | | | | | | | |
| SUSP. #1 | Moore | Delois | T. | 08/13/78 | | | |
| SUSP. #2 | | | | | | | |
| SUSP. #3 | | | | | | | |
| VICTIM | Hansen | Lori | K. | 04/12/69 | | | |
| OTHER | | | | | | | |

| NO. | EXHIBIT NO. | TYPE OF PROPERTY — DESCRIPTION — MODEL NO. — SOURCE — ETC. | LEADS CHECKD | SERIAL NUMBER | DATA # | BIN |
|---|---|---|---|---|---|---|
| 1 | 71 | One page of handwriting samples | | | | |
| 2 | 72 | One page of handwriting samples | | | | |
| 3 | 73 | One page of handwriting samples | | | | |
| 4 | 74 | One page of envelope containing (3) | | | | |
| | | pages of yellow "Champaign County | | | | |
| | | Correctional Center" Resident Request | | | | |
| | | forms | | | | |

**REMARKS:** ☒ RETAIN UNTIL NO EVIDENTIARY VALUE    ☐ RELEASE ON DEMAND    ☐ DESTROY

Send all to Crime Lab ASAP

| INITIAL STORAGE BY OFFICER | ☐ LOCKER # ____ | ☐ IMPOUND BLDG | ☐ IMPOUND BAY | ☒ OTHER ____ Bag | DATE AND TIME EVIDENCE BOOKED | EVIDENCE CLERK |
|---|---|---|---|---|---|---|

C00039

EVIDENCE

Illinois State Police
Division of Forensic Services
Forensic Sciences Command
EVIDENCE RECEIPT

CSS Number

Laboratory Number

Page ___ of ___

YPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE

**AGENCY DATA**

| (1) Originating Agency Name | (2) Agency Telephone | (3) NCIC Number | (4) Agency Case Number |
|---|---|---|---|
| Champaign City Police | (217) 351-4545 | IL1001000 | 798-2383 |

(5) Send report to: T. Nearing    Agency address: 82 E. University Ave Champaign    Zip Code: 61820

(6) Offense: Attempt Murder    (7) County of Offense: Champaign    (8) Date Offense Occurred: 02/25/98

(9) Victim(s) Name(s), Sex, Race, DOB: Lori K Hansen F/W, 04-12-69

(10) Suspect(s) Name(s), Sex, Race, DOB: Dedric T. Moore, M/B, 08/13/78

(11) Printed name of investigating officer if different than (5) above: Detective D. Shepard

(12) Printed name of the officer and agency delivering evidence.

| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Lab Exhibit Number(s) | (16) | (17) Evidence description (see instructions) |
|---|---|---|---|---|
| | | 71 | | One page of hand writing Samples |
| | | 72 | | One page of handwriting Samples |
| | | 73 | | One page of handwriting Samples |
| | | 74 | | One envelope Containing (3) pages of yellow "CCCC" Residents Request Form |
| | | 8 | | One piece of paper w/2 (4) digit numbers |

(18) Lab use only

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Time | (23) Received From (Signature) | (24) Received By (Signature) |
|---|---|---|---|---|---|
| | | | | | |

(25) AFIS   Yes ☐   No ☐   Comments
(26) Attach pertinent case information the case summary, and examination requests
IMPORTANT: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV-LAV II, etc.)

Please Compare the Numbers on Exhibit #8 to The handwriting Samples on Exhibits # 71, 72, 73, & 74.

Thank you!

| (27) Lab Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By (DFS Employee Signature) | (31) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| | | | | |

C000398



# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02/25/98  0259  HR | 02/17/99  1500  HR | 798-02383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| AG ARSON/ATT. MURDER | 512 S. NEW #A |

I went to the scene of this incident and took photos on film #1730 of the outside
area of the house and the houses next door. I am forwarding this report to the
State's Attornye's Office to be placed with the case-file.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | | 7I97 | 02/17/99 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
| DET. D. SHEPARD | | | C000399 |

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, )
                            Plaintiff, )
  -vs-                                 ) NO: 98-CF-1558
                                       )
DEDRIC T. MOORE,                       )
                        Defendant.     )

**FILED**

FEB 24 1999

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

### AFFIDAVIT OF MAILING

Julie Ogle, being first duly sworn on her oath, deposes and states that she did, at the request of Heidi Ladd, on the 24th day of February, 1999, deposit a true and accurate copy of the attached Notice of Hearing and Subpoena Duces Tecums in the above-entitled cause in the U.S. Mail at the Post Office in Urbana, Illinois, in an envelope with sufficient postage attached to carry the same to its destination to the following named person at the address below:

Diana Lenik, Attorney at Law, 202 W. Green Street, Urbana, IL

Subscribed and Sworn to Before Me
this 24th day of February, 1999

NOTARY PUBLIC

**OFFICIAL SEAL**
**VIRGINIA ANN KIETZMAN**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/6/02

C000400

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No: 98-CF-1558 |
| | ) |
| DEDRIC T. MOORE, | ) |
| Defendant. | ) |

**FILED**
SIXTH JUDICIAL CIRCUIT

FEB 2 4 1999

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

### NOTICE OF HEARING

TO: Diana Lenik
    Attorney at Law
    202 W. Green Street
    Urbana, IL 61801

Dear Diana:

   The above-captioned case has been set for hearing on Subpoena Duces Tecum on March 1, 1999 at 8:45 a.m. in Courtroom "A" of the Champaign County Courthouse.

   It will be your duty to appear in the Circuit Courtroom "A" in the Courthouse, 101 E. Main Street, Urbana, Illinois, at that time ready for hearing on Subpoena Duces Tecum.

                    Respectfully submitted,

                    JOHN C. PILAND
                    State's Attorney for Champaign County


            by:   Heidi Ladd_____
                    Lead Prosecutor

C000401

Form #35 — Subpoena

In the name of the People of the State of Illinois.

# IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,
                Plaintiff,

    vs.                                No. 98-CF-1558

DEDRIC T. MOORE,
                Defendant.

## SUBPOENA DUCES TECUM

To: First Midwest Bank

812 W. Springfield

Champaign, IL 61820

YOU ARE COMMANDED to appear to testify before the Honorable J.G. Townsend

_____, in Circuit Court Room "A" on the third floor of the Court House, in Urbana,

Illinois, on March 1 , 19 99 at 8:45 o'clock A .M.

YOU ARE COMMANDED ALSO to bring the following: Please furnish the original

copy of the ATM transaction on February 25, 1998 for ATM machine

at 812 W. Springfield, Champaign, Illinois using ATM card #443-001-770-
003-8613 from the First America Bank.

in your possession or control.

YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT
FOR CONTEMPT OF THIS COURT.

WITNESS, February 25 , 19 99

(Seal of Court)

*Linda S Franks*

Clerk of Court.

Name Heidi Ladd, Lead Prosecutor
Attorney for Champaign County
Address 101 E. Main Street, Courthouse
City Urbana, IL 61801
Telephone 217-384-3733

C000402

Form #35 — Subpoena

In the name of the People of the State of Illinois.

## IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,
                    Plaintiff,
          vs.                                    No. __98-CF-1558__
DEDRIC T. MOORE,
                    Defendant.

## S U B P O E N A   DUCES TECUM

To: __National City Bank__

__1771 W. Kirby Avenue__

__Champaign, IL 61820__

_____

YOU ARE COMMANDED to appear to testify before the Honorable __J.G. Townsend__

_____, in Circuit Court Room __"A"__ on the third floor of the Court House, in Urbana,

Illinois, on __March 1__, 19_99_ at __8:45__ o'clock __A__.M.

YOU ARE COMMANDED ALSO to bring the following: __Please furnish the original__
copy of the ATM transaction from February 25, 1998 for the ATM Card
account #443-001-770-003-8613 in the name of Lori Hansen.

_____

_____

_____

in your possession or control.

**YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT
FOR CONTEMPT OF THIS COURT.**

                              WITNESS, __February 24__, 19_99_.

(Seal of Court)

                              _Linda S. Frank_
                                   Clerk of Court.

Name __Heidi Ladd, Lead Prosecutor__
Attorney for __The People of the State__ of Illinois
Address __101 E. Main Street, Courthouse__
City __Urbana, IL 61801__
Telephone __217-384-3733__

C000403

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,    )
                              Plaintiff,    )
  -vs-                                )  NO: 98-CF-1558
                                   )
DEDRIC T. MOORE,               )
                      Defendant.    )

**FILED**
SIXTH JUDICIAL CIRCUIT

FEB 24 1999

CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

### AFFIDAVIT OF MAILING

Julie Ogle, being first duly sworn on her oath, deposes and states that she did, at the request of

Heidi Ladd, on the 24th day of February, 1999, deposit a true and accurate copy of the attached

Supplemental Discovery and reports in the above-entitled cause in the U.S. Mail at the Post Office in

Urbana, Illinois, in an envelope with sufficient postage attached to carry the same to its destination to the

following named person at the address below:

Diana Lenik, Attorney at Law, 202 W. Green Street, Urbana, IL

Subscribed and Sworn to Before Me
this _____ day of February, 1999

_____
NOTARY PUBLIC

**OFFICIAL SEAL**
**CHRYSTAL C. STEVENS**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/5/02

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>Plaintiff, | )<br>) |
| -vs- | ) **No: 98-CF-1558** FEB 2 4 1999<br>) |
| DEDRIC T. MOORE,<br>Defendant. | )<br>)<br>) |

Linda S. Frede
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## SUPPLEMENTAL DISCOVERY

Now come the People of the State of Illinois by JOHN C. PILAND, State's Attorney of and for the County of Champaign, State of Illinois, and in answer to defendant's motion for discovery respectfully provide the following additional information:

1. Pursuant to Supreme Court Rule 412(a)(1) the People provide the following names and last known addresses of persons who the People intend to call as witnesses:

> Rich Johnson, Illinois State Police Forensic Science Laboratory, 2040 Hill Meadows Drive,
>     Springfield, IL
> Angela Borchelt, National City Bank, 1771 W. Kirby, Champaign, IL
> Terry Srague, National City Bank, 115 E. Washington, Bloomington, IL
> Bob Gleeson, First Midwest Bank, 50 W. Jefferson Street, Joliet, IL
> Laura Hofmann, 2756 Pine Grove Avenue, Apt. 702, Chicago, IL
> Renee Patrick and/or other representative(s) of Ameritech, 225 West Randolph, Floor 10A,
>     Chicago, IL

2. Statements and memoranda required to be disclosed pursuant to Supreme Court Rule 412(a)(1) pertaining to the witnesses listed in sub-paragraph one are hereto attached.

3. Reports, affidavits and statements of experts in connection with this case will be provided when available. The State believes the reports will indicated substantially as follows:

Kevin Zebb:   DNA analysis eliminated Donrico Holtzclaw as a source of the DNA material.

Rich Johnson:   The questioned document demonstrated characteristics in common with the defendant's handwriting and cannot be eliminated nor identified. The defendant's known exemplars showed inconsistencies within themselves.

4. The People have items of physical evidence which they may introduce at trial as set forth in the attached reports. These items may be inspected by defense counsel upon reasonable request to the Office of the State's Attorney.

C000405

5. The People have the following items of physical evidence: bank and business records, telephone records previously tendered in discovery. These items may be inspected by defense counsel upon reasonable request to the Office of the State's Attorney.

Respectfully submitted,

JOHN C. PILAND
State's Attorney for Champaign County

By: _____
Heidi Ladd
Lead Prosecutor

FILED
SIXTH JUDICIAL CIRCUIT

FEB 2 4 1999

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

C000406

# CURRICULUM VITAE

**NAME:**          Paula J. Cardosi

**PRESENT EMPLOYER:**    Illinois State Police
Forensic Sciences Command

**BUSINESS ADDRESS:**    Springfield Forensic Science Laboratory
2040 Hill Meadows Drive
Springfield, Illinois 62702

**BUSINESS TELEPHONE:** (217) 782-4975

**PRESENT POSITION:**    Forensic Scientist

**CURRENT DUTIES:**    Paint, plastics, putty, rubber, tear gas, accelerant and other trace evidence

**EDUCATION:**    B.S., 1960, Chemistry
College of St. Francis
Joliet, Illinois

**TRAINING:**    Infrared Spectroscopy: Techniques and Applications
MIT at Cambridge, Massachusetts - August 1964 (two weeks)

Third Annual Gas Chromatography Workshop
University of Wisconsin - December 1968 (three days)

Analytical Instrumentation for the Criminalistics Laboratory
Beckman Instruments, Lincolnwood, Illinois - November 1969 (three days)

X-ray Spectroscopy
State University of New York at Albany - June 1971 (two weeks)

Conference on Polymers
FBI Academy, Quantico, Virginia - October 1974 (one week)

Gas Chromatography-Mass Spectrometry Workshop
Presented at the Maywood Laboratory by Finnigan - April 1975 (one week)

11/97                    -1-

C000407

| TRAINING:<br>(cont.) | Instrumental Analysis<br>FBI Academy, Quantico, Virginia - January 1976 (one week) |
|---|---|
| | Modern Industrial Spectroscopy (Emission Spectroscopy)<br>Arizona State University - August 1977 (two weeks) |
| | 37th Introductory Short course on Composition of Paint<br>University of Missouri at Rolla, Missouri - September 1978 (one week) |
| | Tracor Northern School on XRF held at Springfield Laboratory - June 1982 |
| | International Symposium of Analysis and Identification of Polymers<br>FBI Academy, Quantico, Virginia - August 1984 (three days) |
| | FT-IR Workshop presented by Nicolet at the Carbondale Laboratory - October 1985 (three days) |
| | Hewlett-Packard GC/MSD Operator Training Course - 1987 (three days) |
| | Tracor Northern SEM/EDX on-site training class - 1990 (two days) |
| **EXPERIENCE:** | FBI Laboratory, 1960 to 1963, Physical Science Technician |
| | General Mills, 1963 to 1965, Chemist |
| | Illinois State Police, 1965 to present |
| **PROFESSIONAL ORGANIZATIONS:** | Midwestern Association of Forensic Scientist<br>ASTM (American Society for Testing and Materials) |
| **PUBLICATIONS:** | <u>Journal of Forensic Sciences</u><br>Volume 27, No. 3, pp 695-703<br>July 1982<br>"Pyrolysis-Gas Chromatographic Examination of Paint" |

11/97                                -2-

C000408

FEB-22-'99  06:00PM  ISP SPFLD LAB                          P.4/4

# CURRICULUM VITAE

**NAME:**                        Dana S. Pitchford

**PRESENT EMPLOYER:**            Illinois State Police
                                 Forensic Sciences Command

**BUSINESS ADDRESS:**            Springfield Forensic Science Laboratory
                                 2040 Hill Meadows Drive
                                 Springfield, Illinois 62702

**BUSINESS TELEPHONE:**          217/782-4975

**PRESENT POSITION:**            Forensic Scientist

**CURRENT DUTIES:**              Detection and analysis of blood and other
                                 physiological fluid stains associated with
                                 criminal investigations; interpret and report
                                 results of laboratory examinations.

**EDUCATION:**                   1991   Lincolnwood High School
                                        Raymond, Illinois

                                 1993   Associates in Science
                                        Lincoln Land Community College
                                        Springfield, Illinois

                                 1996   Bachelor of Arts Degree
                                        University of Illinois
                                        Springfield, Illinois

**HONORS & AWARDS:**             Daughters of American Revolution Award
                                 Illinois Sheriff's Association Scholarship
                                 Lincoln Land Community College Foundation
                                 Scholarship

**ADDITIONAL EXPERIENCE:**

Illinois State Police            Validation study for the use of a DNA extraction
Springfield Forensic             kit for the Illinois State Police Indexing Section
Science Laboratory

C000409



# CURRICULUM VITAE

**NAME:** Richard C. Johnson

**PRESENT EMPLOYER:** Illinois State Police
Forensic Sciences Command

**BUSINESS ADDRESS:** Springfield Forensic Science Laboratory
2040 Hill Meadows Drive
Springfield, Illinois  62702

**BUSINESS TELEPHONE:** (217) 782-4975

**PRESENT POSITION:** Forensic Scientist

**CURRENT DUTIES:** Document Examiner, Training Coordinator - Springfield Laboratory, Quality Assurance Coordinator - Questioned Documents - Statewide

**EDUCATION:** University of Illinois - Presently Attending, Studying Japanese language, arts, and culture
Graduate School - 2 Semesters, Southern Illinois University, Carbondale, Illinois
B.S., 1988, Southern Illinois University, Carbondale, Illinois
A.S., 1986 - Shawnee College, Ullin, Illinois
West Leyden High School, 1966

**TRAINING:** Illinois State Police, Bureau of Forensic Sciences, Training Laboratory, Document Examination, 1989 - 1992
Illinois State Police, Foot Wear and Tire Mark Identification Course, 1990
Additional Documents Training at the Springfield Laboratory by Thomas B. Estep

**ADDITIONAL TRAINING:** Workshop on Artificial Aging of Documents, 1989, taught by William Flynn, Document Examiner Arizona State Police.
Courtroom Demeanor Course, 1989. Illinois State Police, Bureau of Forensic Sciences, Training Laboratory
Fracture Match Course, 1989.  Illinois State Police, Bureau of Forensic Sciences, Training Laboratory (Fracture Match - the reconstruction of fragments to demonstrate that they once formed a single object.)

C000410



**ADDITIONAL TRAINING:**
**(continued)**

Rubber stamp comparisons using a computer program to superimpose the images, 1995. Demonstrated by Mitsuo Kondo, Documents Examiner, Criminal Investigation Laboratory, Niigata, Japan.

Shoe Print Procedure Familiarization Class, 1997. Techniques conducted included (but were not limited to) a review of Dr. Rodger Davis' footwear processing lectures. Electrostatic lifting from: wood, paper, cardboard, wet prints, floors, tile, carpet and fabric. Powder dusting and oblique lighting/visual examination of shoe prints on various surfaces and using transparent media.

Fred Pryor Seminars: Grammar, Public Speaking with Confidence and Power, Management Skills for the Technical Person, How to Manage Anger, Conflict and Emotions.

Round table discussion of counterfeit $100.00 bills, rubber stamp impressions or "hanko" (used by Japanese people in addition to their signature) and the demonstration of a computer program being developed to aid in handwriting comparisons. National Research Institute of Police Science, Tokyo, Japan. Doctors Seki, Akao and Kobayashii, 1998.

Footwear In-Service, taught by Forensic Scientist Lee Ann Gray. Chemical processing to enhance footwear impressions on various strata, 1998.

**PROFESSIONAL EXPERIENCE:**

Illinois State Police, 1989 to Present, Illinois Department of Corrections, Menard, IL, November 1987 to February 1989
Illinois Department of Corrections, Vienna, IL, December 1985 to November 1987
United States Navy; Ordnance Department, 1966-1972

**PROFESSIONAL ORGANIZATIONS:**

Midwest Association of Forensic Scientists
International Association of Identification

**PROFESSIONAL PRESENTATIONS:**

"How to Do Legal Research for Forensic Scientists", 1989
"Oral Presentations and Graphic Arts for Forensic Scientists", 1990
"Examination and Comparison of Paper Safety Matches for Identification or Elimination", 1992

01/99

-2-

C000411

**PROFESSIONAL
PUBLICATIONS:**          "A Systematic Examination and Comparison of Paper Safety
                         Matches" published in Vol. 42, Journal of Forensic Identification.

**TYPES OF EXAMINATIONS
PERFORMED:**

Handwriting                    Hand printing
Typewriting                    Checkwriters
Inks                           Printed materials
Paper                          Rubber stamps
Alterations                    Eradications
Obliterations                  Charred documents
Counterfeits                   Photocopy processes
Indented writing               Physical match

01/99                              -3-

C000412

00642 1ST MIDWEST BANK N.A.            DAILY TERMINAL DETAIL TRANSACTION LOG        02/25/98  STAT06-824  PAGE  493

TERMINAL ID NUMBER        S64256

--------------------------------------------------------------------------------------------------
| PAN<br>FROM ACCT | ISSR<br>ID | MBR<br>TO ACCT | DESCRIP | RESP | RC | SEQ | DATE | TIME | OFST | CARD | LN | AMT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 56330800000959573<br>07100205728 | 000 | 000000000000000000 | W/D FROM CHK | 5 | 000 | 6062 | 02/24 | 14:30 | +0000 | PRO1 | | 60.00 |
| 56330800000946109<br>07100205561 | 000 | 000000000000000000 | W/D FROM CHK | 5 | 000 | 6063 | 02/24 | 15:10 | +0000 | PRO1 | | 20.00 |
| 5B49090003041121<br>0000000000000000000 | 000 | 000000000000000000 | W/D FROM CHK | 7 | 000 | 6064 | 02/24 | 15:20 | +0000 | ECSS | | 41.50<br>SURCHARGE 1.50 |
| 4470064100190270<br>07100205819 | 000 | 000000000000000000 | W/D FROM CHK | 5 | 000 | 6065 | 02/24 | 15:38 | +0000 | PRO1 | | 20.00 |
| 5B49420000837355<br>0000000000000000000 | 000 | 000000000000000000 | W/D FROM CHK | 7 | 001 | 6066 | 02/24 | 16:06 | +0000 | ECSS | | 21.50<br>SURCHARGE 1.50 |
| 56330800000820619<br>05400006887 | 000 | 000000000000000000 | INQ TO SAV | 5 | 000 | 6067 | 02/24 | 16:25 | +0000 | PRO1 | | 0.00 |
| 4470064100149391<br>01300244967 | 000 | 000000000000000000 | W/D FROM SAV | 5 | 000 | 6068 | 02/24 | 16:30 | +0000 | PRO1 | | 50.00 |
| 561119300045010<br>00113811810 | 000 | 000000000000000000 | W/D FROM SAV | 5 | 000 | 6069 | 02/24 | 17:15 | +0000 | PRO1 | | 100.00 |
| 56330800000815551<br>07100203038 | 000 | 000000000000000000 | W/D FROM CHK | 5 | 000 | 6070 | 02/24 | 17:33 | +0000 | PRO1 | | 40.00 |
| 56330800000815551<br>07100203038 | 000 | 000000000000000000 | INQ TO CHK | 5 | 000 | 6071 | 02/24 | 17:33 | +0000 | PRO1 | | 0.00 |
| 5632610001137<br>0000055673 | 000 | 000000000000000000 | W/D FROM CHK | 7 | 001 | 6072 | 02/24 | 18:39 | +0000 | ECSS | | 31.50<br>SURCHARGE 1.50 |
| 56330800000834024<br>07100203343 | 000 | 000000000000000000 | W/D FROM CHK | 5 | 000 | 6073 | 02/24 | 18:42 | +0000 | PRO1 | | 10.00 |
| 49214210001028B5<br>0000000000 | 000 | 000000000000000000 | W/D FROM CC | 7 | 001 | 6074 | 02/24 | 19:44 | +0000 | CASH | | 500.00 |
| 56330800000793014<br>07100066047 | 000 | 000000000000000000 | W/D FROM CHK | 5 | 000 | 6075 | 02/24 | 23:47 | +0000 | PRO1 | | 20.00 |
| 4430017700038413<br>0000000000000000000 | 000 | 000000000000000000 | INQ TO CHK | 7 | 000 | 6076 | 02/25 | 02:31 | +0000 | ECSS | | 0.00 |

* INDICATES AMOUNT REVERSED
# INDICATES AMOUNT OVERDISPENSED

Post-it® Fax Note   7671   Date 2·23·99   # of pages ▶ 2
To OFFICER JIM DAVIS   From CARDHOLDER SERVICE ATM
Co./Dept.   Co. FMB
Phone # 217-384-3733   Phone # 815-774-2259
Fax # 217-384-3816   Fax # 815-774-2026

C000413

TERMINAL ID NUMBER        S64256

| PAN FROM ACCT | ISSR ID | MBR TO ACCT | DESCRIP | RESP | RC | SEQ | DATE | TIME | OFST | CARD LN | AMT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4430017700038413 0000000000000000000 | | 000 0000000000000000000 | W/D FROM CHK | 7 | 063 | 6077 | 02/25 | 02:32 | +0000 | ECSS | 701.50 SURCHARGE 1.50 |
| 4430017700038413 0000000000000000000 | | 000 0000000000000000000 | W/D FROM CHK | 7 | 063 | 6078 | 02/25 | 02:32 | +0000 | ECSS | 501.50 SURCHARGE 1.50 |
| 5633080000961520 07100205587 | | 000 0000000000000000000 | W/D FROM CHK | 5 | 000 | 6079 | 02/25 | 08:47 | +0000 | PRO1 | 80.00 |
| 4470064100139897 00226766701 | | 000 0000000000000000000 | W/D FROM CHK | 5 | 000 | 6081 | 02/25 | 11:46 | +0000 | PRO1 | 20.00 |

PRO1 999906421100015    02/25 13:17

```
                    BEGINNING CASH   HOPPER #   1          6010.00
                    CASH INCREASE    HOPPER #   1              .00
                    CASH DECREASE    HOPPER #   1              .00
                    CASH OUT         HOPPER #   1             40.00
                    ENDING CASH      HOPPER #   1          5970.00
                    CONTENTS HOPPER #           1        00
                    BEGINNING CASH   HOPPER #   2          6460.00
                    CASH INCREASE    HOPPER #   2              .00
                    CASH DECREASE    HOPPER #   2              .00
                    CASH OUT         HOPPER #   2          1220.00
                    ENDING CASH      HOPPER #   2          5240.00
                    CONTENTS HOPPER #           2        00
                    CONTENTS HOPPER #           3        00
                    CONTENTS HOPPER #           4        00
                    CONTENTS HOPPER #           5        0D
                    NUMBER/AMOUNT DEPOSITS       0          .00
                         DEPOSITORY 0            0          .00
                         DEPOSITORY 1            0          .00
                    NUMBER/AMOUNT PAY ENCL       0          .00
                    NUMBER MESSAGES TO FI        0
                    NUMBER/AMOUNT DEPOSITORY     0          .00
                    CARDS RETAINED               0
```

C000414



Security - Subpoena
225 West Randolph Street
Floor 10A
Chicago, IL 60606
Office 312/551-6300



**Ameritech Security**

# CERTIFICATION BY SUBPOENAED PARTY OR AGENT

I am the custodian of the records of the person or entity subpoenaed herein, and I certify that I have completely and accurately complied with the Subpoena and have provided all the specified documents, objects or tangible things requested which are in my constructive or actual possession or control. *REGARDING  217 359-2852 (AMA STUDY)*

Date: **2-23-99**

*Renee M. Patack*

__KEEPER OF THE RECORDS AND PERSON ANSWERING SUBPOENA__

**OFFICIAL SEAL**
**LINDA D THOMAS**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 10/28/01

Subscribed and Sworn to before me

this **23** day of **February**.

*Linda D. Thomas*

NOTARY PUBLIC

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**

SIXTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | |
| -vs- | ) | NO: 98-CF-1558 |
| | ) | |
| DEDRIC T. MOORE, | ) | |
| Defendant. | ) | |

FEB 2 5 1999

~~Linda S. Frank~~
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

### AFFIDAVIT OF MAILING

Julie Ogle, being first duly sworn on her oath, deposes and states that she did, at the request of Heidi Ladd, on the 25th day of February, 1999, deposit a true and accurate copy of the attached Supplemental Discovery and reports in the above-entitled cause in the U.S. Mail at the Post Office in Urbana, Illinois, in an envelope with sufficient postage attached to carry the same to its destination to the following named person at the address below:

Diana Lenik, Attorney at Law, 202 W. Green Street, Urbana, IL

Subscribed and Sworn to Before Me
this 25th day of February, 1999

_____
NOTARY PUBLIC

```
OFFICIAL SEAL
JOHANNAH M. SCHWEIGHART
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 06/30/2002
```

C000416



IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

FEB 2 5 1999

THE PEOPLE OF THE STATE OF ILLINOIS,           )
                         **Plaintiff,**           )

  -vs-           )  No: 98-CF-1558

                                  )

DEDRIC T. MOORE,           )
                     **Defendant.**           )

L___ S. F___
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## SUPPLEMENTAL DISCOVERY

    Now come the People of the State of Illinois by JOHN C. PILAND, State's Attorney of and for the

County of Champaign, State of Illinois, and in answer to defendant's motion for discovery respectfully

provide the following additional information:

    1.  Pursuant to Supreme Court Rule 412(a)(1) the People provide the following names and last

known addresses of persons who the People intend to call as witnesses:

    Debbie Pedigo, 25 Lynn, Weldon, IL

    2.  Reports, affidavits and statements of experts in connection with this case are attached hereto.

Any notes, charts, and/or documents pertaining to these reports may be viewed upon reasonable request

to the Office of the State's Attorney's Office.  People tender the notes of experts that were the basis of

expert reports previously tendered in discovery.

    3.  The People have items of physical evidence which they may introduce at trial as set forth in the

attached reports.  These items may be inspected by defense counsel upon reasonable request to the

Office of the State's Attorney.

                                Respectfully submitted,

                                JOHN C. PILAND
                                State's Attorney for Champaign County

By: _____
                                Heidi Ladd
                                Lead Prosecutor

# ILLINOIS STATE POLICE
## Division of Forensic Services
### Springfield Forensic Science Laboratory
2040 Hill Meadows Drive
Springfield, Illinois 62702-4696
(217) 782-4975 (Voice) * 1-(800) 255-3323 (TDD)

George H. Ryan
*Governor*

February 25, 1999

Sam W. Nolen
*Director*

LIEUTENANT HOLLY NEARING
CHAMPAIGN POLICE DEPARTMENT
82 EAST UNIVERSITY AVE
CHAMPAIGN IL 61820

Laboratory Case #S99-000702
Agency Case #798-2383

OFFENSE: Attempted Murder
SUSPECT: Dedric T. Moore
VICTIM: Lori K. Hansen

The following evidence was received from Roberta Johnson by the Springfield Forensic Science Laboratory on February 4, 1999: (Please note that the exhibits have been renumbered in accordance with Documents Section practices.)

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| Q1 | Questioned exhibit bearing numerical entries (previously submitted for latent fingerprint examination under case #S98-1498). |
| K1(1-6) | Known writing of Dedric T. Moore |

**PROBLEM:**
Whether the questioned numerical entries on Exhibit Q1 were written by K1.

**FINDINGS:**
Although characteristics in common were noted between the numerical entries on Exhibit Q1 and the known writing of Dedric T. Moore (K1) no definite conclusion could be reached based on the material at hand.

**REMARKS:**
Handwriting variations between the collected and voluntary known writing of Moore (K1) indicate that the voluntary know writing is disguised.

The submission of additional known writing may result in a more definite conclusion.

The additional specimens should consist of collected, extensive numerical entries written by Moore (K1). .

**EVIDENCE DISPOSITION:**
The evidence will be retained in the laboratory evidence vault and should be picked up within thirty days.

Respectfully submitted,

Richard C. Johnson
Forensic Scientist

RCJ:v

C000418

# ILLINOIS STATE POLICE
## Division of Forensic Services
### Forensic Sciences Command
### DOCUMENTS WORKSHEET

Case # S99702
Date 2-23-99

| EXHIBIT # | Visual Micro | U.V. | I.R. | Lumines-cent | ESDA | Print Process. | COMMENTS |
|---|---|---|---|---|---|---|---|
| Q1 | ✓ | | | | | | Q1 has been previously submitted under case # S981498 and was processed for LTP. I received it as a new case. |
| K1 (1-3 4-6) | ✓ | | | | | | K1-1-3 are collected from jail. 4-6 are voluntary. 4-6 contain conscious effort. 1-3 not original. looks like pencil. Q1 & K1 characteristics in common. Disguise in voluntary standards. Get more (extensive) Kw from K1. |

✓ - Exam conducted
+ - Positive
— - No effect
T - Transparent
O - Opaque
L - Luminescent

IL 493-0586

ISP 6-348 (5/96)

C000419

processed for LFP
ink did not run



Illinois State Police

S99702 #1 K-14

# Champaign County Correctional Center

## RESIDENT'S REQUEST FORM

Resident's Name _DedPic Moore_____

Cell Assignment _D-1_____

Counseling_____ Substance Abuse_____ Programs_____

Classification_____ Medical_____ Discipline_____

Supervisor_____ Legal_____ Religious_____

To Attend Religious Service_____

Other_____

I respectfully request an interview with:

_Nancy_____

Reason: (This section must be filled out)

_Ready (2) come out on seg_
_I dont I never needed Protective Custody_

Date requested: _12-21-98_

Resident's Signature_____

Receiving Correctional Officer's Signature
_543  177778  1059_

## ACTION TAKEN

_moved to B-Block_____

Interviewer_____  Date received_____

Date of Interview_ 12-22-98_

C000421

FEB 25 '99 01:49PM ISP SPFD LAB                    P.6/10

SG9702 LLL K1-2 2f

# Champaign County Correctional Center

## RESIDENT'S REQUEST FORM

Resident's Name_Dodin Dixiu_____

Cell Assignment_B-3_____

Counseling_____ Substance Abuse_____ Programs_____

Classification_____ Medical_____ Discipline_____

Supervisor_____ Legal_____ Religious_____

To Attend Religious Service_____

Other_____

I respectfully request an interview with:

Hair cut          narcy

Reason: (This section must be filled out)
_____ want an hair
cut_____

Date requested:_____1-26-99_____

Resident's Signature_____

Receiving Correctional Officer's Signature

A1545 / 2300HRS / 1-26-99

### ACTION TAKEN

BA2 1.05

Graduate balance

Interviewer_____ Date received_____

Date of Interview_____

CO 0 0 4 2 2

FEB 25 '99 01:44PM ISP SPLD LAB                                          P.7/10

S99702 ex1 K1-3 ey

# Champaign County Correctional Center

## RESIDENT'S REQUEST FORM

Resident's Name _Dedric Moore_

Cell Assignment _B-3_

Counseling_____  Substance Abuse_____  Programs_____

Classification_____  Medical_____  Discipline_____

Supervisor_____  Legal _____  Religious_____

To Attend Religious Service_____

Other_____

I respectfully request an interview with:

_Whom it may concern_

Reason: (This section must be filled out)

_I need to get ③ -ll- onto library_

Date requested: _1-20-99_

Resident's Signature _Dedric Moore_

Receiving Correctional Officer's Signature

_TSSR  1-20-99  1300_

### ACTION TAKEN

_He recieved it at 1300-1400 HRS_
_TSSR  1-20-99_

Interviewer_____  Date received_____

Date of Interview_____

C000423

P.8/10

798-238

ITEM # 2

AGENCY EXHIBIT # 72

# City of Champaign

**Police Department**

82 East University Avenue
Champaign, Illinois 61820

12 7

1972, 1972    1972

1972  1972    1972, 1972

1972  1972    1972  1972

1972  1972    1972  1972

1972  1972    1972    1972

1972

inconsistent

2-29-44

*(signature)*

DaShepard COD0424

P.9/10
ITEM # 1

AGENCY EXHIBIT # 71

7 98-2383



# ity of Champaign

**Police Department**

**82 East University Avenue**
**Champaign, Illinois 61820**

1 1 1 1 1 1 1 1 1 1 1 1 1 1 1 1 1 1 1 1 1 1 1 1 1

| | | | | | | | | | | | | | | | | | | |

2 2 2 2 2 2 2 2 2 2 2 2 2 2 2 2 2 2 2 2

3 3 3 3 3 3 3 3 3 3 3 3 3 3 3 3 3 3 3 3 3 3 3

4 4 4 4 4 4 4 4 4 4 4 4 4 4 4 4 4 4 4 4 4 4

5 5 5 5 5 5 5 5 5 5 5 5 5 5 5 5 5 5 5
5 5

6 6 6 6 6 6 6 6 6 6 6 6 6 6 6 6 6
6 6 6 6 6 6

7 7 7 7 7 7 7 7 7 7 7 7 7 7 7 7 7
7 7 7 7 7 7 7 7

8 8 8 8 8 8 8 8 8 8 8 8 8 8 8 8 8 8 8 8 8 8

9 9 9 9 9 9 9 9 9 9 9 9 9 9 9 9 9 9 9 9

0 0 0 0 0 0 0 0 0 0 0 0 0 0 0 0 0 0 0 0
0 0

1-29-94

awkward & unnatural

Dan Shepard
797

C000425

798-2383

ITEm

AGENCY EXHIBIT# 2


# City of Champaign

**Police Department**

**82 East University Avenue**
**Champaign, Illinois 61820**

2810 2810 2810 2810

2810 2810 2810 2810 2810

2810 2810 2810 2810 2810

2810 2810 2810 2810 2810

2810

2-29-99

D on Shepard
79000950/HR



# ILLINOIS STATE POLICE
*Division of Forensic Services*

**February 25, 1999**

George H. Ryan
*Governor*

Sam W. Nolen
*Director*

LT HOLLY NEARING
CHAMPAIGN POLICE DEPARTMENT
82 E UNIVERSITY AVE
CHAMPAIGN IL 61820

Agency # 7982383

Laboratory # S98-1724
(Reference Laboratory #S98-1498)

**OFFENSE:**    Aggravated Arson/Attempted Murder
**VICTIM(S):**   Lori K. Hansen
**SUSPECT(S):**  Donrico Holtzclaw

The evidence listed below was received from Forensic Scientist Dana Pitchford on
December 10, 1998:

## EXHIBIT      DESCRIPTION

1A1A       Blood standard: Donrico Holtzclaw

## RESULTS

DNA from Exhibit 1A1A was amplified using the Polymerase Chain Reaction (PCR) and
profiled at the following loci: D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818,
D13S317, D7S820 and Amelogenin.

The profile identified was compared to Exhibits 12B and 31A from Laboratory #S98-1498.

Donrico Holtzclaw can be excluded as having contributed to the mixture of DNA profiles
identified in Exhibit 12B of Laboratory #S98-1498 (piece of black stocking).

The DNA profile of Donrico Holtzclaw does not match the DNA profile identified in Exhibit
31A of Laboratory #S98-1498 (swabbing of blood stain on piece of glass).

## CONCLUSIONS

Donrico Holtzclaw could not have contributed to the mixed DNA profiles identified in Exhibit
12B of Laboratory #S98-1498 (piece of black stocking).

Continued...

Forensic Sciences Command
Forensic Science Laboratory
1810 South Main ● Morton, IL 61550-2983 ● (309) 263-7491
1 (800) 255-3323 (TDD)

C000427

Champaign Police Department
February 24, 1999

Laboratory #S98-1724
(Reference Laboratory # S98-1498)
Page #2

The blood identified in Exhibit 31A of Laboratory #S98-1498 (swabbing of piece of glass) could
not have originated from Donrico Holtzclaw.

## REQUESTS

For results of previous biological examinations, refer to the report dated April 1, 1998, by
Forensic Scientist Dana Pitchford (Laboratory #S98-1498).  For results of previous DNA results,
refer to my report dated September 10, 1998 (Laboratory #S98-1498).

## EVIDENCE DISPOSITION

DNA evidence will be maintained in the laboratory evidence vault until such time as the case has
been adjudicated or the evidence is required by the agency.

If you have any questions, please don't hesitate to contact me.

Respectfully submitted,

Kevin L. Zeeb
Forensic Scientist

KLZ:a
cc:  Springfield Forensic Science Laboratory
     CSI Michael Kyrouac

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,    )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )    98 CF 1558
                                         )
DEDRIC T. MOORE,                         )
                                         )
    Defendant.                           )

**FILED**
SIXTH JUDICIAL CIRCUIT

FEB 2 5 1999

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## MOTION TO CONTINUE

NOW COMES the defendant Dedric T. Moore by his attorney Diana Lenik and for his Motion to Continue states as follows:

1.    He is charged in the above-entitled cause with the offenses of Attempt Murder, Home Invasion, Aggravated Arson, Aggravated Criminal Sexual Abuse and Residential Burglary.

2.    His counsel has received voluminous discovery materials containing many witnesses.

3.    His counsel received Supplemental Discovery on February 24, 1999, the same day as the matter was set for pre-trial hearing, which contained new material and new witnesses.

4.    That matter arrived in the mail at approximately 11:00 a.m., and counsel did not have an opportunity to discuss it with defendant prior to the pre-trial hearing, due to the number of other matters she had set for pre-trial hearing and the limited time available to her. Furthermore, the jail where defendant is being held does not allow attorney phone calls during the time inmates are eating lunch, which further reduced the amount of time available to discuss the new discovery material. Defendant believes there may be other discovery not yet received, since certain exemplars and photographs were taken of defendant.

2/25/99 - Denied - fg

C000429

5.    In addition, defendant has stated on several occasions that he wishes to discuss his case with other counsel, and he is asking for a continuance also for that purpose.

6.    This is the first continuance defendant has asked for in this matter, and it is not for purposes of harassment or delay.

WHEREFORE, the defendant Dedric T. Moore prays that the court allow his Motion to Continue.

Dedric T. Moore,
Defendant,

By _Diana Lenik_
Diana Lenik
His Attorney

Diana Lenik
Attorney at Law
202 W. Green Street
Urbana, IL 61801
217/337-5610

### PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion To Continue was hand-delivered to Heidi Ladd, Champaign County Assistant State's Attorney, 101 East Main Street, Urbana, Illinois, on this 25th day of February, 1999.

_Diana Lenik_

C000430

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | FEB 2 5 1999 |
| -vs- | ) | NO: 98-CF-1558 |
| | ) | |
| DEDRIC T. MOORE, | ) | *Linda S. Frank* |
| Defendant. | ) | CLERK OF THE CIRCUIT COURT CHAMPAIGN COUNTY, ILLINOIS |

### AFFIDAVIT OF MAILING

Julie Ogle, being first duly sworn on her oath, deposes and states that she did, at the request of

Heidi Ladd, on the 25th day of February, 1999, deposit a true and accurate copy of the attached

Supplemental Discovery and Grand Jury transcript in the above-entitled cause in the U.S. Mail at the Post

Office in Urbana, Illinois, in an envelope with sufficient postage attached to carry the same to its

destination to the following named person at the address below:


Diana Lenik, Attorney at Law, 202 W. Green Street, Urbana, IL


Subscribed and Sworn to Before Me
this 25th day of February, 1999

_NOTARY PUBLIC_

**OFFICIAL SEAL**
**JOHANNAH M. SCHWEIGHART**
**NOTARY PUBLIC, STATE OF ILLINOIS**
**MY COMMISSION EXPIRES 08/30/2002**

C000431

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**CHAMPAIGN COUNTY, ILLINOIS**

FILED
SIXTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | FEB 25 1999 |
| Plaintiff, | ) | |
| -vs- | ) | No: 98-CF-1558 |
| | ) | Linda S. Frank |
| DEDRIC T. MOORE, | ) | CLERK OF THE CIRCUIT COURT |
| Defendant. | ) | CHAMPAIGN COUNTY, ILLINOIS |

## SUPPLEMENTAL DISCOVERY

Now come the People of the State of Illinois by JOHN C. PILAND, State's Attorney of and for the

County of Champaign, State of Illinois, and in answer to defendant's motion for discovery respectfully

provide the following additional information:

1. A transcript of the Grand Jury minutes is attached hereto.

Respectfully submitted,

JOHN C. PILAND
State's Attorney for Champaign County

By: _____
Heidi Ladd
Lead Prosecutor

1

2          IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT

3                      CHAMPAIGN COUNTY, ILLINOIS

4     _____

5     THE PEOPLE OF THE STATE OF ILLINOIS,    )
                                              )
6                            Plaintiff,       )
                                              )
7                      v.                     ) No. 98-CF-
                                              )
      DEDRIC T. MOORE,                        )
8                                             )
                             Defendant.       )
9     _____

10

11            REPORT OF PROCEEDINGS had in the above-

      entitled cause on November 19, 1998, before the Grand

12    Jury.

13

14    APPEARANCES:

15          MS. HEIDI LADD
            Assistant State's Attorney
16          for the People

17

18

19

20    _____

21                    Melissa Clagg, RDR
                      License No. 84-2876
22                   Official Court Reporter
                  Champaign County Courthouse
23                 Urbana, Illinois  61801

24    _____

1

2          NOVEMBER 19, 1998

3                    (Witness sworn.)

4          MS. LADD:  This is 98-CF, and it does not have

5    a number yet.  We're seeking an indictment against

6    Dedric T. Moore, and it's a six count indictment.  And

7    the indictment alleges that all these incidents occurred

8    on February 25th of 1998.  The counts we are seeking are

9    for attempt first degree murder, home invasion, two

10   counts of aggravated arson, aggravated criminal sexual

11   abuse, and residential burglary.

12          Now, these are alleged in Count I that Dedric

13   T. Moore committed the offense of attempt first degree

14   murder, that's a Class X felony, in that the said

15   Defendant, with the intent to commit the offense of

16   first degree murder, in violation of 720 Illinois

17   Compiled Statutes, 5/9-1(a)(1), performed a substantial

18   step towards the commission of that offense, in that he

19   tied the feet and hands of Lori Hansen, and that's

20   H-a-n-s-e-n, poured a flammable liquid onto Lori Hansen

21   and her surroundings, and then set the surroundings on

22   fire, and flipped a lit cigarette onto Lori Hansen, with

23   the intent to kill Lori Hansen, in violation of 720

24   Illinois Compiled Statutes, 5/8-4(a).

            Count II alleges home invasion, again, a Class

     X felony, in that the said Defendant, not a peace

                              2

C000434

1

2    officer acting in the line of duty, knowingly and

3    without authority, entered the dwelling of Lori Hansen,

4    located at 512A South New Street in Champaign, Illinois,

5    knowing Lori Hansen to be present within that dwelling,

6    and intentionally caused injury to Lori Hansen, in that

7    he struck Lori Hansen about the head and body with his

8    hands and feet, and tied Lori Hansen's hands and feet

9    and neck, and choked Lori Hansen, knocked her down and

10   dragged her, in violation of 720 Illinois Compiled

     Statutes, 5/12-11(a)2.

11            Count III alleges aggravated arson, that's a

12   Class X felony, in that the said Defendant, while

13   committing an arson, in violation of 720 Illinois

14   Compiled Statutes, 5/20-1, knowingly, and by means of

15   fire, partially damaged a building of Lori Hansen,

     occupant, located at 512A South New Street in Champaign,

16   Illinois, knowing that Lori Hansen was present therein,

17   and without the consent of Lori Hansen, in violation of

18   720 Illinois Compiled Statutes, 5/20-1.1(a)(1).

19            Need my water this morning.

20            Count IV alleges aggravated arson, a Class X

21   felony, in that the said Defendant, while committing an

22   arson, in violation, again, of the same statute number,

     knowingly, and by means of fire, partially damaged a

23   building of Harry Washburn, owner.  The previous count

24

                            3

1

2    has alleged the occupant being Lori Hansen.  This is

3    Harry Washburn, owner, again, located at 512A South New

4    Street in Champaign, Illinois, knowing that Lori Hansen

5    was present therein, and without the consent of Harry

6    Washburn, in violation of 720 Illinois Compiled

7    Statutes, 5/20-1.1(a)(1).

         Count V alleges aggravated criminal sexual

8    abuse, a Class 2 felony, in that the said Defendant

9    committed an act of criminal sexual abuse, in violation

10   of 720 Illinois Compiled Statutes, 5/12-15(a)(1),

11   against Lori Hansen, in that the said Defendant, by the

12   use of force, knowingly fondled and touched the breast

13   of Lori Hansen, for the purpose of the sexual arousal of

14   the Defendant, and in doing so caused bodily harm to

15   Lori Hansen, by striking -- it says "stroking," that's a

     mistype, so I will move to amend it to say "striking" --

16   Lori Hansen about the head and body with his hands and

17   feet, and tying Lori Hansen's feet and hands, in

18   violation of 720 Illinois Compiled Statutes,

19   5/12-16(a)(1).

20       Count VI finally alleges residential burglary,

21   a Class 1 felony, in that the said Defendant knowingly

22   and without authority entered into the dwelling place of

23   Lori Hansen, located at 512A South New Street in

24   Champaign, Illinois, with the intent to commit therein a

                              4

C000436

theft, in violation of 720 Illinois Compiled Statutes,
5/19-3.

DONALD SHEPARD

being first duly sworn, was examined and
testified as follows:

EXAMINATION

BY MS. LADD:

Q.   Could you please state your name.

A.   Donald Shepard.

Q.   And what is your occupation?

A.   I'm a detective for the City of Champaign
Police Department.

Q.   And were you so employed then on February
25th of 1998?

A.   Yes, ma'am, I was.

Q.   At approximately 2:59 a.m. on that date,
was the Champaign Police Department called to 512A South
New Street in Champaign, Illinois?

A.   Yes, ma'am.

Q.   And is that in Champaign County, Illinois?

A.   Yes, ma'am.

Q.   Is that a -- Well, what type of building
is that?

A.   It's a complex, and 512A is located on the
north end of that complex.  It's a single-level

5

building.

Q. Did you learn from your investigation the complex is owned by Harry Washburn?

A. Yes, ma'am.

Q. And is 512A one of the complex or individual residences?

A. Yes, it is.

Q. And is that -- was that occupied by a Lori Hansen?

A. Yes, it was.

Q. At that time, was there a fire that was taking place to that residence?

A. Yes, ma'am.

Q. And did the Champaign Fire Department arrive and extinguish the fire?

A. Yes, they did.

Q. What type of damage was done to the residence?

A. Extensive damage on the interior of the building.

Q. Now, did you learn then from your interview subsequently and from reviewing interviews of the responding officers that Lori Hansen was, in fact, in the residence when it was on fire?

A. Yes, I did.

6

C000438

1

2      Q.   And had she escaped then?

3      A.   Yes, she had.

4      Q.   Did she then provide a statement to the
5  officer at the scene and then a more detail statement to
6  you in your investigation?

7      A.   Yes, ma'am.

8      Q.   Did she indicate that she had gotten home
   and, in fact, that was her apartment or complex?

9      A.   Yes, it was.

10     Q.   Did she indicate she got home at
11 approximately 1:45 a.m. that morning, February 25th?

12     A.   Yes, ma'am.

13     Q.   As she was entering her front door, what
14 happened?

15     A.   She said that she had unlocked the front
   door and was entering.  She didn't have the front inside
16 door shut behind her yet when she heard someone coming
17 through the door behind her.  As she turned around and
18 saw the person coming through the door, she tried to
19 hurry up and shut the door, but it was a black male that
20 continued to push his way in.  He overpowered her,
21 grabbed her, turned her around facing away from him, and
22 forced her down to the floor.

23     Q.   Now, could she feel his hand covering her
   mouth?

24

7

1

2          A.  Yes, he covered her mouth with his hand --

3          Q.  And did she indicate she thought he was

4     wearing gloves?

5          A.  Yes, she did.

6          Q.  Now, did she also report that at some

7     point he tied her hands then with some twine or wire?

8          A.  Yes, he did.

9          Q.  During the course of this, then, did he

10    also rummage through her apartment?

11         A.  Yes, he did.

12         Q.  Did he ask her questions about where her

13    purse was and how much money she had and where -- about

14    her ATM cards?

15         A.  Yes.

16         Q.  And did she direct him to where they were?

17         A.  Yes, she did.

18         Q.  Did he then dump some of the bags on the

19    floor?

20         A.  Yes.

21         Q.  At one point, did he ask her about her pin

22    number?

23         A.  Yes, he asked repeatedly for the pin

24    number to her ATM cards.

           Q.  And did she give him the pin number?

           A.  Yes, she did.

                              8

1

2      Q.  During the course of time that he was

3  there, was he also asking for a Chad?

4      A.  Yes, he was, but she did not know anyone

5  by that name and who he could have been looking for.

6      Q.  Did he -- she know him at all?  Had she

   ever seen him?

7      A.  No, she had not.

8      Q.  Now, did she report that he took several

9  ATM cards from the coffee table area?

10     A.  Yes.

11     Q.  And, subsequently, did he then take some

12 type of tape and tape her mouth and nose shut?

13     A.  Yes, he wrapped the tape completely around

14 her head securing her nose and her mouth.

15     Q.  Did she indicate that she was afraid she

   could suffocate because she couldn't breathe?

16     A.  Yes.  In fact, she asked him to loosen the

17 tape because she couldn't breathe.

18     Q.  And, at one point, did he loosen it off

19 her nose?

20     A.  Yes, he did.

21     Q.  Did she also report that she could hear

22 him in the kitchen opening a beer?

23     A.  Yes.  In fact, he'd also retrieved a pair

24 of shorts from her bedroom, which is in the back of the

                         9

C000441

complex, and placed them over her head to obstruct her
view.  Her hands and her ankles were both tied at that
point, and then he sat down in a chair in the kitchen,
and she could see him sitting there, heard the can of
beer open.  He was drinking a can of beer and smoking a
cigarette.

Q.  So, could she see through sparsely the
legs of the shorts he had put on her?

A.  Yes, she could.

Q.  Did he ask her at one point about her car
and if it was stick shift?

A.  Yes, he did.

Q.  Did he later retie her or change the way
he tied her?

A.  Yes.  Actually, he then retrieved another
binding and attached her bound wrists to her bound
ankles by taking the rope over the shoulder; it was in
the hog-tied position.

Q.  And, in fact, did she believe this was
electrical cord from her apartment?

A.  Yes, she did.

Q.  And was that subsequently recovered by
investigators?

A.  Yes, it was.

Q.  Did she report that he then carried her

10

C000442

E-FILED
Friday, 04 May, 2007 05:35:39 PM
Clerk, U.S. District Court, ILCD

into the bathtub and tied her to a soap dish in the tub?

A.   Yes.

Q.   Did he also threaten her that if she'd given him the wrong pin number for the ATM machine she would regret it?

A.   Yes, he did.

Q.   Could she hear him leave the room and it was quiet for several moments?

A.   Yes.  In fact, it was quiet and then he returned again and sat an end table in the bathtub on top of her to help keep her in the bathtub.

Q.   And was she still hog-tied and duct taped at that point?

A.   Yes, she was.

Q.   Then, at some point, could she hear her T.V. being played?

A.   Actually, right after he came in, he turned the T.V. on and had the volume turned up loud as if though to try to cover up his voice as he was speaking to her.

Q.   Eventually, did he then return to the bathroom?

A.   Yes, he did.

Q.   And, at that point, did he cut the cord that was hog-tying her, leaving her tied again at the

11

C000443

wrists and angles?

    A.  Yes, he did.

    Q.  And did he place her on the floor then?

    A.  Yes.  He lifted her out of the bathtub, sat her on the floor, cut the tie that had her bound in a hog-tied position, and then bent over like he was gonna release her ankles.  At that point, she told him to just leave, just go ahead and go; she would take care of that herself.  And then he reached down, put a cord around her neck and began strangling her.

    Q.  At that point, then, did he stop or what happened?

    A.  She was struggling and trying to get away, and after she was almost to the point of unconsciousness, then he released the bindings around her neck.

    Q.  Did she then ask him why he was choking her?

    A.  Yes, she did.

    Q.  And what did he say?

    A.  He said that she had lied to him and -- about the pin numbers and the ATM cards.

    Q.  Then, at that point, did he then leave her and could she hear him again moving around the apartment?

12

C000444

1

2          A.   Yes.

3          Q.   Now, prior to that, had there been a

4     period of time when she couldn't place where he was,

5     where he might have left the apartment, in other words?

6          A.   Yes.   There was a period of time, and she

7     was not sure of the duration that he was out of the

8     bathroom, and, actually, she didn't hear any sounds.

9     She didn't hear the door shut, but she was not sure if

      he'd left or if he was somewhere else in the apartment.

10         Q.   Then did he, after he had left and milled

11    around the apartment, did he then return to where she

12    was on the floor?

13         A.   Yes, he did.

14         Q.   At that point, did he pull up her shirt?

15         A.   Yes, he did.

      Q.   And what did he do to her?

16         A.   He reached down and fondled her breasts

17    and then he sucked on her breast and then he walked away

18    from her for just a few moments again, returned and

19    reached down and sucked on her breast again.

20         Q.   After that, could she feel him urinating

21    on her?

22         A.   Yes.   She was laying on the floor with her

23    back toward him, and she felt some warm liquid substance

      going down over her head.   She said that it was seeping

24

                              13

C000445

1

2    in around the edges of the tape.  She had pinched her

3    lips shut to keep it from entering her mouth; and as he

4    was doing this, he was making the comment, "When you

5    drink that much beer, it makes you have to piss."

6          Q.    Could she then hear him moving around the

7    room again?

8          A.    Yes, ma'am.

9          Q.    And then did she smell something?

10         A.    Yes, she did.

11         Q.    What was that?

12         A.    She said that it smelled like a flammable

13    substance.  She referred to it as like a shoe paste,

14    shoe polish paste.

15         Q.    And then could she feel this liquid being

16    sloshed on her and around her on the floor?

17         A.    Yes, ma'am.

18         Q.    And after that, then, did she notice that

19    there had been a fire set in her living room area?

20         A.    Yes.  Actually, she felt the cold

21    substance being sloshed on her.  He walked away from her

22    again; and as she lifted her head and looked over her

23    shoulder, because the shorts had now come off of her

24    head, she could see a flame in the living room.

          Q.    Did she then indicate she looked around to

    see if there was a lamp or something she could use for

                              14

1

2       self-defense?

3           A.  Actually, what she did was able to get up

4       to her feet, hop into the corner bedroom to hide, and

5       looked for some kind of substance to use as a weapon in

6       case he returned to grab her.  She noticed a lamp that

7       was sitting in that bedroom; and as she moved across the

8       room to get to the lamp, he appeared in the door again

9       and grabbed her by her wrists and began dragging her

10      down the hallway to the flaming living room.

11          Q.  And was he actually dragging her towards

12      the fire?

13          A.  Yes, he was.

14          Q.  Did she struggle with him and, in fact,

15      knock another lamp over on him?

16          A.  Yes, she was trying to get away; and as

17      they entered the living room, there was a floor lamp

18      sitting there.  She was able to grab it and pull it to

19      the side in an effort to knock it on him to get him away

20      from her.

21          Q.  When she did that, did he then respond by

22      punching and kicking her repeatedly?

23          A.  Yes, he did.

24          Q.  In fact, did he knock her down to the

        floor?

            A.  Yes, he did.  Then he kicked her all the

                                15

C000447

1

2    way down the hallway back toward the bedroom.

3         Q.  At that point, did she see him flip a lit

4    cigarette onto her?

5         A.  Yes, she did.

6         Q.  And did it actually hit her and bounce on

7    the floor?

8         A.  Yes, it did, and then she brushed it aside

     away from her so she would not ignite.

9         Q.  And then what did she do?

10        A.  She was able to get up and into the same

11   bedroom and shut the door.  She did not see him again.

12   She said that, apparently, he had exited through the

13   back door, because after she got the bindings off of her

14   and exited the apartment building, the back door was

15   standing open.

16        Q.  Well, let me back you up.  Was she able

17   then to get untied and run out the kitchen door to a

     neighbor?

18        A.  Yes, she was.

19        Q.  And, in fact, did the police locate the

20   neighbor and confirm that she had run up to them

21   hysterical and covered with tape?

22        A.  Yes.  In fact, he pointed out where the

23   tape was.  She was pulling it off of her mouth when she

     was knocking on his door and he answered.

24
                              16

1

2          Q.  Did Ms. Hansen indicate that, in fact, she

3     tried to get back in because she could hear her cats

4     making noise in the fire and whimpering?

5          A.  Yes, and she knew the cats were still in

6     the house.

7          Q.  And as she tried to get back in, did she

      see that all the burners on the stove were turned on,

8     but the flame was out?

9          A.  Yes.  She entered through the kitchen, was

10    overcome by smoke, turned around to leave, and heard the

11    hissing sound from her gas stove.  The flame was not lit

12    on the burners.  She grabbed all four of the burners to

13    turn them to the off position.  Three of the four were

      on full.  The fourth one was off.

14

15         Q.  And was she unable to get into the

      apartment then?

16

17         A.  Yes, she was.

18         Q.  Was she able to give you a description of

      the person who had done this?

19

20         A.  Yes, she was.

      Q.  And then was she taken to the hospital for

21    treatment?

22         A.  Yes, she was.

23         Q.  Can you summarize the injuries that she

      had?

24

                         17

C000449

A.   She had abrasions and scratches on various spots of her body, on her upper torso.   The back, the side, on her arms, on her neck, on her face, there was also some bruising.

Q.   Now, then, did you also assist in processing the scene?

A.   Yes, I did.

Q.   And was it consistent with her description what had happened in terms of the beer cans, the shorts, the lamps being knocked over, and the cords?

A.   Yes, ma'am.

Q.   And was all that collected as evidence then?

A.   Yes, it was.

Q.   Was it determined that her truck was parked approximately one block away from the scene at West Arlington, 717 West Arlington?

A.   Yes, ma'am.   Actually, when she first got out of the fire, she noticed that her truck was missing. It was initially parked along the street in front of her apartment.   In front of the complex.   And she'd just got home and parked it there.   Well, now it was missing.

When I was there processing the scene, some of her family members had responded, and they pointed out that her truck was actually about a block and a half

18

C000450

away parked on Arlington, west of the house.

Q. During the course and in processing the scene, did Detective Strzesak locate a crumpled piece of paper near that truck?

A. Yes, ma'am.

Q. And did that turn out to be a receipt for a cash station ATM located at 812 West Springfield?

A. Yes, ma'am.

Q. And did the last four numbers match the victim's account?

A. Yes, ma'am.

Q. Did it also show it was used at 2:31 a.m. or that morning?

A. Yes, ma'am.

Q. Then did you have occasion to recover a video from that cash station and the transactions that took place that night?

A. Yes. Actually, Detective Yohnka recovered them.

Q. And these are all detectives of the Champaign Police Department, sir?

A. Yes, ma'am.

Q. Now, at that time, did, at 2:33 a.m., did the video record the victim's truck in the cash station drive-up?

19

1

2          A.   Yes, it did.

3          Q.   And was there a videotape of a person

4   using the ATM that was traced to the victim?

5          A.   Yes, ma'am.

6          Q.   And was that one of the ones that was

7   taken from that incidence?

8          A.   Yes, it was.

9          Q.   Was that then turned into stills?

10         A.   Yes, it was.

11         Q.   And were the stills shown to Detective

12  Charlie Shepard?

13         A.   Yes, they were.

14         Q.   Did he indicate he believed it looked like

15  Dedric Moore, an individual he was familiar with?

16         A.   Yes, he did.

17         Q.   And did the stills look like this

18  individual was wearing anything?

19         A.   Yes, it looked like he had something over

20  his face, down to the neckline below the chin.  Would

21  have been consistent with a nylon stocking.

22         Q.   And this would be like pantyhose?

23         A.   Yes, ma'am.

24         Q.   Now, did Detective Charlie Shepard also

25  assist in processing the scene around the truck?

26         A.   Yes, he did.

                            20

1

2          Q.   And that morning, did he find a piece of

3    black nylon stocking or pantyhose crumpled up by the

4    truck?

5          A.   Yes, ma'am.

6          Q.   And did he take that into evidence?

7          A.   Yes, he did.

8          Q.   Now, with respect to that stocking, was

     there subsequently recovered from the apartment the rest

9    of the pantyhose that was taken from?

10         A.   Yes.  Actually, I met with the victim

11   again and -- Lori.  I showed her this piece of evidence

12   and asked her if she had any idea what it would be.  She

13   told me that it looked like a piece of a pair of her

14   pantyhose that had been in the house that were in her

15   bedroom.

           We returned to the house and found those

16   pantyhose laying in the kitchen with one leg cut out of

17   them.

18         Q.   Now, with respect to your investigation,

19   did you learn that this Dedric Moore actually has a

20   grandmother who lives on the other side of that complex,

21   512 South New Street, in a complex B?

22         A.   Yes, ma'am.  She was the neighbor.

23         Q.   And is that Lillie Moore?

24         A.   Yes, it was.

                              21

C000453

1

2          Q.   And did Detective Charlie Shepard indicate

3     that he was familiar with the fact that Dedric Moore

4     stayed with his grandmother on occasion on the other

5     side of that complex?

6          A.   Yes, ma'am.

7          Q.   Then, on March 4th of 1998, did you

      proceed to a complex B to see if you could locate Lillie

8     Moore?

9          A.   Yes, I did.

10         Q.   And what did you learn during the course

11    of your investigation about where Lillie Moore was

12    during the time this happened?

13         A.   Actually, I spoke to Lillie Moore the same

14    night of the incident, so did other officers.  She was

15    coming back into state from visiting Dedric's mother,

      which would be Lillie's daughter.  Dedric's mother and

16    Lillie were together.  They were returning home from an

17    out-of-state trip and actually pulled to the side of the

18    road for the fire trucks to go past as they were

19    responding to the fire.  The grandmother and the mother

20    then arrived at the scene while the building was being

21    extinguished.

22         Q.   So, they had been out of the state while

23    this happened?

24         A.   Yes, for a few days.

                            22

1

2      Q.   Now, did you then locate Dedric Moore at a

3   complex B or the other side of this complex on March 4th

4   of 1998?

5      A.   Yes, ma'am.

6      Q.   At that time, did you talk to him about

7   this incident that occurred?

8      A.   Yes, ma'am.

9      Q.   And did he indicate or claim that he was

   out of town the night of the incident of February 25th?

10     A.   Yes, he did.

11     Q.   And did he also indicate that he had seen

12  the victim, but that she keeps to herself?

13     A.   Yes, he did.

14     Q.   Did he make a statement that he thought

15  this was mob related because of the bizarre

   circumstances?

16     A.   Yes, he did.  In fact, he said he thought

17  it was the Chinese mob or maybe the Mexican mob.

18     Q.   Now, had you released any details about

19  the specifics of what happened?

20     A.   No, I had not.

21     Q.   And would he go into any detail about what

22  he meant?

23     A.   Yes.  In fact, I specifically asked him

   why he thought that, and he said that because of the

24

                        23

1

2    bizarre circumstances and the way things happened, and

3    he also made the comment that only the mob would carry

4    gasoline on them when they go somewhere.

5            Q.  And did you also locate Emmanuel Moore who

6    was the brother of Dedric Moore?

7            A.  Yes, ma'am.

8            Q.  And did you ask him if Dedric Moore had

     been out of town as he claimed on this night?

9            A.  Yes.  Actually, Detective Robb Morris, a

10   Champaign detective, is the one that interviewed him.

11           Q.  And what did Emmanuel Moore indicate?

12           A.  He indicated that Dedric had been living

13   with him and that Dedric was at home the night of this

14   incident.

15           Q.  And home -- Let me interrupt you.  Is home

     108 East Healey in Champaign?

16           A.  Yes, ma'am.

17           Q.  And what time did he leave Emmanuel

18   Moore's residence?

19           A.  He thought that he left -- that Dedric

20   left around midnight.

21           Q.  Did he indicate when he returned back to

22   his residence?

23           A.  Yes.  He said that his mother and

     grandmother came to his apartment and told them about

24

                             24

1

2      there being a fire and was wondering where Dedric was

3      at.  So, he paged Dedric several times; and after mom

4      and grandma had left, Dedric returned, and he thought

5      that that was around 4 a.m.

6              Q.  Now, did Detective Charlie Shepard also

       locate Jennifer Stevens?

7              A.  Yes, he did.

8              Q.  And is that the girlfriend of Dedric

9      Moore?

10             A.  She was.

11             Q.  And did she indicate that she had paged

12     Dedric around 11:30 or midnight, that would be February

13     24th to 25th?

14             A.  Yes, ma'am.

15             Q.  And did she indicate he called back and

       said he was at First and Springfield?

16             A.  Yes, she did.

17             Q.  And would that have put him in the

18     vicinity of where this happened?

19             A.  First and Springfield is about eight

20     blocks from where the incident actually occurred.

21             Q.  And this would have been about 11:30 or

22     midnight then?

23             A.  Yes, ma'am.

24             Q.  Or shortly after?

                            25

C000457

1

2          A.   Yes, ma'am.

3          Q.   Now, did she also indicate he smoked

4    Newport cigarettes?

5          A.   Yes, she did.

6          Q.   Is that the brand of the cigarette that

7    was recovered from being flipped onto Ms. Hansen?

8          A.   Yes, it was.

9          Q.   Now, did you also show Jennifer Stevens

10   the photograph of Dedric Moore that -- or that you

11   believe might be Dedric Moore from the drive-up at the

12   ATM?

13         A.   Detective Charlie Shepard did.

14         Q.   I'm sorry.  And what was her response?

15         A.   She went to the bathroom vomiting.  She

16   was sick.  He'd also shown the same picture to her

17   mother, who also indicated that she thought that picture

18   looked like Dedric Moore.

19         Q.   And when Jennifer Stevens vomited, was she

20   upset?

21         A.   Yes, she was.

22         Q.   Did she indicate it looks like him?

23         A.   Yes, she did.

24         Q.   Now, pursuant to your investigation, did

you interview Dedric Moore later in the afternoon on

March 4th again?

26

C000458

1

2          A.  Yes, I did.

3          Q.  At that time, did he admit that he had

4    lied about being out of town?

5          A.  Actually, he never admitted to being

6    lying.

7          Q.  Okay.

8          A.  Actually, what he said was he was out of

     town.  So, when I asked where was he, he said he was in

9    Urbana.  When I asked who he was with in Urbana, he

10   said -- he gave me a woman's first name, but he did not

11   know the last name.  He said her first name was

12   Jennifer, but it wasn't Jennifer Stevens' girlfriend.

13   He described her and provided the description of a white

14   female in her middle 20's with a child and didn't know

15   where she lived, didn't know her home phone number, but

16   the way he contacted her that night was by paging her

17   from a pay phone which is near Springfield and First

     Street.

18         Q.  Did you then get the telephone records to

19   check out whether this happened?

20         A.  Yes, I did.

21         Q.  And what did you learn from the telephone

22   records?

23         A.  That, first of all, the pager number that

     he gave me has never been issued to anyone.  The phone

24
                              27

C000459

1

2     calls from that pay phone during the time frame of this

3     incident, there was no incoming calls and there was no

4     outgoing calls, so there were no phone calls made from

5     that pay phone during that time frame.

6             Q.  Now, direct your attention to March 10th

7     of 1998, did you get a court order then to order Mr.

      Moore to appear in a lineup?

8             A.  Yes, I did.

9             Q.  And did he show up too late for that

10    lineup to be -- to take place?

11            A.  Yes, he did.

12            Q.  Was he then ordered to appear by court

13    order in a lineup the next day?

14            A.  Yes, he was.

15            Q.  At that time, did Ms. Hansen view a lineup

      consisting of six individuals?

16            A.  Yes, she did.

17            Q.  And did she also listen to them talk

18    through a microphone which was the system the jail had

19    in place at the time?

20            A.  Yes, she did.

21            Q.  Did she indicate that she could not

22    definitively identify anyone?

23            A.  Yes, she did.

24            Q.  Did she repeatedly ask to see and hear two

                              28

C000460

1

2    people?

3        A.  Yes, she did.

4        Q.  Approximately how many times?

5        A.  She asked to hear and see both of them

6    five times.

7        Q.  And did she indicate that with regards to

     number three in the lineup that he looked taller than

8    the person that had done this to her, but the face and

9    voice were the same?

10       A.  Yes, she said that she thought that was

11   the face and that sounded like the voice, but he looked

12   like he was too tall.

13       Q.  And, in fact, was that Dedric Moore?

14       A.  Yes, it was.

15       Q.  Now, with respect to this other person she

     was asking to see, did she indicate that that was not

16   his voice, but the face had the same shape?

17       A.  Yes, she did.

18       Q.  And did you ascertain that that person, in

19   fact, had been in custody at the time this took place?

20       A.  Yes, I did.

21       Q.  Did she also indicate the only good view

     she had of this person was looking up as she lay on the

22   floor?

23

24       A.  Yes, and, also, as he was dragging her

                              29

1

2    down the hallway and she was bent down struggling to get

3    away from him.

4        Q.   Now, did you also send her clothing as

5    well as carpeting collected from the living room area to

6    the state laboratory for analysis?

7        A.   Yes, ma'am.

8        Q.   And did they determine that there were

both petroleum products characteristic of gasoline as

9    well as other types of petroleum products

10    characteristics similar to paint thinner, charcoal

11    starter, that type of thing?

12        A.   Yes, ma'am.

13        Q.   And was this consistent with both her

14    clothing and the surrounding areas in the apartment?

15        A.   Yes, it was.

16        Q.   Was the stocking mask and the rest of the

stocking recovered from the apartment also sent to the

17    Illinois State Police Forensic Science Laboratory?

18        A.   Yes, ma'am.

19        Q.   And was that compared, first of all, to

20    determine if the portions were from the same item or the

21    same set of pantyhose?

22        A.   Yes.  Actually, the item that Charles

Shepard found in the street matched definitely to the

23    item of pantyhose that were recovered out of the

24                          30

C000462

kitchen.

Q.  And that's the lab felt that they were
consistent in all respects; is that correct?

A.  Yes, ma'am.

Q.  Was that stocking mask that was recovered
near her truck then made out of that nylon, was that
also sent on for DNA analysis?

A.  Yes, ma'am.

Q.  And pursuant to that analysis, did the
laboratory determine that there was a profile consistent
with the victim on that set of stockings?

A.  Yes, ma'am.

Q.  And did they also determine that there was
a DNA profile consistent with Dedric Moore's?

A.  Yes, they did.

MS. LADD:  That's all the questions I have
then for the investigator.

The Grand Jury has the right to subpoena and
question any person against whom the State's Attorney is
seeking a bill of indictment or any other person and to
obtain and examine any documents or transcripts relevant
to the matter being prosecuted by the State's Attorney.

Does anyone have any questions?

JUROR 17:  One detail I was curious about is
that she spoke to the perpetrator several times, but did

31

that seem inconsistent with her mouth being duct taped?
Was her mouth duct taped the whole time?

      A.  It was not duct tape.  It was clear tape
that was put over her mouth.

      JUROR 17:  So, there was some looseness to it
or --

      A.  Yes.

      JUROR 38:  Did they have a relationship before
or was this just sort of a burglary and she got caught
up in it or --

      A.  She has never dated him.  He's never been
in her home.  She may have seen him in passing because
she saw several people going and coming from grandma's
house on the south end, but she never spoke to him or
had an encounter with him.

      MS. LADD:  Anyone else?

      Okay.  Thank you.

      (WHICH WERE ALL THE PROCEEDINGS HAD IN THIS
SAID CAUSE.)

32

1

2          IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

3                    CHAMPAIGN COUNTY, ILLINOIS

4

5              I, Melissa Clagg, an Official Court Reporter

6      for the Circuit Court of Champaign County, Sixth

7      Judicial Circuit of Illinois, do hereby certify that I

       reported the proceedings had in the above-entitled
8
       cause; that I thereafter caused the foregoing to be
9
       transcribed into typewriting, which I hereby certify to
10
       be a true and accurate Report of Proceedings had before
11
       the Grand Jury.

12

13

14

15

16

17                                        *Melissa Clagg*

18                                   Official Court Reporter

19

20

21

22     Dated this 24th

23     day of February, 1999

24

                              33

C000465

Curriculum Vitae

Parasakthi KOlandaivelu MD (Dr.Parasakthi )
R.R.2  Hickory nManor
Clinton. Illinois. 61727
Phone 217-935-3790

At present working as ED Physician
Covenant Medical Center - Urbana - since 1989
Dr.John Warner Hospital - Clinton- since 1994

Board Certified in Emergency Medicine - June 1991

Emergency Medicine Experience - 1983 -till present

A.C.L.S Certified - April 1997

A.T.L.S Certified - May 1994

General Practice - Clinton . Illinois  1977-1989

House Physician - Fairview Gen.Hospital-Cleveland.Ohio 1972-1973

Internship-Lutheran Medical Center.Cleveland.Ohio 1971-1972

Board Certified in Internal Medicine - India (1970)

Residency in Internal Medicine -  India 1967-1970

Internship - India 1966-1967

Medical School - India 1959-1965

Illinois License    036-05842

D.E.A            AK-7426857

S.S.Number        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

Signed: Parasakthi KOlandaivelu MD  2/25/99

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | |
| -vs- | ) | NO: 98-CF-1558 FEB 2 6 1999 |
| | ) | |
| DEDRIC T. MOORE, | ) | |
| Defendant. | ) | |

*Linda S. Frank*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## AFFIDAVIT OF MAILING

Julie Ogle, being first duly sworn on her oath, deposes and states that she did, at the request of

Heidi Ladd, on the ___26th___ day of February, 1999, deposit a true and accurate copy of the attached

Supplemental Discovery and reports in the above-entitled cause in the U.S. Mail at the Post Office in

Urbana, Illinois, in an envelope with sufficient postage attached to carry the same to its destination to the

following named person at the address below:


Diana Lenik, Attorney at Law, 202 W. Green Street, Urbana, IL



Subscribed and Sworn to Before Me
this ___26th___ day of February, 1999

NOTARY PUBLIC

OFFICIAL SEAL
VIRGINIA ANN KIETZMAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/8/02

C000467

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
# CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

THE PEOPLE OF THE STATE OF ILLINOIS,    )
          **Plaintiff,**  )
 -vs-                       )  **No: 98-CF-1558**  FEB 2 6 1999
                                 )
DEDRIC T. MOORE,             )
          **Defendant.**  )

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## SUPPLEMENTAL DISCOVERY

Now come the People of the State of Illinois by JOHN C. PILAND, State's Attorney of and for the County of Champaign, State of Illinois, and in answer to defendant's motion for discovery respectfully provide the following additional information:

1. Reports, affidavits and statements of experts in connection with this case are attached hereto. Any notes, charts, and/or documents pertaining to these reports may be viewed upon reasonable request to the Office of the State's Attorney's Office. People tender the notes of experts that were the basis of expert reports previously tendered in discovery.

2. The People have items of physical evidence which they may introduce at trial as set forth in the attached reports. These items may be inspected by defense counsel upon reasonable request to the Office of the State's Attorney.

Respectfully submitted,

JOHN C. PILAND
State's Attorney for Champaign County

By: _____
Heidi Ladd
Lead Prosecutor

C000468

# ILLINOIS STATE POLICE
### Division of Forensic Services
### Springfield Forensic Science Laboratory
2040 Hill Meadows Drive
Springfield, Illinois 62702-4696
(217) 782-4975 (Voice) * 1-(800) 255-3323 (TDD)

Jim Edgar
*Governor*

July 9, 1998

Gene P. Marlin
*Acting Director*

Lieutenant Nearing
Champaign Police Department
82 East University Ave
Champaign, IL 61820

Laboratory Case #S98-001498
BCSS Case #MM98-1688-9-1
Agency Case #798-002383

OFFENSES: Arson/Attempted Murder
SUSPECT: Dedric T. Moore
VICTIM: Lori K. Hansen

The following evidence was received from Roberta Johnson by the Springfield Forensic Science Laboratory on March 4, 1998:

| EXHIBIT | DESCRIPTION | FINDINGS |
|---|---|---|
| 16 | Bra | Petroleum product characteristic of gasoline. Medium petroleum product also found. Examples of medium petroleum product are some charcoal starters, mineral spirits, paint thinners, and some torch fuels. |
| 17 | Carpeting | No ignitable liquids were found. |
| 18 | Carpeting | Petroleum product characteristic of gasoline. Medium petroleum product also found. Examples of medium petroleum product are some charcoal starters, mineral spirits, paint thinners and some torch fuels. |

## EVIDENCE DISPOSITION:
The above evidence will be retained in the laboratory evidence vault and should be picked up within thirty days.

If you have any questions regarding this report, please call me.

Respectfully submitted,

*Paula J. Cardosi*

Paula J. Cardosi
Forensic Scientist

cc: Crime Scene Investigator Michael L. Kyrouac

# ILLINOIS STATE POLICE

### Division of Forensic Services
### Forensic Sciences Command

## FIRE DEBRIS WORKSHEET

Source: Ann Mulder 3-4-98    Date Examined 6-25-98    Case No. S98-1498

pce 1
AC in can 6-25-98



| EXHIBIT # | PACKAGE & CONDITION | CONTENTS & DESCRIPTION | METHOD | RESULTS | NOTES |
|---|---|---|---|---|---|
| #16 | Sealed qt can labeled Case 798-2383 Exhibit #37 "bra" Bar code label S98-1498.16 | Bra | pce 1 GC-FID GC-MSD | gasoline + MPP | odor not recognized |
| #17 | Sealed qt can labeled Exhibit #38 rug (carpeting) Case No 798-2383 "rug sample #2" Bar code label S98-001498.17 | rug (carpeting) | pce 1 GC-FID GC-MSD | Negative | odor not recognized |
| #18 | Sealed qt can labeled Exhibit #39 rug Case No 798-2383 "rug sample" Bar code label S98-001498.18 | piece of rug pd carpeting | pce 1 GC-FID GC-MSD | gasoline + MPD | g-K-DF tape odor faint - when I removed the AC packet odor more of musty tape odor |

MARKINGS: Can & lid marked #16  S98-1498 pjc 3-4-98

MARKINGS: Can & lid marked #17  S98-1498 pjc 3-4-98
Reopened can 7-9-98 and resealed same date

MARKINGS: Can & lid marked #18  S98-1498 pjc 3-4-98

**CONDITION:**
Sealed - S
Closed/No seals - NS

**PACKAGE:**
Jar - J
Plastic bag - P
Paper bag - B
Envelope - E
Pint can - PC
Quart can - QC
Gallon can - GC

**CONTENTS:**
Debris - D          Glass - G
Cloth - C           Tile - T
Foam Rubber - F
Liquid - L
Paper - P
Rug/Carpet - R
Soil/Dirt - S
Wood - W
Carpet pad - CP

**METHOD:**
Headspace - H
Solvent Extract - SE
Liquid - L
Active char. elution - ACE
Passive char. elution - PCE
Gas Chromatography - GC
Gas chrom/Mass spec - GCMS

**RESULTS:**
Gasoline - G
Light Petroleum Distillate - LPD
Medium Petroleum
   Distillate - MPD
Light Petroleum
   Product - LPP
Heavy Petroleum
   Distillate - HPD
Unident. Petroleum
   Distillate - UPD
Negative - (-)
Inconclusive - I
Used for Comparison - UFC
Isoparaffin - ISO

Repackaging: original    Date:    Analyst: Paula J. Cardon

IL 493-0710    ISP 6-233 (3/96)

C000470

FEB-05-98 04:52PM ISP SPFLD LAB                                    P.4/4

## STATUS/CONVERSATION RECORD

ECTION _TRACE_                                      CASE # _S98- 1498_

OTHER SECTIONS ___/___/___/___/___/

Enter transfers to other labs on the master file

### ORIGINAL                    SUPPLEMENTAL

.dministrative Review:  date _7-9-98_ by _pp_      date_____ by _____

echnical Review  date _7/9/98_ by _BH_            date_____ by _____

### SUPPLEMENTAL                 SUPPLEMENTAL

.dministrative Review:  date_____ by_____       date_____ by_____

echnical Review  date_____ by_____              date_____ by_____

SUPERVISORY REVIEW _____

| DATE/ TIME | INDIVIDUAL/AGENCY DISCUSSED WITH | COMMENTS/ FOLLOW-UP | INITIALS |
|---|---|---|---|
| 6-23-98 2:10 PM | Det. Don Shepard - I conveyed lab policy to him re scene items to scene items for trace evidence. He said to go ahead and release items to latents for their processing. He indicated suspect may have had something on his hands (cotton socks or gloves(?) when he handled the knives - pp (tape exam) | | |
| 2-25-99 10:15 AM | Received a call from Julie - sec. to Heidi Ladd of S.A. office requesting copies of all notes etc from my work. | | |
| 2-25-99 11:10 AM | Julie called again - requested 1 PM pretrial March 3. I asked what work was available - just my work I told her that I was actually needed - just my (section?) of file they actually needed my part of file. what I did and the results and (instrumental outputs. She said they just wanted my worknotes (She checked with Heidi to confirm this) | | |

FAX # 217- 384- 3816

C000471

**TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE**

## AGENCY DATA

| (1) Originating Agency Name | (2) Agency Telephone | (3) NCIC Number | (4) Agency Case Number |
|---|---|---|---|
| CHAMPAIGN City Police | (217)351-4545 | IL100100 | 798-002383 |

| (5) Send report to: | Agency address: | City: | Zip Code: |
|---|---|---|---|
| L.T. Nearing | 82 E. University Ave. Champaign | | 61820 |

| (6) Offense | (7) County of Offense | (8) Date Offense Occurred |
|---|---|---|
| AG Arson / ATTEMPT murder | CHAMPAIGN | 02/25/98 |

(9) Victim(s) Name(s), Sex, Race, DOB
Cori K. Hansen, F/W, 04/12/69

(10) Suspect(s) Name(s), Sex, Race, DOB

(11) Printed name of investigating officer if different than (5) above.
Detective Don Shepard

(12) Printed name of the officer and agency delivering evidence.
E. Beth, UNSM RAS

## EVIDENCE INVENTORY

| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Agency Exhibit Number(s) | (17) Evidence description (see instructions) |
|---|---|---|---|
| 1 | | 1 | Cigarette Butt "Newport" |
| 2 | | 2 | Cords & Laces |
| 3 | | 4 | 12 oz. Miller High Life Beer can |
| 4 | | 7 | one pair of Red shorts |
| 5 | | 8 | one peice ~~items submitted by two four digit number~~ |
| 6 | | 12 | Two personal Checks ~~evidence could be damaged~~ 376 and Two cards |
| 7 | | 13 | One Cordless ~~during examination~~ phone |
| 8 | | 14 | one 12 oz. Beer Bottle "Honey Brown" |
| 9 | | 15 | one Black/Brown Coin purse |
| 10 | | 16 | one U of I Key chain Bi-fold |

(18) Lab use only
All evidence was red evidence ... receipt

## EVIDENCE CHAIN

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Time | (23) Received From (Signature) | (24) Received By (Signature) |
|---|---|---|---|---|---|
| 1 → 10 | | 3-4-98 | 12:45 | | Ann Kidder |
| 1,3,4,7,8 | | 3-12-98 | 3:00 | evidence vault | |
| 3, 5 → 10 | | 7-12-98 | | vault | John E. Cord |
| 2A + 4A | | 4-1-98 | 3:00 | Don Shepard FSC | R731/4/69 |
| 1,2,4 | | 4/1/98 | 12:50 | vault | Wina M Curry |
| 1A + 4B | | 5-11-98 | 1:30 | Don S. Pinkford | Beth to Morton |
| 1A + 4B | | 7/10/98 | | Beeli from Morton | Evidence Vault Springfield |
| | | | | | |
| | | | | | |

(25) AFIS:  Yes ☐  No ☐   Comments:

(26) Attach pertinent case information, the case summary, and examination requests
IMPORTANT: List any communicable diseases of risk to lab personnel (e.g. hepatitis, TB, HTLV/LAV II, etc.)

Process for D.N.A: Agency Exhibits # 1, 4, 7 (urine or semen), 14, 31 & 48, 50

Process for Hairs & fiber: Agency Exhibits # 2, 31, 40, 41, 42, 43, 44, 45, 46. Compare findings 2 to 50 for origin

Process for latent prints: Agency Exhibits # 4, 8, 12, 13, 14, 15, 16, 17, 30, 32, 41, 44, 45, 46

suspect Urinated on Exhibits # 2, 7, 43, 48 & 50, 52, 53, 54, 55 & 56

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned by (DFS Employee Signature) | (31) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| 1,2,4 | | 4/7/98 | Wina M Curry | RAS |
| 2, 5,7,10 | | 7-8-99 | Wina M Curry | RAS |

IL 493-0219

ISP 5-36 (Rev. 11.

**Illinois State Police**
Division of Forensic Services and Identification
Bureau of Forensic Sciences
Bureau of Crime Scene Services
**EVIDENCE RECEIPT, Cont'd.**

Page 2 of 3

TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE

| (1) Originating Agency Name | (2) Victim(s) Name(s) | (3) Agency Case Number |
|---|---|---|
| CHAMPAIGN City Police | Lori K. Hansen | 798-002383 |

(4) Printed name of investigating case officer: Detective Don Shepard
(5) Printed name of the officer and agency delivering evidence: Deenn J Hnson 845

| (8) Agency Exhibit Number(s) | (10) Evidence description (see instructions) |
|---|---|
| 17 | one Black Bi-fold wallet |
| 29 | one Black Nylon Garment |
| 30 | one "Bic" Cigarette Lighter (Blk/white) |
| 31 | one Sealed Bag containing one pair of Black Nylon Hose |
| 32 | One Cash Station receipt for transaction at machine #564256 |
| 37 | One metal Can Containing Victim's Bra |
| 38 | One metal Can Containing Rug Sample #2 |
| 39 | one metal Can Containing Rug Sample #1 |
| 40 | one pair of Black tennis Shoes "VANS" |
| 41 | one Black/yellow Utility Knife + ziplock bag |
| 42 | one bundle of Cord |
| 43 | one Extension Cord |
| 44 | one piece of Clear tape |
| 45 | one Roll of Clear Tape |
| 46 | one Knife w/simulated wood handle |

(18) Attach pertinent case information, the case summary, and examination requests. Important: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV, AVIII, etc.)

Compare to match (items) Exhibits # 29 to 31 & # 44 to 45 & to See if # 46 or 41 was used to Cut # 44/45 or 43 & 2 or 42. Also Compare to see if Any shoes Tringh came from # 40 or # 42

C000473

IL 493-0231                                                                 ISP6-49 (Rev. 10/90)

ILLINOIS STATE POLICE
Division of Forensic Services and Identification
Bureau of Forensic Sciences
Bureau of Crime Scene Services
EVIDENCE RECEIPT, Cont'd.

BCSS Number

Laboratory Case Number
S98-14 98

Page ___ of 3

TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE

| (1) Originating Agency Name | (2) Victim(s) Name(s) | (3) Agency Case Number |
|---|---|---|
| CHAMPAIGN City Police | Lori K Hansen | 798-002383 |

| (4) Printed Name of investigating case officer | (5) Printed name of the officer and agency delivering evidence |
|---|---|
| Detective Don Shepard | T. Betta J-4N3W |

| (6) Lab # Number(s) | (7) BCSS Exhibit Number(s) | (8) Agency Exhibit Number(s) | (10) Evidence description (see instructions) |
|---|---|---|---|
| 26 | | 47 | Sample of Victim's Blood |
| 27 | | 48 | finger nail Specimen |
| 28 | | 50 | Sample of Victim's hair |
| 29 | | 49 | Sample of Blood from Victim's hands |
| 30 | | 51 | Standard Cotton Swab |
| 31 | | 11 | Glass w/suspect blood |
| 32 | | 52 | one pair of "LEVI" Jeans |
| 33 | | 53 | one large gray Jacket |
| 34 | | 54 | one pair of white socks |
| 35 | | 55 | one pair of Jockey under wear |
| 36 | | 56 | one long sleeve green shirt |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

(11) Lab use only

E
V
I
D
E
N
C
E

C
H
A
I
N

(18) Attach pertinent case information, the case summary, and examination requests.
IMPORTANT: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV/LAIII, etc.)
Process Exhibits # 37, 38, & 39 for flamable or combustable agents.
Compare # 49 to Exhibit # 47 to # 11 & 49.
Victim's inked Prints Are forth coming Due to inju. Thank you.

(33) (Impressed to (law enforcement representative signature and agency name)

C00047H

ISP 483-0231                                                                 ISP6-48 (Rev. 7/88)

Division of Forensic Services
Forensic Sciences Command

TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE

**AGENCY DATA**

| | |
|---|---|
| (1) Originating Agency Name | CHAMPAIGN POLICE DEPARTMENT |
| (2) Agency Telephone | (217) 351-4570 |
| (3) NCIC Number | IL100100 |
| (4) Agency Case Number | 798-2383 |
| (5) Send report to: | LT. Nearing |
| Agency address: | 82 E. UNIVERSITY CHAMPAIGN IL |
| Zip Code: | 61820 |
| Det. Don Shepard | |
| (6) Offense | ATTEMPT MURDER |
| (7) County of Offense | CHAMPAIGN |
| (8) Date Offense Occurred | 04/25/98 |
| (9) Victim(s) Name(s), Sex, Race, DOB | L.A. C HALSON F/W DOB 04/12/69 |
| (10) Suspect(s) Name(s), Sex, Race, DOB | |
| (11) Printed name of investigating officer if different from (5) above. | Detective Don Shepard |
| (12) Printed name of the officer/and agency delivering evidence. | K. BROTA J. NW SW   8A5 |

**EVIDENCE INVENTORY**

| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (16) | (17) Evidence description (see instructions) |
|---|---|---|---|
| 37 | 1 | 20 | SEALED ENVELOPE CONTAINING LATENT LIFT CARD FROM EXTERIOR OF DRIVER DOOR BELOW MIRROR & HANDLE |
| 38 | 2 | 21 | SEALED ENVELOPE CONTAINING TAPING OF DRIVER'S SEAT |
| 39 | 3 | 22 | SEALED PAPER BAG CONTAINING "MAXELL" CASSETTE TAPE FROM DRIVER FLOOR |
| 40 | 4 | 23 | SEALED PAPER BAG CONTAINING "CAMEL LIGHT" BOX FROM DRIVER FLOOR. |
| 41 | 5 | 24 | SEALED PAPER BAG CONTAINING SEALED PAPER FOLD WITH 2 DARK COLORED HAIRS FROM INT. OF DRIVER DOOR BELOW HANDLE. |
| 42 | 6 | 25 | SEALED ENVELOPE CONTAINING LATENT LIFT CARD FROM TURN SIGNAL LEVER |
| 43 | 7 | 26 | SEALED PAPER BAG CONTAINING 2 EMPTY "CAMEL LIGHT" PACKAGES FROM COMPARTMENT IN CENTER CONSOLE. |

*items submitted... evidence could be... during examination*

| (18) Lab use only |
|---|
| * All evidence sld w/red. evidence tape before receiving ann |

**EVIDENCE CHAIN**

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Time | (23) Received From (Signature) | (24) Received By (Signature) |
|---|---|---|---|---|---|
| 37-43 | | 3-4-98 | 12:45 | 8A5 | Ann Wedder |
| 39, 40, 43 | | 3-12-98 | | Vault | John G. Garns |
| 38+41 | | 3-12-98 | 3:00P | evidence vault | Dave J. Pickford |
| 38+41 | | 4-1-98 | 3:00P | Dave Pickford to SIFSC via Regn. # R731414169 | |
| 77, 42 | | 8-6-98 | 9:44 | Vault | John G. Garns |
| 37, 42 | | 9-10-98 | 11:40 | 8A5 | John G. Garns |

(25) AFIS:   Yes ☒   No ☐   Comments:
(26) Attach pertinent case information, the case summary, and examination requests
IMPORTANT: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV/LAV II, etc.)

SEE ATTACHED 3 PAGES

Process AGENCY EXHIBITS # 20, 25 for identification. Process Agency EXHIBITS # 22, 23 & 26 for latent prints. Process Agency EXHIBITS # 21 for hair. Determine if Agency EXHIBIT # 24 is human and compare any found in EXHIBIT # 21 & # 24 to Agency EXHIBIT # 50. Also preserve all items & process EXHIBIT # 50 for urine for DNA of suspect if one is identified.

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By (DFS Employee Signature) | (31) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| | | 3-27-98 2/25-98 | CSI _____ 354 | Don Shepard |
| 39, 40, 43 | | 7-8-98 | John G. Garns | 8A5 |
| 37, 42 | | 8-14-98 | John G. Garns | 8A5 |
| 37, 42 | | 11-12-98 | John G. Garns | GAG C000475 |

IL 493-0219

ISP6 - 36   (Rev. 11/95)

Division of Forensic Services
Forensic Sciences Command

Laboratory Case Number: 50 1498

Page ___ of ___

**TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE**

## AGENCY DATA

| (1) Originating Agency Name | (2) Agency Telephone | (3) NCIC Number | (4) Agency Case Number |
|---|---|---|---|
| CHAMPAIGN POLICE DEPT | (217) 351 4545 | 1L0100100 | 98-2383 |

(5) Send report to: LT HOLLY NEARING
Agency address: 82 E UNIVERSITY  City: CHAMPAIGN  Zip Code: IL 61820

| (6) Offense | (7) County of Offense | (8) Date Offense Occurred |
|---|---|---|
| ARSON / ATT. MURDER | CHAMPAIGN | 2/26/98 |

(9) Victim(s) Name(s), Sex, Race, DOB: HANSON, LORI K F/W 4/12/60

(10) Suspect(s) Name(s), Sex, Race, DOB: MOORE, DEORR T M/B 8/13/78

(11) Printed name of investigating officer if different from (5) above: DET CHARLIE SHEPARD

(12) Printed name of the officer and agency delivering evidence: ROBERTA DUNCAN

## EVIDENCE INVENTORY

| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Agency Exhibit Number(s) | (17) Evidence description (see instructions) |
|---|---|---|---|
| 48, 49 | | 66 | INKED FINGERPRINTS OF VICTIM & VICTIM'S DAD |
| 46 | | 59 | (2) SHEETS OF PALM PRINTS, (1) CARD INKED FINGERPRINTS FROM SUSPECT |
| | | | |
| | | | Items submitted as evidence could be damaged during examination |
| | | | |
| | | | |

(18) Lab use only: 46, 48, 49 are Ve Submissions

## EVIDENCE CHAIN

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Time | (23) Released From (Signature) | (24) Received By (Signature) |
|---|---|---|---|---|---|
| 46, 48, 49 | | 8 13 98 | 11:45 | | John E Gass |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

(25) AFIS: Yes ☐ No ☐  Comments:
(26) Attach pertinent case information, the case summary, and examination requests.
**IMPORTANT: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV/LAV II, etc.)**

RETURNED FOR FURTHER COMPARISON -

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By (DFS Employee Signature) | (31) Received By (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| 46, 48, 49 | | 9-9-98 | John E Gass | |
| | | | | |
| | | | | |

IL 493-0219

ISP6 - 36 (Rev. 11/95)

C000476

**TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE**

| | | |
|---|---|---|
| (1) Originating Agency Name CHAMPAIGN City Police | (2) Agency Telephone (217) 351-4545 | (3) NCIC Number IL 100100 | (4) Agency Case Number 798-2383 |

**AGENCY DATA**

(5) Send report to: LT. ___ Nearing  Agency address: 82 E. University Ave.  City: CHAMPAIGN  Zip Code: 61820

(6) Offense AG ARSON / ATT. MURDER   (7) County of Offense CHAMPAIGN   (8) Date Offense Occurred 02/25/98

(9) Victim(s) Name(s), Sex, Race, DOB Lori K. Henson, F/W 04/12/69

(10) Suspect(s) Name(s), Sex, Race, DOB Dedric T. Moore, M/B 08/13/78

(11) Printed name of investigating officer (if different than 5) above Detective Don Shepard

(12) Printed name of the officer and agency delivering evidence ___ BETA ___ MOORE -RAS

**EVIDENCE INVENTORY**

| (13) DFS Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Agency Exhibit Number(s) | (17) Exhibit Description (see instructions) |
|---|---|---|---|
| 44 | | 57 | (1) bag of 2 vials of Blood (suspect's) |
| 45 | | 58 | (1) envelope containing hairs (suspect's) |
| 46 | | 59 | (1) envelope containing (3) sheets of inked prints (suspect's) |
| | | 61 | (1) black sh... Items submitted as evidence could be damaged during examination |

(18) Lab Use ... blood/saliva ...

**EVIDENCE CHAIN**

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | Date | | | |
|---|---|---|---|---|---|
| 44→47 | | 3-59 8 1200 | X | | |
| 46 | | 32.98 1000 | | | |
| 44,45,47 | | 4.98 1000 | | | |
| 45 | | 4.98 1000 | | | |
| 44,47 | | 4/98 1300 | | | |
| 44A | | 5.1.98 1302 | | | |
| 44A | | | | | |
| 46 | | 7-0.98 1142 | | | |

(25) AFIS:  Yes ☐  No ☐  Comments:

(26) Attach pertinent case information, the case summary, and examination requests
IMPORTANT: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV/LAV II, etc.)

Use EXHIBITS # 57, 58 & 59 for comparison to other EXHIBITS Already Submitted.

Use EXHIBIT # 61 to Compare to ITEMS in EXHIBIT #2 for similarities.   Thank you

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned by (DFS Employee Signature) | (31) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| 44,47 | | 4/7.98 | Norma M Curry | ___ DAS |
| 41 | | 2.8.98 | | DAS |
| 46 | | 11.12.98 | | RAS |

C000477

IL 493-0219                                ISP6 - 36   (Rev. 11/95)

TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE

| A G E N C Y   D A T A | | |
|---|---|---|
| (1) Originating Agency Name CHAMPAIGN City Police | (2) Agency Telephone (217) 351-4545 | (3) NCIC Number IL 100 100 | (4) Agency Case Number 798-2383 |
| (5) Send report to: LT. Nearing   Agency address: 82 E. University Ave   City: Champaign   Zip Code: 61820 | | |
| (6) Offense AG ARSON | (7) County of Offense CHAMPAIGN | (8) Date Offense Occurred 02/25/98 |
| (9) Victim(s) Name(s), Sex, Race, DOB LORI K. Hansen, F/W, 04/12/69 | | |
| (10) Suspect(s) Name(s), Sex, Race, DOB Dedric T. Moore, m/B, 08/13/78 | | |
| (11) Printed name of investigating officer if different from (5) above. Detective Don Shepard | (12) Name/signature of the officer and agency delivering evidence. | |

| E V I D E N C E   I N V E N T O R Y | | |
|---|---|---|
| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Agency Exhibit Number(s) | (17) Evidence description (see instructions) |
| | | b6 | (1) Card of victim's inked finger prints |
| | | b7 | (1) Card of victim's Dad's inked finger prints (Larry Hansen) |
| | | | Items submitted as |
| | | | evidence could be damaged |
| | | | during examination |
| (18) Lab use only | | | |

| E V I D E N C E   C H A I N | | | | | |
|---|---|---|---|---|---|
| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Time | (23) Received From (Signature) | (24) Received By (Signature) |
| 4849 | | 3-12-98 | 1147 | | |
| | | | | | |
| | | | | | |

(25) AFIS:  Yes ☐  No ☐   Comments:
(26) Attach pertinent case information, case summary, and examination requests
IMPORTANT: List any communicable diseases or risk to lab personnel (e.g., hepatitis, TB, HTLV/LAV II, etc.)

Use Agency Exhibit # b6 as illimination prints for other Exhibits submitted    S98 1498

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By/DFS Employee Signature | (31) Released to law enforcement representative signature and agency name |
|---|---|---|---|---|
| 4849 | | 2-8-9 | | |

C000478

II 493-0219                                                                 ISP6 - 36  (Rev. 11/9 )

Division of Forensic Services
Forensic Sciences Command
EVIDENCE RECEIPT

BCSS Number

Laboratory Case Number
S98-1498

**TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE**

| A G E N C Y   D A T A | (1) Originating Agency Name  City of Champaign | (2) Agency Telephone  217 351-4545 | (3) NCIC Number  IL 100100 | (4) Agency Case Number  798-2385 |
|---|---|---|---|---|

(5) Send report to:  LT. Nearing    Agency Address: 82 E. University Ave    City: Champaign    Zip Code:

(6) Offense  AG Arson / Attempt murder    (7) County of Offense  Champaign    (8) Date Offense Occurred  02/25/98

(9) Victim(s) Name(s), Sex, Race, DOB  Lori Hansen, F/W, 04/12/69

(10) Suspect(s) Name(s), Sex, Race, DOB  Dedric T. Moore  M/B  08/13/78

(11) Printed name of Investigating officer if different than (5) above. / (12) Printed name of the officer and agency delivering evidence.
V. Izzotta Shaw PAS

**EVIDENCE INVENTORY**

| (13) Lab Number(s) | (14) BCSS Number(s) | (15) Agency Exhibit Number(s) | (17) Evidence description (see instructions) |
|---|---|---|---|
| 50 | | 68 | One (1) envelope containing hair standards from victim |

Item submitted as evidence could be damaged during examination

(18) Lab use only

**EVIDENCE CHAIN**

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | | | | |
|---|---|---|---|---|---|
| 50 | | 3-250 | | | RAD |
| 50 | | | | | |

(25) AFIS:  Yes ☐  No ☐  Comments:
(26) Attach pertinent case information, the case summary, and examination requests.
IMPORTANT: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV/LAV II, etc.)

ATT: DANA

Please use these for Comparison of other Exhibits already submitted.
S98-1498

Thank you!

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By (DFS Employee Signature) | (31) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | C000479 |

I 493-0219    ISP6 - 36  (Rev. 11/95)

**TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE**

| A G E N C Y   D A T A | |
|---|---|

**(1) Originating Agency Name:** Champaign City
**(2) Agency Telephone:** (217) 351-4545
**(3) NCIC Number:** IL 100100
**(4) Agency Case Number:** 798-2383

**(5) Send report to:** LT. Nearing **Agency address:** 82 E. University Ave **City:** Champaign **Zip Code:** 61820

**(6) Offense:** ATTEMPT MURDER / AG ARSON
**(7) County of Offense:** Champaign
**(8) Date Offense Occurred:** 02/25/98

**(9) Victim(s) Name(s), Sex, Race, DOB:** Hansen Lori K. F/W: 04/12/69

**(10) Suspect(s) Name(s), Sex, Race, DOB:** Moore Dedric T. M/A: 08/13/78

**(11) Printed name of investigating officer if different than (5) above:** Detective Don Shepard
**(12) Printed name of the officer/and agency delivering evidence:** KRETA Johnson 845

## EVIDENCE INVENTORY

| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Agency Exhibit Number(s) | (16) | (17) Evidence description (see instructions) |
|---|---|---|---|---|
| 55708. | | | | 1 2 pages of inked prints of suspect in a manilla envelope |
| | | | | |
| | | | | |
| | | | | |

Items submitted as
evidence could be damaged
during examination

## EVIDENCE CHAIN

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Received By (DFS Employee Signature) | (22) Released From (signature) |
|---|---|---|---|
| 7708 | 3-10-98 | | |
| | | | |
| | | | |

**(25) AFIS:** Yes ☐ No ☐ **Comments:**
**(26)** Attach pertinent case information, the case summary, and examination requests
**IMPORTANT:** List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV/LAV II, etc.)

Use as comparison for latents lifted

Also compare to latents in your lab case # S98-000419

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By (DFS Employee Signature) | (31) Released to law enforcement representative signature and agency name |
|---|---|---|---|---|
| 53 | | 11-12-98 | | 845 |
| | | | | |

C000460

ISP6-28 (Rev. 11/95)



# ILLINOIS STATE POLICE
### Division of Forensic Services
### Springfield Forensic Science Laboratory
2040 Hill Meadows Drive
Springfield, Illinois 62702-4696
(217) 782-4975 (Voice) * 1-(800) 255-3323 (TDD)

Jim Edgar
*Governor*

April 1, 1998

Terrance W. Gainer
*Director*

Lieutenant Nearing
Champaign Police Department
82 East University Ave
Champaign, IL  61820

Laboratory Case #S98-001498
BCSS Case #MM98-1688-9-1
Agency Case #798-002383

OFFENSES:  Arson/Attempted Murder
SUSPECT:  Dedric T. Moore
VICTIM:  Lori K. Hansen

The following evidence was received from Roberta Johnson by the Springfield Forensic Science
Laboratory on March 4, 1998:

| EXHIBIT | DESCRIPTION | FINDINGS |
|---|---|---|
| 1 | Sealed paper sack containing a cigarette butt | Amylase detected in levels indicative of saliva. Amylase is found in high levels in saliva but can also be found in other body fluids. |
| 2 | Sealed paper sack containing laces, string and cords | This item was taped for removal of apparent hairs, fibers, and miscellaneous debris. |
| 4 | Sealed paper sack containing a pair of pink shorts | This item was taped for removal of apparent hairs, fibers, and miscellaneous debris. Urine indicated. |
| 12 | Sealed paper sack containing a piece of black stocking | This item was taped for removal of apparent hairs, fibers, and miscellaneous debris. Examination for saliva inconclusive. |
| 14 | Sealed paper sack containing a pair of panty hose | This item was taped for removal of apparent hairs, fibers, and miscellaneous debris. Damage to construction noted. |
| 19 | Sealed paper sack containing a pair of shoes | This item was taped for removal of apparent hairs, fibers, and miscellaneous debris. |
| 26 | Sealed envelope containing a blood standard from Lori Hansen | Portion preserved as Exhibit 26A. |
| 27 | Sealed envelope containing fingernail scrapings from Lori Hansen | Nothing of biological value. |
| 28 | Sealed envelope containing head hair standard from Lori Hansen | Inadequate standard for comparison. |

C000481



Champaign Police Department
Laboratory Case #S98-001498                    -2-                    April 1, 1998

| EXHIBIT | DESCRIPTION | FINDINGS |
|---|---|---|
| 29 | Sealed envelope said to contain a swab from Lori Hansen's hands | No analysis conducted. |
| 30 | Sealed paper sack said to contain a standard swab for Exhibit 29 | No analysis conducted. |
| 31 | Sealed paper sack containing piece of glass with a stain | Human blood identified. |
| 32 | Sealed paper sack containing jeans | This item was taped for removal of apparent hairs, fibers, and miscellaneous debris. Blood-like stains noted. |
| 33 | Sealed paper sack containing a jacket | This item was taped for removal of apparent hairs, fibers, and miscellaneous debris. Damage to construction noted. |
| 34 | Sealed paper sack containing socks | This item was taped for removal of apparent hairs, fibers, and miscellaneous debris. |
| 35 | Sealed paper sack containing a pair of panties | This item was taped for removal of apparent hairs, fibers, and miscellaneous debris. |
| 36 | Sealed paper sack containing a shirt | This item was taped for removal of apparent hairs, fibers, and miscellaneous debris |
| 38 | Sealed envelope containing tapings from driver's seat | No analysis conducted. |
| 41 | Sealed paper bag containing hairs from interior driver's door | No analysis conducted. |

The following evidence was received from Roberta Johnson by the Springfield Forensic Science Laboratory on March 5, 1998:

| EXHIBIT | DESCRIPTION | FINDINGS |
|---|---|---|
| 44 | Sealed bag containing blood standard from Dedric Moore | Portion preserved as Exhibit 44A. |
| 45 | Sealed envelope containing head hair standard from Dedric Moore | Standard for comparison. |
| 47 | Sealed bag said to contain a black shoe string | No analysis conducted. |



Champaign Police Department
Laboratory Case #S98-001498                  -3-                              April 1, 1998

The following evidence was received from Roberta Johnson by the Springfield Forensic Science
Laboratory on March 25, 1998:

| **EXHIBIT** | **DESCRIPTION** | **FINDINGS** |
|---|---|---|
| 50 | Sealed envelope containing head hair standards from Lori Hansen | Standard for comparison. |

**REQUESTS:**
If you have any questions regarding this report, please feel free to contact me.

**EVIDENCE DISPOSITION:**
The evidence will be held in the laboratory vault and should be picked up within thirty days.

Exhibit(s) 12, 14, 38, 41, 45, 50 and samples from exhibits 2, 4, 19, 32, 33, 34, 35, and 36  have been
transferred to the Southern Illinois Forensic Science Centre for further analysis and will be the subject of a
separate report.

Samples from Exhibit(s) 1, 4, 12, 26, 31, and 44 will be transferred to the DNA section for additional
analysis and will be the subject of a separate report.

Respectfully submitted,

*Dana Pitchford*
Dana Pitchford
Forensic Scientist

cc:  Crime Scene Investigator Michael L. Kyrouac

C000483

3DSP

22 pages

## STATUS/CONVERSATION RECORD

SECTION 3 DSP F.Bio

OTHER SECTIONS LFP, TOXI, Micro, DNA, /        CASE # S98-1498

(STR's)

Enter transfers to other labs on the master file.

|  | ORIGINAL | SUPPLEMENTAL |
|---|---|---|
| Administrative Review: | date 3-20-98 by DSP | date_____ by _____ |
| Technical Review | date 3-26-98 by KRK | date_____ by _____ |

|  | SUPPLEMENTAL | SUPPLEMENTAL |
|---|---|---|
| Administrative Review: | date_____ by _____ | date_____ by _____ |
| Technical Review | date_____ by _____ | date_____ by _____ |

SUPERVISORY REVIEW _____

| DATE/ TIME | INDIVIDUAL/AGENCY DISCUSSED WITH | COMMENTS/ FOLLOW-UP | INITIALS |
|---|---|---|---|
| 1-20-98 | Paula Cardosi | She said it would be about 2 or 3 weeks before she is done w/ the Exps? | DSP |

C000484

## STATUS/CONVERSATION RECORD

SECTION __F Bio__                                    CASE # __S 98-1498__

OTHER SECTIONS ____/____/____/____/____/

Enter transfers to other labs on the master file.

|  | ORIGINAL | SUPPLEMENTAL |
|---|---|---|
| Administrative Review: | date_____by_____ | date_____by_____ |
| Technical Review | date_____by_____ | date_____by_____ |

|  | SUPPLEMENTAL | SUPPLEMENTAL |
|---|---|---|
| Administrative Review: | date_____by_____ | date_____by_____ |
| Technical Review | date_____by_____ | date_____by_____ |

SUPERVISORY REVIEW _____

| DATE/ TIME | INDIVIDUAL/AGENCY DISCUSSED WITH | COMMENTS/ FOLLOW-UP | INITIALS |
|---|---|---|---|
| 3-13-98 3:40p | Cecelia Doyle | I told @ scenario & asked what I should do w/ case, she recommended holding on for STR analysis, they really can't take any RR cases now | ASP |
| -17-98 9:00A | Tabitha R+D | I told her what Julie & Cecelia told me & she said she would check w/ Barb | ASP |
| -17-98 :30A | Tabitha | Barb said to go ahead & keep cases w/o court date for STRs | ASP |
| -18-98 10:30A | Suzie Kidd | She said she would do a physical match on hose I should go ahead & tape & test then send to her. | ASP |
| 3-18-98 | Don Shepherd | I asked @ RBS on V-jeans, V- went through glass window & cut herself no need to test. I also told | |

## STATUS/CONVERSATION RECORD

SECTION F. Bio _____          CASE # 398-1498

OTHER SECTIONS ____/____/____/____/____

Enter transfers to other labs on the master file.

| | ORIGINAL | | SUPPLEMENTAL | |
|---|---|---|---|---|
| Administrative Review: | date_____ | by_____ | date_____ | by_____ |
| Technical Review | date_____ | by_____ | date_____ | by_____ |

| | SUPPLEMENTAL | | SUPPLEMENTAL | |
|---|---|---|---|---|
| Administrative Review: | date_____ | by_____ | date_____ | by_____ |
| Technical Review | date_____ | by_____ | date_____ | by_____ |

SUPERVISORY REVIEW _____

| DATE/ TIME | INDIVIDUAL/AGENCY DISCUSSED WITH | COMMENTS/ FOLLOW-UP | INITIALS |
|---|---|---|---|
| 3-12-98 1:45p | Det. Daniels Cramp. P.D. | S- tied V up left w/ her ATM card + purse "in her truck" + then came back near her truck was piece of black hose, Ex 12 (Ex 14 was found in home) purse w/ her bottle inside. I also asked questions @ were items were found as written on copied evidence | |
| 3-12-98 2:45p | Julie Glassner | I told him we probably would not do a physical match w/ the items she wanted up w/ + her left message that love sure both will found in her home. | |
| 3-12-98 3:15p | " | I asked @ saliva stains she said I.D. just then send, unless it has a court date she probably won't get to it before training | |
| 3-13-98 | Don Shepherd | musical | |

C000486

# STATUS/CONVERSATION RECORD

SECTION __F. Bio__

OTHER SECTIONS __LFP__/ __Trace__ / __/__ /

CASE # __S98-1498__

Enter transfers to other labs on the master file.

| ORIGINAL | SUPPLEMENTAL |
|---|---|
| Administrative Review: date_____ by_____ | date_____ by_____ |
| Technical Review date_____ by_____ | date_____ by_____ |

| SUPPLEMENTAL | SUPPLEMENTAL |
|---|---|
| Administrative Review: date_____ by_____ | date_____ by_____ |
| Technical Review date_____ by_____ | date_____ by_____ |

SUPERVISORY REVIEW _____

| DATE/ TIME | INDIVIDUAL/AGENCY DISCUSSED WITH | COMMENTS/ FOLLOW-UP | INITIALS |
|---|---|---|---|
| 2-26-98 8:00a | Det. Daniels Champaign 351-4549 | He wanted to know if we could get DNA from urine. I told him I would ✓ & get back ASAP. | |
| 1-26-98 10:30a | Julie Glassner - ISP | She said Yes possibly, she would need to clear w/ Arlene first & she suggested I talk to Bill Frank | |
| 1-26-98 11:00a | Bill Frank -ISP | Bill - yes. I should first screen evidence by doing P30 by Elisa ~25% P30 is present in semen/sl urine, & Tell Julie to call him when she is ready to work | |
| 1-26-98 1:10a | Det. Daniels | V- tied up in bath tub, shorts removed, breast fondled, she was forced to give him her pin# for ATM card, put her shorts on her head & urinated on her head. Poured gas on her & in her house, lit house on fire & then threw cig. butt at her she missed it, she was able to escape w/o being burnt, she has wounds from S-. S. was wearing white gloves & stocking cap, have part of head on camera at ATM machine, have also found a stocking cap (nose) I told him to go ahead & submit evidence. | |

# ILLINOIS STATE POLICE
## Division of Forensic Services and Identification
## Bureau of Forensic Sciences

**Laboratory Worksheet**

RT

Date Examined: 3-17-98                    Case No.: S98-1498

Exhibit/Item: cig. butt / #1

Source/Date Received: e.vault / 3-12-98

Description of Package: BPB sld w/ red et, d+i, containing a coin env. sld w/ red et d+i

Description of Markings as Received: (amm)

Laboratory Marks: C1D1 1

Laboratory Examination:        I had FS Carnes look at for possible LFP - he said No

~ 1³/₄" L cig. butt, appears to be burnt throughout. says "∅ᵒˢᵖ w/port"
Viewed w/ ALS no glowing but cut a small piece off end



Q₁ = ~ ½" area from end cut off + sld w/ blue et in coin env. labeled Ex 1A.

#1 Q₁ᵒˢᵖ = ~³/₈" on one plate + ~½" on another = Pos
#1 U₁ = Neg                          see photos on page 8
   Pos. Controls   Liq 1/500 = ~½"
   Neg Control= Neg   dried   = ~5/16"
Conclusions:

Q1: pp ffa in USI as Ex #1A, TOT FS Kevin Keel ᵒˢᵖ 5-11-98.

Repackaging: sld w//blue et        Date: 3-19-98    Analyst: [signature] 0488
IL 493-0430                                              ISP 6-76 (11/90)

**ILLINOIS STATE POLICE**
Division of Forensic Services and Identification
Bureau of Forensic Sciences

**Laboratory Worksheet**

RT

Date Examined: 3-13-98

Case No.: S98-1498

Exhibit/Item: #2 / cords + laces

Source/Date Received: e.vault / 3-12-98

Description of Package: BPB sld w/ red et. d+i

Description of Markings as Received: (amm)

Laboratory Marks: CIDI / see below

Laboratory Examination:

Many different pieces of laces + strings and a foam-like ball w/a string around it along w/ some colorful shiney ribbon

1- 2 dingy white shoestrings tied together = ~54" L CIDI

2- 1 dingy white lace, tied in knot w/ circle end ⟋~11¼" L

3- 1 dingy white lace w/an unraveling end ~9" L CIDI

4- 1 black lace, round, tied in knot - No CIDI ⟋~20" L

5- 2 psf heavy piece more like rope w/3 knots + 2 pieces tied together NO CIDI ~ 100" L

6- 1 piece of unraveling string, round, no CIDI ~31" L

7- a black lace tied to white string tied around a colorful foam-like ball w/ colorful ribbon   black piece = ~9½" L + white piece = ~9" NO CIDI

Conclusions:
Collected one taping w/app.hairs, fibers, + misc.debris sld w/ blue et in coin env. at Ex 2A. mailed to SIFSC on 4-1-98

Repackaging: sld w/ blue et    Date: 3-13-98   Analyst: _____

IL493-0430                                          ISP 6-76 (11/90)

# ILLINOIS STATE POLICE
## Division of Forensic Services and Identification
## Bureau of Forensic Sciences

**Laboratory Worksheet**

RT

Date Examined: 3-13-98                    Case No.: S98-1498

Exhibit/Item: # 4/~~red~~ <sup>pink</sup> shorts

Source/Date Received: 3-12-98/e. vault

Description of Package: BPB sld w/ red et, no date^(orinitals) so I placed blue et w/ d+i

Description of Markings as Received: (amm)

Laboratory Marks: CIDI/ inside back panel near tag

Laboratory Examination:

"LIZ Wear" Size med., mauve colored shorts. w/ elastic waist band w/ drawstring
2 side pockets ✓ed. No app. rips or tears, has many black (char. like) stains,

Collected 3 Tapings (2 from outside +1 inside) w/ app. hairs, fibers, & misc. debris, sld w/ blue et
in a coin env. labeled as Ex. 4A.

Viewed w/ ALS + observed ~90% of the front of the shorts glowing + ~ 50% of the back glowing
front stains glowed brighter.
Q2 was a visible stain + bright w/ ALS so I tested for AP.

AP
| 22 | - |
| 705 | (+) |
| NEG | (-) |

Front Outside
NTS





Q1A = ~ 7"x4" stain
both stains have bright
glowing areas on edges

Q1B = ~ 8"x5" stain

sld A in coin env + sld B
in separate coin env
both w/ blue et + labeled as
#4B then sld both env. in a BPB
w/ blue et + as Ex. 4B.

Urea Nitrogen
Test
| - | #1- blank |
| + | 2- std |
| + | 3- known |
| - | 4- U1 |
| inc | 5- Q1A w/urease |
| - | 6- Q1A w/o urease |
| + | 7- Q1B w/urease |
| - | 8- Q1B w/o urease |

Q1 = the majority of the pants appear
to be one continous stain
A+B = the brightest + cleanest stain
even though A was inc. I cut out b/c
of the whole stain I tested the lightest glow.
area

Conclusions:

Ex 4A = tapings, mailed to SIFSC on 4-1-98
Ev. 4B = urine stain in USI

DSP
TOT FS. Zeeb on 5-11-98
#4B

Repackaging: SDA w/ blue et          Date: 3-13-98    Analyst: [signature]

C000490

6

# ILLINOIS STATE POLICE
## Division of Forensic Services and Identification
## Bureau of Forensic Sciences

**Laboratory Worksheet**

Date Examined: 3-17-98

Case No.: S98·1498

Exhibit/Item: #12 / piece of black stocking

Source/Date Received: e. vault / 3-12-98

Description of Package: BPB sld w/red et. d+i

Description of Markings as Received: (amm)

Laboratory Marks: CIDI

Collected 1 taping w/ app.
hairs, fibers, +misc. debris
pkged in a coin env. sld tol. blue
labeled as HQP PSP #12 A.

Laboratory Examination:

~1"L x 3/4 DM

a black, ribbed-like pattern of piece ^nylon hose or stocking
larger end is curling. small end is unravelling
Viewed w/ ALS +observed one area that was
slightly glowing = Q1

Q1 = ~3½" x 2½" area
cut out Q1, ppffa in S U×1 DP as Ex 12B

Q1= inc. for amylase b/c both unstained controls were slightly positive
I will still preserve stain for DNA analysis.



Conclusions:

12+#12A- Tapings, mailed to SIFSC on 4-1-98
12B- saliva stain ppffa in USI - TOT  F.S. Zeeb on 5-11-98

C000491

Repackaging: sld w/ blue et     Date: 3-20-98     Analyst: AM

IL 493-0430                                                    ISP 6-76 (11/90)

# ILLINOIS STATE POLICE
## Division of Forensic Services and Identification
## Bureau of Forensic Sciences
### Laboratory Worksheet

Date Examined: - 3-19-98

Case No.: S 98 - 1498

Exhibit/Item:  # 1 ÷ 12

Source/Date Received:

Description of Package:

Description of Markings as Received:

Laboratory Marks:

Laboratory Examination:



Known saliva
dried ~3/8"

Liq. 1/500
~5/8"

a,
#12A
~1/2"

#12 U.2.
~1/2-3/4"

S98-1498 #12 ⓒ 3-20-98   DSP

Conclusions:

Repackaging: _____   Date: _____   Analyst: C O_____

IL 493-0430                                                      ISP 6-76 (11/90)



398-1498  #12  (L)  3-19-98        DSP

C000493



#128 ~3/8    #12A ~1/2
#14

S78-1478  #1 +#12  (L) 3-19-78  DSP

C000494



S98-1498 #1 (L) 3-19-98 DSP

C000495

**ILLINOIS STATE POLICE**
Division of Forensic Services and Identification
Bureau of Forensic Sciences

**Laboratory Worksheet**

Date Examined: _3-17-98_                    Case No.: _S98 - 1498_

Exhibit/Item: 14 / piece of black stocking

Source/Date Received: e. vault / 3-12-98

Description of Package: BPB sld w/ red et. d + i

Description of Markings as Received: (amm)

Laboratory Marks: CID1 / around waistband

Laboratory Examination:

Collected 2 tapings w/app.
hairs, fibers, + misc debris sld w/
blue et in coin env. labeled as Ex.
14A.

Top portion of a pair of panty hose w/ one leg missing
(appears to be similar to Ex 12) hose are black w/ a
ribbed-like pattern - they have a faded orange/red
stain on the top portion

Conclusions:

14 & #14A mailed to SIFSC on 4-1-98

Repackaging: _sld w/ blue et_     Date: _3-17-98_  Analyst: _____

C000049b

ISP 6-76 (11/90)

9

# ILLINOIS STATE POLICE
## Division of Forensic Services and Identification
## Bureau of Forensic Sciences

**Laboratory Worksheet**

RT

Date Examined: _3-18-98_

Case No.: _S98-1498_

Exhibit/Item: #19 / shoes

Source/Date Received: e. vault / 3-12-98

Description of Package: BPB sld w/ red et dti

Description of Markings as Received: (amm)

Laboratory Marks: CIDI / inside side of each shoe

*Collected 2 tapings w/ app. hairs fibers, + misc. debris + labeled as #19A sld w/ blue et in coin env. Many other app. hairs remain inside shoes.*

Laboratory Examination:

"Vans" Black Suede tennis shoes, no laces   Size 8

One shoe is pretty clean the other (right) shoe is very dirty w/ white crusty
      (left)                                                    & powdery
stains.

Conclusions:

#19A mailed to SIFSC on 4-1-98

C000497

Repackaging: _sld w/ blue et_                    Date: _3-18-98_    Analyst: _____

IL 403-0430                                                    ISP 6-76 (11/90)

FF

# ILLINOIS STATE POLICE
### Division of Forensic Services and Identification
### Bureau of Forensic Sciences

## WHOLE BLOOD GROUPING RESULTS

| Whole Blood No. 4150 | Item No. 26 | Case No. S98·1498 |
|---|---|---|

**Packaging** White env. (like from kit) sld w/ yelet w/ date + subject +IO#s

| (Living) | Deceased | Unknown |
|---|---|---|

| Name Lori Hansen | | Race |
|---|---|---|

| Quantity | Clotted | Unclotted | Lysed | Putrid | Notes |
|---|---|---|---|---|---|
| Red Top DSP | | | | | |
| Purple Top | | | | | |
| Other —FP | | | | | |

| Antiserum | Results | Repeat | Cells | Results | Repeat | Proteins | Results | Run # |
|---|---|---|---|---|---|---|---|---|
| A | | | A1 | | | ESD | | |
| A1 | | | A2 | | | PGM | | |
| A,B | | | B | | | GLO | | |
| B | | | O | | | EAP | | |
| H | | | Auto | | | ADA | | |
| | | | Group | Phenotype | | AK | | |
| Le^a | | | ABO | | | Hp | | |
| Le^b | | | Lewis | | | Gc | | |
| | | | | | | Tf | | |
| **Stain Check** | | | | | | Hb | | |
| A | B | H | OA | OB | 1/2A | Results | CAll | |
| | | | | | | | PEP A | |

**Lattes**

| A1 | A2 | B | 0 | Results | | |
|---|---|---|---|---|---|---|
| | | | | | | |

| Date Typed 3-17-98 |
|---|
| Analyst ДSP |

Ex 26A1 = portion of SC
TOT FS Zeeb on 5·11·98

**Remarks:** pp ffa, heat sld in plastic + stored in UN2 as Ex. 26A

**Repackaging:** sld empty env. w/ blue et

Date: 3-17-98

Analyst: ДSP

IL 493-0347

ISP 6-223 (5/92)

**ILLINOIS STATE POLICE**
Division of Forensic Services and Identification
Bureau of Forensic Sciences

FF

**Laboratory Worksheet**

Date Examined: _3-17-98_                    Case No.: _S98- 1498_

Exhibit/Item: # 27, 28 +29 +30 (RT)

Source/Date Received: e vault / 3-12-98

Description of Package: all are white env. (from kit) sld w/ yel et. date, + subject + dept P #s

Description of Markings as Received: anim

Laboratory Marks: CIDI / see below

Laboratory Examination:

Fingernail Scrapings
#27  CIDI on 2env w/ larger env. labeled as right + left
Observed some black debris + nothing of bio value.

#28 · Lori Hansen's Head hair samples
env. contained a folded piece of paper
CIDI on paper
Appears to be cut hair, did not count

#29 env. opened then sld w/ blue et. - NAC
said to contain swab from Hansen's hands - RBS

#30   env. said to contain std swab for #29 - NAC

Conclusions:

Repackaging: _sld all enis. w/ blue et_    Date: _3-17-98_    Analyst: _____ 00499

IL 493-0430                                                                ISP 6-76 (11/90)

# ILLINOIS STATE POLICE
## Division of Forensic Services and Identification
## Bureau of Forensic Sciences

**Laboratory Worksheet**

AT

Date Examined: 3-17-98

Case No.: S98-1498

Exhibit/Item: #31 / glass w/RBS

Source/Date Received: e.vault / 3-12-98

Description of Package: BPB sld w/ red et. d+L

Description of Markings as Received: (amm)

Laboratory Marks: CID1 / on back unstained side †

Laboratory Examination:

~1"L x ¾"W piece of glass w/ RBS, it was in a folded piece of yel note book pape

one side is ~90% covered w/RBS

+ the other side only has a little drop + some on edges.

The whole RBS is Q1 I did not label

KM

| | |
|---|---|
| 2 1 | 3+ |
| 1 1 | — |
| 'DS | (4+) |
| JE6 | (—) |

Traced - NTS



RBS - all Q1

ppffa w/ 1 swab, sld in coin env. w/ blue et + labeled as Ex31A. + stored in UG 1.
S

Conclusions:

Ex31A. TOT FS Zeeb on 5-11-98

Repackaging: sld w/ blue et    Date: 3-17-98    Analyst: 0500

IL 493-0430    ISP 6-76 (11/90)

A: Anti serum x-Human ws. x-PRO.    Analyst: DJP

Other: xhuma ws    Case #: S98-1498

Manuf. & Lot #: ICN  83978    Date: 3-17-98

B: Known Antigen: human blood

C: Samples:

Plate #: __# 31__

| #1 Control | #2 Control | #3 S98-1498 | #4 S98-1498 | #5 | #6 |
|---|---|---|---|---|---|
| POS | Neg | # 31 Q₁ | # 31 U₁ | | |
| | | | | | |
| POS | Neg | Pos | Neg | | |
| Id | — | Id | — | | |

Plate #: _____

| #1 | #2 | #3 | #4 | #5 | #6 |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Plate #: _____

| #1 | #2 | #3 | #4 | #5 | #6 |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

C000501

# ILLINOIS STATE POLICE
## Division of Forensic Services and Identification
## Bureau of Forensic Sciences
### Laboratory Worksheet

RT

Date Examined: 3-18-98                                    Case No.: S98-1498

Exhibit/Item: 32/jeans

Source/Date Received: e.vault) 3-12-98

Description of Package: BPB sld w/ red et. d+i

Description of Markings as Received: (amm)

Laboratory Marks: C/∆// back near tag also evid tag

Laboratory Examination:

"Levi" blue jeans    Size 7 med

Very dirty w/ very crusty black stains & many RBS scattered throughout.
+ tar-like
              I did not test RBS per phone conv. w/ shepherd
                                                         3-18-98.

✓ed 5 pockets, button & zipper

Collected 4 tapings from
Outside w/ app. hairs, & fibers, &
misc. debris labeled as Ex. 32A
sld w/ blue et in coin env.

Conclusions:
#32A- mailed to SIFSC on 4-1-98

Repackaging: _sld w/ blue et_     Date: 3-18-98    Analyst: _____

IL 493-0430                                              ISP 6-76 (11/90)

C000502

15

# ILLINOIS STATE POLICE
## Division of Forensic Services and Identification
## Bureau of Forensic Sciences

**Laboratory Worksheet**

Date Examined: _3-18-98_

Case No.: _S98-1498_

Exhibit/Item: #33/jacket

Source/Date Received: e. vault /3-12-98

Description of Package: BPB s/d w/red et. d+i

Description of Markings as Received: (amm)

Laboratory Marks: CISI / near tag back collar & et. tag.

*Collected 3 tapings w/app hairs, fibers, & misc. debris & labeled as Ex 33A & std in coin env. w/ blue et.*

Laboratory Examination:

Large grey outside & red quilted inside jacket, orange tag on back collar.

2 front pockets & zipper ✓ed

Dirty, black stains & crusty tar-like stains

Some 1/8" diam holes observed

one

Conclusions:

33A mailed to SIFSC on 4-1-98

Repackaging: _s/d w/ blue et_          Date: _3-18-98_     Analyst: _WP_

CP00503

IL 403-0430                                                          ISP 6-76 (11/90)

**ILLINOIS STATE POLICE**
Division of Forensic Services and Identification
Bureau of Forensic Sciences

**Laboratory Worksheet**

RT

Date Examined: ___3-18-98___

Case No.: ___S98-1498___

Exhibit/Item: #34 / socks

Source/Date Received: e. vault / 3-12-98

Description of Package: BPB sld w/ red et, d+i

Description of Markings as Received: (amm)

Laboratory Marks: CIDI / on e. tag + bottom of both socks

Collected 2 tapings w/ app. hairs, fibers, + misc debris. sld w/ blue et in coin env. labeled as #34

Laboratory Examination:

A pair of cream colored ¾ high socks w/ a quilted or braided- like pattern on top portion. Evidence tag w/ a wire going through both socks

Very dirty, clumps of dirty + black debris on socks

Conclusions:

34A mailed to SIFSC on 4-1-98

Repackaging: _sld w/ blue et_    Date: _3-18-98_    Analyst: _____

C000504

ISP 6-76 (11/90)

**ILLINOIS STATE POLICE**
Division of Forensic Services and Identification
Bureau of Forensic Sciences

RT

**Laboratory Worksheet**

Date Examined: _3-18-98_

Case No.: _S98-1498_

Exhibit/Item: 35 / Panties

Source/Date Received: e.vault / 3-12-98

Description of Package: BPB sld w/ blue et, d+i

Description of Markings as Received: (amm)

Laboratory Marks: CIDI / inside side panel near tag + evid. tag

Laboratory Examination:

"Jockey" panties, White, Size 6
In good condition w/ some dirt & yel. stains

Collected 1 taping w/app. hairs
fibers, +misc. debris + sld w/ blue et
in coin env. labeled as #35A.

Conclusions:

35A- mailed to SIFSC on 4-1-98

Repackaging: _sld w/ blue et_     Date: _3-18-98_     Analyst: _____

C000585

ISP 6-76 (11/90)

# ILLINOIS STATE POLICE
## Division of Forensic Services and Identification
## Bureau of Forensic Sciences

**Laboratory Worksheet**

RT

Date Examined: _3-18-98_

Case No.: _S98-1498_

Exhibit/Item: _#36 /shirt_

Source/Date Received: _e.vault / 3-12-98_

2-inside
2-outside

Collected 4 tapings w/
app. hairs, fibers, + misc. debris
labeled as #36A s/d w/ blue
et in coin env.

Description of Package: _BPB s/d w/ red et. d + i'_

Description of Markings as Received: _(anm)_

Laboratory Marks: _C/b/ / inside near tag. & evi'd. tag_

Laboratory Examination:

"Sostanza"  Loden green  shirt, small ribbed    Size Large

Has black/grey fuzz or nubbies

In good condition

Conclusions:

36A- mailed to SIFSC on 4-1-98

Repackaging: _s/d w/ blue et_     Date: _3-18-98_     Analyst: _KU_

CC0050b

IL 493-0430

ISP 6-76 (11/90)

19

# ILLINOIS STATE POLICE
## Division of Forensic Services and Identification
## Bureau of Forensic Sciences
### Laboratory Worksheet

RT

Date Examined: _3-18-98_          Case No.: _S98- 1498_

Exhibit/Item:

Source/Date Received:

Description of Package:

Description of Markings as Received:

Laboratory Marks:

Laboratory Examination:

Said to contain the following ex.

\# 38 - Taping of driver's seat - NAC

\# 41 - 2 d. colored hairs to DSP from int. of driver door below handle - NAC

\# 47 - black shoe string - NAC

Conclusions:

\# 38 + 41 mailed to SIFSCON 4-1-98

Repackaging: _all in orig. no seals broken_   Date: _3-18-98_   Analyst: _RKT_

C000507

2C

IL 493-0430                                                                 ISP 6-76 (11/90)

FR ·

# ILLINOIS STATE POLICE
### Division of Forensic Services and Identification
### Bureau of Forensic Sciences

## WHOLE BLOOD GROUPING RESULTS

| Whole Blood No. 4147 | Item No. 44 & 45 (RT) | Case No. S98-1498 |
|---|---|---|

| Packaging | |
|---|---|
| BPB sld w/ red et + date, containing 2 purple top tubes w/ a clear bio. hazard bag. | |

| Living | Deceased | Unknown |
|---|---|---|

| Name Dedric Moore | | Race |
|---|---|---|

| Quantity | Clotted | Unclotted | Lysed | Putrid | Notes |
|---|---|---|---|---|---|
| Red Top | | | | | |
| 2 Purple Top | | ~3mls each | | | |
| Other | | | | | |

| Antiserum | Results | Repeat | Cells | Results | Repeat | Proteins | Results | Run # |
|---|---|---|---|---|---|---|---|---|
| A | | | A1 | | | ESD | | |
| A1 | | | A2 | | | PGM | | |
| A,B | | | B | | | GLO | | |
| B | | | O | | | EAP | | |
| H | | | Auto | | | ADA | | |
| | | | Group | | Phenotype | AK | | |
| Le^a | | | ABO | | | Hp | | |
| Le^b | | | Lewis | | | Gc | | |
| | | | | | | Tf | | |
| | | | | | | Hb | | |

| Stain Check | | | | | | |
|---|---|---|---|---|---|---|
| A | B | H | OA | OB | 1/2A | Results |
| | | | | | | |
| | | | | | | CAII |
| | | | | | | PEP A |

| Lattes | | | | | |
|---|---|---|---|---|---|
| A1 | A2 | B | 0 | Results | |
| | | | | | |

| Date Typed 3-12-98 |
|---|
| Analyst DSP |

Ex. 45 = head hair
stds > 50. sld back
in orig env w/ blue et
on 3-13-98
- mailed to SIFSC or 4-1-9

## Remarks:
used (1) EDTA tube to prepare sc
ppffa, heat sld. sc in plastic & stored in LN2 as Ex. 44A

## Repackaging:
sld back in orig pkging w/ blue et

Ex. 44A1 = portion of stain card TOT to
FS Zeeb on 5-11-
DSP

## Date:
3-12-98

## Analyst: DSP

IL 493-0347

ISP 6/223 (5/92)

C 0 0 0 5 0 8

# ILLINOIS STATE POLICE
## Division of Forensic Services and Identification
### Bureau of Forensic Sciences

**Laboratory Worksheet**

Date Examined: _3-26-98_                                    Case No.: _S98-1498_

Exhibit/Item: #50  1 head hair std

Source/Date Received: Roberta Johnson  13-25-98

Description of Package:  Brown env std w/ red et, date +in.

Description of Markings as Received:

Laboratory Marks: Initials on outside

Laboratory Examination:

Contained >50 head hairs, placed in a fold piece of white paper
+ put back into orig. pkg.

Conclusions:

mailed to SIFSC ffa on

Repackaging: _std w/ blue et_ _____ Date: _3-26-98_ Analyst: _____  0000509



**E-FILED**
Friday, 04 May, 2007 05:36:28 PM
Clerk, U.S. District Court, ILCD

# ILLINOIS STATE POLICE
## Division of Forensic Services and Identification
## Bureau of Forensic Sciences

### Laboratory Worksheet

RT

Date Examined: _3-13-98_    Case No.: _S98-1498_

Exhibit/Item: 45 / hair std.

Source/Date Received: e. vault 11-12-98

Description of Package: small coin env. sld w/redet. date +in.

Description of Markings as Received: (Amm)

Laboratory Marks: Date + initialing on the ASP the coin env. only

Laboratory Examination:

appears to have > 50 hairs, small + curled ASP
+ curly early ASP

placed hairs in white packet

Conclusions:

Repackaging: _sld w/blue et_    Date: _3-13-98_    Analyst: _____

C008310



IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT **FILED**
CHAMPAIGN COUNTY, ILLINOIS
SIXTH JUDICIAL CIRCUIT

THE PEOPLE OF THE STATE OF ILLINOIS,  )
                                      )                        **MAR 0 1 1999**
      Plaintiff,                )
                                        )
v.                                  )        98 CF 1558
                                        )
DEDRIC T. MOORE,             )
                                        )
      Defendant.              )

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## DISCOVERY

NOW COMES the defendant Dedric T. Moore by his attorney Diana Lenik, and for his answer to the state's Discovery states as follows:

    1.      Witnesses

          a)     any and all witnesses tendered by the State in its discovery or contained in the attached reports;

          b)     Officer C. W. Shipley, Champaign Police Department, 82 East University Avenue, Champaign, Illinois;

          c)     Angelique Decker, address unknown, Champaign, Illinois;

          d)     Vivian C. Chelette, c/o 202 West Green Street, Urbana, Illinois.

    2.      Defenses

          a)     mistaken identity

          b)     no criminal act

          c)     no criminal intent

    3.     Defendant has no books, papers, photographs, documents, or other objects in his possession or control which he intends to use at trial or hearing in this cause.

Dedric T. Moore,
Defendant,

By: *Diana Lenik*
Diana Lenik
His Attorney

Diana Lenik
Attorney at Law
202 West Green Street
Urbana, IL 61801
217/337-561

### PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

answer to the State's Motion for Discovery was hand-delivered to Heidi Ladd,

Champaign County Assistant State's Attorney, 101 East Main Street, Urbana, IL 61801

on this ____1st____ day of March, 1999.

*Vivian C. Chelette*

C000512

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | |
| Plaintiff, ) | |
| -vs- ) | NO: 98-CF-1558 |
| ) | MAR 0 1 1999 |
| DEDRIC T. MOORE, ) | |
| Defendant. ) | |

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## AFFIDAVIT OF MAILING

Julie Ogle, being first duly sworn on her oath, deposes and states that she did, at the request of

Heidi Ladd, on the ____ day of March, 1999, deposit a true and accurate copy of the attached

Supplemental Discovery and reports in the above-entitled cause in the U.S. Mail at the Post Office in

Urbana, Illinois, in an envelope with sufficient postage attached to carry the same to its destination to the

following named person at the address below:


Diana Lenik, Attorney at Law, 202 W. Green Street, Urbana, IL


Subscribed and Sworn to Before Me
this ____ day of March, 1999

_____
NOTARY PUBLIC


OFFICIAL SEAL
CHRYSTAL C. STEVENS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/5/02

C000513

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**

SIXTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | MAR 0 1 1999 |
| -vs- | ) No: 98-CF-1558 | |
| | ) | |
| DEDRIC T. MOORE, | ) | *Linda S. Frede* |
| Defendant. | ) | CLERK OF THE CIRCUIT COURT CHAMPAIGN COUNTY, ILLINOIS |

## SUPPLEMENTAL DISCOVERY

Now come the People of the State of Illinois by JOHN C. PILAND, State's Attorney of and for the

County of Champaign, State of Illinois, and in answer to defendant's motion for discovery respectfully

provide the following additional information:

1.  People tender an evidence sheet documenting what has previously been tendered in

discovery, and bank reports of the First Midwest Bank, pertaining to subpoena duces tecum, and to

reports previously tendered in discovery.

Respectfully submitted,

JOHN C. PILAND
State's Attorney for Champaign County

By: _____
Heidi Ladd
Lead Prosecutor

C000514

**CHAMPAIGN FIRE DEPARTMENT**
**FIRE INVESTIGATION**

## CHAIN OF EVIDENCE FORM

| CASE NO. 98-708 | INVESTIGATOR Lt. Eddie Bain | DATE 02 26 98 | TIME |
|---|---|---|---|

LOCATION WHERE PROPERTY WAS OBTAINED
512 A South New St. Champaign, Il.

PURPOSE FOR WHICH PROPERTY WAS OBTAINED
Conduct Fire Origin & Cause Investigation

PROPERTY OWNER

☐ UNKNOWN

PRESENT PROPERTY OWNER
Occupant - Lori Hansen

| PROPERTY NUMBER | QUANTITY | DESCRIPTION OF PROPERTY (INCLUDE MAKE, MODEL, SERIAL NUMBER, CONDITION, HOW SECURED, ETC.) |
|---|---|---|
| Item 1 | 1 quart can | Living Room Rug Sample |
| Item 2 | 1 quart can | Living Room Rug Sample |
| Item 3 | 1 quart can | Victim Clothing - Bra |
| | | |
| | | |
| | | |
| | | |

| PROPERTY NUMBER | DATE | TIME | RELINQUISHED BY NAME & AGENCY | RECEIVED BY NAME & AGENCY | PURPOSE FOR CHANGE OF CUSTODY |
|---|---|---|---|---|---|
| | 1998 | | C.F.D. | C.P.D. | |
| 1 | 2/26 | | Eddie Bain | D8 797 | Transport to State Crime Lab. |
| 2 | 2/26 | | Eddie Bain | D8 797 | " " |
| 3 | 2/26 | | Eddie Bain | D8 797 | " " |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

© Copyright 1994

C0005  53919 950620

## Left Panel

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 5613200000249416 0540020689 | SSS | TRD TO SAV 0000000000000000 | S | 000 | 6067 | 02/24 16:15 +0000 PROI | | 50 00 |
| 4470061738116991 0130034447 | SSS | W/D FROM SAV 0000000000000000 | S | 000 | 6068 | 02/24 16:30 +0000 PROI | 50 00 |
| 5611930045910 0011301810 | DDD | W/D FROM SAV 0000000000000000 | S | 000 | 6069 | 02/24 17:15 +0500 PROI | 100 00 |
| 5613200000415551 0710020303 | DDD | W/D FROM CHK 0000000000000000 | 7 | 000 | 6070 | 02/24 17:31 +0000 PROI | 40 00 |
| 5613200000415551 0710020303 | DDD | TRD TO CHK 0000000000000000 | 7 | 001 | 6071 | 02/24 17:31 +0000 PROI | 0 00 |
| 5613200000115 0000065413 | DDD | W/D FROM CHK 0000000000000000 | 7 | 072 | 6072 | 02/24 18:39 +0000 ECSS | SURCHARGE 1 50 |
| 5613200000434024 0710020343 | DDD | W/D FROM CHK 0000000000000000 | S | 000 | 6073 | 02/24 18:42 +0000 PROI | 10 00 |
| 4421121030102889 000000000000 | DDD | W/D FROM CC 0000000000000000 | 7 | 001 | 6074 | 02/24 19:44 +0000 CASH | 500 00 |
| 5613200000079016 0710004447 | DDD | W/D FROM CHK 0000000000000000 | 7 | 000 | 6075 | 02/24 23:44 +0000 PROI | 20 00 |
| 4470611900330113 00000000000000 | DDD | TRD TO CHK 0000000000000000 | S | 000 | 6076 | 02/25 02:31 +0000 ECSS | 0 00 |

\* INDICATES AMOUNT REVERSED
@ INDICATES AMOUNT OVERDISPENSED

M B

## Right Panel

TERMINAL ID NUMBER    S64256

| PAN FROM ACCT | ISTR ID | MBR TO ACCT | DESCRIP | RESP RC | SEQ | DATE | TIME | OFST | CARD LN | AMT |
|---|---|---|---|---|---|---|---|---|---|---|
| \* 4430117789038413 00000000000000000 | | DDD 0000000000000000 | W/D FROM CHK 0000000000000000 | 7 | 063 | 6077 | 02/25 | 02:32 | +0000 | ECSS | SURCHARGE 1 50 |
| \* 4430117730038413 00000000000000000 | | DDD 0000000000000000 | W/D FROM CHK 0000000000000000 | 7 | 063 | 6078 | 02/25 | 02:32 | +0000 | ECSS | SURCHARGE 1 50 |
| 5613080000041526 0710020507 | | DDD 0000000000000000 | W/D FROM CHK 0000000000000000 | S | 000 | 6079 | 02/25 | 08:47 | +0000 | PROI | 80 00 |
| 4470064100139847 00226744701 PROI 99990642110060015 | | DDD 02/25 13:17 | W/D FROM CHK 0000000000000000 | S | 000 | 6081 | 02/25 | 11:46 | +0000 | PROI | 20 00 |

| | | |
|---|---|---|
| BEGINNING CASH HOPPER # | 6010 00 | |
| CASH INCREASE HOPPER # | 00 | |
| CASH DECREASE HOPPER # | 00 | |
| CASH OUT HOPPER # | 40 00 | |
| ENDING CASH HOPPER # | 5970 00 | |
| CONTENTS HOPPER # | 00 | 2 |
| BEGINNING CASH HOPPER # | 6460 00 | 2 |
| CASH INCREASE HOPPER # | 00 | 2 |
| CASH DECREASE HOPPER # | 00 | 2 |
| CASH OUT HOPPER # | 1220 00 | 2 |
| ENDING CASH HOPPER # | 5240 00 | 2 |
| CONTENTS HOPPER # | 00 | 2 |

I hereby certify that this
is a true and exact
copy of the original.

*[signature]*

First Midwest Bank, N.A.

C 0 0 0 5 1 b



# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | |
| -vs- | ) | NO: 98-CF-1558    MAR 0 1 1999 |
| | ) | |
| DEDRIC T. MOORE, | ) | |
| Defendant. | ) | |

~~~~ S. ~~~~
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## AFFIDAVIT OF MAILING

Julie Ogle, being first duly sworn on her oath, deposes and states that she did, at the request of

Heidi Ladd, on the ___1st___ day of March, 1999, deposit a true and accurate copy of the attached

Supplemental Discovery and reports in the above-entitled cause in the U.S. Mail at the Post Office in

Urbana, Illinois, in an envelope with sufficient postage attached to carry the same to its destination to the

following named person at the address below:


Diana Lenik, Attorney at Law, 202 W. Green Street, Urbana, IL


_____


Subscribed and Sworn to Before Me
this _____ day of March, 1999

_____
NOTARY PUBLIC

**OFFICIAL SEAL**
**CHRYSTAL C. STEVENS**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/5/02

C000517

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**CHAMPAIGN COUNTY, ILLINOIS**

FILED
SIXTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | MAR 01 1999 |
| -vs- | ) | No: 98-CF-1558 |
| | ) | |
| DEDRIC T. MOORE, | ) | |
| Defendant. | ) | CLERK OF THE CIRCUIT COURT CHAMPAIGN COUNTY, ILLINOIS |

## SUPPLEMENTAL DISCOVERY

Now come the People of the State of Illinois by JOHN C. PILAND, State's Attorney of and for the County of Champaign, State of Illinois, and in answer to defendant's motion for discovery respectfully provide the following additional information:

1. Pursuant to Supreme Court Rule 412(a)(1) the People provide the following names and addresses of persons who the People intend to call as witnesses:

> Roger Horbs, RN, Carle Hospital, 611 W. Park, Urbana, IL
> Donna Curry, Illinois State Police Forensic Science Laboratory, 2040 Hill Meadows Drive, Springfield, IL
> Representative of Prairie Productions, 604 N. Country Fair Drive, Champaign, IL
> Sarah Tellefson, 5445 Smetana Drive, Apt. 2315, Minnetonka, MI

2. People tender the lab notes and bank records that are the basis of reports previously tendered in discovery.

3. The People have items of physical evidence which they may introduce at trial as set forth in the attached reports. These items may be inspected by defense counsel upon reasonable request to the Office of the State's Attorney.

Respectfully submitted,

JOHN C. PILAND
State's Attorney for Champaign County

By: _____
Heidi Ladd
Lead Prosecutor

Forensic Sciences Comm
**EVIDENCE RECEIPT**

Laboratory Case Number: **598-1498**
Page 1 of 3

TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE

**AGENCY DATA**

(1) Originating Agency Name: CHAMPAIGN City Police
(2) Agency Telephone: 1(217)351-4545
(3) NCIC Number: IL100100
(4) Agency Case Number: 798-002383

(5) Send report to: LT Nearing    Agency address: 82 E University Ave    City: Champaign    Zip Code: 61820

(6) Offense: AG Arson / Attempt murder    (7) County of Offense: CHAMPAIGN    (8) Date Offense Occurred: 02/25/98

(9) Victim(s) Name(s), Sex, Race, DOB: Lori K. Hansen, F/W, 04/12/69

(10) Suspect(s) Name(s), Sex, Race, DOB:

(11) Printed name of investigating officer if different than (5) above: Detective Dan Shepard

(12) Printed name of the officer and agency delivering evidence: K. Berta J. Wilson SA5

**EVIDENCE INVENTORY**

| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Agency Exhibit Number(s) | (17) Evidence description (see instructions) |
|---|---|---|---|
| 1 | | 1 | Cigarette Butt "Newport" |
| 2 | | 2 | Cords & Laces |
| 3 | | 4 | 12 oz. Miller High Life Beer can |
| 4 | | 7 | one pair of red shorts |
| 5 | | 8 | one peice of paper w/two four digit number |
| 6 | | 12 | Two personal checks #215 & 316 and Two cards |
| 7 | | 13 | One cordless telephone |
| 8 | | 14 | one 12 oz. Beer Bottle "Honey "Brown" |
| 9 | | 15 | one Black/Brown Coin purse |
| 10 | | 16 | One U of I Key chain Bi-fold |

(18) Lab use only

1A ... (All evidence sealed w/red evidence tape prior to receipt am
4B ...    ... 4A findings from 4.

**EVIDENCE CHAIN**

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Time | (23) Received From (Signature) | (24) Received By (Signature) |
|---|---|---|---|---|---|
| 1 → 10 | | 3-4-98 | 12:45 | K. Shih SA5 | ara Kidden |
| 1B,4P | | 3-12-98 | 3:00p | evidence vault | Dana S Pitchford |
| 3,5→10 | | 7-12-98 | | | John E. Carr |
| 2+4A | | 4/1/98 | 3:00p | Dana Pitchford to FSC via | Ronald # R731411169 |
| 1,2,4 | | 4/7/98 | 12:50p | Vault | Donna M. Curry |
| 1A +4B | | 5-11-98 | 1:30p | Dana S Pitchford | Kevin J Zeeb |

(25) AFIS   Yes ☐   No ☐   Comments
(26) Attach pertinent case information, the case summary and examination requests.
IMPORTANT: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV/LAV II, etc.)

Process for DNA: Agency Exhibits # 1, 4, 7 (urine or semen) 14, 31 & 48 + 50

Process for Hairs & fiber: Agency Exhibits # 2, 31, 40, 41, 42, 43, 44, 45, 46. Compare findings 2 to 50 for origin

Process for latent prints: Agency Exhibits # 4, 8, 12, 13, 14, 15, 16, 17, 20, 22, 41, 44, 45, 46

Suspect urinated on Exhibits # 2, 7, 43, 48 + 50, 52, 53, 54, 55 + 56

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By (DFS Employee Signature) | (31) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| 1,2,4 | | 4/7/98 | Donna M. Curry | SA5 |
| 3,5,6,10 | | 7-8-98 | John E. Carr | SA5 |

C000519

---

Division of Forensic Services and Identific[ation]
Bureau of Forensic Sciences
Bureau of Crime Scene Services
EVIDENCE RECEIPT, Cont'd.

Laboratory Case Number: 598-1498

Page 2 of 3

TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE

(1) Originating Agency Name: CHAMPAIGN City Police
(2) Victim's Name(s): Lori K. Hansen
(3) Agency Case Number: 798-002383
(4) Printed Name of investigating case officer: Detective Don Shepard
(5) Printed name of the officer and agency delivering evidence: Joseph Hansen 845

| (6) Lab Exhibit Number(s) | (7) BCSS Exhibit Number(s) | (8) Agency Exhibit Number(s) | (10) Evidence description (see instructions) |
|---|---|---|---|
| 11 | | 17 | one Black Bi-fold wallet |
| 12 | | 29 | one Black Nylon Garment |
| 13 | | 30 | one "Bic" Cigarette Lighter (Blk/white) |
| 14 | | 31 | one Sealed bag containing one pair of Black Nylon Hose |
| 15 | | 32 | One Cash Station receipt for Transaction at machine #564256 |
| 16 | | 37 | One metal can containing Victim's Bra |
| 17 | | 38 | One metal can containing Rug Sample #2 |
| 18 | | 39 | one metal can containing Rug Sample #1 |
| 19 | | 40 | one pair of Black tennis Shoes "VANS" |
| 20 | | 41 | one Black/yellow Utility Knife & ziplock bag |
| 21 | | 42 | one bundle of Cord |
| 22 | | 43 | one Extension Cord |
| 23 | | 44 | one Roll/piece of Clear Tape |
| 24 | | 45 | one Roll of Clear Tape |
| 25 | | 46 | one Knife w/simulated wood handle |

(11) Lab use only: * All evidence sealed w/red evidence tape before receipt amm
12A: taping from 12, WA: tapings from 14, 19A: taping from 46
12B: portion of 12

| (12) Lab Exhibit Number(s) | (13) BCSS Exhibit Number(s) | (14) Date | (15) Time | (16) Received From (signature) | (17) Received By (signature) |
|---|---|---|---|---|---|
| 11>25 | | 3-4-98 | 3:4?p | 845 | Ann Midden |
| 16,17,18,24 20,23,25 | | 3-4-98 | 4:30p | Ann Midden | Paula J. Cardon |
| 12,14,19 | | 3-12-98 | 3:00p | evidence vault | John E. Carus |
| 11,13,15 | | 2-12-98 | | Vault | |
| GA, WA, 19A,22,24 | | 4-1-98 | 3:00p | Daniel Pritchard #55 | Reg mail # R731414169 |
| 19,21 | | 4/7/98 | 1:00p | Vault | Donna M Currie |
| 22 | | 4/7/98 | 1:00p | Vault | Donna M Currie |
| 12B | | 5-11-98 | 1:30p | Danni S Pritchard | Deery & Zell |
| 20,21,24,25 | | 6-23-98 | 2:15 | Paula Cardon | John E. Carus |

(18) Attach pertinent case information, the case summary, and examination requests. Important: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTV, VI, LA VIII, etc.)
Compare to match (items) Exhibits # 29 to 31 & # 44 to 45 & to
See if #46 or 41 was used to cut #44/45 or #43 & #2 or #42.
Also compare to see if any shoestring came from #40 or #42

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Received By (DFS & I Employee Signature) | (23) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| 19,21 | | 4/7/98 | Donna M Currie | 845 |
| 22 | | 4/98 | Donna M Currie | 845 |
| 11,11A,20,23,24,25 | | 2-8-98 | John Carus | 845 |
| #14 & ID #15 | | 7-15-98 | Paula Cardon | 845 |

C000520

Bureau of Forensic Science
Bureau of Crime Scene Servi___
EVIDENCE RECEIPT, Cont'd.

Laboratory Case Number
S98-1498

Page __3__ of __3__

| (1) Originating Agency Name | (2) Victim's Name(s) | (3) Agency Case Number |
|---|---|---|
| CHAMPAIGN City Police | Lori K. Hansen | 798-002383 |

(4) Printed Name of investigating case officer: Detective Don Shepard

(5) Printed name of the officer and agency delivering evidence: T. BETTA S-1-98W

| (6) Lab Exhibit Number(s) | (7) BCSS Exhibit Number(s) | (8) Agency Exhibit Number(s) | (10) Evidence description (see instructions) |
|---|---|---|---|
| 26 | | 47 | Sample of Victim's Blood |
| 27 | | 48 | finger nail specimen |
| 28 | | 50 | Sample of Victim's hair |
| 29 | | 49 | Sample of Blood from Victim's hands |
| 30 | | 51 | Standard Cotton Swab |
| 31 | | 11 | Glass w/suspect blood |
| 32 | | 52 | one pair of "LEVI" Jeans |
| 33 | | 53 | one large gray Jacket |
| 34 | | 54 | one pair of white socks |
| 35 | | 55 | one pair of Jockey under wear |
| 36 | | 56 | one Long sleeve green shirt |

(11) Lab use only

* all evidence sealed w/red evidence tape before receipt an

| | | | | |
|---|---|---|---|---|
| 3A Taping's item 31 | 31A Taping's item 31 | 32A Taping's item 32 | 33A Taping's item 33 | 35A Taping's item 35 |
| 36A Taping's item 36 | | | | |

| (12) Lab Exhibit Number(s) | (13) BCSS Exhibit Number(s) | (14) Date | (15) Time | (16) Received From (signature) | (17) Received By (signature) |
|---|---|---|---|---|---|
| 26→36 | | 3-4-98 | 12:45 | ~~signature~~ | Ann Riddell |
| 36→36 | | 3-12-98 | 3:00p | evidence vault | Dana L Pitchford |
| 33A-33A 34A-36A-44 | | 4-1-98 | 3:00p | Donal Ptg'd to SIFSC via Regmail #4731491169 | |
| 26→36 | | 4-7-98 | 1:00p | Vault | Donna M. Curry |

(18) Attach pertinent case information, the case summary, and examination requests.
IMPORTANT: List any communicable disease of risk to lab personnel (e.g. hepatitis, TB, HTLV/LAIII, etc.)

process Exhibits # 37, 38, & 39 for flamable or combustable agents.
Compore Exh 11 to Exhibit # 47 to # 11 & 49
Victim's inked Prints Are furth coming Duon inition. Thank you.

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Returned By (DFS & I Employee Signature) | (23) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| 26→36 | | 4/7/98 | Donna M. Curry | ~~signature~~  DFS |

G000521

IL 483-0231                    ISP6-49 (Rev. 7/89)

Forensic Sciences Comma...
**EVIDENCE RECEIPT**

5598-1498

Hi:58-1688-5-1

*TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE*

Page  1  of  1

**AGENCY DATA**

(1) Originating Agency Name: CHAMPAIGN POLICE DEPARTMENT
(2) Agency Telephone: (217) 351-4570
(3) NCIC Number: IL100100
(4) Agency Case Number: 798-2385

(5) Send report to: LT. Nearing
Agency address: Det DON SHEPARD  82 E. UNIVERSITY
City: CHAMPAIGN IL
Zip Code: 61820

(6) Offense: ATTEMPT MURDER
(7) County of Offense: CHAMPAIGN
(8) Date Offense Occurred: 08/25/88

(9) Victim(s) Name(s), Sex, Race, DOB: LORI C HANSON  F/W  DOB 04/12/69

(10) Suspect(s) Name(s), Sex, Race, DOB:

(11) Printed name of investigating officer if different than (5) above: Detective Don Shepard

(12) Printed name of the officer/and agency delivering evidence: K SEPTA  HWY SW  845

**EVIDENCE INVENTORY**

| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Agency Exhibit Number(s) | (16) / (17) Evidence description (see instructions) |
|---|---|---|---|
| 37 | 1 | 20 | SEALED ENVELOPE CONTAINING LATENT LIFT CARD FROM EXTERIOR OF DRIVER DOOR BROKEN MIRROR & HANDLE |
| 38 | 2 | 21 | SEALED ENVELOPE CONTAINING TAPING OF DRIVER'S SEAT. |
| 39 | 3 | 22 | SEALED PAPER BAG CONTAINING "MAXELL" CASSETTE TAPE FROM DRIVER FLOOR |
| 40 | 4 | 23 | SEALED PAPER BAG CONTAINING CANDLE LIGHT BOX FROM DRIVER FLOOR. |
| 41 | 5 | 24 | SEALED PAPER BAG CONTAINING SEALED PAPER FOLD WITH 2 DARK COLORED HAIRS FROM INT. OF DRIVER DOOR BELOW HANDLE. |
| 42 | 6 | 25 | SEALED ENVELOPE CONTAINING LATENT LIFT CARD FROM TURN SIGNAL LEVER |
| 43 | 7 | 26 | SEALED PAPER BAG CONTAINING 2 EMPTY "CANDLE LIGHT" PACKAGES FROM COMPARTMENT IN CENTER CONSOLE. |

(18) Lab use only

* All evidence sealed w/red evidence tape before receiving  am

**EVIDENCE CHAIN**

| (19) Lab Exhibit(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Time | (23) Received From (Signature) | (24) Received By (Signature) |
|---|---|---|---|---|---|
| 37→43 | | 3-4-98 | 12:45 | 845 | Ann Ridden |
| 39, 40, 43 | | 3-12-98 | | Vault | John E. Gomes |
| 38+41 | | 3-12-98 | 3:00P | | Don Shepard |
| 38-41 | | 4-1-98 | 3:00P | On Shepard to SIFSC  am | Reqmt # R73141469 |
| 37, 42 | | 8-6-98 | 9:56 | | John Gomes |
| 37, 42 | | 9-10-98 | 11:40 | 845 | John G. Gomes |

(25) AFIS  Yes ☒  No ☐   Comments
(26) Attach pertinent case information, the case summary, and examination requests.
IMPORTANT: List any communicable diseases of risk to lab personnel (i.e. hepatitis, TB, HTLV/LAV & etc.)

SEE ATTACHED 3 PAGES

Process AGENCY EXHIBITS # 20, 25 for identification. Process Agency EXHIBITS # 22, 23 & 26 for latent prints. Process Agency Exhibits # 21 for hair. Determine if Agency EXHIBIT # 24 is human and compare any found in Exhibit # 21 & # 24 to Agency Exhibit # 50. Also preserve all items & process Exhibit # 50 for urine for DNA of suspect if one is identified.

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned by (DFS Employee Signature) | (31) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| R→7 | | 2/5/98 | CSI  354 | Don Shepard  845 |
| 39, 40, 43 | | 7-8-98 | | 845 |
| 37, 42 | | 8-11-98 | | 845 C000522 |
| 37, 42 | | 11-12-98 | | 845 |

Forensic Sciences Command
**EVIDENCE RECEIPT**

BCSS Number:

Laboratory Case Number: 98SF1498

TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE

## AGENCY DATA

(1) Originating Agency Name: CHAMPAIGN City Police
(2) Agency Telephone: (217)351-4545
(3) NCIC Number: IL100100
(4) Agency Case Number: 798-2383

Send report to: LT. Nearing

Agency address: 82 E. University Ave. CHAMPAIGN
Zip Code: 61820

(6) Offense: AG ARSON / ATT. MURDER
(7) County of Offense: CHAMPAIGN
(8) Date Offense Occurred: 02/25/98

(9) Victim(s) Name(s), Sex, Race, DOB: Lori K. Henson, F/W 04/12/69

(10) Suspect(s) Name(s), Sex, Race, DOB: Dedric T. Moore, M/B 08/13/78

(11) Printed name of investigating officer (if different than (5) above): Detective Don Shepard

## EVIDENCE INVENTORY

| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Agency Exhibit Number(s) | (16) Item Description (see instructions) |
|---|---|---|---|
| 44 | | 57 | (1) bag of 2 vials of Blood (suspect's) |
| 45 | | 58 | (1) envelope containing hairs (suspect's) |
| 46 | | 59 | (1) envelope containing (3) sheets of inked prints (suspect's) |
| 47 | | 61 | (1) black shoes |

Items submitted as evidence could be damaged during examination

(18) Lab use only: + all undone adhesive inaividance unused evidence ...
44A - blood std's ... 44A1 - portion of s...

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Time | (23) Received From (Signature) | (24) Received By (Signature) |
|---|---|---|---|---|---|
| 44→47 | | 3-5-98 | 12:00 | | |
| 46 | | 3-9-98 | 11:00 | | |
| 44,45,47 | | 3-12-98 | 3:00p | | |
| 45 | | 4-1-98 | 3:00p | | Norma M. Curry |
| 44,47 | | 4-7-98 | 1:00p | | Norma M. Curry |
| 44A1 | | 5-11-98 | 1:30p | | ... To Matan |
| 44A1 | | 1-10-98 | | | R/O Evidence Vault to Springfield |
| 46 | | 9-10-98 | 11:41 | | Johnie Carres |

## EVIDENCE CHAIN

(25) AFIS Yes ☐ No ☐  Comments

Use EXHIBITS #57, 58 & 59 for comparison to other EXHIBITS Already Submitted.

Use EXHIBIT #61 to compare to ITEMS in EXHIBIT #2 for similarities.
Thank you

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By (DFS Employee Signature) | (31) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| 44,47 | | 4/7/98 | Norma M. Curry | BAS |
| 46 | | 7-8-98 | John Carres | DFS |
| 46 | | 11-12-98 | | BAS |

C000523

BCSS Number

Forensic Sciences, Comm 
**EVIDENCE RECEIPT**

Laboratory Case Number
598-1498

Page 1 of

**TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE**

| | | |
|---|---|---|
| **A G E N C Y** **D A T A** | (1) Originating Agency Name CHAMPAIGN City Police | (2) Agency Telephone (217) 351-4545 | (3) NCIC Number IL 100100 | (4) Agency Case Number 798-2333 |

(5) Send report to: LT. Neering 82 E. University Ave Champaign 61820   Agency address:   City:   Zip Code:

(6) Offense F/C ARSON   (7) County of Offense CHAMPAIGN   (8) Date Offense Occurred 02/25/98

(9) Victim(s) Name(s), Sex, Race, DOB LORI K. Hansen, F/W, 04/12/69

(10) Suspect(s) Name(s), Sex, Race, DOB Dedric T. Moore M/B, 08/13/78

(11) Printed name of investigating officer if different than (5) above. Detective Don Shepard   (12) Signature of the officer and agency delivering evidence.

---

**E V I D E N C E   I N V E N T O R Y**

| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Agency Exhibit Number(s) | (17) Evidence description (see instructions) |
|---|---|---|---|
| 48 | | bb | (1) Card of victim's inked finger prints |
| 49 | | b7 | (1) Card of victim's Dad's inked finger prints (Larry Hansen) |

(18) Lab use only

---

**E V I D E N C E   C H A I N**

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Time | (23) Received From (Signature) | (24) Received By (Signature) |
|---|---|---|---|---|---|
| 48, 49 | | 3-12-98 | 11.40 | *[signature]* | John E Carr |

(25) AFIS   Yes ☐   No ☐   Comments

(26) Attach pertinent case information the case summary and examination requests.
IMPORTANT: List any communicable diseases of risk to lab personnel (e.g. hepatitis, TB, HTLV/LAV II, etc.)

Use Agency Exhibit #bb OS Illimination prints for Other Exhibits submitted   598 1498

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By /DFS Employee Signature) | (31) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| 48,49 | | 7-8-98 | John E Carr | *[signature]* |

C000524

Forensic Sciences Comm

**EVIDENCE RECEIPT**

Laboratory Case Number
493-1998

Page ___ of ___

TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE

**A
G
E
N
C
Y

D
A
T
A**

| (1) Originating Agency Name | (2) Agency Telephone | (3) NCIC Number | (4) Agency Case Number |
|---|---|---|---|
| Champaign Police Dept | (217) 351-4545 | 1010100100 | 93-2333 |

(5) Send report to: Lt Harry Wendt    Agency address: 82 E University    City: Champaign    Zip Code: IL 61820

| (6) Offense | (7) County of Offense | (8) Date Offense Occurred |
|---|---|---|
| Arson Att Murder | Champaign | 2/25/98 |

(9) Victim(s) Name(s), Sex, Race, DOB
Hanson Lori K   F/W   4/17/05

(10) Suspect(s) Name(s), Sex, Race, DOB
Moore Deoric T   M/B   9/13/78

(11) Printed name of investigating officer if different than (5) above.
Det Charles Sisamo

(12) Printed name of the officer and agency delivering evidence.

---

**E
V
I
D
E
N
C
E

I
N
V
E
N
T
O
R
Y**

| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Agency Exhibit Number(s) | (16) | (17) Evidence description (see instructions) |
|---|---|---|---|---|
| 48, 49 | | 66 67 | | Inkso Fingerprints of victim & victim's DAO |
| 46 | | 56 | | (2) sheets of palm prints, (1) card inkso fingerprints |
| | | | | from suspect |

(18) Lab use only
46, 48, 49 are resubmissions

---

**E
V
I
D
E
N
C
E

C
H
A
I
N**

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Time | (23) Received From (Signature) | (24) Received By (Signature) |
|---|---|---|---|---|---|
| 46, 48, 49 | | 8-17-98 | 11:55 | | John E. Gass |

(25) AFIS   Yes ☐   No ☐   Comments
(26) Attach pertinent case information the case summary and examination requests.
IMPORTANT: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV/LAV II, etc.)

Returned for further
comparison.

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By (DFS Employee Signature) | (31) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| 46, 48, 49 | | 8-19-98 | John E. Gass | |

C000525

EVIDENCE RECEIPT

Page ___ of ___

TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE

| | | |
|---|---|---|
| **A G E N C Y D A T A** | (1) Originating Agency Name _City of Champaign_ | (2) Agency Telephone _217 351-4545_ | (3) NCIC Number _IL 100100_ | (4) Agency Case Number _98-2383_ |

(5) Send report to: _LT. Nearing_  Agency Address: _82 E. University Ave_  City: _Champaign_  Zip Code: ___

(6) Offense _AG ARSON / ATTEMPT MURDER_  (7) County of Offense _Champaign_  (8) Date Offense Occurred _02/25/98_

(9) Victim(s) Name(s), Sex, Race, DOB _Lori Hansen, F/W, 04/12/69_

(10) Suspect(s) Name(s), Sex, Race, DOB _Dedric T. Moore, M/B, 08/13/78_

(11) Printed name of investigating officer if different than (5) above. ___  (12) Printed name of the officer and agency delivering evidence. _T. Benson Sunson 845_

**EVIDENCE INVENTORY**

| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Agency Exhibit Number(s) | (16) (17) Evidence description (see instructions) |
|---|---|---|---|
| (50) | 68 | | One (1) envelope containing hair standards from victim |
| | | | |
| | | | Items submitted as evidence could be damaged during examination |

(18) Lab use only

**EVIDENCE CHAIN**

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Time | (23) Received From (Signature) | (24) Received By (Signature) |
|---|---|---|---|---|---|
| 50 | | 3-25-98 | 11:30 A | Evidence control 845 | Dana L. Pickford |
| 50 ✓ | | 4-1-98 | 3:000 | Dana Pickford to CFS via Regmail # R731 414 K69 |  |
| 50 | | 4/3/98 | 300 | Pickford Lab via Reg Mail # R 731 414 1/69 | Sam Kd |

(25) AFIS    Yes ☐    No ☐    Comments:

(26) Attach pertinent case information the case summary and examination requests
IMPORTANT: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV/LAV III, etc.)

ATT: DANA

Please use these for comparison of other Exhibits already submitted.

S98-1498

Thank you!

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By (DFB Employee Signature) | (31) Released to (law enforcement representatives signature and agency name) |
|---|---|---|---|---|
| 50 | | 4/1/98 | Sam Kd | Champaign C.H Police via UPS + G.M.H.B #12 R12 ZE4 03 1000 629 6 |

C000526

BCFS Number

Forensic Sciences Comma[...]
EVIDENCE RECEIPT

Laboratory Case Number
S98·498

Page 1 of 1

TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE

**AGENCY DATA**

(1) Originating Agency Name: Champaign City
(2) Agency Telephone: (217) 351-4545
(3) NCIC Number: IL100100
(4) Agency Case Number: 798-2283

Send report to: LT. Nealing    Agency address: 82 E. University Ave    City: Champaign    Zip Code: 61820

(6) Offense: ATTEMPT MURDER / ARSON
(7) County of Offense: Champaign
(8) Date Offense Occurred: 02/25/98

(9) Victim(s) Name(s), Sex, Race, DOB: Hansen, Lori, K, F/W, 04/12/69

(10) Suspect(s) Name(s), Sex, Race, DOB: Moore, Dedric, T, m/b, 08/13/78

(11) Printed name of Investigating officer if different than (5) above: Detective Dan Shepard
(12) Printed name of the officer and agency delivering evidence: KRETTA JOHNSON RPS

**EVIDENCE INVENTORY**

| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Lab Exhibit Number(s) | (16) | (17) Evidence description (see instructions) |
|---|---|---|---|---|
| 33-40 | | 70 | | 2 pages of inked prints of suspect in a manila envelope |

(18) Lab use only

**EVIDENCE CHAIN**

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Time | (23) Received From (Signature) | (24) Received By (Signature) |
|---|---|---|---|---|---|
| 70 (33) | | 9-10-98 | 11:40 | [signature] RPS | John E Care |

(25) AFIS:  Yes ☐  No ☐  Comments
(26) IMPORTANT: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV/LAV II, etc.)

Use as Comparison for latents lifted

Also Compare to latents in your lab case #S98-000419

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By (DFS Employee Signature) | (31) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| 53 | | 11-17-98 | John E Care | [signature] RPS |

1

C000521

Illinois State Police
Division of Forensic Services
Forensic Sciences Command
**EVIDENCE RECEIPT**

BCSS Number _____

Laboratory Case Number: **598-1724**

Page ___ of ___

**TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE**

**AGENCY DATA**

| (1A) Originating Agency Name | (2) Agency Telephone | (3) NCIC Number | (4) Agency Case Number |
|---|---|---|---|
| CHAMPAIGN POLICE DEPT | (217) 351-4570 | IL 0100100 | 7982383 |

(5) Send report to: LT HOLLY NENNING    Agency address: 82 E. UNIVERSITY   City: CHAMPAIGN   Zip Code: IL 61820

| (6) Offense | (7) County of Offense | (8) Date Offense Occurred |
|---|---|---|
| AGG. ARSON | CHAMPAIGN | 022598 |

(9) Victim(s) Name(s), Sex, Race, DOB

(10) Suspect(s) Name(s), Sex, Race, DOB
HOLTZCLAW DANRICO

(11) Printed name of investigating officer if different than (5) above.
MARLO 769

(12) Printed name of the officer and agency delivering evidence.
KERTH SINDON 549

**EVIDENCE INVENTORY**

| (13) Lab Exhibit Number(s) | (14) BCSS Exhibit Number(s) | (15) Agency Exhibit Number(s) | (16) |
|---|---|---|---|
| 1 | | 1 | SEXUAL ASSAULT KIT CONTAINING |
| | | | — BLOOD SPECIMEN |
| | | | — HEAD HAIR |

Items submitted as evidence could be damaged during examination

(18) Lab use only
1B = head hair samples from EX

**EVIDENCE CHAIN**

| (19) Lab Exhibit Number(s) | (20) BCSS Exhibit Number(s) | (21) Date | (22) Time | (23) Received From (Signature) | (24) Received By (Signature) |
|---|---|---|---|---|---|
| 1 | | 3/2/98 | 11:30a | | Donna M. Curry |
| 1 | | 3-19-98 | 8:00a | evidence vault | Dana S. Pritchford |
| 1B | | 4-1-98 | 3:00p | Dana S. Pritchford to ISFSC Wchmail# R731 444 169 | |
| 1B | | 4/8/98 | 1:20p | ISFKLD LAB WH REG AML R731 444 169 | Arlen Shrabner |
| 1B | | 6/1/98 | 1:09p | Arlen Shrabner | S. Kidd |

(25) AFIS   Yes ☐  No ☐   Comments
(26) Attach pertinent case information, the case summary and examination requests.
IMPORTANT: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV/LAV II, etc.)

— ABOVE ITEMS COLLECTED FOR COMPARISON TO EVIDENCE SEIZED FROM SCENE

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By (DFS Employee Signature) | (31) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| 1B | | 9/1/98 | S. Kidd | Champaign City Police Via UPS + Gatkes #12 E12 2E4 03 1000 G9 65 |

C000528

Illinois State Police
Division of Forensic Sciences
Forensic Sciences Com
**EVIDENCE RECEI**

Laboratory Case Number
S98-1724

TYPE OR USE BLACK BALL POINT PEN ONLY; INSTRUCTIONS ON REVERSE

**AGENCY DATA**

(1) Originating Agency Name: CHAMPAIGN POLICE DEPT
(2) Agency Telephone: (217) 351-4570
(3) NCIC Number: IL 0100100
(4) Agency Case Number: 7982383

(5) Send report to: LT HOLLY NEWING 82 E. UNIVERSITY CHAMPAIGN IL 61820
(7) County of Offense: CHAMPAIGN
(8) Date Offense Occurred: 022588

(9) Offense: ACC. ASSLT

(10) Suspect(s) Name(s), Sex, Race, DOB: HOLTZCLAW, ONRICO M DRU 769

(11) Printed name of investigating officer if different than (5) above: M DRU 769
(12) Printed name of the officer and agency delivering evidence: KRISTA SINNON B95

**EVIDENCE INVENTORY**

(17) Item: 1 SEXUAL ASSAULT KIT CONTAINING
- BLOOD SPECIMEN
- HEAD HAIR

Items submitted as evidence could be damaged during examination

(18) Lab use only:
1B = head hair samples from Ex1
1A - blood std. 1A1 - stain card; 1A1A - portion of stain card

| (19) Lab Exhibit Number(s) | (20) BCBS Exhibit Number(s) | (21) Date | (22) Time | (23) Received From (Signature) | (24) Received By (Signature) |
|---|---|---|---|---|---|
| 1 | | 3/2/98 | 11:30a | | Donna M. Curry |
| 1 | | 3-19-98 | 8:00a | evidence vault | Dana S. Pitchford |
| 1B | | 4-1-98 | 3:00p | Dana S. Pitchford to SFSC via Reg mail # R731 414 169 | |
| 1 | | 4/7/98 | 12:50p | Vault | Donna M. Curry |
| 1A1A | | 12-10-98 | 1:30p | Dana S. Pitchford | Kevin J Zeeb |

**EVIDENCE CHAIN**

(25) AFIS Yes ☐ No ☐ Comments:
(26) Attach pertinent case information, the case summary, and examination requests.
IMPORTANT: List any communicable diseases of risk to lab personnel (e.g., hepatitis, TB, HTLV/LAV II, etc.)

- ABOVE ITEMS COLLECTED FOR COMPARISON TO EVIDENCE SEIZED FROM SCENE

| (27) Lab Exhibit Number(s) | (28) BCSS Exhibit Number(s) | (29) Date | (30) Returned By (DFS Employee Signature) | (31) Released to (law enforcement representative signature and agency name) |
|---|---|---|---|---|
| 1 | | 4/7/98 | Donna M. Curry | B95 |

C000529

# ILLINOIS STATE POLICE
Division of Forensic Services
Springfield Forensic Science Laboratory
2040 Hill Meadows Drive
Springfield, Illinois 62702-4696
(217) 782-4975 (Voice) * 1-(800) 255-3323 (TDD)

Jim Edgar
*Governor*

September 10, 1998

Gene P. Marlin
*Acting Director*

Lieutenant Nearing
Champaign Police Department
82 East University Ave
Champaign, IL 61820

Laboratory Case #S98-001498
BCSS Case #MM98-1688-9-1
Agency Case #798-002383

OFFENSES:  Arson/Attempted Murder
SUSPECT:   Dedric T. Moore
VICTIM:    Lori K. Hansen

The following evidence was received from Roberta Johnson by the Springfield Forensic Science Laboratory on March 4, 1998:

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1A | Cigarette butt: saliva indicated |
| 4B | Material from shorts: urine indicated |
| 12B | Piece of black stocking: examination for saliva inconclusive |
| 26A1 | Blood standard: Lori Hansen |
| 31A | Swabbing of piece of glass: blood stain |

The following evidence was received from Roberta Johnson by the Springfield Forensic Science Laboratory on March 5, 1998:

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 44A1 | Blood standard: Dedric Moore |

## RESULTS
DNA from Exhibits 12B, 31A, 26A1, and 44A1 was amplified using the Polymerase Chain Reaction (PCR) and profiled at the following loci: D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820 and Amelogenin.

A mixture of DNA profiles was identified in Exhibit 12B which matches the combined DNA profiles of Dedric Moore, Lori Hansen, and at least one other individual. These combined profiles would be expected to occur in approximately 1 in 2700 Blacks or 1 in 5000 Caucasians.

A DNA profile was identified in Exhibit 31A which matches the DNA profile of Lori Hansen and does not match the DNA profile of Dedric Moore.

Due to an insufficient amount of human DNA for PCR analysis, Exhibit 4B was not profiled.

Exhibit 1A was not profiled due to no human DNA detected.

C000530

Champaign Police Department
Laboratory Case #S98-001498                    -2-                    September 10, 1998

## CONCLUSIONS
The mixture of DNA profiles identified in Exhibit 12B (piece of black stocking) is consistent with having originated from Dedric Moore, Lori Hansen and at least one other individual.

The blood identified in Exhibit 31A (swabbing of piece of glass) is consistent with having originated from Lori Hansen.

## REQUESTS
For results of previous biological examinations, refer to the laboratory report by Springfield Forensic Scientist Dana Pitchford dated April 1, 1998.

If you have any questions regarding this report, please feel free to contact me.

## EVIDENCE DISPOSITION
DNA evidence will be maintained in the laboratory evidence vault until such time as the case has been adjudicated or the evidence is required by the agency.

Respectfully submitted,

Kevin L. Zeeb

Kevin L. Zeeb
Forensic Scientist

cc:  Crime Scene Investigator Michael L. Kyrouac

C000531

# ILLINOIS STATE POLICE
### Forensic Sciences Command

## DNA Coversheet

S98-1498

86·5
10·15·98

Case # ___S98-1498___

Analyst ___KLB___
Analyst ID ___256___
Completed ___9-8-98___
Proofed By ___MB___
        Date ___9·15·98___
Case Status ___C___
Command TAT ___5___
Section TAT ___5___

Case Type:
Probative Match ___✓ 1___
Open Profile ___✓ 1___
Parentage _____
Remains ID _____

Examination Type:
Total _____
STR 1 ___✓___
STR 2 _____

Total Number of Pages in File ___45 pages plus    2 pag report___

offense  2/25/98   Ag. Arson / Attempted murder

case rec'd  5/11/98  in SpFld   from F.S. Donna Pitchford

Extractions started 6/11 + 6/17   and case completed 9/8/98 with F.v.C.

44A1 suspect entered into database 9/3/98 with Local match check.

A-p'd  7/16/98
310 Runs        7/20        8/11        8/14

Ladder          ✓           ✓           ✓

APC             ✓           ✓           ✓

Avc             ✓

12B           1:2 ✓       1:3 ✓      1:2 ✓

31A             ✓

Stain  B)—      ✓

26A1            ✓

44A1            ✓

std  R)—        ✓

C000532

S98-1498

Case Number: S98 - 1498
Date: 8-3)-98
Analyst: KL Zeit

## Profiler Plus

| SAMPLE | D3S1358 | vWA | FGA | Amelogenin | D8S1179 | D21S11 | D18S51 | D5S818 | D13S317 | D7S820 |
|---|---|---|---|---|---|---|---|---|---|---|
| 26A) v. std Lisa Howard | 14  15 | 15  17 | 25  25 | X  X | 13  14 | 30  32.2 | 11  18 | 9  12 | 11  11 | 9  12 |
| 44A) Ocdine Moore  5 std | 16  17 | 16  17 | 22  22 | X  Y | 8  15 | 28  31.2 | 15  17 | 10  13 | 13  13 | 9  13 |
| 31A) Blood on glass | 14  15 | 15  17 | 25  25 | X  X | 13  14 | 30  32.2 | 11  18 | 9  12 | 11  11 | 9  12 |
| 32B) MPM matrix | 14, 15, 16  17, 18 | 14, 15, 16  17, 19 | 20  22  23  25 | X  Y | 8  13  14, 15 | 28  29  30  31.2  32.2 | 11  15  17  18 | 9  10  11  12  13 | 11  12  13 | 9, 12, 13 |
| (CB) major contributor possibilities | 16  17 | 16  17 | 22  22 | X  Y | 8  15 | 28  31.2 | 15  17 | 16  13 | AnRs  11  12  13 | AnRs  9  9  12  12  12  13 |
| (CB) major contributor possibilities | 14  15 | 15  17 | 25  25 | X  X  Y | 13  14 | 30  32.2 | 11  18 | 9  12 | AnRs  13  13  11  12  11  13  12  13 | AnRs  12  13  9  12  9  13 |
| (CB) left-hand minor (CB) contributor possibilities | 18  18  14  15  15  18  17 | 19  19  13  19  19 | 20  23 | X  X | 8, 13  11  15  11  13  8  8  13  15  14  15 | 29  28  29  29  30  29  31.2  32.2 | 11  15  15  17  18  15  11  16  17  15  18 | 9  11  10  11  13 | AnRs | AnRs |
| 1942A* | 14  15 | 16 | 23 | X | 14  13 | 30  30 | 15  18 | 11 | 11 | 10  11 |

The sum of all possible frequencies for all possible combinations was reported.

CDO0533

S98- 1498
6-16-98
KL3
④

S98- 1498
#12B Ⓛ
3-20-98 �013
12B) S98- 1498
5-11-98
KL3

S98-1498
#1A Ⓛ
3-19-98
�013
1A) S98- 1498
5-11-98 KL3





S98-1498
#31A Ⓛ
3-17-98 �013
31A) S98- 1498
5-11-98
KL3

S98-1498
#26A1 Ⓛ
5-11-98 �013
26A1) S98- 1498
5-11-98 KL3





Illinois State Police

S98-001498:44A1
05/11/1998 �013

44A1) S98- 1498
5-11-98
KL3

C000534

**ILLINOIS STATE POLICE**
Division of Forensic Services
Forensic Sciences Command

**LABORATORY WORKSHEET**

Date Examined: _6-16-98_                    Case No.: _S98-1498_

Exhibit/Item:    1A , 12B  26A| 3)A  44 A|

Source/Date Received:  F.S. Dana Pitchford 5-11-98 @ SpFld R+D

Description of Package:  Sld m. Envelops    Exept #4B which is a sld s.p.b.

Description of Markings as Received:  See photocopy of evid

Laboratory Marks:  See photocopy of evid.

Laboratory Examination:

S.N.T.S.

#1A   sld m Env   contains  folded  glacine pkt   "S98-1498    one burnt cigarette Butt ~ 1 X1.4cm  G.O.
                                                                19 Ⓛ
                                                               3-19-98 DSP    Brown Paper Burnt w/ soot > ½ of Butt

                                                                              unburnt area  ~ 1.2 x 1.3 cm Paper cut off + extracted
                                                                              for DNA

#12B  sld m Env  contains  piece of  Black Nylon like material  ~ 6.5 X 10.0cm 6.O.     ~2.0x2.5cm cutout

        while demarcations present.                                                     ~2 x2cm cutout

        one Area from each side cut out for DNA extraction

                                                                              snipping holes

#31A  sld m Env  contains glacine pkt   " S98-1498      one swab tip with mod/hvy stained
                                          #31A Ⓛ          rd/bn b/f on tip End
                                         3-17-98 DSP
                                                         ½ of cotton swab extracted For DNA

#26A  sld m Env   contains  one piece of  blotting paper  ~ 2x4cm       [diagram: JCNIO]   ~1cm
                                                                                           dia
                                                                                           extracted
                                                                                           for DNA

#44A  sld m Env  contains  one piece of  blotting paper  ~ 2x4.5cm

Conclusions:                                                           [diagram: JCNIO]   ~ 1.3cm dia
                                                                                          extracted for
                                                                                          DNA

Repackaging: _orig pkg's sld w/ E.T._      Date: _6-16-98_      Analyst: _KL Beck_

IL 493-0430

CU00595

S98 - 1498   6
6-16-98
KL3



398 - 1498
6-17-98 RCB




C000537

# ILLINOIS STATE POLICE
### Division of Forensic Services
### Forensic Sciences Command

## LABORATORY WORKSHEET

Date Examined: __6-17-98__                    Case No.: __S98 - 1498__

Exhibit/Item: __# 4B__

Source/Date Received: F.S. Dana Pitchford 5-11-98 e SpAd R+O

Description of Package: sld bp'b that contains two sld m. coin envelopes. Q1A + Q1B

Description of Markings as Received: see photocopy of exhibit

Laboratory Marks: see photocopy of exhibit

Laboratory Examination:
S.N.T.S.

# (Q1A)
4B   one sld m. coin env.  "S98-1498"  contains   maroon material
           # 4B  Q1A
           (L) 3-13-98
           OSP



All material cut up in strips ~ 1.5cm wide and
placed in 15cc conical tubes (2 per tube) and soaked in water
while rotating overnight. Collected cell pellets 6/18/98 and
extracted the pellets for DNA.  ( ~10 pieces - 6 tubes) → (15 tubes in total used for centrifugation)
material preserved in sld © m. coin env. + stored with purified DNA tubes / freezer


# 4B (Q1B)
    one sld m. coin env.  S98-1498   contains   maroon cloth material
           4B  Q1B
           (L) 3-13-98
           OSP

All material cut up in strips ~ 1.5cm wide and placed in  ~ 12.0 x 26.0 cm in G.O.
15cc conical tubes (2 per tube) and soaked in water while
rotating overnight. collected cell pellets 6/18/98 and extracted the
pellets for DNA.   ( ~10 pieces - 5 tubes ) → ( 13 tubes in total used for centrifugation )
material preserved in sld © m. coin env. + stored with purified DNA tubes / freezer

Conclusions:


Repackaging: __orig pkg's sld w/ evid tape__  Date: __6-17-98__   Analyst: __KL Zeeb__

IL 493-0430                                                        ISP 6-76 (3/96)

C000598

**YIELD GEL WORKSHEET**



Case # S95 - 1493    Analyst KL3 / JAO    Date 6-17-98

| Cathodal Origin | | | | |
|---|---|---|---|---|
| Lane | Sample | Resolub. Volume (µL) | DNA (ng / 4 µL) | DNA (ng / 1 µL) |
| 1 | λ DNA Dilution Series | | 125 | |
| 2 | | | 63 | |
| 3 | | | 31 | |
| 4 | | | 15 | |
| 5 | | | 8 | |
| 6 | | | 4 | |
| 7 | 1A | 100 | NO | - |
| 8 | 12B | 100 | v faint | ? |
| 9 | 31A    neat | 100 | ~5 | ~2 |
| 10 | 31A    1:10 | 40 w | ~1 | ~0.5 |
| 11 | Sto Rln Blank | 100 | NO | - |
| 12 | 26A1    neat | 100 w | 64 | 16 |
| 13 |    1:10 | 40 w | 8 | 2 |
| 14 |    1:100 | 100 w | <1 | <0.25 |

| Middle Origin | | | | |
|---|---|---|---|---|
| 1 | 44A1    neat | 100 w | 16 | 4 |
| 2 |    1:10 | 40 w | 2 | 0.5 |
| 3 |    1:100 | 100 w | v faint | ? |
| 4 | Std Rln Blank | 100 w | NO | - |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | KL3 | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |

S98 - 1493

KL3/JAO 6-17-98

✓ Amicon    ____ Ethanol

C000539

# YIELD GEL WORKSHEET

Case # S̲T̲S̲ ̲-̲ ̲1̲4̲9̲8̲     Analyst K̲L̲3̲     Date 6̲-̲1̲9̲-̲9̲8̲

| | Cathodal Origin | | | |
|---|---|---|---|---|
| Lane | Sample | Resolub. Volume (µL) | DNA (ng / 4 µL) | DNA (ng / 1 µL) |
| 1 | | | 125 | |
| 2 | | | 63 | |
| 3 | λ DNA Dilution Series | | 31 | |
| 4 | | | 15 | |
| 5 | | | 8 | |
| 6 | | | 4 | |
| 7 | 4B G₁A | 50 µl | 3 | 2 |
| 8 | 4B G₁B | 50 µl | 4 | 1 |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |



STS - 1498

KL3/JAO  6/19/98

| | Middle Origin | | | |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | KL3 | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |

✓ Amicon     _____ Ethanol

C000540

# SLOT BLOT WORKSHEET

E-FILED
Friday, 04 May, 2007 05:36:47 PM
Clerk, U.S. District Court, ILCD

Case # · S98 - 1498    Analyst   KL3    Date  m  6/22/98

Key:  _____Sample_____
      µL loaded | reading

| Standards (ng) | | | | | |
|---|---|---|---|---|---|
| A   10 | Calibrator 1<br>5 - 2.5 ng  (K) | 3;A<br>1:10<br>1 \| 0.3 | 44A1<br>1:10<br>1 \| 0.6 | 43C1B<br>Empty KL3<br>3 \| | Empty KL3 |
| B   5 | Calibrator 2<br>0.6 - 0.31 ng  (K) | 3;A<br>1:10<br>4 \| 1.25 | 44A1<br>1:10<br>2 \| 1.25 | 4B a1 B<br>3 \| NO | other case |
| C   2.5 | 14<br>neat<br>5 \| NO | 3;A<br>1:10<br>8 \| 2.5 | 44A1<br>1:10<br>4 \| 2.5 | | other case<br>·1 |
| D   1.25 | 1;2<br>neat<br>10 \| NO | Stain RJm<br>neat<br>20 \| NO | Std RJm Blank<br>neat<br>10 \| NO | 1. | other case |
| E   0.6 | 1;2<br>neat<br>20 \| NO | 26A1<br>1:10<br>1wA \| 2.5 | 4B C1A<br>neat<br>1 \| NO | 1 | 1 |
| F   0.3 | 12B<br>neat<br>5 \| 0.15 | 26A1<br>1:100<br>2 \| 0.3 | 4B 41A<br>neat<br>1 \| NO | KL3 | KL3 |
| G   0.15 | 12B<br>_____<br>10 \| c3 | 26A1<br>1:100<br>4 \| 0.6 | 43 C1B<br>neat<br>1 \| NO | 1 | 1 |
| H   Blank  NC (K) | R8<br>_____<br>2v \| c.6 | 26A1<br>1:100<br>8 \| 1.25 | 4BC1B<br>neat<br>2 \| NO | 1 | 1 |

S98 - 1498



C000541

# SLOT BLOT WORKSHEET

Case # __S98 - 1498__     Analyst __KL3 / JAO__     Date __7·8·98__

Key: __Sample__
__µL loaded | reading__

| Standards (ng) | | | | | |
|---|---|---|---|---|---|
| A  10 | Calibrator 1 ⊗1<br>5 - 2.5 ng |   &#124; |   &#124; |   &#124; |   &#124; |
| B  5 | Calibrator 2 ⊗1<br>0.6 - 0.31 ng |   &#124; |   &#124; | | |
| C  2.5 | 4B (G·A + G·B)<br>combined<br>20N \|<0.15 |   &#124; | |   &#124; |   &#124; |
| D  1.25 | | | | KL3 | |
| E  0.6 |   &#124; | | | | |
| F  0.3 | KL3<br>  &#124; |   &#124; |   &#124; |   &#124; |   &#124; |
| G  0.15 |   &#124; | | | | |
| H  Blank  ND |   &#124; |   &#124; |   &#124; |   &#124; |   &#124; |

S98 - 1498



F11   1/c   7pm SS Film          7·8·98  KL3/JAO

C000542

# SAMPLE AMPLIFICATION WORKSHEET: PROFILER PLUS

Case # S98 - 1498    Analyst   KL3    Date   6-18-98

Amp'd 7-10 '8

| Sample | Resolub. Volume (µL) | Yield Gel (ng/µL) | Slot Blot (ng/µL) | Dil'n for Amp. | Amount of DNA (µL) | Amount of H₂O (µL) | Estimated Amount of DNA (ng) |
|---|---|---|---|---|---|---|---|
| 1A  c…  Butt | 100 | NO | 3  NO / 5  NO / 10  NO | } No DNA detected | | | |
| 12B  Black  vogina swab i | 100 | v. Faint | 5  .03 / 10  .03 / 20  .03 | reamplified into 20 ul | 20 ul | — | ~ 1.83 |
| 31A  of moss +! bloss.!  Neat | 100 | NO ~8 | | | | | → |
| 31A  1:10 | 40 ul | ~0.25 | 2  .15 / 4 (3125) / 8  .3125 | | 6.4 | 11.6 | ~ 2.0 ng |
| Stain film Blank | 100 ul | NO | 20  NO | | 20 | — | — |
| 36A1  v. std  Neat | 100 ul | 16 | | | | | → |
| 1:10 | 40 ul | 2 | 1  25 | | | | |
| 1:100 | 100 ul | < 25 | 2  .15 / 4 (0.15) / 8  .156 | | 13.3 | 5.7 | ~ 2.0 ng |
| 44A1  3 std  Neat | 100 ul | 4 | | | | | |
| 1:10 | 40 ul | 0.5 | 2  .625 / 4  .625 / 8 (1.6) | | 3.3 | 16.7 | ~ 2.0 ng |
| 1:100 | 100 ul | v. Faint ? | | | | | → |
| Std  film Blank | 100 ul | NO | 10  NO | | 14 | 6 | — |
| 4B G1L  to that m  stain | 50 ul | 2 | 1  NO / 2  NO  reextracted into 40 ul | | } Insufficient Amount | | |
| 4B G1R | 50 ul | 1 | 1  NO / 3  NO / 3  NO~ 20  .0075 ng/ul | | | | |
| APC = 9947A  # 36,16,16 4 4+9  14B std  175 series | | | | 0.1 | 20 | — | ~ 20 |
| ANC  H₂O | | | | | — | 20 | — |

KL3

1A  100 - ( 4, 5, 15, 20 ) = 61 ul remaining
12B  100 - 35 = 61 ul × .03 = 1.83 ng
4B G1L  50 - ( 4, 1, 2 ) = 43 ul } combine
4B G1R  50 - ( 4, 1, 2, 3 ) = 40 ul } reextracted into 40 ul  or 20 ul for QE : .0075 ng/ul

C000543

Not for use in diagnostic systems

Not for use in diagnostic systems

For research use only

C0005415



Not for use in diagnostic systems

For research use only

C000546

For research use only
- 1 -
Not for use in diagnostic systems

000547

For research use only

Not for use in diagnostic systems

C000548

C000549

ABI PRISM

Plots - S96-1498   KLZ 7-20-98PM
Licensed to angela nach, IL State Police

11:43:38 AM Thu, Jul 23 1998
Genotyper® 2.0

A7-ANC H... 7-10-98  4 Blue   ANC H2O amp'd 7-10-98

A7-ANC H... 7-10-98  4 Green   ANC H2O amp'd 7-10-98

A7-ANC H... 7-10-98  4 Yellow  ANC H2O amp'd 7-10-98

A7-ANC H... 7-10-98  4 Red    ANC H2O amp'd 7-10-98

For research use only

Not for use in diagnostic systems



DNA Profile consistent with the DNA Profile of vict: Lor. Hansen

For research use only                          - 1 -                          Not for use in diagnostic systems



C000552

For research use only                    Not for use in diagnostic systems

C000553

S98-1498

S µ6

:2

ABI PRISM

Plots - S98-1498  8/14/98  KLZ
Licensed to angela rech, IL State Police

12:50:22 PM  Mon, Aug 17  1998
Genotyper® 2.0



A11-12B  ..1498  KLZ  6 Blue    12B 1/2 dil.  S98-1498  KLZ

A11-12B  1498  KLZ  6 Green    12B 1/2 dil.  S98-1498  KLZ

A11-12B  1498  KLZ  6 Yellow  12B 1/2 dil.  S98-1498  KLZ

A11-12B  1498  KLZ  6 Red      12B 1/2 dil.  S98-1498  KLZ

Reruns from — ... (H26.7)

J... y (....) 03 (5442)

ns? 03 (2.11)

The 1:3 +1:2 DL  Injections support
New Inj. w.'ll use ....... Inj (7/20) for
Final analysis + stats.

For research use only

- 1 -

Not for use in diagnostic systems

C000550

SDS-1498

Sample 12B    Piece of black stocking / nylon material

Neat Injection 7/20

1:3 0.1 Injection 8/11

1:2 0.1 Injection 8/14

Overall observation: This is a mixture sample profile with more than two profiles present. Male contributor present. Neat sample injection RFU's elevated → dilutions run to support neat results. Inkspot with carbon double to sampling since sample is consumed. Target amt for this stop was ~1.83ng. Neat Injection results/data used for calculations + statistics.

D3    Neat    14 (2205)    15 (2124)    16 (4128)    17 (5562)    18 (556)
      1:3    14 (875)    15 (817)    16 (2511)    17 (2254)    18 (205)
      1:2    14 (1416)    15 (1385)    16 (7049)    17 (3631)    18 (362)

$17/16 = \frac{5562}{6175} = 90\%$

$15/14 = \frac{2124}{2205} = 96\%$

$18/15 = \frac{556}{2124} = 26\%$

$18/16 = \frac{556}{5562} = 24\%/57\%$

vWA    Neat    15 (4125)    16 (6675)    17 (6642)    19 (206)
       1:3    15 (944)    16 (1653)    17 (2686)
       1:2    15 (1155)    16 (4216)    17 (4254)    −

$17/16 = \frac{6642}{6675} = 99\%$

$19/17 = \frac{1725}{6642} = 28\%$

$15 = \frac{226}{1625} = 14\%$

$19/16 = \frac{226}{6675} = 4\%$

$19/17 = \frac{226}{6642} = 4\%$

FGA    Neat    20 (168)    22 (3424)    23 (55)    25 (330)
       1:3    −    22 (1365)    −    25 (346)
       1:2    −    22 (2116)    −    25 (528)

$23/20 = \frac{155}{168} = 92\%$

$25/22 = \frac{886}{3454} = 24\%$

$25/23 = \frac{113}{55} = 20\%$

KLZ

20

598-1498

D8    neat    8 (4633)    13 (6921)    14 (2488)    15 (6941)
      1:3     8 (4386)    13 (1104)    14 (910)     15 (2816)
      1:2     8 (5442)    13 (1881)    14 (1147)    15 (4761)

$8/15 = \dfrac{4633}{6941} = 67\%$   NK  87% for 1.2 solution $\left(\dfrac{4761}{5442}\right)$

$13/14 = \dfrac{2921}{2488} = 85\%$

$13/15 = \dfrac{2921}{6941} = 42\%$

---

D21   neat    28 (3928)   29 (531)    30 (797)    31.2 (3054)   32.2 (767)
      1:3     28 (1493)   29 (213)    30 (365)    31.2 (1113)   32.2 (241)
      1:2     28 (2357)   29 (237)    30 (477)    31.2 (1851)   32.2 (457)

$28/31.2 \quad \dfrac{3054}{3128} = 97\%$

$32.2/30 \quad \dfrac{767}{797} = 96\%$

$28/32.2 \quad \dfrac{536}{767} = 69\%$

---

D18   neat    11 (361)    15 (1055)    17 (1147)    18 (321)
      1:3     11 (152)    15 (380)     17 (447)     -
      1:2     11 (226)    15 (155)     17 (922)     18 (193)

$15/17 \quad \dfrac{1055}{1147} = 70\%$

$18/11 \quad \dfrac{321}{381} = 84\%$

$11/15 \quad \dfrac{381}{1055} = 36\%$

---

D5    neat    9 (4972)    10 (4723)    11 (564)    12 (1723)    13 (3874)
      1:3     9 (565)     10 (1057)    11 (214)    12 (141)     13 (4456)
      1:2     9 (913)     10 (1311)    11 (347)    12 (1026)    13 (2376)

$13/10 \quad \dfrac{387}{4723} = 8\%$      $11/13 \quad \dfrac{1053}{3574} = 44\%$

$\quad \dfrac{475}{753} = 63\%$            $\quad \dfrac{421}{1153} = 38\%$

---

D13   neat    11 (1312)   12 (1851)    13 (1198)
      1:3     11 (181)    -            13 (453)
      1:2     11 (1055)   +-           13 (731)

$11/13 \quad \dfrac{1198}{1312} = 61\%$

$12/13 \quad \dfrac{453}{1198} = 15\%$

---

D7    neat    9 (1120)    12 (250)    13 (651)
      1:3     9 (452)     -           13 (244)
      1:2     9 (155)     12 (154)    13 (405)

$13/9 \quad \dfrac{650}{1120} = 58\%$

C000556

Plots - S98-1498  KLZ 7-20-98PM
Licensed to angela nech, IL State Police

11:46:24 AM Thu  Jul 23  1998
Genotyper® 2 0

DNA Profile of victim: Lori Hansen

DNA Profile of suspect: Dedric Moore

G00059

Plots - S98-1498  KLZ 7-20-98PM
Licensed to angela nech, IL State Police

11:48:44 AM Thu, Jul 23 1998
Genotyper® 2.0

For research use only

Not for use in diagnostic systems

C000560

# LDIS SPECIMEN REPORT

## September 3, 1998  02:24:03 PM

## LOCAL CASEWORK INDEX

### SPECIMEN INFORMATION

Local Specimen Number: S98-1498-44A1    Universal Specimen Number: 19213

| Specimen Laboratory | Received Date | Assign To | Contract Laboratory | Specimen Category | Tissue Type | Population Group | Population Description | Cntry Clctd | State Clctd | Dnr Sex | LDIS Entered By/Date | SDIS Entered By/Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IL084880 | | KLZ | IL084880 | SUSPECT, KNOWN | UNSPECIFIED | UNSPECIFIED | UNSPECIFIED | US | IL | N | KLZ 09/03/98 | KLZ 09/03/9 |

### SIZING INFORMATION

| Locus | Probe | Technology | Gel No | Assign To | Tissue Form | Ladder | Enzyme | Population Group | Population Description | Autornd No | Entrd By | Entrd Date | Submit By | Submit Date | Cntry Clctd | State Clctd | Lane No | Dnr Sex | Allele No | LDIS Entered By/Date | Mol Wt or VALUE | SDIS Entered By/Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| D18S51 | | FBI PCR | | KLZ | | | | | | | KLZ | 09/03/98 | KLZ | 09/03/98 09/03/98 | | | | | 1 2 | | 15 17 | |
| D5S818 | | FBI PCR | | KLZ | | | | | | | KLZ | 09/03/98 | KLZ | 09/03/98 09/03/98 | | | | | 1 2 | | 10 13 | |
| D13S317 | | FBI PCR | | KLZ | | | | | | | KLZ | 09/03/98 | KLZ | 09/03/98 09/03/98 | | | | | 1 2 | | 11 13 | |
| D7S820 | | FBI PCR | | KLZ | | | | | | | KLZ | 09/03/98 | KLZ | 09/03/98 09/03/98 | | | | | 1 2 | | 9 13 | |
| D3S1358 | | FBI PCR | | KLZ | | | | | | | KLZ | 09/03/98 | KLZ | 09/03/98 09/03/98 | | | | | 1 2 | | 16 17 | |
| VWA | | FBI PCR | | KLZ | | | | | | | KLZ | 09/03/98 | KLZ | 09/03/98 09/03/98 | | | | | 1 2 | | 16 17 | |
| FGA | | FBI PCR | | KLZ | | | | | | | KLZ | 09/03/98 | KLZ | 09/03/98 09/03/98 | | | | | 1 2 | | 22 22 | |
| D8S1179 | | FBI PCR | | KLZ | | | | | | | KLZ | 09/03/98 | KLZ | 09/03/98 09/03/98 | | | | | 1 2 | | 8 15 | |
| D21S11 | | FBI PCR | | KLZ | | | | | | | KLZ | 09/03/98 | KLZ | 09/03/98 | | | | | 1 | | 28 | |

1

C000561

S98-1498    32

# LDIS SPECIMEN REPORT
## September 3, 1998  02:24:03 PM
## LOCAL CASEWORK INDEX

--- *SPECIMEN INFORMATION* ---

Local Specimen Number: S98-1498-44A1          Universal Specimen Number:  19213

| Specimen Laboratory | Received Date | Assign To | Contract Laboratory | Specimen Category | Tissue Type | Population Group | Population Description | Cntry Clltd | State Clltd | Dnr Sex | LDIS Entered By/Date | SDIS Entered By/Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1L084880 | | KLZ | 1L084880 | SUSPECT, KNOWN | UNSPECIFIED | UNSPECIFIED | | US | 1L | N | KLZ 09/03/98 | KLZ 09/03/98 |

--- *SIZING INFORMATION* ---

| Locus | Probe | Technology | Gel No | Assign To | Tissue Form | Ladder | Enzyme | Autorad No | Entrd By | Entrd Date | Submit By | Submit Date | Lane No | Allele No | Mol Wt or VALUE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| D21S11 | | FBI PCR | | KLZ | | | | | KLZ | 09/03/98 | KLZ | 09/03/98 | | 2 | 31.2 |

2

C000562



# Local Match Results Report

## Date: 03-Sep-1998   Time: 14:41:30

### Target ID: S98-1498-44A1
### Laboratory: IL0848800
### Specimen Type: SUSPECT, KNOWN

**Target Profile:**

| | | | | | |
|---|---|---|---|---|---|
| D3S1358: | 16, | 17, | N/A, | N/A | High Stringency |
| VWA: | 16, | 17, | N/A, | N/A | High Stringency |
| FGA: | 22, | 22, | N/A, | N/A | High Stringency |
| D8S1179: | 8, | 15, | N/A, | N/A | High Stringency |
| D21S11: | 28, | 31.2, | N/A, | N/A | High Stringency |
| D18S51: | 15, | 17, | N/A, | N/A | High Stringency |
| D5S818: | 10, | 13, | N/A, | N/A | High Stringency |
| D13S317: | 11, | 13, | N/A, | N/A | High Stringency |
| D7S820: | 9, | 13, | N/A, | N/A | High Stringency |

**Match Window in Effect:**
   Above 11919 BP: 8.0%
   Between 11919 BP and 2000 BP: 2.5%
   Below 2000 BP: 2.5%

**Target profile searched against 317 Casework profiles.**
**Target profile searched against 0 Offender profiles.**
**Target profile searched against 0 Population profiles.**

**Match Summary:**

| | |
|---|---|
| 9 Loci Candidates: | 1 |
| 8 Loci Candidates: | 0 |
| 7 Loci Candidates: | 0 |
| 6 Loci Candidates: | 0 |
| 5 Loci Candidates: | 0 |
| 4 Loci Candidates: | 0 |
| 3 Loci Candidates: | 0 |
| 2 Loci Candidates: | 0 |
| 1 Locus Candidates: | 0 |
| | ------ |
| Total Candidates: | 1 |

**Match Details:**
Specimen ID:          19213
Laboratory:           IL0848800
Local Specimen ID: S98-1498-44A1
      D3S1358:
      1 16
      2 17

      VWA:
      1 16
      2 17

      FGA:
      1 22
      2 22

      D8S1179:
      1 8
      2 15

C000563

# Local Match Results Report

S98·1498 ⸦⸧
K3

### Date: 03-Sep-1998   Time: 14:41:30

### Target ID: S98-1498-44A1
### Laboratory: IL0848800
### Specimen Type: SUSPECT, KNOWN

Match Details Continued:
Local Specimen ID: S98-1498-44A1 Continued
    D21S11:
        1 28
        2 31.2

    D18S51:
        1 15
        2 17

    D5S818:
        1 10
        2 13

    D13S317:
        1 11
        2 13

    D7S820:
        1 9
        2 13

C000564

## Statistics Report

Case Type: Forensic Mixture
Specimen ID: S98-1498  12B 9/10/98  K
DNA Analyst: Phil
Date: September 10, 1998
Page: 1

| Probe | Allele | Allele +/- Minimum | Maximum | Allele Frequency CAU | BLK |
|-------|--------|---------|---------|------|-----|
| D3S1358 | 14 | | | 1.120E-01 | 1.180E-01 |
| D3S1358 | 15 | | | 2.820E-01 | 2.790E-01 |
| VWA | 15 | | | 8.200E-02 | 2.200E-01 |
| VWA | 16 | | | 1.970E-01 | 2.690E-01 |
| FGA | 20 | | | 1.620E-01 | 4.300E-02 |
| FGA | 22 | | | 1.650E-01 | 1.890E-01 |
| D8S1179 | 8 | | | 1.700E-02 | 1.300E-02 |
| D8S1179 | 13 | | | 3.470E-01 | 1.970E-01 |
| D21S11 | 28 | | | 1.620E-01 | 2.180E-01 |
| D21S11 | 29 | | | 2.070E-01 | 2.000E-01 |
| D18S51 | 11 | | | 2.000E-02 | 1.500E-02 |
| D18S51 | 15 | | | 1.420E-01 | 1.760E-01 |
| D5S818 | 9 | | | 2.200E-02 | 2.000E-02 |
| D5S818 | 10 | | | 6.700E-02 | 7.400E-02 |
| D13S317 | 11 | | | 3.120E-01 | 2.710E-01 |
| D13S317 | 12 | | | 2.820E-01 | 4.430E-01 |
| D7S820 | 9 | | | 1.300E-01 | 1.180E-01 |
| D7S820 | 12 | | | 1.600E-01 | 9.400E-02 |

NRC 96 Formula used

CAU frequency = 1 in 5,080
BLK frequency = 1 in 2,740

C0005b5

September 10, 199    **Popstats 5.1 DNA Profile**    Page 1

Fixed Bin, Mixture Formula
Database:  F:\CODISII\POPDATA\il\str loci
User Name: Phil
Boundaries: 0      2000      10000
Windows:      > 0.025 < > 0.025 < > 0.025

Specimen:
  S98-1498  12B 9/10/98  K

## Population Group: CAU

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus D3S1358 Allele 1 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 14 | N/A | N/A | | | | | | | 1.120E-01 |
| Locus D3S1358 Allele 2 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 15 | N/A | N/A | | | | | | | 2.820E-01 |
| Locus D3S1358 Allele 3 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 16 | N/A | N/A | | | | | | | 2.220E-01 |
| Locus D3S1358 Allele 4 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 17 | N/A | N/A | | | | | | | 2.220E-01 |
| Locus D3S1358 Allele 5 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 18 | N/A | N/A | | | | | | | 1.450E-01 |

Probability for Locus D3S1358 = 9.663E-01

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus VWA Allele 1 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 15 | N/A | N/A | | | | | | | 8.200E-02 |
| Locus VWA Allele 2 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 16 | N/A | N/A | | | | | | | 1.970E-01 |
| Locus VWA Allele 3 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 17 | N/A | N/A | | | | | | | 2.500E-01 |
| Locus VWA Allele 4 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 19 | N/A | N/A | | | | | | | 1.100E-01 |

Probability for Locus VWA = 4.083E-01

S98·1498

Fixed Bin, Mixture Formula
Database: F:\CODISII\POPDATA\il\str loci
User Name: Phil
Boundaries: 0    2000     10000
Windows:    > 0.025 < > 0.025   < > 0.025

Specimen:
   S98-1498   12B 9/10/98   K

---

## Population Group: CAU Continued

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| **Locus FGA Allele 1** | | | | | | | | | |
| S98-1498  12B 9/10/98  K 20 | | N/A | N/A | | | | | | 1.620E-01 |
| **Locus FGA Allele 2** | | | | | | | | | |
| S98-1498  12B 9/10/98  K 22 | | N/A | N/A | | | | | | 1.650E-01 |
| **Locus FGA Allele 3** | | | | | | | | | |
| S98-1498  12B 9/10/98  K 23 | | N/A | N/A | | | | | | 1.400E-01 |
| **Locus FGA Allele 4** | | | | | | | | | |
| S98-1498  12B 9/10/98  K 25 | | N/A | N/A | | | | | | 1.120E-01 |

Probability for Locus FGA = 3.352E-01

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| **Locus D8S1179 Allele 1** | | | | | | | | | |
| S98-1498  12B 9/10/98  K 8 | | N/A | N/A | | | | | | 1.700E-02 |
| **Locus D8S1179 Allele 2** | | | | | | | | | |
| S98-1498  12B 9/10/98  K 13 | | N/A | N/A | | | | | | 3.470E-01 |
| **Locus D8S1179 Allele 3** | | | | | | | | | |
| S98-1498  12B 9/10/98  K 14 | | N/A | N/A | | | | | | 1.870E-01 |
| **Locus D8S1179 Allele 4** | | | | | | | | | |
| S98-1498  12B 9/10/98  K 15 | | N/A | N/A | | | | | | 1.300E-01 |

Probability for Locus D8S1179 = 4.638E-01

Fixed Bin, Mixture Formula
Database: F:\CODISII\POPDATA\il\str loci
User Name: Phil
Boundaries: 0      2000      10000
Windows:      > 0.025 < > 0.025  < > 0.025

Specimen:
  S98-1498  12B 9/10/98  K

## Population Group: CAU Continued

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus D21S11 Allele 1 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 28 | N/A | N/A | | | | | | | 1.620E-01 |
| Locus D21S11 Allele 2 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 29 | N/A | N/A | | | | | | | 2.070E-01 |
| Locus D21S11 Allele 3 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 30 | N/A | N/A | | | | | | | 2.620E-01 |
| Locus D21S11 Allele 4 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 31.2 | N/A | N/A | | | | | | | 1.050E-01 |
| Locus D21S11 Allele 5 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 32.2 | N/A | N/A | | | | | | | 7.200E-02 |

Probability for Locus D21S11 = 6.529E-01

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus D18S51 Allele 1 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 11 | N/A | N/A | | | | | | | 2.000E-02 |
| Locus D18S51 Allele 2 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 15 | N/A | N/A | | | | | | | 1.420E-01 |
| Locus D18S51 Allele 3 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 17 | N/A | N/A | | | | | | | 1.050E-01 |
| Locus D18S51 Allele 4 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 16 | N/A | N/A | | | | | | | 6.000E-02 |

Probability for Locus D18S51 = 1.069E-01

C000568

Fixed Bin, Mixture Formula
Database: F:\CODISII\POPDATA\il\str loci
User Name: Phil
Boundaries: 0      2000        10000
Windows:    >  0.025  < >  0.025  < > 0.025

Specimen:
  S98-1498  12B 9/10/98  K

## Population Group: CAU Continued

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus D5S818 Allele 1 | | | | | | | | | |
| S98-1498  12B 9/10/98  K | 9 | N/A | N/A | | | | | | 2.200E-02 |
| Locus D5S818 Allele 2 | | | | | | | | | |
| S98-1498  12B 9/10/98  K | 10 | N/A | N/A | | | | | | 6.700E-02 |
| Locus D5S818 Allele 3 | | | | | | | | | |
| S98-1498  12B 9/10/98  K | 11 | N/A | N/A | | | | | | 3.920E-01 |
| Locus D5S818 Allele 4 | | | | | | | | | |
| S98-1498  12B 9/10/98  K | 12 | N/A | N/A | | | | | | 3.320E-01 |
| Locus D5S818 Allele 5 | | | | | | | | | |
| S98-1498  12B 9/10/98  K | 13 | N/A | N/A | | | | | | 1.650E-01 |

Probability for Locus D5S818 = 9.565E-01

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus D13S317 Allele 1 | | | | | | | | | |
| S98-1498  12B 9/10/98  K | 11 | N/A | N/A | | | | | | 3.120E-01 |
| Locus D13S317 Allele 2 | | | | | | | | | |
| S98-1498  12B 9/10/98  K | 12 | N/A | N/A | | | | | | 2.820E-01 |
| Locus D13S317 Allele 3 | | | | | | | | | |
| S98-1498  12B 9/10/98  K | 13 | N/A | N/A | | | | | | 9.700E-02 |

Probability for Locus D13S317 = 4.775E-01

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus D7S820 Allele 1 | | | | | | | | | |
| S98-1498  12B 9/10/98  K | 9 | N/A | N/A | | | | | | 1.300E-01 |
| Locus D7S820 Allele 2 | | | | | | | | | |
| S98-1498  12B 9/10/98  K | 12 | N/A | N/A | | | | | | 1.600E-01 |
| Locus D7S820 Allele 3 | | | | | | | | | |
| S98-1498  12B 9/10/98  K | 13 | N/A | N/A | | | | | | 2.700E-02 |

Probability for Locus D7S820 = 1.005E-01

C000569

Fixed Bin, Mixture Formula
Database: F:\CODISII\POPDATA\il\str loci
User Name: Phil
Boundaries: 0    2000    10000
Windows:    > 0.025 < > 0.025 < > 0.025

Specimen:
 S98-1498  12B 9/10/98  K

**Probability for Population Group CAU 1.97E-04 = 1 in 5,080.**

C000570

Fixed Bin, Mixture Formula
Database: F:\CODISII\POPDATA\il\str loci
User, Name: Phil
Boundaries: 0       2000       10000
Windows:    > 0.025 < > 0.025 < > 0.025

Specimen:
  S98-1498   12B 9/10/98   K

## Population Group: BLK

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus D3S1358 Allele 1 | | | | | | | | | |
| S98-1498 12B 9/10/98 K | 14 | N/A | N/A | | | | | | 1.180E-01 |
| Locus D3S1358 Allele 2 | | | | | | | | | |
| S98-1498 12B 9/10/98 K | 15 | N/A | N/A | | | | | | 2.790E-01 |
| Locus D3S1358 Allele 3 | | | | | | | | | |
| S98-1498 12B 9/10/98 K | 16 | N/A | N/A | | | | | | 3.230E-01 |
| Locus D3S1358 Allele 4 | | | | | | | | | |
| S98-1498 12B 9/10/98 K | 17 | N/A | N/A | | | | | | 2.180E-01 |
| Locus D3S1358 Allele 5 | | | | | | | | | |
| S98-1498 12B 9/10/98 K | 18 | N/A | N/A | | | | | | 4.600E-02 |

Probability for Locus D3S1358 = 9.683E-01

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus VWA Allele 1 | | | | | | | | | |
| S98-1498 12B 9/10/98 K | 15 | N/A | N/A | | | | | | 2.200E-01 |
| Locus VWA Allele 2 | | | | | | | | | |
| S98-1498 12B 9/10/98 K | 16 | N/A | N/A | | | | | | 2.690E-01 |
| Locus VWA Allele 3 | | | | | | | | | |
| S98-1498 12B 9/10/98 K | 17 | N/A | N/A | | | | | | 1.690E-01 |
| Locus VWA Allele 4 | | | | | | | | | |
| S98-1498 12B 9/10/98 K | 19 | N/A | N/A | | | | | | 8.400E-02 |

Probability for Locus VWA = 5.506E-01

C000571

Fixed Bin, Mixture Formula
Database: F:\CODISII\POPDATA\il\str loci
User Name: Phil
Boundaries:0     2000      10000
Windows:      >  0.025 < >  0.025  < > 0.025

Specimen:
  S98-1498  12B 9/10/98  K

## Population Group: BLK Continued

| Specimen ID | | | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Locus FGA Allele 1 | | | | | | | | | | | |
| S98-1498 | 12B | 9/10/98 | K 20 | N/A | N/A | | | | | | 4.300E-02 |
| Locus FGA Allele 2 | | | | | | | | | | | |
| S98-1498 | 12B | 9/10/98 | K 22 | N/A | N/A | | | | | | 1.890E-01 |
| Locus FGA Allele 3 | | | | | | | | | | | |
| S98-1498 | 12B | 9/10/98 | K 23 | N/A | N/A | | | | | | 1.890E-01 |
| Locus FGA Allele 4 | | | | | | | | | | | |
| S98-1498 | 12B | 9/10/98 | K 25 | N/A | N/A | | | | | | 1.230E-01 |

Probability for Locus FGA = 2.959E-01

| Specimen ID | | | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Locus D8S1179 Allele 1 | | | | | | | | | | | |
| S98-1498 | 12B | 9/10/98 | K 8 | N/A | N/A | | | | | | 1.300E-02(M) |
| Locus D8S1179 Allele 2 | | | | | | | | | | | |
| S98-1498 | 12B | 9/10/98 | K 13 | N/A | N/A | | | | | | 1.970E-01 |
| Locus D8S1179 Allele 3 | | | | | | | | | | | |
| S98-1498 | 12B | 9/10/98 | K 14 | N/A | N/A | | | | | | 3.330E-01 |
| Locus D8S1179 Allele 4 | | | | | | | | | | | |
| S98-1498 | 12B | 9/10/98 | K 15 | N/A | N/A | | | | | | 2.100E-01 |

Probability for Locus D8S1179 = 5.670E-01

M - The minimum allele frequency was used in the calculation.

C000572

E-FILED
Friday, 04 May, 2007 05:37:12 PM
Clerk, U.S. District Court, ILCD

Fixed Bin, Mixture Formula
Database: F:\CODISII\POPDATA\il\str loci
User Name: Phil
Boundaries: 0       2000        10000
Windows:      >  0.025  < >  0.025   < >  0.025

Specimen:
  S98-1498   12B 9/10/98   K

## Population Group: BLK Continued

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus D21S11 Allele 1 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 28 | N/A | N/A | | | | | | | 2.180E-01 |
| Locus D21S11 Allele 2 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 29 | N/A | N/A | | | | | | | 2.000E-01 |
| Locus D21S11 Allele 3 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 30 | N/A | N/A | | | | | | | 1.610E-01 |
| Locus D21S11 Allele 4 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 31.2 | N/A | N/A | | | | | | | 5.900E-02 |
| Locus D21S11 Allele 5 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 32.2 | N/A | N/A | | | | | | | 6.900E-02 |

Probability for Locus D21S11 = 4.998E-01

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus D18S51 Allele 1 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 11 | N/A | N/A | | | | | | | 1.500E-02 |
| Locus D18S51 Allele 2 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 15 | N/A | N/A | | | | | | | 1.760E-01 |
| Locus D18S51 Allele 3 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 17 | N/A | N/A | | | | | | | 1.640E-01 |
| Locus D18S51 Allele 4 | | | | | | | | | |
| S98-1498  12B 9/10/98  K 18 | N/A | N/A | | | | | | | 1.100E-01 |

Probability for Locus D18S51 = 2.162E-01

3:07 3x-02019-MPM-DGB    #13-8    Page 205 of

Fixed Bin, Mixture Formula
Database: F:\CODISII\POPDATA\il\str loci
User Name: Phil
Boundaries: 0    2000      10000
Windows:    > 0.025 < > 0.025 < > 0.025

Specimen:
 S98-1498   12B 9/10/98   K

## Population Group: BLK Continued

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus D5S818 Allele 1 | | | | | | | | | |
| S98-1498 12B 9/10/98 K 9 | | N/A | N/A | | | | | | 2.000E-02 |
| Locus D5S818 Allele 2 | | | | | | | | | |
| S98-1498 12B 9/10/98 K 10 | | N/A | N/A | | | | | | 7.400E-02 |
| Locus D5S818 Allele 3 | | | | | | | | | |
| S98-1498 12B 9/10/98 K 11 | | N/A | N/A | | | | | | 2.530E-01 |
| Locus D5S818 Allele 4 | | | | | | | | | |
| S98-1498 12B 9/10/98 K 12 | | N/A | N/A | | | | | | 3.250E-01 |
| Locus D5S818 Allele 5 | | | | | | | | | |
| S98-1498 12B 9/10/98 K 13 | | N/A | N/A | | | | | | 2.480E-01 |

Probability for Locus D5S818 = 8.464E-01

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus D13S317 Allele 1 | | | | | | | | | |
| S98-1498 12B 9/10/98 K 11 | | N/A | N/A | | | | | | 2.710E-01 |
| Locus D13S317 Allele 2 | | | | | | | | | |
| S98-1498 12B 9/10/98 K 12 | | N/A | N/A | | | | | | 4.430E-01 |
| Locus D13S317 Allele 3 | | | | | | | | | |
| S98-1498 12B 9/10/98 K 13 | | N/A | N/A | | | | | | 1.410E-01 |

Probability for Locus D13S317 = 7.310E-01

| Specimen ID | Allele Type | Lo Win | Hi Win | Lo Bin | Hi Bin | Lo Bin Frequency | Hi Bin Frequency | Bin Used | Frequency |
|---|---|---|---|---|---|---|---|---|---|
| Locus D7S820 Allele 1 | | | | | | | | | |
| S98-1498 12B 9/10/98 K 9 | | N/A | N/A | | | | | | 1.180E-01 |
| Locus D7S820 Allele 2 | | | | | | | | | |
| S98-1498 12B 9/10/98 K 12 | | N/A | N/A | | | | | | 9.400E-02 |
| Locus D7S820 Allele 3 | | | | | | | | | |
| S98-1498 12B 9/10/98 K 13 | | N/A | N/A | | | | | | 3.500E-02 |

Probability for Locus D7S820 = 6.101E-02

C000574


S98-1498
K3

Fixed Bin, Mixture Formula
Database: F:\CODISII\POPDATA\il\str loci
User Name: Phil
Boundaries:0     2000      10000
Windows:     >  0.025  < >  0.025   < >  0.025

Specimen:
  S98-1498  12B 9/10/98   K

**Probability for Population Group BLK 3.65E-04 = 1 in 2,740.**

C000575

Page: 1 Document Name: CLARA TEAGUE-THURMAN

VIEW 1.7 BROWSE - AS252R0300 --- REC 0025720 PG 0000470.048 LOCK 00 COL 001 080
COMMAND ===>                                              SCROLL ===> PAGE
     ACCOUNT      TRML  SWT  TERMINAL  TRAN   TRAN    CARD ACCOUNT    TRANSACTION
     NUMBER       NBR   NBR  RECEIPT   TIME   CODE     NUMBER          AMOUNT
TRAN DATE: 02/25/98

    5211194476   2611        8112  005222   420   4430017700038413       30.00

Page: 1 Document Name: CLARA TEAGUE-THURMAN

VIEW 1.7 BROWSE - AS252R0300 --- REC 0025720 PG 0000470.048 LOCK 00 COL 012 091
COMMAND ===>                                              SCROLL ===> PAGE
T    TRML  SWT  TERMINAL  TRAN   TRAN    CARD ACCOUNT    TRANSACTION    FRC  REV
     NBR   NBR  RECEIPT   TIME   CODE     NUMBER          AMOUNT        IND  IND
02/25/98

4476 2611        8112  005222   420   4430017700038413       30.00

02/24/98

02/25/98

02/25/98

02/24/98

Term 2611 B? 140

C00057b

SCHEDULE

OFFICE Champaign

LINE 11

WEEK OF: 2-23-98

AVERAGE TRANSACTIONS PREVIOUS MONTH:

| TELLER / DATE | MONDAY 2-23 | TUESDAY 2-24 | WEDNESDAY 2-25 | THURSDAY 2-26 | FRIDAY 2-27 | SATURDAY 2-28 | SUNDAY 3-1 | TOTAL ACTUAL | TOTAL PAID | LINE |
|---|---|---|---|---|---|---|---|---|---|---|
| | 135 | 110 | 100 | 125 | 210 | 70 | | | | |
| Sarah | 7:15 Split | 7:15-4:15 | 7:15-6 | 9-6 | 7:15-4:15 | off | | 40.00 | | |
| Debbie | 9-6 | off | 7:15-6 | 7:15-6 | 9-6 | 7:45-12 | | 39.00 | | |
| Jo | off | 7:15-6 | 9-6 | 7:15-4:15 | 9-6 | 7:45-12 | | 39.00 | | |
| Laura | 7:15-4:15 | 12-6 | off | off | 7:15-12 | off | | 18.75 | | |
| TOTAL FTE HOURS | 24.00 | 24.75 | 24.00 | 26.75 | 28.75 | 8.50 | | | | |
| AVG TRANS PER HR | 5.63 | 4.44 | 4.17 | 4.67 | 7.30 | 8.24 | | | | |

Branch #:

Video Security Tape Log

| Tape No. | Date In | Date Out |
|---|---|---|
| 29 | 9-2-98 | 7/30/97 12-8-78 9-9-98 |
| 30 | 7/30/97 12-8-98 9-6-98 | 5-1-97 10-55-98 09-6-98 |

←

MAR 01 '99 10:39AM ISP SPFLD LAB

*Kit opened & preserve blood standard on filter paper and in 2 tubes. Kit resealed w/BET and placed in freezer. 3/12/98 dc*

# ILLINOIS STATE POLICE
### Division of Forensic Services and Identification
### Bureau of Forensic Sciences

## WHOLE BLOOD GROUPING RESULTS

| Whole Blood No. 4153 | Item No. #1A | *SU also #1B,1C+1D* | Case No. S98-1724 |
|---|---|---|---|

**Packaging**
#1 = SA Kit std w/red et cl+i, containing 2 red top tubes *(#1C+#1D)* an env. w/ blood on FP = 1A + *env. w/* head hair combings = 1B all env. std

| Living | Deceased | Unknown |
|---|---|---|

| Name  Denrico Holteclaw | | | | Race | |
|---|---|---|---|---|---|
| **Quantity** | **Clotted** | **Unclotted** | **Lysed** | **Putrid** | **Notes** |
| 2  Red Top | ~7ml each | | | | *NAC* |
| Purple Top | | | | | |
| Other-FP | | | | | |

| Antiserum | Results | Repeat | Cells | Results | Repeat | Proteins | Results | Run # |
|---|---|---|---|---|---|---|---|---|
| A | | | A1 | | | ESD | | |
| A1 | | | A2 | | | PGM | | |
| A,B | | | B | | | GLO | | |
| B | | | O | | | EAP | | |
| H | | | Auto | | | ADA | | |
| | | | Group | *Phenotype* | | AK | | |
| Le^a | | | ABO | | | Hp | | |
| Le^b | | | Lewis | | | Gc | | |
| | | | | | | Tf | | |
| **Stain Check** | | | | | | Hb | | |
| A | B | H | OA | OB | 1/2A | Results | CAII | |
| | | | | | | | PEP A | |

*Env says "combings" no comb present*

| **Lattes** | | | | | |
|---|---|---|---|---|---|
| A1 | A2 | B | O | Results | |

#1B = apparent pulled head hairs ~39, insuff amount for comparison std env. w/ blue et 3-19-98

| Date Typed  3-19-98 | |
|---|---|
| Analyst  SSP | |

*These stds are to be compared to Ex's in S98-1498*

**Remarks:**
ppffa heat std in plastic, labeled as Ex #1A1 + stored in LN2

**Repackaging:**
std empty env. w/ blue et + placed back in kit

**Date:** 3-19-98

**Analyst:** SSP

IL 493-0347

~~std mailed Ex #1B to FSC on 3-31-98~~
yes std mailed EV #1B 4-1-98

ISP 6-223 (5/92)

C000579

# ILLINOIS STATE POLICE
### Division of Forensic Services
### Springfield Forensic Science Laboratory
### 2040 Hill Meadows Drive
### Springfield, Illinois 62702-4696
#### (217) 782-4975 (Voice) * 1-(800) 255-3323 (TDD)

Jim Edgar
*Governor*

July 9, 1998

Gene P. Marlin
*Acting Director*

Lieutenant Nearing
Champaign Police Department
82 East University Ave
Champaign, IL 61820

Laboratory Case #S98-001498
BCSS Case #MM98-1688-9-1
Agency Case #798-002383

OFFENSES: Arson/Attempted Murder
SUSPECT: Dedric T. Moore
VICTIM: Lori K. Hansen

The following evidence was received from Roberta Johnson by the Springfield Forensic Science
Laboratory on March 4, 1998:

| EXHIBIT | DESCRIPTION | FINDINGS |
|---|---|---|
| 16 | Bra | Petroleum product characteristic of gasoline. Medium petroleum product also found. Examples of medium petroleum product are some charcoal starters, mineral spirits, paint thinners, and some torch fuels. |
| 17 | Carpeting | No ignitable liquids were found. |
| 18 | Carpeting | Petroleum product characteristic of gasoline. Medium petroleum product also found. Examples of medium petroleum product are some charcoal starters, mineral spirits, paint thinners and some torch fuels. |

## EVIDENCE DISPOSITION:
The above evidence will be retained in the laboratory evidence vault and should be picked up within thirty
days.

If you have any questions regarding this report, please call me.

Respectfully submitted,

*Paula J. Cardosi*

Paula J. Cardosi
Forensic Scientist

cc: Crime Scene Investigator Michael L. Kyrouac

C00058

 

# ILLINOIS STATE POLICE
### Division of Forensic Services
### Forensic Sciences Command

## FIRE DEBRIS WORKSHEET

Source: _Ann  Mulder 3-4-98_    Date Examined _6-25-98_    Case No. _S98-1498_

PCE1
AC in can 6-25-98

| EXHIBIT # | PACKAGE & CONDITION | CONTENTS & DESCRIPTION | METHOD | RESULTS | NOTES |
|---|---|---|---|---|---|
| #16 | Sealed qt can labeled Case 798-2383 Exhibit #37 ''' bra Bar code label S98-1498.16 | Bra | PCE1 GC-FID GC-MSD | gasoline + MPD | odor not recognized |

MARKINGS: Can & lid marked #16 S98-1498 psc 3-4-98

| #17 | Sealed qt can labeled Exhibit #38 Case No 798-2383 ''' rug sample #2 Bar code label S98-001498.17 | rug (carpeting) | PCE1 GC-FID GC-MSD | Negative | odor not recognized |

MARKINGS: Can & lid marked #17 S98-1498 psc 3-4-98
Reopened can 7-9-98 and resealed same date

| #18 | Sealed qt can labeled Exhibit #39 Case No 798-2383 ''' rug sample Bar code label S98-001498.18 | piece of rug of carpeting | PCE1 GC-FID GC-MSD | gasoline + MPD | g-k-DF type odor faint — when I removed the AC packet odor more of mineral spirit type |

MARKINGS: Can & lid marked #18 S98-1498 psc 3-4-98

**CONDITION:**
Sealed - S
Closed/No seals - NS

**PACKAGE:**
Jar - J
Plastic bag - P
Paper bag - B
Envelope - E
Pint can - PC
Quart can - QC
Gallon can - GC

**CONTENTS:**
Debris - D          Glass - G
Cloth - C            Tile - T
Foam Rubber - F
Liquid - L
Paper - P
Rug/Carpet - R
Soil/Dirt - S
Wood - W
Carpet pad - CP

**METHOD:**
Headspace - H
Solvent Extract - SE
Liquid - L
Active char. elution - ACE
Passive char. elution - PCE
Gas Chromatography - GC
Gas chrom/Mass spec - GCMS

**RESULTS:**
Gasoline - G
Light Petroleum Distillate - LPD
Medium Petroleum
    Distillate - MPD
Light Petroleum
    Product - LPP
Heavy Petroleum
    Distillate - HPD
Unident. Petroleum
    Distillate - UPD
Negative - (-)
Inconclusive - I
Used for Comparison - UFC
Isoparaffin - ISO

Repackaging: _original_    Date:    Analyst: _Paula J. Cardos_

**STATUS/CONVERSATION RECORD**

SECTION _TRACE_                                                    CASE # _S98- 1498_

OTHER SECTIONS ____/____/____/____/____/

Enter transfers to other labs on the master file

|  | ORIGINAL | | SUPPLEMENTAL | |
|---|---|---|---|---|
| Administrative Review: | date _1-9-98_ | by _pA_ | date _____ | by _____ |
| Technical Review | date _7/9/98_ | by _ETY_ | date _____ | by _____ |

|  | SUPPLEMENTAL | | SUPPLEMENTAL | |
|---|---|---|---|---|
| Administrative Review: | date _____ | by _____ | date _____ | by _____ |
| Technical Review | date _____ | by _____ | date _____ | by _____ |

SUPERVISORY REVIEW _____

| DATE/ TIME | INDIVIDUAL/AGENCY DISCUSSED WITH | COMMENTS/ FOLLOW-UP | INITIALS |
|---|---|---|---|
| 23-98 2:10 PM | Det. Don Shepard - I conveyed lab policy to him re not processing scene items to scene items for trace evidence. He said to go ahead and release items to latents for their processing. He indicated suspect may have had something on his hands (cotton socks or gloves(?) when he handled the knives. pA (tape exam) | | |

# CURRICULUM VITAE

| | |
|---|---|
| **NAME:** | KEVIN L. ZEEB |
| **PRESENT EMPLOYER:** | Illinois State Police<br>Forensic Sciences Command |
| **BUSINESS ADDRESS:** | Morton Forensic Science Laboratory<br>1810 South Main Street<br>Morton, Illinois  61550 |
| **BUSINESS TELEPHONE:** | 309-263-7491<br>Fax 309-263-8424<br>E-mail ZEEBKEV@ISPHOST.STATE.IL.US |
| **PRESENT POSITION:** | Forensic Scientist III (Specialized in the field of forensic biology and DNA Analysis.) |
| **CURRENT DUTIES:** | Analyze bloodstains and other physiological fluid stains; conduct DNA genetic marker analysis; prepare written reports on results of examinations; testify in court when called upon.<br><br>Forensic Biology Advisory Committee Member  9/89 to 1/91 and 8/92 to present<br><br>Forensic Biology Quality Assurance Coordinator 1/1/95 to 5/2/95<br><br>DNA Quality Assurance Assistant 3/97 to 11/97<br><br>Bloodborne Pathogen Instructor for Morton Laboratory Staff |
| **EDUCATION:** | 1980 Graduate, McKendree College, Lebanon, Illinois,<br>B.S. Degree in Biology with a Chemistry minor.<br><br>1976 Graduate, Lebanon Community High School, Lebanon, Illinois<br><br>1982 Emergency Medical Technician |
| **PROFESSIONAL EXPERIENCE:** | 8/91 to Present    Forensic Scientist III<br>Illinois State Police<br>Forensic Sciences Command<br>Morton, Illinois<br><br>6/89 to 8/91    Forensic Scientist II<br><br>8/88 to 6/89    Forensic Scientist I<br><br>6/86 to 8/88    Forensic Scientist Trainee (Serology)<br>Illinois State Police<br>Forensic Sciences Command<br>Carbondale, Illinois<br><br>12/80 to 6/86    Laboratory Technician<br>St. Joseph's Hospital<br>Breese, Illinois |

C000583

Curriculum Vitae                                                              Page 2
Kevin L. Zeeb

| | |
|---|---|
| **PROFESSIONAL, ACADEMIC AND**<br>**SCIENTIFIC SOCIETIES:** | American Academy of Forensic Sciences<br>Midwestern Association of Forensic Scientists<br>International Association of Blood Pattern Analysts |

**ADDITIONAL TRAINING RECIEVED**
**OR PROFESSIONAL MEETINGS ATTENDED:**

| | |
|---|---|
| Forensic Science Program<br>College of Pharmacy<br>University of Illinois at Chicago | Workshop "Forensic DNA Population Genetics"<br>Dr. Ranajit Chakraborty<br>5/20/98 |
| American Academy of Forensic Sciences<br>50th Anniversary Meeting<br>San Francisco, California | Workshop "The Science of Forensic STR Analysis and<br>Data Interpretation"<br>Chairman Dr. Ron Fourney<br>2/10/98 |
| American Registry of Pathology,<br>Armed Forces Institute of Pathology and<br>Federal Bureau of Identification;<br>Illinois State Police - Host<br>Chicago, Illinois | "Second Joint Conference on DNA Databanks and Repositories"<br>12/7-10/1997 |
| Illinois State Police<br>Research and Development<br>Springfield, Illinois | Visiting Scientist program involving participation in validation<br>studies of the Perkin Elmer ABI 310 Capillary Electrophoresis<br>Instrument with Perkin Elmer's "Ampf∂STR Profiler Plus"<br>PCR Amplification Kit<br>11/97 to 4/98 |
| Illinois State Police<br>Forensic Sciences Command<br>Chicago, Illinois | Midwestern TWGDAM Meeting and Forensic STR Seminar<br>Instructor Sean Walsh, Perkin Elmer, Applied Biosystems<br>June 19-20, 1997 |
| Promega Corporation & Hitachi Software<br>Engineering, Madison, Wisconsin | "DNA Typing with STRs" Workshop<br>Fluorescent Detection<br>Promega Instructors - Rick Salatino & Angu Bhalia<br>Hitachi Instructors - Warner Yuen & Mike Malkovich<br>4/15 and 4/16/97 |
| Illinois State Police<br>Research & Development Laboratory<br>Springfield, Illinois | Visiting scientist program involving supervised DNA casework,<br>assisting the R&D staff with research projects and receiving<br>DNA PCR training in STR systems. Databased Hispanic<br>samples in CTTv Multiplex System.<br>R&D Coordinator William Frank and Forensic Scientist David<br>Metzger; 9/96 to 10/97. |
| Illinois State Police<br>Forensic Science Laboratory<br>Morton, Illinois | DNA, PCR Amplification and Typing in the D1S80 System.<br>R&D Coordinator William Frank; 3/96 to 9/96. |

Revised 2/25/99

C000584

Curriculum Vitae                                                                                      Page 3
Kevin L. Zeeb


**ADDITIONAL TRAINING RECIEVED**
**OR PROFESSIONAL MEETINGS ATTENDED: (Continued)**

Illinois State Police
Forensic Science Laboratories
Morton & Joliet, Illinois

DNA, PCR Amplification and Typing Training in the Forensic
Amplitype Polymarker (PM) and HLA DQa systems.
DNA Coordinator Pamela Fish; 4/95 to3/96.

Laboratory Corporation of America
(Lab Corp - Formerly Roche Biochemical)

Two Week Visiting Scientist Program
directed by Dr. Marcia Eisenberg and assisted by

Forensic Identity Testing Unit
Center for Molecular Biology & Pathology
Research Triangle Park, North Carolina

Forensic Scientists Meghan Clement and Anita Matthews.
2/5/96 through 2/16/96

M.A.F.S. Sponsored Workshop
Executive Inn
Paducah, Kentucky

"Introduction to Mitochondrial DNA"
by FBI Special Agent Joe Di Zinno
10/17/95

Perkin-Elmer Corp., Applied
Biosystems Division
Foster City, California

Forensic Amplitype PM and HLADQA$_1$,
PCR Amplication and Typing Workshop
(Judy Allen and Frank Stephenson)
4/10/95 to 4/18/95

M.A.F.S Sponsored Workshop
Hilton Inn, Cleveland, Ohio

"DNA Testimony - Views from the Prosecution
(James R. Wooley) and Defense (Paul C. Giannelli)"
10/11/94

M.A.F.S. Sponsored Workshop
Clarion Hotel
Farmington Hills, Michigan

"Introduction to Forensic DNA Technology for the
Serologist: An Overview of DNA Analysis Methods,
Population Genetics and Legal Issues"
Instructed by Dr. Sam Baechtel, from the FBI
5/24/94 to 5/27/94

University of Illinois, College of
Medicine at Peoria

"Child Abuse: Serious Injury and and Death Cases"
by Dr. Mary Jumbelic
4/29/94

Illinois Division of the International
Association for Identification
East Peoria, Illinois

Clandestine Laboratory Seminar
12/13/93

Southern Illinois Criminal Justice Training
Program
John A. Logan College
Carterville, Illinois

"Entomological Evidence from Death Scenes"
by Dr. Neal H. Haskell
11/16/93

Central Illinois Police Training Center
Illinois Central College
East Peoria, Illinois

Forensic Pathology Seminar
5/14/93


Revised 2/25/99

C000585

Curriculum Vitae                                                                                      Page 4
Kevin L. Zeeb

## ADDITIONAL TRAINING RECIEVED
## OR PROFESSIONAL MEETINGS ATTENDED: (Continued)

| | |
|---|---|
| Illinois State Police Academy<br>Springfield, Illinois | CPR Instructors Course<br>3/16/93 through 3/19/93 |
| Illinois State Police<br>Lincoln Land Community College<br>Health and Wellness Center<br>Springfield, Illinois | Bloodborne Pathogens Standard<br>10/7/92 and 10/8/92 |
| Bradley University<br>Peoria, Illinois | Biochemistry Class<br>(Instructed by Dr. Elseth)<br>1/22/92 to 5/8/92 |
| Bradley University<br>Peoria, Illinois | Cell Molecular Biology Class<br>(Instructed by Dr. Elseth)<br>8/28/91 to 12/16/91 |
| Illinois State Police<br>Springfield, Illinois | Safe Handling and Use of Radioisotopes<br>(Instructed by John Hollcomb, Radiation Safety Officer,<br>Springfield SIU School of Medicine)<br>6/26/91 |
| Illinois State Police<br>Sangamon State University<br>Springfield, Illinois | ELISA In-Service Training Course pertaining to ABO<br>and Lewis typing and P30 identification<br>(Instructed by Dr. Steven Fletcher)<br>5/13/91 to 5/17/91 |
| The 2nd International Symposium on Human<br>Human Identification, Sponsored by<br>Promega Corporation<br>Madison, Wisconsin | New technologies, proficiency testing, intralaboratory<br>databases and other current issues in DNA typing<br>4/10/91 to 4/12/91 |
| Illinois Central College<br>East Peoria, Illinois | Photography I class (Art 140)<br>(Instructed by Bob Moulton)<br>8/21/90 to 12/10/90 |
| International Symposium on Human<br>Identification, Sponsored by Promega Corp.<br>Madison, Wisconsin | Data Acquisition and Statistical Analysis for DNA Laboratories<br>11/30/89 to 12/1/89 |
| Illinois State Police<br>Sangamon State University<br>Springfield, Illinois | DNA Workshop (Instructed by Dale Dykes)<br>3/13/89 to 3/17/89 |
| Central Illinois Police Training Center<br>Illinois Central College<br>East Peoria, Illinois | FBI DNA Telecommunications Program via the<br>Law Enforcement Satellite Training Network<br>2/8/89 |

Revised 2/25/99

Curriculum Vitae
Kevin L. Zeeb

Page 5

## ADDITIONAL TRAINING RECIEVED
## OR PROFESSIONAL MEETINGS ATTENDED: (Continued)

Illinois State Police
Sangamon State University
Springfield, Illinois

Immunoblotting & Whole Blood ABO Typing by Tube
7/11/88 to 7/15/88

Illinois State Police
University of Illinois
Chicago, Illinois

Back to Basics Workshop
7/20/87 to 7/24/87 Chicago Circle Campus

Illinois State Police
Southern Illinois Forensic Science Laboratory
Carbondale, Illinois

Stab Hole Interpretation Workshop
5/7/87 to 5/8/87

Midwestern Association of Forensic Scientists
Southern Illinois University School of Medicine
Springfield, Illinois

Forensic Pathology Seminar
10/8/86

Illinois Department of State Police
Southern Illinois Forensic Science Laboratory
Carbondale, Illinois

Physical Match
9/18/86 to 9/19/86

Minnesota Forensic Science Laboratory
St. Paul, Minnesota

Bloodspatter Workshop
9/8/86 to 9/19/86

Illinois Department of State Police
Sangamon State University
Springfield, Illinois

Gm Typing Workshop
7/21/86 to 7/25/86

## TEACHING EXPERIENCE:

CPR Instructor 1982 to 1990, and 1993 to 1995

Workshop "The Importance of Clean Technique in Proper Collection, Handling and Preservation of DNA Evidence"
9/24/97, 10/29/97, 11/12/97

Workshop for ISP Division of Operations "Forensic Applications of DNA," 11/12/98 and 11/13/98

## LECTURES GIVEN:

Greater Peoria Claims Association
C/O Paul Gilfillan
Par-A-Dice River Boat Casino

"The Use of DNA Analysis in Forensic Biology"
11/21/95

Central Illinois Science Exchange Meeting
Science Morton High School
C/O Shirley Hildebrand

"A Look at Various DNA Technologies used in the Forensic Field"
10/03/95

Revised 2/25/99

C000587

Curriculum Vitae
Kevin L. Zeeb

Page 6

## LECTURES GIVEN: (Continued)

| | |
|---|---|
| Illinois Clinical Laboratory Science<br>Association Spring Meeting 4/26-4/28<br>C/O Kim Garcia<br>Packard Plaza Banquet Center<br>Peoria, Illinois | "Preparing To Be An Expert Witness"<br>4/27/95 |
| ICC Pre Law Enforcement/Investigations Class<br>C/O Walter Kryszak<br>Dirkson Hall, Room #1<br>East Peoria, Illinois | "Microscopy, Forensic Biology and DNA Analysis"<br>9/22/94 |
| State Farm Corporate Law Secretaries<br>C/O Alicia Miller, Corporate Headquarters<br>Bloomington, Illinois | "The Exciting Field of Forensic Science"<br>9/15/94 |
| El Paso Kiwanis Club<br>C/O Marshal Neisler<br>Elms Restaurant<br>El Paso, Illinois | "The Exciting Field of Forensic Science"<br>8/22/94 |
| Peoria County State's Attorney's Office<br>C/O ASA Albert Purham<br>Peoria, Illinois | "Presentation on Bodily Fluids"<br>08/11/94 |
| Bradley University<br>Law Enforcement Students<br>Peoria, Illinois | "Forensic Biology Analysis and the Increasing Use<br>of DNA Analysis"<br>4/20/94 |
| Bradley University<br>Med Tech Students<br>Peoria, Illinois | "The Exciting Field of Forensic Science"<br>11/30/93 |
| Western Illinois Training Unit<br>Hawthorne Centre<br>Galesburg, Illinois | "Pathogens and Evidence Transmissions"<br>6/16/93 |
| International Association of<br>Identification (I.A.I.) Conference<br>Holiday Inn<br>East Moline, Illinois | "An Overview of Forensic DNA Analysis and its<br>Usefulness to Law Enforcement"<br>4/20/93 |
| Illinois State Police<br>Morton Forensic Science Laboratory<br>Morton, Illinois | Bloodborne Pathogen Training<br>3/29/93 and 3/30/93 |

Revised 2/25/99

Curriculum Vitae                                                                                    Page 7
Kevin L. Zeeb


## LECTURES GIVEN: (Continued)

Bradley University                              "Forensic Biology Analysis"
Law Enforcement Students                        10/28/92
Peoria, Illinois


Western Illinois University                     "Take Back the Night", a panel discussion concerning
Students at Large                               sexual assaults
Macomb, Illinois                                10/21/91


Bradley University                              "Conventional Serological Analysis Versus DNA Analysis"
Law Enforcement Students                        4/5/90
Peoria, Illinois


Illinois State University Medical               "A Career in Forensic Serology"
Technology Club                                 1/24/90
Normal, Illinois


Consortium of Clinical Laboratory               Career Options Panel
Science Programs in Illinois                    "The Flexibility of an MT Baccalaureate Degree
Illinois Central College                        Towards the Field of Forensic Serology"
East Peoria, Illinois                           11/10/89


Illinois Medical Technology Association         "Scientific Procedures and  Techniques Conducted
Peoria Branch                                   in Forensic Serology"
Peoria, Illinois                                11/9/89


Brokaw Hospital Emergency Room Staff            "Proper Collection and Preservation of Physical
Normal, Illinois                                Evidence Obtained Through the Emergency Room"
                                                7/24/89


Illinois Medical Technology Association         "A Career in Forensic Serology"
1989 Spring Meeting                             4/26/89
Peoria, Illinois


## TESTIMONY RECORD:

Testified 58 times as of 2/10/99.

Testified three times for the defense:          P90-1511; Rock Island County
                                                P93-2314; Mercer County
                                                C93-1680; Jackson County (DNA)


Revised 2/25/99

C000589

Curriculum Vitae                                                                    Page 8
Kevin L. Zeeb

**TESTIMONY RECORD:** (Continued)

Testified in the following counties:

| Williamson | Knox |
|---|---|
| Jackson | Putnam |
| Rock Island | McDonough |
| McLean | Woodford |
| Henry | Fulton |
| Iroquois | Hancock |
| Cook, Dist #6 | Bureau |
| Warren | Livingston |
| Kankakee | Mercer |
| Peoria | Tazewell |
| Sangamon | |

**HONORS AND FELLOWSHIPS:**

American Legion Award
Daughters of American Revolution (DAR) Award
Who's Who Among American High School Student's
        "Best All Around"
National Honor Society
Distinguished Service Award - 2/23/97
        Presented by Peoria Police Department
Certificate of Recognition - 10/16/98 by ISP Director Marlin
        Presented by Bureau Chief Sheppo on 12/1/98

Revised 2/25/99

C000590



# ILLINOIS STATE POLICE
*Division of Forensic Services*

February 25, 1999

George H. Ryan
*Governor*

Sam W. Nolen
*Director*

LT HOLLY NEARING
CHAMPAIGN POLICE DEPARTMENT
82 E UNIVERSITY AVE
CHAMPAIGN IL 61820

Agency # 7982383

Laboratory # S98-1724
(Reference Laboratory #S98-1498)

**OFFENSE:**    Aggravated Arson/Attempted Murder
**VICTIM(S):**   Lori K. Hansen
**SUSPECT(S):**  Donrico Holtzclaw

The evidence listed below was received from Forensic Scientist Dana Pitchford on
December 10, 1998:

## EXHIBIT      DESCRIPTION

1A1A        Blood standard:  Donrico Holtzclaw

## RESULTS

DNA from Exhibit 1A1A was amplified using the Polymerase Chain Reaction (PCR) and
profiled at the following loci: D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818,
D13S317, D7S820 and Amelogenin.

The profile identified was compared to Exhibits 12B and 31A from Laboratory #S98-1498.

Donrico Holtzclaw can be excluded as having contributed to the mixture of DNA profiles
identified in Exhibit 12B of Laboratory #S98-1498 (piece of black stocking).

The DNA profile of Donrico Holtzclaw does not match the DNA profile identified in Exhibit
31A of Laboratory #S98-1498 (swabbing of blood stain on piece of glass).

## CONCLUSIONS

Donrico Holtzclaw could not have contributed to the mixed DNA profiles identified in Exhibit
12B of Laboratory #S98-1498 (piece of black stocking).

Continued...

C000591

Champaign Police Department                    Laboratory #S98-1724
February 24, 1999                              (Reference Laboratory # S98-1498)
                                               Page #2


The blood identified in Exhibit 31A of Laboratory #S98-1498 (swabbing of piece of glass) could
not have originated from Donrico Holtzclaw.

**REQUESTS**

For results of previous biological examinations, refer to the report dated April 1, 1998, by
Forensic Scientist Dana Pitchford (Laboratory #S98-1498).   For results of previous DNA results,
refer to my report dated September 10, 1998 (Laboratory #S98-1498).

**EVIDENCE DISPOSITION**

DNA evidence will be maintained in the laboratory evidence vault until such time as the case has
been adjudicated or the evidence is required by the agency.

If you have any questions, please don't hesitate to contact me.

                              Respectfully submitted,


                              Kevin L. Zeeb
                              Forensic Scientist

KLZ:a
cc: Springfield Forensic Science Laboratory
     CSI Michael Kyrouac

# ILLINOIS STATE POLICE
### Forensic Sciences Command

S98 - 1724    ①

## DNA Coversheet

Case # <u>S98-1724</u> / <u>S98-1498</u>      ReF #

Analyst <u>KL3</u>

Analyst ID <u>256</u>

Completed <u>2/5/99</u>

Proofed By <u>Dr</u>

Date <u>2-25-99</u>

Case Status <u>D</u>

Command TAT <u>5</u>

Section TAT <u>5</u>

**Case Type:**

Probative Match _____

Open Profile _____

Parentage _____

Remains ID _____

**Examination Type:**

Total <u>1</u>

STR 1 <u>✓</u>

STR 2 _____

Extractions <u>2</u>

Quants <u>2</u>

Total Number of Pages in File <u>15 pages + 2 page (Report 2/25/9</u>

Evid rec'd 12/10/98     Analysis began 12/10/98     Analysis completed 2/5/99

C000593

S98 -1724
S98 - 1498

photocopied 12/10/98

Illinois State Police

S98-001724:1A1A
12/10/1998

DSP

1A1A ) S98-1724
12-10-98
KLB

C000594

④

# ILLINOIS STATE POLICE
### Division of Forensic Services
### Forensic Sciences Command

## LABORATORY WORKSHEET

Date Examined: _12-10-98_

Case No.: _S98-1724 / S98-1498_

Exhibit/Item: 1A1A | Blood std of Omerico Holtzclaw

Source/Date Received: F.S. Dana S. Pitchford / 12-10-98

Description of Package: Sld manila coin env.

Description of Markings as Received: }
Laboratory Marks: } See photocopy of exhibit

Laboratory Examination:

Sld m.c. Env. contains small zip lock plastic baggie which contains one piece of white blotter paper with two circles stained with blood.

<u>Approx sketch</u>



¼ of blood stain excised for DNA extraction

Conclusions:

Repackaging: _orig pkg. sld w/ E.T. (blue)_ Date: _12-10-98_ Analyst: _KLB_

IL 493-0430

# YIELD GEL WORKSHEET

Case # S98-1724     Analyst KLZ     Date 12-11-98

| Lane | Sample | Resolub. Volume (µL) | DNA (ng / 4 µL) | DNA (ng / 1 µL) |
|------|--------|----------------------|-----------------|-----------------|
| **Cathodal Origin** | | | | |
| 1 | λ DNA Dilution Series | | 125 | |
| 2 | | | 63 | |
| 3 | | | 31 | |
| 4 | | | 15 | |
| 5 | | | 8 | |
| 6 | | | 4 | |
| 7 | 1A1A        neat | 100 µl | ~ 8 | ~ 2.0 |
| 8 | 1A1A      1:10 | 40 µl | < 4 | < 1.0 |
| 9 | Rfm Blank | 100 µl | ND | — |
| 10 | | | | |
| 11 | | | | |
| 12 | | KLZ | | |
| 13 | | | | |
| 14 | | | | |

| Lane | | | | |
|------|--|--|--|--|
| **Middle Origin** | | | | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | KLZ | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |

S98-1724



#665   F 4.5  5 sec          12-11-98   KLZ

ND= Not detected

☑ Amicon      ☐ Ethanol

C000596

# SLOT BLOT WORKSHEET

Case # _S98-1724_    Analyst _KLZ_    Date _12-11-98_    A.m. run

Key: _____Sample_____    Note _This complete slot blot Inconclusive. Very weak results obtained_
μL loaded | reading    _especially in 1.25 → 0.15 slots & col II. We repeated in p.m. -see p.m. run_

| Standards (ng) | | | | | |
|---|---|---|---|---|---|
| A   10 | Calibrator 1<br>5 - 2.5 ng | Cal I repeat<br>_____<br>\| | _____<br>\| | _____<br>\| | _____<br>\| |
| B   5 | Calibrator 2<br>0.6 - 0.31 ng | Cal II repeat<br>_____<br>\| | _____<br>\| | _____<br>\| | _____<br>\| |
| C   2.5 | 1A1A<br>Neat<br>1 µl  \| | \| | KLZ<br>\| | \| |  |
| D   1.25 | 1A1A<br>1:10<br>1 µl  \| | \| | \| | \| |  |
| E   0.6 | 1A1A<br>1:10<br>2 µl  \| | KLZ \| | \| | . \| |  |
| F   0.3 | 1A1A<br>1:10<br>3 µl  \| | \| | \| | \| |  |
| G   0.15 | 1A1A<br>1:10<br>4 µl  \| | \| | \| | \| |  |
| H   Blank | R/m Blank<br>Neat<br>20 µl  \| | \| | \| | \| |  |

598-7924
12-11-98 Am
ug/sml

10
5.0
2.5
1.25
0.6
0.3
0.15
Blank

Inconclusive - Repeated in p.m. - see p.m. results

C000598

# SLOT BLOT WORKSHEET

'Case # ' S98-1924    Analyst KL3    Date 12-11-98  p m. run

Key: ___Sample___
μL loaded | reading ng

| Standards (ng) | | | | | |
|---|---|---|---|---|---|
| A  10 | Calibrator 1<br>5 - 2.5 ng<br>~ 3.5 (*) | | | | |
| B  5 | Calibrator 2<br>0.6 - 0.31 ng<br>~ 0.5 (*) | | | | |
| C  2.5 | 1A1A<br>Neat<br>1ul \| 1.25 | | | | |
| D  1.25 | 1A1A<br>1:10<br>5ul \| 0.15 | | KL3 | | |
| E  0.6 | 1A1A<br>1:10<br>2ul \| 0.3 | | | | |
| F  0.3 | 1A1A<br>1:10<br>3ul \| 0.6 | | | | |
| G  0.15 | 1A1A<br>1:10<br>4ul \| 0.9 | | | | |
| H  Blank | RJ-Blank<br>Neat<br>20 ul \| ND | | | | |

S98-1724
12-11-98
KB/JAO

p.m. Run

# SAMPLE AMPLIFICATION WORKSHEET: PROFILER PLUS

Case # 598-1724    Analyst KLZ    Date 12-14-98

| Sample | Resolub. Volume (µL) | Yield Gel (ng/µL) | Slot Blot (ng/µL) | Dil'n for Amp. | Amount of DNA (µL) | Amount of $H_2O$ (µL) | Estimated Amount of DNA (ng) |
|---|---|---|---|---|---|---|---|
| 1A1A        Neat | 100 ul | ~2.0 | 1µl = 1.25 |  |  |  | → |
| 1A1A        1:10 | 40 ul | <1.0 | 1µl : 0.15  2µl : .9  3µl : 0.775 |  | 10 | 10 | ~ 1.5 ng |
| Rm Blank | 100 ul | NO | 20 µl = NO |  |  |  | → |
| APC # 9947A |  |  |  |  | 20 | − | ~ 2.0 ng |
| $H_2O$ |  |  |  |  | − | 20 | − |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

*361696-4003

NO = not detected

S98-1724    (11)

ABI PRISM

12-14-98  Positive Control    KLZ   2-5-99
Licensed to Morton Laboratory, Illinois State Police

8:01:29 AM Mon. Feb 8, 1999
Genotyper® 2.1



A5-APC #...4/98  KLZ  3 Blue    APC #9947A   12/14/98   KLZ

| 14 | 17 | 23 |
| 119.33 | 179.05 | 236.33 |
| 3641 | 3493 | 2527 |
| 15 | 18 | 24 |
| 123.32 | 183.08 | 240.30 |
| 3019 | 2896 | 2374 |

A5-APC #...4/98  KLZ  3 Green   APC #9947A   12/14/98   KLZ

| X | 13 | 30 | 15 | 19 |
| 103.37 | 144.61 | 208.72 | 295.14 | |
| 6423 | 7009 | 5616 | 3654 | |
| | | | 312.50 | |
| | | | 3208 | |

A5-APC #...4/98  KLZ  3 Yellow   APC #9947A   12/14/98   KLZ

| 11 | 11 | 10 |
| 148.49 | 216.93 | 272.19 |
| 6378 | 3789 | 1986 |
| | | 11 |
| | | 276.31 |
| | | 1620 |

A5-APC #...4/98  KLZ  3 Red    APC #9947A   12/14/98   KLZ

| 75.00 | 139.00 | 200.00 | 246.23 | 300.00 | 340.00 | 400.00 |
| 100.00 | 150.00 | | | | 350.00 | |
| | 160.00 | | | | | |

✓ KLZ

C000602

S98-1924



12-14-98  Negative Control    KLZ  2-5-99
Licensed to Morton Laboratory, Illinois State Police

8:01:47 AM  Mon, Feb 8, 1999
Genotyper® 2.1

20  40  60  80  100  120  140  160  180  200  220  240  260  280  300  320  340  360  380  400  420  440  460

20  40  60  80  100  120  140  160  180  200  220  240  260  280  300  320  340  360  380  400  420  440  460

A7ANC H2.../14/98  K  4 Blue    ANC H20    12/14/98  KLZ

No Size Data

A7ANC H2.../14/98  K  4 Green    ANC H20    12/14/98  KLZ

No Size Data

A7ANC H2.../14/98  K  4 Yellow    ANC H20    12/14/98  KLZ

400
200

A7ANC H2.../14/98  K  4 Red    ANC H20    12/14/98  KLZ

1000
500

75.00   139.00   200.00   246.10   300.00   340.00   400.00
100.00  150.00           350.00
        160.00

√ KLZ

For research use only        - 1 -        Not for use in diagnostic systems

E-FILED
Friday, 04 May, 2007  05:37:34 PM
Clerk, U.S. District Court, ILCD

ABI
PRISM

S98-1724  1A1A      KLZ   2-5-99
Licensed to Morton Laboratory, Illinois State Police

8:02:49 AM Mon, Feb 8, 1999
Genotyper® 2.1



A9-1A1A ...24   KLZ 5 Blue   1A1A  S98-1724   KLZ

| 16 | 15 | 19 |
| 127.56 | 171.12 | 220.15 |
| 3378 | 3235 | 2597 |
| 17 | 17 | 22 |
| 131.49 | 179.04 | 232.17 |
| 2969 | 2964 | 2448 |

A9-1A1A ...24   KLZ 5 Green   1A1A  S98-1724   KLZ

| X | 8 | 14 | 28 | 12 | 17 |
| 103.34 | 149.13 | 200.80 | | 282.71 | |
| 4007 | 3529 | 3103 | | 3639 | |
| Y | | | 29 | | 303.71 |
| 109.05 | | | 204.59 | | 2860 |
| 3912 | | | 3029 | | |
| 123.57 | | | | | |
| 3409 | | | | | |

A9-1A1A ...24   KLZ 5 Yellow   1A1A  S98-1724   KLZ

| 13 | 12 | 8 |
| 157.09 | 220.97 | 264.01 |
| 6336 | 4021 | 2291 |
| | | 9 |
| | | 268.06 |
| | | 2262 |

A9-1A1A ...24   KLZ 5 Red   1A1A  S98-1724   KLZ

| 75.00 | 139.00 | 200.00 | 246 03 | 300.00 | 340.00 | 400.00 |
| 100 00 | 150.00 | | | | 350.00 | |
| | 160.00 | | | | | |

DNA  std.  of  Donrice Holtzclaw

C000604

ILLINOIS STATE POLICE
DIVISION OF FORENSIC SERVICES
FORENSIC SCIENCES COMMAND
MORTON FORENSIC SCIENCE LABORATORY

STR SUMMARY WORKSHEET: PROFILER PLUS

CASE# S98-1224
INITIALS  KL3
DATE  2-5-99

| Sample | D3S1358 | vWA | FGA | Amelogenin | D8S1179 | D21S11 | D18S51 | D5S818 | D13S317 | D7S820 |
|---|---|---|---|---|---|---|---|---|---|---|
| 1A1A Dorrisco Holtzclaw | 16 17 | 15 17 | 17 22 | X Y | 8 14 | 28 29 | 12 17 | 13 13 | 12 12 | 8 9 |
| 31A (S98-1448) scrubbing of blood stain on piece of glass | 14 15 | 15 | 25 25 | X X | 13 14 | 30 32.2 | 18 | 9 12 | 11 11 | 9 12 |
| 12B (S98-1448) piece of black stocking | 14, 15, 16 17, 18 | 15, 16 17, 19 | 20 22 23 25 | X X X Y | 8 13 14 15 | 28 29 30 31.2 32.2 | 11 15 17 18 | 7 10 11 12 13 | 11 12 13 | 9 13 |
| AG 9947A | 14 15 | 17 18 | 23 24 | X X | 13 13 | 30 30 | 15 15 | 11 11 | 11 11 | 10 11 |



C000605

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | |
| -vs- | ) | NO: 98-CF-1558 |
| | ) | |
| DEDRIC T. MOORE, | ) | |
| Defendant. | ) | |

MAR 0 2 1999

_Linda S. Frank_
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

### AFFIDAVIT OF MAILING

Julie Ogle, being first duly sworn on her oath, deposes and states that she did, at the request of Heidi Ladd, on the 2nd day of March, 1999, deposit a true and accurate copy of the attached Supplemental Discovery and reports in the above-entitled cause in the U.S. Mail at the Post Office in Urbana, Illinois, in an envelope with sufficient postage attached to carry the same to its destination to the following named person at the address below:

Diana Lenik, Attorney at Law, 202 W. Green Street, Urbana, IL

_[signature]_

Subscribed and Sworn to Before Me
this 2nd day of March, 1999

_Johannah Schweighart_
NOTARY PUBLIC

**OFFICIAL SEAL**
**JOHANNAH M. SCHWEIGHART**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 06/30/2002

C000606



**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT** FILED
**CHAMPAIGN COUNTY, ILLINOIS**
SIXTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| **THE PEOPLE OF THE STATE OF ILLINOIS,** | ) | MAR 02 1999 |
| **Plaintiff,** | ) | |
| **-vs-** | ) | No: 98-CF-1558 |
| | ) | |
| **DEDRIC T. MOORE,** | ) | ~Linda~ S. Frerichs |
| **Defendant.** | ) | CLERK OF THE CIRCUIT COURT |
| | ) | CHAMPAIGN COUNTY, ILLINOIS |

## SUPPLEMENTAL DISCOVERY

Now come the People of the State of Illinois by JOHN C. PILAND, State's Attorney of and for the County of Champaign, State of Illinois, and in answer to defendant's motion for discovery respectfully provide the following additional information:

1. Pursuant to Supreme Court Rule 412(a)(1) the People provide the following names and last known addresses of persons who the People intend to call as witnesses:

Lt. Kim Johnston, Champaign County Correctional Center, Keeper of the Records, Urbana, IL

2. The People have items of physical evidence which they may introduce at trial as set forth in the attached reports. These items may be inspected by defense counsel upon reasonable request to the Office of the State's Attorney.

Respectfully submitted,

JOHN C. PILAND
State's Attorney for Champaign County

By: _____

Heidi Ladd
Lead Prosecutor

C000607

*798-2383*



# ity of Champaign

**Police Department**

**82 E. University Avenue**
**Champaign, IL 61820**

## LINE-UP INSTRUCTIONS FOR WITNESSES

1.  You will be asked to look at several persons, who will each be displaying a number.

2.  Look for the features that are permanent.  Disregard any temporary features, such as the length and style of hair,  clothing, jewelry,  and makeup that they may have.

3.  Just because we asked you here does not mean we believe the person we are looking for is in this line-up.

4.  For each line-up that you view, you will be asked whether you can identify one person, if any, from that line-up.

5.  If you identify, or do not identify anyone, indicate it at the bottom of the form.

6.  The fact that other people may be here to view a line-up should not be of any concern to you whatsoever.

7.  Do not discuss your case or this line-up with anyone else until after you have viewed the line-up and left the area of the line-up.

8.  Please understand that to protect the integrity of the investigation, at the conclusion of the lineup, the police will not be able to provide any information about who was in the line-up, or other possible witnesses or evidence.

I <u>DO</u> IDENTIFY THE SUSPECT AS THE PERSON WITH NUMBER_____  (initials_____)

I <u>DO NOT</u> IDENTIFY ANYONE FROM THIS LINE-UP.  (initials *lkh*)     *comment →*

Name of witness: *LoRi Hansen*

Signature: X *Lori Hansen*                              Date *3-11-98*

Witness: *Dan Shepard*                              Date *3-11-98*

Case Number *798-2383*

C000b08

The sound was not good enough in this room to clearly hear whether how the men's voices sounded. Numbers 3 and 6 came closest, but again, it's hard to tell in this room, only hearing their voices through a small box. If I could hear them better, I might be able to determine more certainly whether one of them was the attacker.

C000609

CHAMPAIGN COUNTY SHERIFF DEPARTMENT AND CORRECTIONAL CENTER
204 E. MAIN STREET
URBANA, ILLINOIS 61801-2799
(217) 384-3821

INMATE HISTORY RECORD                    TODAY'S DATE    3-02-99

FPM #
36507-0    **REF DATE:   00-00-00    00:00**

D.O.B.
01-19-68

PETTIGREW          ANDREW

ALIASES- PETTIGREW          DREW
         PETTIGREW          ANDREW                      01-19-60

DESCRIPTION-
| SEX | RACE | HGT | WGT | HAIR | EYES | PLACE OF BIRTH | |
|-----|------|-----|-----|------|------|----------------|---|
| M | B | 508 | 225 | BLK | BRO | LITTLE ROCK | AR |

MARKS-
| REF DATE | TP | U/L | R/L | BODY PART | DESCRIPTION |
|----------|-----|-----|-----|-----------|-------------|
| 00-00-00 | TT | U | R | ARM | "DREW" |
| 00-00-00 | OT | | | FACE | BEARD AND MUSTACHE |
| 00-00-00 | OT | | | FACE | ONE GOLD FRONT TOOTH |
| 00-00-00 | TT | U | L | ARM | CYNTHIA,ANDREW,ANDREW JR. |
| 00-00-00 | TT | U | L | CHEST | ANNY AND TINY |

NUMBERS-
| SOC. SEC. | D.L. # | ST | FBI # | IBI # | IL DOC # |
|-----------|--------|-----|-------|-------|----------|
| 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 | P32600068019 | IL | 717692LA2 | 25509470 | B-18193 |

MARITAL STATUS- S  RELIGION-  NONE

REFERENCES/ADDRESSES-
| REF DATE | TYP | NAME REL/OCCUP | ADDRESS PHONE | CITY | ST |
|----------|-----|------|---------|------|-----|
| 01-05-98 | RES | | 203 E HILL 359-2784 | CHAMPAIGN | IL |
| 01-05-98 | EMP | UNEMPLOYED | | | |
| 01-05-98 | EMG | GLADYS DOUGLAS SISTER | 203 E HILL 359-2784 | CHAMPAIGN | IL |
| 01-05-98 | ATT | NONE | | | |
| 01-05-98 | PHN | DECLINED 0122 | | | |
| 11-24-97 | RES | | 203 E. HILL 359-2784 | CHAMPAIGN | IL |
| 11-24-97 | EMP | PROSPECT MITSUBISHI DETAILER | PROSPECT 398-1222 | CHAMPAIGN | IL |
| 11-24-97 | EMG | GLADDIS DOUGLAS SISTER | 203 E. HILL 359-2784 | CHAMPAIGN | IL |
| 11-24-97 | ATT | NONE | | | |
| 11-24-97 | PHN | REFFUSED 0455 | JNORTON 5358 | | |
| 12-02-96 | RES | | 412 E. HILL 355-5675 | CHAMPAIGN | IL |
| 12-02-96 | EMP | PROSPECT MICH. PARTS | ANTHONY DR. 398-1222 | CHAMPAIGN | IL |

C000610

INMATE HISTORY RECORD                TODAY'S DATE   3-02-99

PETTIGREW          ANDREW                        01-19-68

| | | | | | |
|---|---|---|---|---|---|
| 12-02-96 | EMG | ANNY BELL PETTIGREW<br>MOTHER | 412 E. HILL<br>355-5675 | CHAMPAIGN | IL |
| 12-02-96 | ATT | P.D. | | | |
| 12-02-96 | PHN | ANNY BELL PETTIGREW<br>MOTHER | 412 E. HILL<br>355-5675 | CHAMPAIGN | IL |
| 12-02-96 | MED | BLUE CROSS<br>HEALTH INSUR. | MBR#=00000000000 | BNF#= | G# |
| 09-17-93 | RES | | 1111 DORSEY DR #A | CHAMPAIGN | IL |
| 09-17-93 | EMP | UNEMPLOYED | | | |
| 09-17-93 | EMG | GLADYS DOUGLAS<br>SISTER | 203 E HILL<br>359-2784 | CHAMPAIGN | IL |
| 09-17-93 | ATT | NONE | | | |
| 09-17-93 | PHN | STEPHANIE MARSHALL<br>FRIEND | 1111 DORSEY #D<br>356-2046 | CHAMPAIGN | IL |
| 10-15-91 | RES | | 203 E. HILL ST<br>359-2784 | CHAMPAIGN | IL |
| 10-15-91 | EMP | UNEMPLOYED | | | |
| 10-15-91 | EMG | GLADYS DOUGLASS<br>SISTER | 203 E. HILL ST<br>359-2784 | CHAMPAIGN | IL |
| 10-15-91 | ATT | MIKE MCCELLAN<br>3566363 | COUNTRY FAIR PLAZA | CHAMPAIGN | IL |
| 10-15-91 | PHN | DECLINED AT 1609 | | | |
| 04-01-91 | RES | | 2611 W. KIRBY<br>217-355-8576 | CHAMPAIGN | IL |
| 04-01-91 | EMP | WARDEN MARTIN<br>SERVICE | CARRAIGE CENTER | CHAMPAIGN | IL |
| 04-01-91 | EMG | GLADYS DOUGLAS<br>SISTER | 203 E. HILL ST.<br>217-359-2784 | CHAMPAIGN | IL |
| 04-01-91 | ATT | NONE | | | |
| 04-01-91 | PHN | COMPLETED 0225 | 217-373-1191 | | |
| 05-14-90 | RES | | 709 W CHURCH APT 2W | CHAMP | IL |
| 05-14-90 | EMP | WARDEN MARTIN<br>CLEAN UP | | CHAMP | IL |
| 05-14-90 | EMG | GLADYS DOUGLAS<br>SISTER | 203 E HILL ST<br>359-2784 | CHAMP | IL |
| 05-14-90 | ATT | NA | | | |
| 04-01-90 | RES | | 709 W. CHURCH ST. | CHAMPAIGN | IL |
| 04-01-90 | EMP | WARDEN MARTIN'S<br>SERVICE DEPT. | S. NEIL ST. | CHAMPAIGN | IL |
| 04-01-90 | EMG | NANCY PETTIGREW<br>SISTER | SHADOW WOOD T.P.<br>217-352-3413 | CHAMPAIGN | IL |
| 04-01-90 | ATT | NONE | | | |
| 04-01-90 | PHN | DECLINED 4-1 0430 | | | |

C000611

| INCIDENCES- | | | | | | |
| REF DATE TYP | DATE | TIME | AGENCY | OFFICER | LOCATION/COMMENT | TY |
| --- | --- | --- | --- | --- | --- | --- |

C000612

INMATE HISTORY RECORD                TODAY DATE    3-02-99

                PETTIGREW        ANDREW                        01-19-68


| 01-05-98 | ARR | 01-05-98 | 0021 | CPD  | 7709 BEUSCHLEIN | 500 W VINE |
| 01-05-98 | ARV | 01-05-98 | 0102 | CCCC | 7709 BEUSCHLEIN | CCCC |
| 01-05-98 | BOK | 01-05-98 | 0120 | CCCC | 5324 FERRY | AGCY#: C 98 00173 |
| 01-05-98 | REL | 04-16-98 | 0700 | CCCC | 5342 TARR | CCCC |

(TRANSFER TO STATE CORRECTIONS TO SERVE SENTENCE)

| 11-24-97 | ARR | 11-24-97 | 0337 | CPD  | 762 CHERRY | BLOOMINGTON/HAGAN |
| 11-24-97 | ARV | 11-24-97 | 0400 | CCCC | 762 CHERRY | CCCC |
| 11-24-97 | BOK | 11-24-97 | 0450 | CCCC | 5358 NORTON | AGCY#: C 97 15676 |
| 11-24-97 | REL | 11-24-97 | 1050 | CCCC | 5341 GASS | CCCC |

(NO CHARGES FILED)

| 12-02-96 | ARR | 12-02-96 | 0357 | UPD  | 3376 WELBORN | 412 E.HILL(CHAMP) |
| 12-02-96 | ARV | 12-02-96 | 0421 | CCCC | 3376 WELBORN | CCCC |
| 12-02-96 | BOK | 12-02-96 | 0450 | CCCC | 5338 KELEHER | AGCY#:    00 00000 |
| 12-02-96 | REL | 12-03-96 | 1055 | CCCC | 5348 BROWN | CCCC |

(CASH BOND)

| 09-17-93 | ARR | 09-16-93 | 1510 | CPD  | 719 SCHWEIGHART | 1111 DORSEY CHAMP |
| 09-17-93 | ARV | 09-17-93 | 0010 | CCCC | 717 MEYERS | CCCC |
| 09-17-93 | BOK | 09-17-93 | 0015 | CCCC | 5335 WINKELMAN | AGCY#:    00 00000 |
| 09-17-93 | REL | 12-02-93 | 0700 | CCCC | 5308 JOHNSTON | CCCC |

(TRANSFER TO STATE CORRECTIONS TO SERVE SENTENCE)

| 10-15-91 | ARR | 10-15-91 | 0900 | CCSD | 313 MCDUFFIE | CT. ROOM E |
| 10-15-91 | ARV | 10-15-91 | 0932 | CCCC | 313 MCDUFFIE | CCCC |
| 10-15-91 | BOK | 10-15-91 | 1605 | CCCC | 303 PERKINS | AGCY#:    00 00000 |
| 10-15-91 | REL | 11-07-91 | 0700 | CCCC | 323 TRAIL | CCCC |

(TRANSFER TO STATE CORRECTIONS TO SERVE SENTENCE)

| 04-01-91 | ARR | 03-31-91 | 2252 | CPD  | 729 SALLEE | 59 E JOHN #14,CHAMP |
| 04-01-91 | ARV | 04-01-91 | 0220 | CCCC | 729 SALLE | CCCC |
| 04-01-91 | BOK | 04-01-91 | 0325 | CCCC | 340 LITTLE | AGCY#:    00 00000 |
| 04-01-91 | REL | 04-01-91 | 1850 | CCCC | 303 PERKINS | CCCC |

(CASH BOND)

| 05-14-90 | ARR | 05-14-90 | 0930 | CCSD | 531 MCCALLISTER | SELF IN AT CENTER |
| 05-14-90 | ARV | 05-14-90 | 0945 | CCCC | 325 LAWHEAD | CCCC |
| 05-14-90 | BOK | 05-14-90 | 1110 | CCCC | 333 LAWHEAD | AGCY#:    00 00000 |
| 05-14-90 | REL | 05-14-90 | 1430 | CCCC | 325 GASKINS | CCCC |

(RELEASE ON PERSONAL RECOGNIZANCE)

| 04-01-90 | ARR | 04-01-90 | 0332 | UPD  | 464 METZLER | 100 W. PARK |
| 04-01-90 | ARV | 04-01-90 | 0345 | CCCC | 306 WOOTEN | CCCC |
| 04-01-90 | BOK | 04-01-90 | 0435 | CCCC | 306 WOOTEN | AGCY#:    00 00000 |
| 04-01-90 | REL | 04-01-90 | 1035 | CCCC | 329 THORNTON | CCCC |

(RELEASE ON PERSONAL RECOGNIZANCE)


CRIMINAL CHARGES-

| REF DATE | DOCKET/WARRANT | OFFENSE | BOND |
|---|---|---|---|
| 01-05-98 | 98 CF   45 | CT 1 HOME INVASION | |
| 01-05-98 | | CT 2 RES BURGLARY | |
| 01-05-98 | | CT 3 ROBBERY | |
| 01-05-98 | 96 SC 1630 | FTA | 2,500 |

C000613

INMATE HISTORY RECORD                TODAY DATE   3-02-99

PETTIGREW         ANDREW                          01-19-68

| | | | | | |
|---|---|---|---|---|---|
| 01-05-98 | 98 CF | 425 | CT 1 THEFT W/PRIOR | | |
| 01-05-98 | | | CT 2 THEFT W/PRIOR | | |
| 01-05-98 | 98 CF | 16 | BURGLARY | | |
| 11-24-97 | NA | | RESIDENTIAL BURGLARY | | |
| 12-02-96 | 96 CF | 1577 | BURGLARY | | 7,500 |
| 09-17-93 | 93 CF | 842 | CT 1 RES BURGLARY | | |
| 09-17-93 | | | CT 2 RES BURGLARY | | |
| 09-17-93 | | | CT 3 RES BURGLARY | | |
| 09-17-93 | | | CT 4 RES BURGLARY | | |
| 10-15-91 | 91 CF | 541 | RESIDENTIAL BURGLARY | | |
| 04-01-91 | 91 CF | 541 | CT. 1 HOME INVASION | | 20,000 |
| 04-01-91 | | | CT. 2 RESIDENTUAL BURGLARY | | |
| 05-14-90 | 90 CF | 789 | UNLAW POSS CONTROLLED SUB | | |
| 04-01-90 | NA | | POSS CONTROLLED SUBSTANCE | | 2,000 |

OTHER AGENCY HOLDS-

| REF DATE | DOCKET/WARRANT | OFFENSE | BOND |
|---|---|---|---|
| 01-05-98 | | 98 SP 1061    IL DOC HOLD | |
| 09-17-93 | | IL DOC HOLD SP933727 | |

DISPOSITIONS-

| REF DATE | DATE | DISPOSITION |
|---|---|---|
| 01-05-98 | 04-10-98 | 98-CF-16 CT1 BURGLARY/SENT TO ILDOC FOR 6 YRS |
| 01-05-98 | 04-10-98 | W/CR/TM 96 DAYS/SENT TO RUN CONCURRENT W/SENT IN |
| 01-05-98 | 04-10-98 | 98-CF-45/JUDGE TOWNSEND |
| 01-05-98 | 04-10-98 | 98-CF-45 CT3 ROBBERY/SENT TO ILDOC FOR 12 YRS W/ |
| 01-05-98 | 04-10-98 | CR/TM 92 DAYS/SENT TO RUN CONCURRENT W/SENT IN |
| 01-05-98 | 04-10-98 | 98-CF-16/JUDGE TOWNSEND |
| 01-05-98 | 04-10-98 | 98-CF-425 THEFT W/PRIOR/DISMISSED JUDGE TOWNSEND |
| 01-05-98 | 04-16-98 | TRANS TO JOLIET CC BY OFCR KENNY AND DOC OFFICER |
| | | |
| 11-24-97 | 11-24-97 | RESIDENTIAL BURGLARY/ NO CHGS FILED |
| | | |
| 12-02-96 | 12-03-96 | 96-CF-1577 BURGLARY POSTED 10% OF $7500 AT CCCC. |
| 12-02-96 | 12-03-96 | NXT. CRT DATE 120996   IN CRT RM.J AT 1400 HRS. |
| | | |
| 09-17-93 | 11-29-93 | 93-CF-842 RES BURGLARY - SENT TO IL DEPT OF CORR |
| 09-17-93 | 11-29-93 | FOR 7 YRS ON EACH OF 4 CTS OF RESIDENTIAL BURGLARY |
| 09-17-93 | 11-29-93 | EACH SENT TO RUN CONCURRENTLY WITH THE OTHER THREE |
| 09-17-93 | 11-29-93 | CR/TIME IS 75 DAYS - JUDGE JENSEN |
| 09-17-93 | 12-02-93 | TRANS TO JOLIET CC BY OFCR CARTER & DOC OFFICER |
| | | |
| 10-15-91 | 11-04-91 | 91-CF-541 BURGLARY SENT TO IL DEPT CORR FOR 3 YRS |
| 10-15-91 | 11-04-91 | W/CR/TM 3 DAYS - JUDGE DELAMAR |
| 10-15-91 | 11-07-91 | TRANSFERRED TO JOLIET CC BY OFCR FLICK OF CCSD & |
| 10-15-91 | 11-07-91 | DOC OFFICER |
| | | |
| 04-01-91 | 04-01-91 | 91-CF-541 HOME INVASION, RESIDENTIAL BURGLARY |
| 04-01-91 | 04-01-91 | POSTED 10% OF $20,000, RELEASED |
| | | |
| 05-14-90 | 05-14-90 | 90-CF-789 UNL POSS CONT/SUBST - REL ROR - |
| 05-14-90 | 05-14-90 | JUDGE FORD |
| | | |
| 04-01-90 | 04-01-90 | POSS CONT/SUBST - REL ROR $2000, JUDGE TOWNSEND |

C000614

INMATE HISTORY RECORD          TODAY'S DATE    3-02-99

PETTIGREW        ANDREW                      01-19-68

04-01-90   04-01-90 CASE DISMISSED

C000b15

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, )

     Plaintiff, )

v. )     98 CF 1558  MAR 0 2 1999

DEDRIC T. MOORE, )

     Defendant. )

**FILED**
SIXTH JUDICIAL CIRCUIT

~~Linda~~ S. Frerichs
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## SUPPLEMENTAL   DISCOVERY

NOW COMES the defendant Dedric T. Moore by his attorney Diana Lenik, and tenders his Supplemental Discovery:

1.    Witnesses

    a)    Ivory Burragh, 702 North Lincoln Avenue, Urbana, Illinois;

    b)    John Thompson, 702 North Lincoln Avenue, Urbana, Illinois;

    c)    Carolyn Thompson, 702 North Lincoln Avenue, Urbana, Illinois;

2.    Defenses

    a)    Alibi - Defendant states that on February 25, 1999 he left his brother Donte's house at about midnight or 12:30 a.m. He was riding a bicycle and arrived at Ivory Burragh's house at around 12:50 a.m. He threw pebbles at her window and she woke up. They sat on her back porch and talked until around 4:00 a.m.

    Her parents also may have seen him if they woke up.

    Then he went back to Donte's address on Healey Street.

Dedric T. Moore,
Defendant,

By _Diana Lenik_
Diana Lenik
His Attorney

Diana Lenik
Attorney at Law
202 West Green Street
Urbana, IL 61801
217/337-561

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

answer to the State's Motion for Discovery was hand-delivered to Heidi Ladd,

Champaign County Assistant State's Attorney, 101 East Main Street, Urbana, IL 61801

on this 2nd day of March, 1999.

_Vivian C. Chilette_

C000617

 

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,    )
                           **Plaintiff,**    )

   -vs-    )   **NO: 98-CF-1558**

                                )

**DEDRIC MOORE,**    )

                 **Defendant.**    )

**FILED**
SIXTH JUDICIAL CIRCUIT

MAR 05 1999

*Linda S. Frank*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

### AFFIDAVIT OF MAILING

    Julie Ogle, being first duly sworn on her oath, deposes and states that she did, at the request of

Heidi Ladd, on the ___5th___ day of March, 1999, deposit a true and accurate copy of the attache

Supplemental Discovery and reports, in the above-entitled cause in the U.S. Mail at the Post Office in

Urbana, Illinois, in an envelope with sufficient postage attached to carry the same to its destination to the

following named person at the address below:

    Diana Lenik, Attorney at Law, 202 W. Green Street, Urbana, IL   *mailed & faxed*

                                *[signature]*

Subscribed and Sworn to Before Me
this ___5th___ day of March, 1999

*[signature]*
NOTARY PUBLIC

```
OFFICIAL SEAL
JOHANNAH M. SCHWEIGHART
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 06/30/2002
```

C000618



# ILLINOIS STATE POLICE
*Division of Forensic Services*

March 5, 1999

George H. Ryan
*Governor*

Sam W. Nolen
*Director*

LIEUTENANT NEARING
CHAMPAIGN POLICE DEPARTMENT
82 EAST UNIVERSITY AVE
CHAMPAIGN IL 61820

Laboratory #S98-1498
BCSS #MM98-1688-9-1
Agency #798-002383

(Amended Report)

**OFFENSE:** Arson/Attempted Murder
**VICTIM:** Lori K. Hansen
**SUSPECT:** Dedric T. Moore

The following evidence was received from Roberta Johnson by the Springfield Forensic Science Laboratory on March 4, 1998.

The following is a summary of the analytical findings:

| EXHIBIT | DESCRIPTION |
|---|---|
| 1A | Cigarette butt: saliva indicated |
| 4B | Material from shorts: urine indicated |
| 12B | Piece of black stocking: examination for saliva inconclusive |
| 26A1 | Blood standard: Lori Hansen |
| 31A | Swabbing of piece of glass: blood stain |

The following evidence was received from Roberta Johnson by the Springfield Forensic Science Laboratory on March 5, 1998:

| EXHIBIT | DESCRIPTION |
|---|---|
| 44A1 | Blood standard: Dedric Moore |

**RESULTS**
DNA from Exhibits 12B, 31A, 26A1, and 44A1 was amplified using the Polymerase Chain Reaction (PCR) and profiled at the following loci: D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820 and Amelogenin.

A mixture of DNA profiles was identified in Exhibit 12B.

One DNA profile identified in Exhibit 12B matches the DNA profile of Dedric Moore.

Forensic Sciences Command
Forensic Science Laboratory
1810 South Main • Morton, IL 61550-2983 • (309) 263-7491
1 (800) 255-3323 (TDD)

C000620

Champaign Police Department                    March 5, 1999
Laboratory Case #S98-1498                      Page 2
(Amended Report)

This profile would be expected to occur in approximately 1 in 150 billion Blacks or 1 in 720 billion Caucasians.

A second DNA profile was identified in Exhibit 12B which matches the DNA profile of Lori Hansen. This profile would be expected to occur in approximately 1 in 660 billion Blacks or 1 in 1.6 trillion Caucasians.

An additional DNA profile was identified in Exhibit 12B at the D3S1358, vWA, FGA, D21S11, D5S818 and D13S317 loci which could not have originated from Dedric Moore or Lori Hansen.

A DNA profile was identified in Exhibit 31A which matches the DNA profile of Lori Hansen and does not match the DNA profile of Dedric Moore.

Due to an insufficient amount of human DNA for PCR analysis, Exhibit 4B was not profiled.

Exhibit 1A was not profiled due to no human DNA detected.

**CONCLUSION**
The mixture of DNA profiles identified in Exhibit 12B (piece of black stocking) is consistent with having originated from Dedric Moore, Lori Hansen and at least one other individual.

The blood identified in Exhibit 31A (swabbing of piece of glass) is consistent with having originated from Lori Hansen.

**REQUESTS**
For results of previous biological examinations, refer to the laboratory report by Springfield Forensic Scientist Dana Pitchford, dated April 1, 1998.

If you have any questions regarding this report, please feel free to contact me.

**EVIDENCE DISPOSITION**
DNA evidence will be maintained in the laboratory evidence vault until such time as the case has been adjudicated or the evidence is required by the agency.

This report was amended based on new validation studies. The mixed DNA profiles in this case were reevaluated and new frequencies calculated.

Respectfully submitted,

Kevin L. Zeeb

Kevin L. Zeeb
Forensic Scientist

KLZ:l
cc: Crime Scene Investigator Michael L. Kyrouac

C000621

# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

*1 of 3*

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02/25/98 0259 HR | 03/02/99 1600 HR | 798-2383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| AG ARSON/ATTEMPT MURDER | 512 S. NEW #A |

I responded to the Champaign County Sheriff's Office to take photos of Dedric Moore's face. My interest was to be able to photograph his appearance with his two teeth missing from his top gum. I wanted photos showing the missing teeth with his mouth open and closed at different angles.

His lawyer Diane Lenik was also present since I had called her the previous day (03/01/99) and advised her of my intent to take additional photos and that I would be there on 03/02/99 at 0900 hr.

Diane Lenik was present. When Dedric was brought into the room with us, I told him I was there to take more photos from the court order. I noticed that Dedric had a copy of some pages of the narrative of this police report when he came into us. He was carrying them and looking at them. He told me that he was not going to cooperate with me. He said that this was the fourth time of me taking photos and he was not giving me any more photos. He said that he had not seen any court order.

Both Diane Lenik and I told Dedric there was a court order that is in place and he needed to cooperate. Even after Diane told him to cooperate, he refused. I offered to go retrieve my copy of the court order, out of my unmarked squad car that was parked outside the jail. Dedric agreed that he wanted to see it. I did get the order, and gave Dedric a photo-copy of the order.

As he looked at it, Diane Lenik told him that the signature on the bottom line was of Judge Townsend's and she could swear to it being his signature. Dedric then began questioning the date on the order (1/28/99). Both Diane and I told Dedric that was when the judge signed the order and that it was still in effect. Dedric then asked didn't I have three days to serve the notice. I told him it was not a search warrant and it was still affective. Diane also told him it was still in effect.

Dedric still said that he didn't care and that I was not taking any more photos. I then told Diane Lenik that I could call the State's Attorney's Office to speak to one of the attorney's to get Dedric in front of Judge Difanis so Judge Difanis could enforce the order; if needed. I told her that I had already been instructed that one would be available to do this if there were any problems, and that we were not going to put up with any crap. Dedric then said that he wasn't going to give any crap, and that I could take the photos.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | | 7197 | 03/02/99 |

| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
|---|---|---|---|
| DET. D. SHEPARD | | | |

C000b22

# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

*2 of 3*

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02/25/98 0259 HR | 03/02/99 1600 HR | 798-2383 | |

| CLASSIFICATION | LOCATION |
|---|---|
| AG ARSON/ATTEMPT MURDER | 512 S. NEW #A |

I had Dedric stand and take the pencil out of his hair for the photos. He then took a pair of eye glasses out of his shirt pocket and put them on. I told him he needed to take the eyeglasses off. He asked me why, and I told him I wanted the photos of him with no glasses on.

I asked Dedric to look straight towards me on some photos and to turn his head slightly to the left and then to the right for other photos. I had him hold his mouth closed, partially open and open for photos. When I told him to open his mouth and face me, he did but held his upper lip down to cover the upper teeth. I instructed him to open his mouth and hold his upper lip up so I could see his upper teeth where the two teeth are missing. He opened his mouth and still held his upper lip down over the upper teeth. I instructed him that I needed to see his upper teeth and the missing teeth. He then took his finger and used it to hold his upper lip up so the teeth and missing teeth could be seen.

He would not hold his upper lip up so the upper teeth and missing teeth could be seen. He acted as if he could not accomplish this. However when I took photos of him on 01/29/99, he did this with no problem. However he had on eyeglasses in those photos. Again, the purpose of these photos was to show Dedric's appearance without eyeglasses and the upper teeth missing. Each time I have taken his photos from this court order, he has altered his appearance to prevent this.

As I was waiting for a county jailer to release me from this room, Dedric commented: " I guess we will be seeing you next week. I just ask that you tell the truth. Don't tell any lies Officer Shepard". I told him I always tell the truth. He then asked me if I was related to Detective Charles Shepard and I told him Charles was my brother. He then asked me " You have the same parents?"

I took photos of Dedric T. Moore while at CCSO today on film # 1925. His lawyer, Diane Lenik was present. I also drafted a diagram of the area of the offense and where various items of evidence were recovered from in this case. I have attached it to this report.

I am forwarding this report to the State's Attorney's Office for review.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | | 7197 | 03/02/99 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
| DET. D. SHEPARD | | | |

C000623

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEDRIC T. MOORE, | ) |
| Defendant. | ) |

MAR ( 1999

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

98 CF 1558

## MOTION TO WITHDRAW AS COUNSEL

NOW COMES Diana Lenik, an attorney, and for her Motion to Withdraw as Counsel states as follows:

1. The defendant herein is charged with the offenses of Attempt Murder, Home Invasion, Aggravated Arson, Aggravated Criminal Sexual Abuse and Residential Burglary.

2. She was appointed to represent him on November 19, 1998 pursuant to her contract with Champaign County to represent indigents accused of felonies.

3. Since that time she has had several conversations with defendant, in person and over the telephone. In addition, she has communicated with him by letter.

4. Discovery has been ongoing between the parties and the case was set for trial on March 9, despite the defendant's request for a continuance.

5. On March 5, 1999 defendant's counsel received certain discovery which creates a conflict for her and makes it impossible for her to continue as defendant's attorney. That is, she is now a potential witness in this matter because although her name was not added to the witness list, she is listed in discovery as a person who witnessed a statement made by defendant. A copy of the State's discovery and the police report is attached.

6.   The circumstance under which she would be called as a witness would be to impeach the credibility of either Detective Shepard or defendant, if either of them testified to something different from what is contained in the report, and, of course, she cannot be both witness and attorney.

7.   This is not a farfetched scenario, nor is it one of the defendant's making.   It is likely that defendant's identification will be an issue in his trial, and the circumstances under which his photograph was taken is highly relevant. Furthermore, it was the State who chose to call attention to the fact that his attorney was present, and through Detective Shepard's report, to create the conflict by making an issue of what his attorney may have said.

WHEREFORE, Diana Lenik prays that this court allow her Motion to Withdraw as Counsel.

*Diana Lenik*

Diana Lenik
Attorney at Law
202 West Green Street
Urbana, IL   61801
217/337-5610

C000625

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,    )
                                 Plaintiff,    )
   -vs-                                       )    No: 98-CF-1558
                                              )
DEDRIC T. MOORE,                              )
                                Defendant.    )

### SUPPLEMENTAL DISCOVERY

Now come the People of the State of Illinois by JOHN C. PILAND, State's Attorney of and for the

County of Champaign, State of Illinois, and in answer to defendant's motion for discovery respectfully

provide the following additional information:

People tender additional reports herein.

1. On or about the 2nd day of March, 1999, the defendant made oral statements witnessed by

Don Shepard and Diana Lenik, the substance of which is contained in the report of Don Shepard, a true

and accurate copy of which is attached hereto.

2. Reports, affidavits and statements of experts in connection with this case are attached hereto.

Any notes, charts, and/or documents pertaining to these reports may be viewed upon reasonable request

to the Office of the State's Attorney.

3. The People have items of physical evidence which they may introduce at trial as set forth in the

attached reports. These items may be inspected by defense counsel upon reasonable request to the

Office of the State's Attorney.

Respectfully submitted,

JOHN C. PILAND
State's Attorney for Champaign County


By: _____
        Heidi Ladd
        Lead Prosecutor

C000626

# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.    *1of3*

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02/25/98  0259 HR | 03/02/99  1600 HR | 798-2383 | |
| CLASSIFICATION | LOCATION | | |
| AG ARSON/ATTEMPT MURDER | 512 S. NEW #A | | |

I responded to the Champaign County Sheriff's Office to take photos of Dedric Moore's face. My interest was to be able to photograph his appearance with his two teeth missing from his top gum. I wanted photos showing the missing teeth with his mouth open and closed at different angles.

His lawyer Diane Lenik was also present since I had called her the previous day (03/01/99) and advised her of my intent to take additional photos and that I would be there on 03/02/99 at 0900 hr.

Diane Lenik was present. When Dedric was brought into the room with us, I told him I was there to take more photos from the court order. I noticed that Dedric had a copy of some pages of the narrative of this police report when he came into us. He was carrying them and looking at them. He told me that he was not going to cooperate with me. He said that this was the fourth time of me taking photos and he was not giving me any more photos. He said that he had not seen any court order.

Both Diane Lenik and I told Dedric there was a court order that is in place and he needed to cooperate. Even after Diane told him to cooperate, he refused. I offered to go retrieve my copy of the court order, out of my unmarked squad car that was parked outside the jail. Dedric agreed that he wanted to see it. I did get the order, and gave Dedric a photo-copy of the order.

As he looked at it, Diane Lenik told him that the signature on the bottom line was of Judge Townsend's and she could swear to it being his signature. Dedric then began questioning the date on the order (1/28/99). Both Diane and I told Dedric that was when the judge signed the order and that it was still in effect. Dedric then asked didn't I have three days to serve the notice. I told him it was not a search warrant and it was still affective. Diane also told him it was still in effect.

Dedric still said that he didn't care and that I was not taking any more photos. I then told Diane Lenik that I could call the State's Attorney's Office to speak to one of the attorney's to get Dedric in front of Judge Difanis so Judge Difanis could enforce the order; if needed. I told her that I had already been instructed that one would be available to do this if there were any problems, and that we were not going to put up with any crap. Dedric then said that he wasn't going to give any crap, and that I could take the photos.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. 7197 | DATE 03/02/99 |
|---|---|---|---|
| DATA ENTRY BY DET. D. SHEPARD | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |

C000627

# SUPPLEMENTARY/CONTINUATION REPORT

This document contains neither recommendations or conclusions of the CPD. It is the property of CPD
and is loaned to you or your agency, it and it's contents are not to be distributed by you or outside your agency.

*2 of 3*

| DATE AND TIME OF ORIGINAL REPORT | DATE AND TIME OF THIS REPORT | CONTROL NUMBER | CASE NUMBER |
|---|---|---|---|
| 02/25/98  0259 HR | 03/02/99  1600 HR | 798-2383 | |
| CLASSIFICATION | LOCATION | | |
| AG ARSON/ATTEMPT MURDER | 512 S. NEW #A | | |

I had Dedric stand and take the pencil out of his hair for the photos. He then took a pair of eye glasses out of his shirt pocket and put them on. I told him he needed to take the eyeglasses off. He asked me why, and I told him I wanted the photos of him with no glasses on.

I asked Dedric to look straight towards me on some photos and to turn his head slightly to the left and then to the right for other photos. I had him hold his mouth closed, partially open and open for photos. When I told him to open his mouth and face me, he did but held his upper lip down to cover the upper teeth. I instructed him to open his mouth and hold his upper lip up so I could see his upper teeth where the two teeth are missing. He opened his mouth and still held his upper lip down over the upper teeth. I instructed him that I needed to see his upper teeth and the missing teeth. He then took his finger and used it to hold his upper lip up so the teeth and missing teeth could be seen.

He would not hold his upper lip up so the upper teeth and missing teeth could be seen. He acted as if he could not accomplish this. However when I took photos of him on 01/29/99, he did this with no problem. However he had on eyeglasses in those photos. Again, the purpose of these photos was to show Dedric's appearance without eyeglasses and the upper teeth missing. Each time I have taken his photos from this court order, he has altered his appearance to prevent this.

As I was waiting for a county jailer to release me from this room, Dedric commented: " I guess we will be seeing you next week. I just ask that you tell the truth. Don't tell any lies Officer Shepard". I told him I always tell the truth. He then asked me if I was related to Detective Charles Shepard and I told him Charles was my brother. He then asked me " You have the same parents?"

I took photos of Dedric T. Moore while at CCSO today on film # 1925. His lawyer, Diane Lenik was present. I also drafted a diagram of the area of the offense and where various items of evidence were recovered from in this case. I have attached it to this report.

I am forwarding this report to the State's Attorney's Office for review.

| REFERRAL CASE NUMBERS | SIGNATURE REPORTING OFFICER | BADGE/ID NO. | DATE |
|---|---|---|---|
| | | 7197 | 03/02/99 |
| DATA ENTRY BY | APPROVED (SUPERVISOR) | BADGE/ID NO. | DATE |
| DET. D. SHEPARD | | | |

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT **FILED**
CHAMPAIGN COUNTY, ILLINOIS

*SIXTH JUDICIAL CIRCUIT*

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | MAR 09 1999 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 98 CF 1558 |
| | ) | |
| DEDRIC T. MOORE, | ) | CLERK OF THE CIRCUIT COURT |
| | ) | CHAMPAIGN COUNTY, ILLINOIS |
| Defendant. | ) | |

### SECOND SUPPLEMENTAL DISCOVERY

NOW COMES the defendant Dedric T. Moore by his attorney Diana Lenik, and for his Second Supplemental Discovery states as follows:

1.    Witnesses

   a)    Michelle Herbert, 1510 Paula Dr., Champaign, IL 61821;

   b)    Karon Williams, 509 1/2 Robinson Ct., Champaign, IL 61821;

   c)    Homer Green, c/o Footlocker, 2000 N. Neil St., Champaign, IL 61821.

                    Dedric T. Moore,
                    Defendant,

By: _____
                    Diana Lenik
                    His Attorney

Diana Lenik
Attorney at Law
202 West Green Street
Urbana, IL 61801
217/337-561

### PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Second Supplemental Discovery was hand-delivered to Heidi Ladd, Champaign County Assistant State's Attorney, 101 East Main Street, Urbana, IL 61801 on this

_9th_ day of March, 1999.

_____

C000629

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,  )
                             Plaintiff,  )
   -vs-                             )  NO: 98-CF-1558
                                 )
DEDRIC T. MOORE,  )
                      Defendant.  )

**FILED**
SIXTH JUDICIAL CIRCUIT
MAR 1 1 1999
Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

### <u>AFFIDAVIT OF MAILING</u>

Julie Ogle, being first duly sworn on her oath, deposes and states that she did, at the request of

Heidi Ladd, on the ___ day of March, 1999, deposit a true and accurate copy of the attached

Supplemental Discovery, in the above-entitled cause in the U.S. Mail at the Post Office in Urbana, Illinois,

in an envelope with sufficient postage attached to carry the same to its destination to the following named

person at the address below:


Diana Lenik, Attorney at Law, 202 W. Green Street, Urbana, IL    (Hand Delivered)


_____


Subscribed and Sworn to Before Me
this ___ day of March, 1999

_____
NOTARY PUBLIC


OFFICIAL SEAL
SHERRY J. CHANEY-BRUCE
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 2/22/00

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| **THE PEOPLE OF THE STATE OF ILLINOIS,** | ) | |
| **Plaintiff,** | ) | |
| -vs- | ) | No: 98-CF-1558 |
| | ) | |
| **DEDRIC T. MOORE,** | ) | |
| **Defendant.** | ) | |

MAR 1 1 1999

Linda S. Frerichs
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

### SUPPLEMENTAL DISCOVERY

Now come the People of the State of Illinois by JOHN C. PILAND, State's Attorney of and for the County of Champaign, State of Illinois, and in answer to defendant's motion for discovery respectfully provide the following additional information:

People tender the following spelling corrections to names previously tendered in discovery:

Roger "Hobbs"

Emmanuel "Moore"

Respectfully submitted,

JOHN C. PILAND
State's Attorney for Champaign County

By: _____
Heidi Ladd
Lead Prosecutor

STATE'S ATTORNEY INDEX                          3/1

FILE DATE:  8/17/95                    CASE #: 95 CF  1027

                (LAST)          (FIRST)        (MIDDLE)
DEF. NAME: MOORE          EMMANIEL        D         CODEFENDANTS?: Y
RACE: B   SEX: M   DOB:  3/07/76
           WOODBURY        PAUL           M
RACE: W   SEX: M   DOB: 12/21/77
     ALIAS:
   VICTIM: DOTY            DEANNA
           ALVAREZ         HECTOR
     AGENCY: C95-11702
STATE'S ATTY: PILAND                 DEF. ATTY: CAHN, BARB
DATE OF OFFENSE:  8/16/95 DATE OF DISPOSITION:  3/18/96
ORIGINAL D.C.: 10/27/95        MIS/FEL D.C.:  3/29/96
     P/H DATE:                    GJ DATE:
                             DISPOSITION
               POG AGG.ROBBERY-CLASS 1-CT III;40 MOS PROB;
               RESTITUTION;150 PSWH;LETTER OF APOLOGY TO VICTIM
               N/C W/U/I CAMPUS;DISMISS CT I,II & IV
   O/C CT CODE     STATUTE          DESCRIPTION
   O    1 1100000  38-18-1          ROBBERY
   O    2 1100000  38-18-1          ROBBERY
   C    3          720 ILCS,5/18-3  AGGRAVATED ROBBERY-CLASS 1
   O    3          720 ILCS,5/18-3  AGG ROBBERY
   O    4          720 ILCS,5/18-3  AGG.ROBBERY

C000632

STATE'S ATTORNEY INDEX                                    3/1

FILE DATE: 12/07/98                    CASE #: 98 CF   1645

           (LAST)          (FIRST)         (MIDDLE)
DEF. NAME: MOORE           EMMANIEL        DONTE      CODEFENDANTS?:
RACE: B   SEX: M   DOB:  3/07/76
     ALIAS:
     VICTIM: SPEEDWAY
     AGENCY: S98-5518
STATE'S ATTY:                          DEF. ATTY: PRO SE
DATE OF OFFENSE: 12/06/98 DATE OF DISPOSITION:
ORIGINAL D.C.:                  MIS/FEL D.C.:
     P/H DATE:  2/09/99              GJ DATE:  2/04/99
                                DISPOSITION

O/C CT CODE    STATUTE              DESCRIPTION
O    1 1014100 38-16-1(a)(1)        THEFT/CON/PRIOR CONVIC <300

C000633

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, )
                                Plaintiff, )

  -vs-                                    )   NO: 98-CF-1558

                                        )

DEDRIC T. MOORE, )
                             Defendant. )

**FILED**
SIXTH JUDICIAL CIRCUIT

MAR 7 1999

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## PEOPLE'S EXHIBITS

| **Number** | | **Exhibit** |
|---|---|---|
| 1 | LH  E.B. C.C. | Diagram of 512 S. New ☆ |
| 2 | L H | Diagram of neighborhood ☆ |
| 3 | R.J. | Diagram of handwriting exemplar ☆ |
| 4 | J.B-Q. M.S. | ATM videotape |
| 5 | J.B.-Q. L.H. | Copy of portions of #4 |
| 5A⦶⦶⦶⦶⦶ | J.B-Q. M.S. | Still photographs from #4 ☆ |
| 6A⦶⦶⦶⦶⦶⦶⦶ | M.S. | Enlarged still photographs #4 ☆ |
| 7 | L H  J.B-Q. | First Midwest Bank records ☆ |
| 8 | L H, M.B. M.S. D.P. | Victim's jacket |
| 8A | D.P. S.K. | Fibers from #8 |
| 9 | L H, M.B. M.S. D.P. | Victim's shirt |
| 9A | D.P. S.K. | Fibers from #9 |
| 10 | L H, M.B. M.S. D.P. | Victim's pants |
| 10A | D.P. S.K. | Fibers from #10 |
| 11 | L H, M.B. E.B. P.C. | Victim's bra |
| 12A | E.B. P.C. | Rug sample #1 |
| 12B | E.B. P.C. | Rug sample #2 |
| 13 | L.H. C.C. | Extension cord |
| 14 | L.H. C.C. | Knife |

C000634

| | | |
|---|---|---|
| 15 | L.H. C.C. | Roll of tape |
| 16 | M.S. | ATM receipt |
| 16A | J.B.-Q. M.S. | Photocopy of 16  |
| 17 | L.H. D.S. D.P. | Red shorts |
| 17A | D.P. S.K. | Fibers from #17 |
| 17B | D.P. K.Z | Sample for DNA from #17 |
| 18 | L.H. D.S. D.P. | Cords and laces |
| 18A | D.P. S.K. | Fibers from #18 |
| 19 | D.S. D.P. K.Z. | Cigarette butt |
| 19A | D.P. | Sample for DNA from #19 |
| 20 | L.H. C.S. D.P. S.K. | Black nylon stocking |
| 20A | D.P S.K. | Fibers from #20 |
| 21 | C.S. O.P. S.K. | Piece of black nylon stocking |
| 21A | D.P. S.K. | Fibers from #21 |
| 21B | D.P. K.Z | Sample for DNA from #21 |
| 22 | D.S. D.P. | Broken glass on ground |
| 22A | D.P. K.Z. | Sample for DNA from #22 |
| 23 | L H | Cord |
| 24 | L H D.C. D.S. | Camel purse |
| 24A | L H D.C. D.S. | Phone |
| 24B | L.H. D.S. | Beer bottle |
| 24C | L H D.C. D.S. | Checks |
| 24D | L H D.C. D.S. | Checkbook |
| 24E | L H D.S. | Wallet |
| 24F | L H D.S. | Key ring |
| 25 | L.H. C.S. | Lighter |

C000b35

E-FILED
Friday, 04 May, 2007  05:38:06 PM
Clerk, U.S. District Court, ILCD

## PHOTOGRAPHS

VICTIM:

26 (A)(B)(C) D.P. D.C. J.S. D.S. C.S.    Face and front

27 (A)(B)(C) D.S.    Neck and head

28 D.S.    Chest

29 (A)(B)(C) D.S.    Back and torso

30 D.S.    Arm

31 (A)(B) D.S.    Hands and wrists

32 D.S.    Ankles

33 D.S.    Knee

SCENE

34 (A) B E.B. C.C.    Exterior of duplex

35 (A)(B)(C) L.H. E.B. C.C. D.S.    Exterior of broken window and glass

36 (A)(B) L.H. E.B.    Interior - kitchen

37 (A)(B)(C)(D) L.H. E.B.    Interior - living room

38 (A)(B) E.B.    Interior - hall

39 E.B. C.S.    Interior - bedroom

40 E.B. C.S.    Exterior - dumpster

41 E.B.    Exterior - other duplex

42 E.B. H.W. D.S.    Exterior of both duplexes

43 C.S. D.S.    Exterior - front door

44 (A)(B)(C) CS D.S.    Interior - kitchen

45 (A)(B)(C) C.S. D.S.    Interior - kitchen and stocking

46 CS D.S.    Interior - living room

47 (A)(B)(C)(D) C.C. C.S. D.S.    Interior - bathroom

48 (A)(B)(C) C.S. D.S.    Interior - hallway and shorts

49 (A)(B)(C)(D) C.C. C.S. D.S.    Interior - bedroom, knife, cords

3

C000636

50(A)(B) C.C.  D.S.          Interior - bedroom

51 M.S                       Receipt ✗

(52)(53) C.S.                Lighter

(54)55 C.S.  M.S.            Truck

56(A)(B) C.S.                Stocking

58(A)(B) L H  M.K.           Truck - Exterior

59(A)(B)(C) MK.              Truck - Interior

60(A)(B)(C)(D)(E) D.S.       Defendant


61    D.S.  C.S.  D.P.  K.Z.   Blood sample from victim

61A  D.P.   K.Z.             DNA sample from #58

62  D.S.                     Newport cigarettes

63   O.S.                    Defendant's ID card

64   D.S.  D.P.  K.Z.        Blood sample from defendant

64A  K.Z.  O.P.              DNA sample from #64

65  R.M.  D.P.               Evidence kit from Holtzclaw

66  R.M.  D.P.  K.Z.         Blood sample from Holtzclaw

66A   K.Z.  D.P.             DNA sample from #64

R.J. 67 L H not here M.K. D.S.  Note with PIN numbers

68  M.K.  S.K.               Taping from truck seat

69  M.K.  S.K.               Taping from truck door

70(A)(B)(C) D.S.  R.J.       Defendant's handwriting exemplars ✗

71(A)(B)(C) K.A.  A.C. T.T. R.J.  Defendant's handwriting standards

72  D.S.                     Telephone records ✗

73  L.H.  D.S.               Line-up sheet

74  D.S.                     Line-up photographs

75  K.J.                     Booking records of Andrew Pettigrew

4

C000637

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, )
                          Plaintiff, )
-vs-                                 )        No: 98-CF-1558
                                     )
DEDRIC T. MOORE,                     )
                      Defendant. )

**FILED**
SIXTH JUDICIAL CIRCUIT

MAR 1 1999

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## PROPOSED TRIAL SCHEDULE

**Monday, March 15, 1999**      **Tuesday, March 16, 1999**      **Wednesday, March 17, 1999**

9:00 AM                          9:00 AM                          9:00 AM

JURY SELECTION                   Eddie Bain                       (Rich Johnson)
                                 Charles Caudill                  Paula Cardosi
                                 Dena Sawka                       Dana Pitchford
                                 Chad Shipley
                                 Charlie Shepard
                                 Michael Kyrouac
                                 STIPULATION: William Kilpatrick
                                 Dorothy Cummings
                                 Jo Brooks
                                 STIPULATION: Bob Gleeson
                                 Robb Morris
                                 STIPULATION: Roger Hobbs

1:30 PM                          1:30 PM                          1:30 PM

Lori Hansen                      Harry Washburn                   Suzanne Kidd
David Perkinson                  Don Shepard                      Kevin Zebb
Dale Grimm                       Lt. Kim Johnston
Jim Summers                      STIPULATION: Renee Patrick
Tim Atteberry                    Mark Stresak
Mary Bunyard                     STIPULATION: John Carnes
                                 Karen Anglin
                                 Anthony Carpenter
                                 Thomas Tarr
                                 ~~Rich Johnson~~

C000638

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

MAR 1 5 1999

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF ILLINOIS,** ) | |
| Plaintiff, ) | |
| -vs- ) | NO: 98-CF-1558 |
| ) | |
| **DEDRIC T. MOORE,** ) | |
| Defendant. ) | |

## PROSPECTIVE WITNESS NAMES FOR JURY VOIR DIRE

Lori Hansen
Dorothy Cummings
David Perkinson
Bob Ricord
Dale Grimm
Officer Timothy Atteberry, Champaign Police Department
Sgt. James Summers, Champaign Police Department
Officer Lisa Staples, Champaign Police Department
Officer Mary Bunyard, Champaign Police Department
Investigator Charlie Shepard, Champaign Police Department
Officer Chad Shipley, Champaign Police Department
Investigator Mark Stresak, Champaign Police Department
Officer Charles Caudill, Champaign Police Department
Investigator Don Shepard, Champaign Police Department
Investigator Robb Morris, Champaign Police Department
Sgt. Joe Gallo, Champaign Police Department
Sgt. Brad Yohnka, Champaign Police Department
Officer Randall Cunningham, Champaign Police Department
Investigator Zane Zeigler, Champaign Police Department
Dena Sawka
Dr. K. Parasakthi (Per-rosst-kee), Covenant Medical Center
Lt. Eddie Bain, Champaign Fire Department
William Kilpatrick, Carle Hospital
Roger Hobbs, Carle Hospital
Bob Gleeson, First Midwest Bank
Jo Brooks, First Midwest Bank
David Sherrick
John Carnes, Illinois State Police Forensic Science Laboratory
Suzanne Kidd, Illinois State Police Forensic Science Laboratory
Paula Cardosi, Illinois State Police Forensic Science Laboratory
Dana Pitchford, Illinois State Police Forensic Science Laboratory
Kevin Zebb, Illinois State Police Forensic Science Laboratory
Rich Johnson, Illinois State Police Forensic Science Laboratory
Harry Washburn
Jennifer Stevens
Jennifer Laws
Emmanuel Dontay Moore
Donrico Holtzclaw
Mike Kyrouac, Illinois State Police
Lillie Moore

C000639

Patricia Holtclaw
Officer Karen Anglin, Champaign County Correctional Center
Officer Anthony Carpenter, Champaign County Correctional Center
Officer Thomas Tarr, Champaign County Correctional Center
Michelle Hebert
Karon Williams
Homer "Joey" Green
Angelique Decker
Ivory Burragh
~~John Thompson~~
~~Carolyn Thompson~~

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,    )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        98 CF 1558
                                        )
DEDRIC T. MOORE,                        )
                                        )
        Defendant.                      )

**FILED**
SIXTH JUDICIAL CIRCUIT

MAR 1 ? 1999

L____ S. F____
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## MOTION IN LIMINE

NOW COMES the defendant Dedric T. Moore, by his attorney Diana Lenik, and for his Motion in Limine states as follows:

1.      He is charged in the above-entitled cause with the offenses of Attempt Murder, Home Invasion, Aggravated Arson, Aggravated Criminal Sexual Abuse and Residential Burglary.

2.      He is of the opinion and belief that if he chooses to testify on his own behalf at trial, that the state plans to introduce evidence of his prior convictions to impeach his credibility.

3.      In order that his decision whether or not to testify is an informed one, he is entitled to know whether the state will be allowed to use that evidence.

4.      He has the following felony convictions in the last ten years:  1995 - 95 CF 1317 - Forgery and; 1998 - 98 CF 1089- Attempt Burglary.

5.      These convictions are inadmissable because they are so similar to the charges and facts in this case that their admission would show the defendant's propensity to commit crime and the prejudice would outweigh any probative value such evidence might have.  Furthermore, there may be some testimony in this case that the perpetrator took an ATM card from the victim and attempted to use it to get cash, and those facts are so similar to the offense of Forgery that the fact of that conviction should be inadmissible even though it is not specifically an offense charged here.

WHEREFORE, defendant Dedric T. Moore prays that this court prohibit the use of certain testimony, as more fully set forth above.

Dedric T. Moore,
Defendant,

By: Diana Lenik
His Attorney

Diana Lenik
Attorney at Law
202 West Green Street
Urbana, IL 61801
217/337-5610

C000642



# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, )
                              Plaintiff, )
          -vs-                           )   NO: 98-CF-1558
                                         )
DEDRIC T. MOORE,                         )
                           Defendant. )

**FILED**
SIXTH JUDICIAL CIRCUIT
MAR 1 1999

Linda S Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## STATEMENT OF THE NATURE OF THE CASE
(To be read by the Court to the venire prior to the selection of the jury)

So that you may better understand the nature and the purpose of the questions which you will be asked by the Court and by counsel, touching upon qualifications to sit as jurors in this case, the Court now advises you that this case on trial is for an alleged violation of a criminal statute. The defendant is Dedric T. Moore of Champaign, Illinois, who is represented by Diana Lenik of Urbana, Illinois. The People of the State of Illinois are represented by Heidi Ladd. The indictment charges the Defendant with Attempt (First Degree Murder), Aggravated Arson, Home Invasion, Aggravated Criminal Sexual Abuse and Residential Burglary. These offenses are alleged to have occurred on or about the 25th day of February, 1998, in Champaign County, Illinois. On that date it is alleged that the defendant, without authority, and with the intent to commit a theft, entered into the dwelling of Lori Hansen, located at 512A S. New Street, Champaign, Illinois, and tied Lori Hansen's hands and feet, fondled her breasts, struck her about the head and body, choked her, poured a flammable liquid on her and her surroundings, flipped a lit cigarette on her with the intent to kill her, and by means of fire, damaged her dwelling place, knowing she was present inside.

To these charges the defendant has entered a plea of not guilty.

C000643

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | MAR 1 - 1999 |
| | ) | |
| vs. | ) No: 98-CF-1558 | Linda S. Frerks |
| | ) | CLERK OF THE CIRCUIT COURT |
| | ) | CHAMPAIGN COUNTY, ILLINOIS |
| DEDRIC T. MOORE, | ) | |
| Defendant. | ) | |

### STIPULATION AS TO THE TESTIMONY OF WILLIAM KILPATRICK

Now come the People of the State of Illinois by Heidi Ladd, Assistant State's Attorney and the

defendant, Dedric T. Moore, by his attorney Diana Lenik, who hereby stipulate and agree to the following:

1. That William Kilpatrick is employed as a licensed registered nurse in the State of Illinois, and

was so employed on March 4, 1998.

2. On March 4, 1998, at Carle Hospital, Urbana, Illinois, Nurse Kilpatrick collected blood

specimens in a specialized sterile vacutube, from the defendant, Dedric Moore, following established

medical and scientific procedures to insure that the sample was not contaminated. Nurse Kilpatrick

marked the specimen, which is identified as People's Exhibit numbered 64, and turned it over to

Investigator Don Shepard of the Champaign Police Department, who was present during this collection of

specimens.

You are to consider this stipulation of facts in the same manner as if William Kilpatrick had

testified in Court.

FOR THE DEFENDANT:                              FOR THE PEOPLE:

Diana Lenik                                     Heidi Ladd
Attorney for the Defendant                      Assistant State's Attorney

C000644

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, ) **FILED**
                  **Plaintiff,** ) SIXTH JUDICIAL CIRCUIT

vs. ) No: 98-CF-1558 MAR 1 - 1999
)
)
DEDRIC T. MOORE, )
                   **Defendant.**
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## STIPULATION AS TO THE TESTIMONY OF ROBERT GLEESON

Now come the People of the State of Illinois by Heidi Ladd, Assistant State's Attorney and the defendant, Dedric T. Moore, by his attorney Diana Lenik, who hereby stipulate and agree to the following:

1. That Robert Gleeson is employed as Assistant Vice President for the First Midwest Bank. As Assistant Vice President part of Robert Gleeson's job responsibilities include being responsible for keeping and maintaining business records of transactions at First Midwest Bank ATM machines.

2. Robert Gleeson would testify that People's Exhibit Number 7 is a true and accurate copy of the business records of February 24 and 25, 1998, for the First Midwest Bank ATM machine located at 812 Springfield, Champaign, Illinois.

3. Robert Gleeson would testify that:

    a. It is the regular course of business to make this record.

    b. The record was kept in the regular course of business.

    c. The record was made at or near the time of the matter recorded.

    d. The record was made at or near the time of the events/transactions recorded

    e. The record was made by recognized standard electronic computer equipment which produces an accurate record when it is properly employed and working, which it was on February 24 and 25, 1998.

You are to consider this stipulation of facts in the same manner as if Robert Gleeson had testified in Court.

FOR THE DEFENDANT:                    FOR THE PEOPLE:

_Diana Lenik_                         _Heidi Ladd_
Diana Lenik                            Heidi Ladd
Attorney for the Defendant           Assistant State's Attorney      C000645

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

THE PEOBLE OF THE STATE OF ILLINOIS,      )
                        Plaintiff,        )
                                          )
vs.                                       )   No: 98-CF-1558
                                          )
                                          )
DEDRIC T. MOORE,                          )
                        Defendant.

**FILED**
SIXTH JUDICIAL CIRCUIT

MAR 1  1999

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

### <u>STIPULATION AS TO THE TESTIMONY OF ROGER HOBBS</u>

Now come the People of the State of Illinois by Heidi Ladd, Assistant State's Attorney and the

defendant, Dedric T. Moore, by his attorney Diana Lenik, who hereby stipulate and agree to the following:

1. That Roger Hobbs is employed as a licensed registered nurse in the State of Illinois, and was

so employed on March 5, 1998.

2. On March 5, 1998, at Carle Hospital, Urbana, Illinois, Nurse Hobbs collected blood specimens

from Donrico Holtzclaw, in specialized sterile vacutubes and on a sterile filter paper, following established

medical and scientific procedures to insure that the samples were not contaminated.  Nurse Hobbs then

sealed the filter paper specimen in the sterile collection envelope, which is identified as People's Exhibit

numbered 66.  He then placed all the specimens in the evidence collection box, which is marked as

People's Exhibit number 65, and turned it over to Investigator Robb Morris of the Champaign Police

Department, who was present during this collection of specimens.

You are to consider this stipulation of facts in the same manner as if Roger Hobbs had testified in

Court.

FOR THE DEFENDANT:                      FOR THE PEOPLE:

Diana Lenik                             Heidi Ladd
Attorney for the Defendant              Assistant State's Attorney

C000646

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,    )
                          Plaintiff,    )

vs.    ) No: 98-CF-1558 MAR 1  1959

   )

DEDRIC T. MOORE,    )
                 Defendant.

**FILED**
SIXTH JUDICIAL CIRCUIT

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## STIPULATION AS TO THE TESTIMONY OF RENEE PATRICK

Now come the People of the State of Illinois by Heidi Ladd, Assistant State's Attorney and the defendant, Dedric T. Moore, by his attorney Diana Lenik, who hereby stipulate and agree to the following:

1. That Renee Patrick is employed as Keeper of the Records for Ameritech, Chicago, Illinois, and she is responsible for keeping and maintaining business records of Ameritech telephone records.

2. Renee Patrick would testify that People's Exhibit Number 72 is a true and accurate copy of the business records of February 23 through 25, 1998, for the telephone calls to and from 398-9671 in Champaign, Illinois.

3. Renee Patrick would testify that:

    a. It is the regular course of business to make this record.

    b. The record was kept in the regular course of business.

    c. The record was made at or near the time of the matter recorded.

    d. The record was made at or near the time of the events/transactions recorded

    e. The record was made by recognized standard electronic computer equipment which produces an accurate record when it is properly employed and working, which it was on February 23 through 25, 1998.

You are to consider this stipulation of facts in the same manner as if Renee Patrick had testified in Court.

FOR THE DEFENDANT:

_____
Diana Lenik
Attorney for the Defendant

FOR THE PEOPLE:

_____
Heidi Ladd
Assistant State's Attorney

C000647

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**CHAMPAIGN COUNTY, ILLINOIS**

FILED
SIXTH JUDICIAL CIRCUIT

MAR 16 1999

Linda S. Frobish
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No: 98-CF-1558 |
| | ) |
| | ) |
| DEDRIC T. MOORE, | ) |
| Defendant. | |

### STIPULATION AS TO THE TESTIMONY OF JOHN CARNES

Now come the People of the State of Illinois by Heidi Ladd, Assistant State's Attorney and the

defendant, Dedric T. Moore, by his attorney Diana Lenik, who hereby stipulate and agree to the following:

1.  John Carnes is employed as a latent fingerprint examiner with the Illinois State Police

Forensic Science Laboratory, Springfield, Illinois, and is qualified as an expert in fingerprint comparisons.

2.  John Carnes examined numerous pieces of evidence on this case including:

> Beer can
> Piece of yellow paper
> Two checks, two plastic cards
> Telephone
> Beer bottle
> Coin purse with pieces of wet paper inside
> Key chain
> Wallet, wet receipt
> Lighter
> Cash station receipt
> Cassette tape
> Camel cigarette packs
> Utility knife and plastic bag
> Piece of onion
> Roll of tape
> Knife
> Latent print from exterior of driver's door between mirror and handle
> Latent print from turn signal lever

3.  John Carnes also received the known fingerprints of the Defendant Dedric T. Moore and of

Lori Hansen.

4.  John Carnes found latent prints suitable for comparison on:

> the plastic bag that was with the utility knife;
> the latent print from the exterior of driver's door;
> the latent print from the turn signal lever;
> a receipt that was with the coin purse.

John Carnes found no latent prints suitable for comparison on any of the other evidence. C000648

5. Comparison of the latent fingerprints found with the known fingerprints of Dedric T. Moore and Lori Hansen did not reveal an identification.

You are to consider this stipulation of facts in the same manner as if John Carnes had testified in Court.

FOR THE DEFENDANT:

Diana Lenik
Attorney for the Defendant

FOR THE PEOPLE:

Heidi Ladd
Assistant State's Attorney

The defendant has introduced evidence of his reputation of being a peaceful and law-abiding citizen.  This evidence may be sufficient when considered with the other evidence in the case to raise a reasonable doubt of the defendant's guilt. However, if from all the evidence in the case you are satisfied beyond a reasonable doubt of the defendant's guilt, then it is your duty to find him guilty, even though he may have a good reputation for being a peaceful and law-abiding citizen.

Members of the jury, the evidence and arguments in this case have been completed, and I now will instruct you as to the law.

The law that applies to this case is stated in these instructions, and it is your duty to follow all of them. You must not single out certain instructions and disregard others.

It is your duty to determine the facts and to determine them only from the evidence in this case. You are to apply the law to the facts and in this way decide the case.

Neither sympathy nor prejudice should influence you. You should not be influenced by any person's race, color, religion, or national ancestry.

From time to time it has been the duty of the court to rule on the admissibility of evidence. You should not concern yourself with the reasons for these rulings. You should disregard questions which were withdrawn or to which objections were sustained.

Any evidence that was received for a limited purpose should not be considered by you for any other purpose.

You should disregard testimony which the court has refused or stricken.

The evidence which you should consider consists only of the testimony of the witnesses and the exhibits which the court has received.

You should consider all the evidence in the light of your own observations and experience in life.

Neither by these instructions nor by any ruling or remark which I have made do I mean to indicate any opinion as to the facts or as to what your verdict should be.

Faithful performance by you of your duties as jurors is vital to the administration of justice.

N10.
6

I.P.I. #: __1.01__

PEOPLE'S INSTRUCTION #: __1__

C000651

Only you are the judges of the believability of the witnesses and of the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his ability and opportunity to observe, his memory, his manner while testifying, any interest, bias, or prejudice he may have, and the reasonableness of his testimony considered in the light of all the evidence in the case.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

N I O
G

I.P.I. #: 1.02

PEOPLE'S INSTRUCTION #: 2

Opening statements are made by the attorneys to acquaint you with the facts they expect
to prove.  Closing arguments are made by the attorneys to discuss the facts and circumstances in
the case and should be confined to the evidence and to reasonable inferences to be drawn from
the evidence.  Neither opening statements nor closing arguments are evidence, and any statement
or argument made by the attorneys which is not based on the evidence should be disregarded.

N1O
6

I.P.I. #: 1.03

PEOPLE'S INSTRUCTION #: 3

Those of you who took notes during trial may use your notes to refresh your memory during jury deliberations.

Each juror should rely on his or her recollection of the evidence. Just because a juror has taken notes does not necessarily mean that his or her recollection of the evidence is any better or more accurate than the recollection of a juror who did not take notes.

When you are discharged from further service in this case, your notes will be collected by the deputy and destroyed. Throughout that process, your notes will remain confidential and no one will be allowed to see them.

*N10*
*6*

The defendant is charged with the offenses of Residential Burglary, Home Invasion, Aggravated Criminal Sexual Abuse, Attempt First Degree Murder and Aggravated Arson. The defendant has pleaded not guilty.

NIO
6

I.P.I. #: 2.01

The charges against the defendant in this case are contained in a document called the indictment. This document is the formal method of charging the defendant and placing the defendant on trial. It is not any evidence against the defendant.

N10

6

I.P.I. #: 2.02

PEOPLE'S INSTRUCTION #: 0.04 b 5 b

The defendant is presumed to be innocent of the charges against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict and is not overcome unless from all the evidence in this case you are convinced beyond a reasonable doubt that he is guilty.

The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence.

NIO
G

I.P.I. #: 2.03

PEOPLE'S INSTRUCTION #: 7

Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.

NI0
6

I.P.I. #: 3.02

PEOPLE'S INSTRUCTION #: 8A

C000658

You have before you evidence that the defendant made statements relating to the offenses charged in the indictment.  It is for you to determine whether the defendant made the statements, and, if so, what weight should be given to the statements.  In determining the weight to be given to a statement, you should consider all of the circumstances under which it was made.

N10
6

I.P.I. #: 3.06 - 3.07

PEOPLE'S INSTRUCTION # C00859

It is proper for an attorney or an attorney's investigator to interview or attempt to interview a witness for the purpose of learning the testimony the witness will give.

However, the law does not require a witness to speak to an attorney or an attorney's investigator before testifying.

I.P.I. #: 3.10

PEOPLE'S INSTRUCTION #: 9

The believability of a witness may be challenged by evidence that on some former occasion he made a statement that was not consistent with his testimony in this case. Evidence of this kind may be considered by you only for the limited purpose of deciding the weight to be given the testimony you heard from the witness in this courtroom.

It is for you to determine what weight should be given to that statement. In determining the weight to be given to an earlier statement, you should consider all of the circumstances under which it was made.

N10

6

Evidence that a witness has been convicted of an offense may be considered by you only as it may affect the believability of the witness.

N10
0

I.P.I. #: _3.12_

PEOPLE'S INSTRUCTION #: _39_

C000662

Evidence of a defendant's previous conviction of an offense may be considered by you only as it may affect his believability as a witness and must not be considered by you as evidence of his guilt of the offense with which he is charged.

N10
6

I.P.I. #: 3.13

PEOPLE'S INSTRUCTION #: 11

C000663

When you weigh the identification testimony of a witness, you should consider all the facts and circumstances in evidence, including, but not limited to, the following:

The opportunity the witness had to view the offender at the time of the offense, the witness's degree of attention at the time of the offense, the witness's earlier description of the offender, the level of certainty shown by the witness when confronting the defendant and the length of time between the offense and the identification confrontation.

N10
6

I.P.I. #: 3.15

PEOPLE'S INSTRUCTION #: 12

C000664

The defendant has introduced evidence of his reputation of being a peaceful and law-abiding citizen.  This evidence may be sufficient when considered with the other evidence in the case to raise a reasonable doubt of the defendant's guilt.  However, if from all the evidence in the case you are satisfied beyond a reasonable doubt of the defendant's guilt, then it is your duty to find him guilty, even though he may have a good reputation for being a peaceful and law-abiding citizen.

N 10
6

Defendant's Instruction No. ____31____
I.P.I.  No. 3.16

A person commits the offense of residential burglary when he knowingly and without authority enters the dwelling place of another with the intent to commit therein the offense of theft.

N10
6

To sustain the charge of residential burglary, the State must prove the following propositions:

First Proposition:  That the defendant knowingly entered the dwelling place of another; and

Second Proposition:  That the defendant did so without authority; and

Third Proposition:  That the defendant did so with the intent to commit therein the offense of theft.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

N10
6

I.P.I. #:  14.14

PEOPLE'S INSTRUCTION #C-0-0-0-b b 7

A person commits the offense of home invasion when he, not being a police officer acting in the line of duty, without authority, knowingly enters the dwelling place of another he knows or has reason to know that one or more persons is present, and intentionally causes any injury to any person within the dwelling place.

N 10

6

To sustain the charge of home invasion, the State must prove the following propositions:

First Proposition: That the defendant was not a police officer acting in the line of duty; and

Second Proposition: That the defendant knowingly and without authority entered the dwelling place of another; and

Third Proposition: That he knew or had reason to know that one or more persons was present; and

Fourth Proposition: That the defendant intentionally caused an injury to Lori Hansen, a person within the dwelling place.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

N 10
6

I.P.I. #: 11.54

PEOPLE'S INSTRUCTION #: 16

C000669

The term "peace officer" means any person who, by virtue of his office or public employment, is vested by law with a duty to maintain public order or to make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses..

NIO

6

I.P.I. #: 4.08

PEOPLE'S INSTRUCTION #: 17

C00670

A person commits the offense of aggravated criminal sexual abuse when he commits an

act of sexual conduct by the use of force or threat of force, and causes bodily harm to the victim.

I.P.I. #: 11.61 & 11.59

PEOPLE'S INSTRUCTION #: 18

C000671

E-FILED
Friday, 04 May, 2007  05:38:27 PM
Clerk, U.S. District Court, ILCD

The term "force or threat of force" means the use of force or violence or the threat of

violence, including when the accused has overcome the victim by use of physical restraint.

N10
6

I.P.I. #: 11.65C

PEOPLE'S INSTRUCTION #: 19

The term "bodily harm" means physical harm.

N106

The term "sexual conduct" means any intentional or knowing touching or fondling by the accused, either directly or indirectly through the clothing, of the breast of the victim, for the purpose of sexual gratification or arousal of the victim or the accused.

I.P.I. #: 11.65D

PEOPLE'S INSTRUCTION #: 21

To sustain the charge of aggravated criminal sexual abuse, the State must prove the following propositions:

First Proposition: That the defendant committed an act of sexual conduct upon Lori Hansen; and

Second Proposition: That the act was committed by force or threat of force; and

Third Proposition: That the defendant caused bodily harm to Lori Hansen.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

N10
6

I.P.i. #: 11.62

PEOPLE'S INSTRUCTION #: 22

C000675

A person commits the offense of attempt first degree murder when he, with the intent to kill an individual, does any act which constitutes a substantial step toward the killing of an individual.

The killing attempted need not have been accomplished.

N10
6

I.P.I. #: 6.05λ

PEOPLE'S INSTRUCTION #: 23

To sustain the charge of attempt first degree murder, the State must prove the following propositions:

First Proposition:  That the defendant performed an act which constituted a substantial step toward the killing of an individual; and

Second Proposition:  That the defendant did so with the intent to kill an individual.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

N10
6

I.P.I. #: 6.07X

PEOPLE'S INSTRUCTION 00-0-0-0-11

A person commits the offense of aggravated arson when, in the course of committing arson, he knowingly damages, partially or totally, any building, and he knows or reasonably should know that one or more persons are present herein.

N10
6

A person commits the offense of arson when, he by means of fire, knowingly damages real property of another without his consent.

The phrase "property of another" means a building or other real property in which a person other than the defendant has an interest which the defendant has no authority to defeat or impair, even though the defendant may also have an interest in the building or property.

0
b

To sustain the charge of aggravated arson, the State must prove the following propositions:

First Proposition: That the defendant, in course of committing arson, knowingly damaged, partially or totally any building; and

Second Proposition: That when the defendant did so, he knew or should have known that one or more persons were present therein.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these of propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

N I O

6

When you retire to the jury room you first will elect one of your members as your foreperson.  He or she will preside during your deliberations on your verdict.

Your agreement on a verdict must be unanimous.  Your verdict must be in writing and signed by all of you, including your foreperson.

The defendant is charged with the offenses of Residential Burglary, Home Invasion, Aggravated Criminal Sexual Abuse, Attempt First Degree Murder and Aggravated Arson.  You will receive ten forms of verdict.  As to each charge, you will be provided with both a "not guilty" and "guilty' form of verdict.  From these two verdict forms with regard to a particular charge, you should select the one verdict form that reflects your verdict on that charge and sign it as I have stated.  Do not write on the other verdict form on that charge.  Sign only one verdict form on that charge.

N10
6

I.P.I. #: 26.01

PEOPLE'S INSTRUCTION #:  28

C000b81

We, the jury, find the defendant, Dedric T. Moore, not guilty of Residential Burglary.

_____
Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I.P.I. #: 26.02

PEOPLE'S INSTRUCTION #: 29

We, the jury, find the defendant, Dedric T. Moore, guilty of Residential Burglary.

_____

Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I.P.I.G. 26 .05

PEOPLE'S INSTRUCTION #: 30

We, the jury, find the defendant, Dedric T. Moore, not guilty of Home Invasion.

———————————————————
Foreperson

———————————————————

———————————————————

———————————————————

———————————————————

———————————————————

———————————————————

———————————————————

———————————————————

———————————————————

I.P.I. # 26.02

PEOPLE'S INSTRUCTION #: 31

We, the jury, find the defendant, Dedric T. Moore, guilty of Home Invasion.

_____
Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I.P.I. #: 26.05

C00685

PEOPLE'S INSTRUCTION #: _____

We, the jury, find the defendant, Dedric T. Moore, not guilty of Aggravated Criminal

Sexual Abuse.

_____

Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

We, the jury, find the defendant, Dedric T. Moore, guilty of Aggravated Criminal Sexual Abuse.

_____
Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

IPI #: 26.05

PEOPLE'S INSTRUCTION #: 34

C000687

We, the jury, find the defendant, Dedric T. Moore, not guilty of Attempt First Degree Murder.

_____
Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

GIVE # 26.02

PEOPLE'S INSTRUCTION # 35

C000688

We, the jury, find the defendant, Dedric T. Moore, guilty of Attempt First Degree
Murder.

_____

Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

IPI #: 26.05

PEOPLE'S INSTRUCTION # 36

C 0 0 0 6 8 9

We, the jury, find the defendant, Dedric T. Moore, not guilty of Aggravated Arson.

_____
Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I.P.I. #:___ 26.02

PEOPLE'S INSTRUCTION #: C B 070 b 9 0

We, the jury, find the defendant, Dedric T. Moore, guilty of Aggravated Arson.

_____

Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

IPI# 26.05

PEOPLE'S INSTRUCTION #: 38

C000691

A person commits the offense of aggravated criminal sexual abuse when he commits an act of sexual conduct by the use of force or threat of force, and causes bodily harm to the victim.

C000692

The term "force or threat of force" means the use of force or violence or the threat of violence, including when the accused has overcome the victim by use of physical restraint.

The term "bodily harm" means physical harm.

C000b94

The term "sexual conduct" means any intentional or knowing touching or fondling by the accused, either directly or indirectly through the clothing, of the breast of the victim, for the purpose of sexual gratification or arousal of the victim or the accused.

To sustain the charge of aggravated criminal sexual abuse, the State must prove the following propositions:

First Proposition: That the defendant committed an act of sexual conduct upon Lori Hansen; and

Second Proposition: That the act was committed by force or threat of force; and

Third Proposition: That the defendant caused bodily harm to Lori Hansen.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

A person commits the offense of attempt first degree murder when he, with the intent to kill an individual, does any act which constitutes a substantial step toward the killing of an individual.

The killing attempted need not have been accomplished.

To sustain the charge of attempt first degree murder, the State must prove the following propositions:

First Proposition:  That the defendant performed an act which constituted a substantial step toward the killing of an individual; and

Second Proposition:  That the defendant did so with the intent to kill an individual.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

A person commits the offense of aggravated arson when, in the course of committing arson, he knowingly damages, partially or totally, any building, and he knows or reasonably should know that one or more persons are present herein.

C000b99

A person commits the offense of arson when, he by means of fire, knowingly damages real property of another without his consent.

The phrase "property of another" means a building or other real property in which a person other than the defendant has an interest which the defendant has no authority to defeat or impair, even though the defendant may also have an interest in the building or property.

To sustain the charge of aggravated arson, the State must prove the following propositions:

First Proposition: That the defendant, in course of committing arson, knowingly damaged, partially or totally any building; and

Second Proposition: That when the defendant did so, he knew or should have known that one or more persons were present therein.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these of propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

When you retire to the jury room you first will elect one of your members as your foreperson. He or she will preside during your deliberations on your verdict.

Your agreement on a verdict must be unanimous. Your verdict must be in writing and signed by all of you, including your foreperson.

The defendant is charged with the offenses of Residential Burglary, Home Invasion, Aggravated Criminal Sexual Abuse, Attempt First Degree Murder and Aggravated Arson. You will receive ten forms of verdict. As to each charge, you will be provided with both a "not guilty" and "guilty' form of verdict. From these two verdict forms with regard to a particular charge, you should select the one verdict form that reflects your verdict on that charge and sign it as I have stated. Do not write on the other verdict form on that charge. Sign only one verdict form on that charge.

We, the jury, find the defendant, Dedric T. Moore, not guilty of Aggravated Arson.

_____
Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**FILED**
SIXTH JUDICIAL CIRCUIT

MAR 1 8 1999

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

We, the jury, find the defendant, Dedric T. Moore, not guilty of Attempt First Degree

Murder.

_____
Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

We, the jury, find the defendant, Dedric T. Moore, not guilty of Aggravated Criminal

Sexual Abuse.

_____

Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

C000706

We, the jury, find the defendant, Dedric T. Moore, not guilty of Home Invasion.

____________________
Foreperson

____________________

____________________

____________________

____________________

____________________

____________________

____________________

____________________

____________________

____________________

____________________

We, the jury, find the defendant, Dedric T. Moore, not guilty of Residential Burglary.

_____

Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

C000707

Members of the jury, the evidence and arguments in this case have been completed, and I now will instruct you as to the law.

The law that applies to this case is stated in these instructions, and it is your duty to follow all of them. You must not single out certain instructions and disregard others.

It is your duty to determine the facts and to determine them only from the evidence in this case. You are to apply the law to the facts and in this way decide the case.

Neither sympathy nor prejudice should influence you. You should not be influenced by any person's race, color, religion, or national ancestry.

From time to time it has been the duty of the court to rule on the admissibility of evidence. You should not concern yourself with the reasons for these rulings. You should disregard questions which were withdrawn or to which objections were sustained.

Any evidence that was received for a limited purpose should not be considered by you for any other purpose.

You should disregard testimony which the court has refused or stricken.

The evidence which you should consider consists only of the testimony of the witnesses and the exhibits which the court has received.

You should consider all the evidence in the light of your own observations and experience in life.

Neither by these instructions nor by any ruling or remark which I have made do I mean to indicate any opinion as to the facts or as to what your verdict should be.

Faithful performance by you of your duties as jurors is vital to the administration of justice.

Only you are the judges of the believability of the witnesses and of the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his ability and opportunity to observe, his memory, his manner while testifying, any interest, bias, or prejudice he may have, and the reasonableness of his testimony considered in the light of all the evidence in the case.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

C000709

Opening statements are made by the attorneys to acquaint you with the facts they expect to prove.  Closing arguments are made by the attorneys to discuss the facts and circumstances in the case and should be confined to the evidence and to reasonable inferences to be drawn from the evidence.  Neither opening statements nor closing arguments are evidence, and any statement or argument made by the attorneys which is not based on the evidence should be disregarded.

Those of you who took notes during trial may use your notes to refresh your memory during jury deliberations.

Each juror should rely on his or her recollection of the evidence. Just because a juror has taken notes does not necessarily mean that his or her recollection of the evidence is any better or more accurate than the recollection of a juror who did not take notes.

When you are discharged from further service in this case, your notes will be collected by the deputy and destroyed. Throughout that process, your notes will remain confidential and no one will be allowed to see them.

The defendant is charged with the offenses of Residential Burglary, Home Invasion, Aggravated Criminal Sexual Abuse, Attempt First Degree Murder and Aggravated Arson. The defendant has pleaded not guilty.

E-FILED
Friday, 04 May, 2007  05:38:46 PM
Clerk, U.S. District Court, ILCD

The charges against the defendant in this case are contained in a document called the indictment.  This document is the formal method of charging the defendant and placing the defendant on trial.  It is not any evidence against the defendant.

The defendant is presumed to be innocent of the charges against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict and is not overcome unless from all the evidence in this case you are convinced beyond a reasonable doubt that he is guilty.

The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence.

Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.

You have before you evidence that the defendant made statements relating to the offenses charged in the indictment. It is for you to determine whether the defendant made the statements, and, if so, what weight should be given to the statements. In determining the weight to be given to a statement, you should consider all of the circumstances under which it was made.

It is proper for an attorney or an attorney's investigator to interview or attempt to interview a witness for the purpose of learning the testimony the witness will give.

However, the law does not require a witness to speak to an attorney or an attorney's investigator before testifying.

The believability of a witness may be challenged by evidence that on some former occasion he made a statement that was not consistent with his testimony in this case. Evidence of this kind may be considered by you only for the limited purpose of deciding the weight to be given the testimony you heard from the witness in this courtroom.

It is for you to determine what weight should be given to that statement. In determining the weight to be given to an earlier statement, you should consider all of the circumstances under which it was made.

Evidence that a witness has been convicted of an offense may be considered by you only as it may affect the believability of the witness.

C000719

Evidence of a defendant's previous conviction of an offense may be considered by you only as it may affect his believability as a witness and must not be considered by you as evidence of his guilt of the offense with which he is charged.

C000720

The defendant has introduced evidence of his reputation of being a peaceful and law-abiding citizen. This evidence may be sufficient when considered with the other evidence in the case to raise a reasonable doubt of the defendant's guilt. However, if from all the evidence in the case you are satisfied beyond a reasonable doubt of the defendant's guilt, then it is your duty to find him guilty, even though he may have a good reputation for being a peaceful and law-abiding citizen.

When you weigh the identification testimony of a witness, you should consider all the facts and circumstances in evidence, including, but not limited to, the following:

The opportunity the witness had to view the offender at the time of the offense, the witness's degree of attention at the time of the offense, the witness's earlier description of the offender, the level of certainty shown by the witness when confronting the defendant and the length of time between the offense and the identification confrontation.

A person commits the offense of residential burglary when he knowingly and without authority enters the dwelling place of another with the intent to commit therein the offense of theft.

To sustain the charge of residential burglary, the State must prove the following propositions:

First Proposition:  That the defendant knowingly entered the dwelling place of another; and

Second Proposition:  That the defendant did so without authority; and

Third Proposition:  That the defendant did so with the intent to commit therein the offense of theft.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

C000724

A person commits the offense of home invasion when he, not being a police officer acting in the line of duty, without authority, knowingly enters the dwelling place of another he knows or has reason to know that one or more persons is present, and intentionally causes any injury to any person within the dwelling place.

C000725

To sustain the charge of home invasion, the State must prove the following propositions:

First Proposition: That the defendant was not a police officer acting in the line of duty; and

Second Proposition: That the defendant knowingly and without authority entered the dwelling place of another; and

Third Proposition: That he knew or had reason to know that one or more persons was present; and

Fourth Proposition: That the defendant intentionally caused an injury to Lori Hansen, a person within the dwelling place.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

C000726

The term "peace officer" means any person who, by virtue of his office or public employment, is vested by law with a duty to maintain public order or to make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses..

We, the jury, find the defendant, Dedric T. Moore, guilty of Aggravated Criminal Sexual

Abuse.

_____
Foreperson

FILED
SIXTH JUDICIAL CIRCUIT

MAR 18 1999

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

C000728

We, the jury, find the defendant, Dedric T. Moore, guilty of Home Invasion.

_(signature)_
Foreperson

_(signature)_ Robert D. Neathamer

_(signature)_ Susan Schimmel

_(signature)_ Paul Edwards

_(signature)_

_(signature)_ Microll Essinger

_(signature)_

_(signature)_ John E. Guest

_(signature)_ Lois J. Thompson

_(signature)_ Deborah J. Wickeng

_(signature)_ Catherine A. Roberts

_(signature)_

FILED
SIXTH JUDICIAL CIRCUIT

MAR 18 1999

_(signature)_ Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

C000729

We, the jury, find the defendant, Dedric T. Moore, guilty of Residential Burglary.

Foreperson

FILED
SIXTH JUDICIAL CIRCUIT

MAR 1 8 1999

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

C000730

We, the jury, find the defendant, Dedric T. Moore, guilty of Attempt First Degree

Murder.

_____
Foreperson

_____

_Susan Schimmel_

_____

_____

_Michelle Esolinger_

_____

_John E Guest_

_Lois J Thompson_

_Deborah J Wisling_

_Catherine H. Roberts_

_____

**FILED**
SIXTH JUDICIAL CIRCUIT

MAR 18 1999

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

C000731

We, the jury, find the defendant, Dedric T. Moore, guilty of Aggravated Arson.

_____
Foreperson

_____

Susan Schimmel

Paul Edwards

_____

Michelle Rodriguez

_____

John C. Guest

Lois J. Thompson

Deborah J. Wickling

Catherine H. Roberts

_____

**FILED**
SIXTH JUDICIAL CIRCUIT

MAR 18 1999

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

C000732

# ORDER FOR SENTENCING REPORT

A  ☒ **Presentence Report**  or  ☐ **Traffic Summary**  Report is ordered on

the following case:

**FILED**
SIXTH JUDICIAL CIRCUIT

MAR 18 1999

Case # _98 CF 1558_

_Linda S. Frank_
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**Defendant's Name** _Dedric T. Moore_

**Offense** _Agg. Arson, Agg. Crim. Sex Abuse, Att. Murder, Res._
_Burg., Home Invasion_

**Sentencing Date:** _5/21/99_ at _1:30_ in Courtroom _H_

**Special Reports Ordered for Attachment to Presentence Report:**

☐ Intensive Probation Suitability     **DEFENDANT IS INCARCERATED**  (yes)  no

☐ Specialized Drug Program Suitability

☐ T.A.S.C. Evaluation

☐ Other: _____

☐ Other: _____

Dated: _3/18/99_

S/ _Thomas J. Jarvis_

White Copy - Court File          Yellow Copy - Probation          Pink Copy - Defendant

0000733

CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

CHAMPAIGN COUNTY, ILLINOIS

RECORD OF EXHIBITS RECEIVED

DATE _3-19-99_    CASE NAME _People vs Dedric T. Moore_ CASE NO. _98 CF 1558_

PLF. ATTY. _Ms Ladd_    DEFT. ATTY. _Ms Lewik_

WHOM PROPERTY IS RECEIVED _State's Attorney_

LOCATION WHERE EXHIBITS WERE OBTAINED _Court Room H_

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED _Safekeeping_

PRESENT LOCATION OF EXHIBITS --S.A.'s Exhibit Vault [ ]    DATE ____

Case File [ ]    Exhibit Room Old County Jail [ ]

| Exhibit Numbers | Quan-tity | Description of Property (include model, serial number, marks, conditi... |
|---|---|---|
| Plf # 1 | 1 | Diagram of 512 S. New |
| 2 | 1 | " " Neighborhood |
| 3 | 1 | " " Hand Writing Exemplar |
| 4 | 1 | ATM Videotape |
| 5 | 1 | Copy of Portions of #4 |
| 5 A-B-C DEF 6 | 6 | Photo's From #4 |
| 6 A-B-C D-E-F G-H 8 | 8 | Photo's (Enlarged) From #4 |

MAR 1 9 1999

I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE

Time _____    Date _____    Signature _____

CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust... |
|---|---|---|---|---|
| Plf 1 | 3/19/99 | | K Schluetr | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| Def 5 A,B,C,D,E,F | | | | |
| Def 6 A,B,C,D,G, E,G,H | | Eddie Wayne Rasm___ | | |

C000734

PAGE 2 OF 14

CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

CHAMPAIGN COUNTY, ILLINOIS

RECORD OF EXHIBITS RECEIVED

DATE 3-19-99    CASE NAME People vs Dedrick. Moore    CASE NO. 98CF1558

PLF.ATTY. Ms Ladd    DEFT.ATTY. Ms Wenik

WHOM PROPERTY IS RECEIVED    State's Attorney

LOCATION WHERE EXHIBITS WERE OBTAINED    Court Room H

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED    Safekeeping

PRESENT LOCATION OF EXHIBITS --S.A.'s Exhibit Vault [ ]    DATE

Case File [ ]    Exhibit Room Old County Jail [ ]

| Exhibit Numbers | Quantity | Description of Property (include model, serial number, marks, conditi |
|---|---|---|
| Plff 7 | 1 | First Midwest Bank Records |
| 8 | 1 | Victim's Jacket |
| 8A | 1 | Fibers From #8 |
| 9 | 1 | Victims Shirt |
| 9A | 1 | Fibers From #9 |
| 10 | 1 | Victim's Pants |
| 10A | 1 | Fibers From #10 |

I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE

Time _____ Date _____ Signature _____

CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust |
|---|---|---|---|---|
| Plf 7 | 3/19/99 | | K Schlueter | |
| 8 | | | | |
| 8A | | | | |
| 9 | | | | |
| 9A | | | | |
| 10 | | | | |
| 10A | | El(6 Wayne Rasmus | | |

C000735

# CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

## CHAMPAIGN COUNTY, ILLINOIS

### RECORD OF EXHIBITS RECEIVED

DATE 3-19-99   CASE NAME People vs Dedric T. Moore   CASE NO. 98CF1558

PLF. ATTY. Ms Ladd                           DEFT. ATTY. Ms Lenik

WHOM PROPERTY IS RECEIVED _____ State's Attorney

LOCATION WHERE EXHIBITS WERE OBTAINED _____ Courtroom H

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED _____ Safekeeping

PRESENT LOCATION OF EXHIBITS --S.A.'s Exhibit Vault [ ]      DATE _____

Case File [ ]              Exhibit Room Old County Jail [ ]

| Exhibit Numbers | Quan-tity | Description of Property (include model, serial number, marks, conditi... |
|---|---|---|
| Phn # 11 | 1 | Victim's Bra |
| 12A | 1 | Rug Sample #1 |
| 12B | 1 | Rug Sample #2 |
| 13 | 1 | Extension Cord |
| 14 | 1 | Knife |
| 15 | 1 | Roll of Tape |
| 16 | 1 | ATM Receipt |

**I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE**

Time _____   Date _____   Signature _____

### CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust... |
|---|---|---|---|---|
| PLF 11 | 3/19/99 | | K Schlueter | |
| 12A | | | | |
| 12B | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | S66 Wayne Rasm... | | |

C000736

## CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

### CHAMPAIGN COUNTY, ILLINOIS

#### RECORD OF EXHIBITS RECEIVED

DATE _3-19-99_    CASE NAME _PEOPLE VS DEDRICK T MOORE_    CASE NO. _98CF1558_

PLF. ATTY. _Ms LADD_                    DEFT. ATTY. _Ms LENICK_

WHOM PROPERTY IS RECEIVED _____ STATE's ATTORNEY

LOCATION WHERE EXHIBITS WERE OBTAINED _COURTROOM H_

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED _SAFE-KEEPING_

PRESENT LOCATION OF EXHIBITS --S.A.'s Exhibit Vault [ ] ___ DATE____

Case File [ ]          Exhibit Room Old County Jail [ ]

| Exhibit Numbers | Quan-tity | Description of Property (include model, serial number, marks, conditi... |
|---|---|---|
| PM # 16A | 1 | PHOTOCOPY OF 16 |
| 17 | 1 | RED SHORTS |
| 17A | 1 | FIBERS FROM #17 |
| 17B | 1 | SAMPLE DNA FROM #17 |
| 18 | 1 | CORDS + LACES |
| 18A | 1 | FIBERS FROM #18 |
| 19 | 1 | CIGARETTE BUTT |

I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE

Time _____ Date _____ Signature _____

### CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust... |
|---|---|---|---|---|
| PLF 16 A | 3/19/99 | | K. Schluch | |
| 17 | | | | |
| 17A | | | | |
| 17B | | | | |
| 18 | | | | |
| 18A | | | | |
| 19 | | | | C000737 |
| | | Ele-Wayne Ras.... | | |

# CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

## CHAMPAIGN COUNTY, ILLINOIS

### RECORD OF EXHIBITS RECEIVED

DATE 3-19-99    CASE NAME People vs Dedric T. Moore    CASE NO. 98CF1558

PLF.ATTY. Ms Ladd    DEFT.ATTY. Ms Lewik

WHOM PROPERTY IS RECEIVED    State's Attorney

LOCATION WHERE EXHIBITS WERE OBTAINED    Courtroom H

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED    Safekeeping

PRESENT LOCATION OF EXHIBITS --S.A.'s Exhibit Vault [ ]    DATE

Case File [ ]    Exhibit Room Old County Jail [ ]

| Exhibit Numbers | Quantity | Description of Property (include model, serial number, marks, conditi |
|---|---|---|
| Phu# 19A | 1 | Sample for DNA from #19 |
| 20 | 1 | Black Nylon Stocking |
| 20A | 1 | Fibers from #20 |
| 21 | 1 | Piece of Black Nylon Stocking |
| 21A | 1 | Fibers from #21 |
| 21B | 1 | Sample for DNA from #21 |
| 22 | 1 | Broken glass on ground |

I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE

Time _____ Date _____ Signature _____

### CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust |
|---|---|---|---|---|
| PLF 19A | 3/9/99 | | K Schluelr | |
| 20 | | | | |
| 20A | | | | |
| 21 | | | | |
| 21A | | | | |
| 21B | | | | |
| 22 | | Slo Wym Ram | | |

C000738

CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

CHAMPAIGN COUNTY, ILLINOIS

RECORD OF EXHIBITS RECEIVED

DATE _3-19-99_    CASE NAME _People vs Dedric T. Moore_    CASE NO. _99CF1558_

PLF. ATTY. _Ms Ladd_    DEFT. ATTY. _Ms Lenik_

WHOM PROPERTY IS RECEIVED _State's Attorney_

LOCATION WHERE EXHIBITS WERE OBTAINED _Courtroom H_

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED _Safekeeping_

PRESENT LOCATION OF EXHIBITS -- S.A.'s Exhibit Vault [ ]    DATE_____

Case File [ ]        Exhibit Room Old County Jail [ ]

| Exhibit Numbers | Quan-tity | Description of Property (include model, serial number, marks, conditio |
|---|---|---|
| PHN 22A | 1 | Sample for DNA from #22 |
| 23 | 1 | Cord |
| 24 | 1 | Camel Purse |
| 24A | 1 | Phone |
| 24B | 1 | Beer Bottle |
| 24C | 1 | Checks |
| 24D | 1 | Check Book |

I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE

Time _____    Date _____    Signature _____

CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust |
|---|---|---|---|---|
| PLF 22A | 3/19/99 | | K. Schlueker | |
| 23 | | | | |
| 24 | | | | |
| 24A | | | | |
| 24B | | | | |
| 24C | | | | |
| 24D | | | | |

C000739

# CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

## CHAMPAIGN COUNTY, ILLINOIS

### RECORD OF EXHIBITS RECEIVED

DATE 3-19-99   CASE NAME People vs Dedric J. Moore     CASE NO. 98CF1538

PLF.ATTY. M/s Ladd          DEFT.ATTY. M/s Lenik

WHOM PROPERTY IS RECEIVED _____ States Attorney

LOCATION WHERE EXHIBITS WERE OBTAINED _____ Courtroom H

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED _____ Safe Keeping

PRESENT LOCATION OF EXHIBITS --S.A.'s Exhibit Vault [ ]      DATE

Case File [ ]          Exhibit Room Old County Jail [ ]

| Exhibit Numbers | Quantity | Description of Property (include model, serial number, marks, condition |
|---|---|---|
| PLFS# 24E | 1 | Wallet |
| 24F | 1 | Key Ring |
| 25 | 1 | Lighter |
| 26 A-B-C | 3 | Photo- Face & Front |
| 27 A-B-C | 3 | " Neck & Head |
| 28 | 1 | Photo Chest |
| 29-A-B-C | 3 | " Back & Torso |

I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE

Time _____ Date _____ Signature _____

### CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust |
|---|---|---|---|---|
| PLF 24E | 3/19/99 | | K. Schlueter | |
| 24F | | | | |
| 25 | | | | |
| 26 A-B-C | | | | |
| 27 A-B-C | | | | |
| 28 | | | | |
| 29-A-B-C | | | | |
| | | | | |

C000740

CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

CHAMPAIGN COUNTY, ILLINOIS

RECORD OF EXHIBITS RECEIVED

DATE _3-19-99_     CASE NAME _People vs Dedric J. Moore_          CASE NO. _98CF1558_

PLF. ATTY. _Ms Ladd_          DEFT. ATTY. _Ms Lenik_

WHOM PROPERTY IS RECEIVED _State's Attorney_

LOCATION WHERE EXHIBITS WERE OBTAINED _Courtroom H_

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED _Safekeeping_

PRESENT LOCATION OF EXHIBITS --S.A.'s Exhibit Vault [  ]          DATE ____

Case File [  ]          Exhibit Room Old County Jail [  ]

| Exhibit Numbers | Quantity | Description of Property (include model, serial number, marks, conditio |
|---|---|---|
| Phn # 30 | 1 | Photo — Arm |
| 31 A-B | 2 | Hands & Wrists |
| 32 | 1 | Ankles |
| 33 | 1 | Knee |
| 34 A-B | 2 | Photo - Ext. of Duplex |
| 35 A-B-C | 3 | "     Broken Window & Glass |
| 36 A-B | 2 | "     Int. Kitchen |

' I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE

Time _____ Date _____          Signature _____

CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust: |
|---|---|---|---|---|
| PLF 30 | 3/19/99 | | K. Schluck | |
| 31 A-B | | | | |
| 32 | | | | |
| 33 | | | | |
| 34 A-B | | | | |
| 35 A-B-C | | | | |
| 36 A-B | | | | C000741 |

| | Ella Wayne Brown | | | |

CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

CHAMPAIGN COUNTY, ILLINOIS

RECORD OF EXHIBITS RECEIVED

DATE 3-19-99    CASE NAME People vs Dedric T. Moore    CASE NO. 98CF1558

PLF.ATTY. ___Ms Ladd___    DEFT.ATTY. ___Ms Lenick___

WHOM PROPERTY IS RECEIVED ___State's Attorney___

LOCATION WHERE EXHIBITS WERE OBTAINED ___Courtroom H___

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED ___Safekeeping___

PRESENT LOCATION OF EXHIBITS --S.A.'s Exhibit Vault [  ]    DATE___
Case File [  ]          Exhibit Room Old County Jail [  ]

| Exhibit Numbers | Quan-tity | Description of Property (include model, serial number, marks, conditi... |
|---|---|---|
| Ph# 37 A-B C-D- | 4 | PHOTO - INT. - LIVING ROOM |
| 38-A-B | 2 | " - " - HALL |
| 39 | 1 | " " - BEDROOM |
| 40 | 1 | " -EXT.- DUMPSTER |
| 41 | 1 | " " - OTHER DUPLEX |
| 42 | 1 | " " - BOTH DUPLEXES |
| 43 | 1 | " " - FRONT DOOR |

I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE

Time _____    Date _____    Signature _____

CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust: |
|---|---|---|---|---|
| PLF 37 B-B | 3/19/99 | | K. Schluetu | |
| 38 A-B | | | | |
| 39 | | | | |
| 40 | | | | |
| 41 | | | | |
| 42 | | | | |
| 43 | | | | |
| | | Sgt Wayne Keeman | | |

C000742

PAGE 10 of 14

# CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

## CHAMPAIGN COUNTY, ILLINOIS

### RECORD OF EXHIBITS RECEIVED

DATE 3-19-99    CASE NAME People vs Dedric T. Moore    CASE NO. 98CF1558

PLF.ATTY. Ms Ladd    DEFT.ATTY. Ms. Lenik

WHOM PROPERTY IS RECEIVED _____ State's Attorney

LOCATION WHERE EXHIBITS WERE OBTAINED _____ Courtroom H

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED _____ Safekeeping

PRESENT LOCATION OF EXHIBITS --S.A.'s Exhibit Vault [ ]    DATE _____

Case File [ ]                    Exhibit Room Old County Jail [ ]

| Exhibit Numbers | Quan-tity | Description of Property (include model, serial number, marks, conditi... |
|---|---|---|
| Pkn #44-A-B-C | 3 | PHOTO - INT. - KITCHEN |
| 45-A-B-C | 3 | " " - KITCHEN + STOCKING |
| 46 | 1 | " " - LIVING ROOM |
| 47 A-B-C-D- | 4 | " " - BATH ROOM |
| 48-A-B-C | 3 | " " - HALLWAY + SHORTS |
| 49 A-B-C-D | 4 | " " - BEDROOM, KNIFE + CORDS |
| 50-A-B | 2 | " " - BEDROOM |

I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE

Time _____    Date _____    Signature _____

### CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust... |
|---|---|---|---|---|
| PLF 44 A-B-C | 3/19/99 | | K. Schluter | |
| 45 A-B-C | | | | |
| 46 | | | | |
| 47 A-B-C-D- | | | | |
| 48 A-B-C | | | | |
| 49 A-B-C-D | | | | |
| 50 A-B | | | | |
| | | Bob Wayne Pierson | | |

C000743

## CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

### CHAMPAIGN COUNTY, ILLINOIS

### RECORD OF EXHIBITS RECEIVED

DATE _3-19-99_    CASE NAME _People vs Dedric T. Moore_    CASE NO. _98CF1558_

PLF.ATTY. _Ms Ladd_    DEFT.ATTY. _Ms Lenis_

WHOM PROPERTY IS RECEIVED _State's Attorney_

LOCATION WHERE EXHIBITS WERE OBTAINED _Court Room H_

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED _Safekeeping_

PRESENT LOCATION OF EXHIBITS --S.A.'s Exhibit Vault [ ]    DATE _____

Case File [ ]    Exhibit Room Old County Jail [ ]

| Exhibit Numbers | Quantity | Description of Property (include model, serial number, marks, conditi... |
|---|---|---|
| Phn # 51 | 1 | Receipt - Photo |
| 52 | 1 | Photo - Lighter |
| 53 | 1 | " - " |
| 54 | 1 | " - Truck |
| 56 A-B | 2 | " - Stocking |
| 58 A-B | 2 | " - Truck - Ext. |
| 59-A-B-C | 3 | " - " Int |

I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE

Time _____    Date _____    Signature _____

### CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust... |
|---|---|---|---|---|
| Plf. 51 | 3/9/99 | | K. Schluter | |
| 52 | | | | |
| 53 | | | | |
| 54 | | | | |
| 56 A-B | | | | |
| 58 A-B | | | | |
| 59 A-BC | | | | |
| | | Stele Wayne Rasm | | |

C000744

# CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

## CHAMPAIGN COUNTY, ILLINOIS

### RECORD OF EXHIBITS RECEIVED

DATE _3-19-99_    CASE NAME _PEOPLE VS DEDRIC T. MOORE_    CASE NO. _98CF1558_

PLF.ATTY. _Ms LADD_          DEFT.ATTY. _Ms WENIK_

WHOM PROPERTY IS RECEIVED _STATE'S ATTORNEY_

LOCATION WHERE EXHIBITS WERE OBTAINED _COURTROOM H_

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED _SAFEKEEPING_

PRESENT LOCATION OF EXHIBITS --S.A.'s Exhibit Vault [  ]          DATE _____

Case File [  ]          Exhibit Room Old County Jail [  ]

| Exhibit Numbers | Quan-tity | Description of Property (include model, serial number, marks, conditio |
|---|---|---|
| Plff # 60- A-B C-D E | 5 | PHOTO'S - DEFENDANT |
| 61 | 1 | Blood Sample Fr VICTIM |
| 61A | 1 | DNA Sample Fr # 58 |
| 62 | 1 | NEWPORT CIGARETTES |
| 63 | 1 | DEFENDANTS ID CARD |
| 64 | 1 | Blood Sample Fr DEFENDANT |
| 64A | 1 | DNA Sample Fr #64 |

**I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE**

Time _____  Date _____  Signature _____

### CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust: |
|---|---|---|---|---|
| PLF 60 A-B C-D E | 3/19/99 | | K. Schluetn | |
| 61 | | | | |
| 61A | | | | |
| 62 | | | | |
| 63 | | | | |
| 64 | | | | |
| 64A | | | | |
| | | Eddie Wayne Rasmn | | |

C000145

PAGE 13 of 14

## CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

## CHAMPAIGN COUNTY, ILLINOIS

### RECORD OF EXHIBITS RECEIVED

DATE 3-19-99    CASE NAME People vs Dedric J. Moore    CASE NO. 98CF1558

PLF.ATTY. Ms Ladd    DEFT.ATTY. Ms Lenik

WHOM PROPERTY IS RECEIVED ___ State's Attorney

LOCATION WHERE EXHIBITS WERE OBTAINED ___ Courtroom H

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED ___ Safekeeping

PRESENT LOCATION OF EXHIBITS --S.A.'s Exhibit Vault [ ]    DATE ___

Case File [ ]          Exhibit Room Old County Jail [ ]

| Exhibit Numbers | Quan-tity | Description of Property (include model, serial number, marks, conditi... |
|---|---|---|
| Phv# 65 | 1 | Evidence Kit fr Holtzclaw |
| 66 | 1 | Blood Sample fr Holtzclaw |
| 66A | 1 | DNA Sample fr #64 |
| 67 | 1 | Note w/ Pin Numbers |
| 68 | 1 | Taping fr Truck Seat |
| 69 | 1 | " " " Door |
| 70 A-B-C | 3 | Defendants Handwriting Exemplars |

I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE

Time ___    Date ___    Signature ___

### CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust... |
|---|---|---|---|---|
| PLF 65 | 3/9/99 | | K. Schlueter | |
| 66 | | | | |
| 66A | | | | |
| 67 | | | | |
| 68 | | | | |
| 69 | | | | |
| 70 A-B-C | | | | |
| | | Edw Wayne Kasm | | |

C000746

CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

CHAMPAIGN COUNTY, ILLINOIS

RECORD OF EXHIBITS RECEIVED

DATE 3-19-99    CASE NAME People vs Dedric T. Moore    CASE NO. 98CF1558

PLF.ATTY. Ms Ladd    DEFT.ATTY. Ms Lewik

WHOM PROPERTY IS RECEIVED    States Attorney

LOCATION WHERE EXHIBITS WERE OBTAINED    Courtroom H

PURPOSE FOR WHICH EXHIBITS ARE OBTAINED    Safe Keeping

PRESENT LOCATION OF EXHIBITS --S.A.'s Exhibit Vault [ ]    DATE

Case File [ ]    Exhibit Room Old County Jail [ ]

| Exhibit Numbers | Quan-tity | Description of Property (include model, serial number, marks, condit |
|---|---|---|
| EW # 11-1A+3C | 3 | DEF'S HANDWRITING STANDARDS |
| 12 | 1 | TELEPHONE RECORDS |
| 13 | 1 | LINE UP SHEET |
| 14 | 1 | LINE UP PHOTO |
| 15 | 1 | BOOKING RECORDS OF A. PETTIGREW |
| | | |
| | | |

I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE PROPERTY LISTED ABOVE

Time _____  Date _____  Signature _____

CHAIN OF CUSTODY

| Exhibit Numbers | Date | Relinquished By | Received By | Purpose for Change of Cust |
|---|---|---|---|---|
| PLF 11 A-B-C | 3/19/99 | | K. Schluter | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| | | | | |
| | | Bob Wayne Ryan | | CD00747 |

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**

SIXTH JUDICIAL CIRCUIT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) |
| Plaintiff, | ) |
| v. | ) |
| DEDRIC T. MOORE, | ) |
| Defendant. | ) |

MAR 2 2 1999

98 CF 1558

~~~~~~ S. ~~~~~~
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## POST TRIAL MOTION

NOW COMES the defendant Dedric T. Moore by his attorney Diana Lenik, and for his Post Trial Motion states as follows:

1.    He was convicted by a jury of the offenses of Attempt Murder, Home Invasion, Aggravated Arson, Aggravated Criminal Sexual Abuse and Residential Burglary on March 18, 1999.

2.    The State failed to prove him guilty of these offenses beyond a reasonable doubt.

3.    The court erred in denying defendant's motion for directed verdict of not guilty at the close of the State's evidence.

4.    The court erred in giving the following instruction to the jury over objection by the defendant, People's Instruction #26. (I.P.I. - 15.01)

5.    The court erred when it sustained objections made by the State to questions asked of witnesses by defendant's counsel, including the following: whether the victim gave Officer Shipley a name or description of her attacker.

6.    The court erred when it overruled objections made by defendant's counsel to questions asked of witnesses by the prosecution: what Lori Hansen was doing, what she said to David Perkinson and Dena Sawka, what Eddie Bain learned about the victim's clothing or from the other firefighters, what someone pointed out to Charles Shepard, whether Rob Morris believed Donrico Holtzclaw was Dedric Moore's brother, whether Don Shepard asked defendant again who he thought did it

and whether Kevin Zeeb can "jump back" in his testimony.

7.     The court erred when it permitted the prosecutor to ask numerous and continuous leading and suggestive questions of each of the State's witnesses over objection of defendant's attorney.

8.     The prosecutor made prejudicial, inflammatory and erroneous statements in closing argument designed to arouse the prejudice and passions of the jury and to thereby prejudice defendant's right to a fair trial.

9.     The court erred in refusing to grant defendant's motion in limine to exclude from evidence at trial evidence of his prior convictions, such refusal thereby prejudicing defendant's right to a fair trial.

10.     The court erred in granting the State's motion in limine prohibiting defendant from arguing inferences to be drawn from the length of time between occurrence and arrest, and from the fact that Officer Shipley had a photograph of another individual he believed resembled the description of this attacker.

11.     The court erred in sending certain pieces of evidence to the jury room over defendant's objections:  all the photographs of Lori Hansen, People's exhibits #41, #43, #46 and #16a.

12.     The court erred when it refused to grant defendant's motion for continuance prior to jury selection, so that defendant could seek counsel of his own choosing.

13.     The court erred when it denied defendant's counsel's Motion to Withdraw, since the issue about which she was concerned was testified about at trial by the witness Don Shepard, and her representation of defendant prohibited complete cross-examination of that witness.

14.     The court erred when it allowed the State's witnesses to make conclusions based on hypotheticals which did not correspond to the facts in this case.

C000749

15.    The court erred when it allowed improper rebuttal by Don Shepard, which was a repetition of his direct testimony and sought only to highlight testimony already received.

16.    The court erred when it denied defendant's motion for mistrial.

WHEREFORE, defendant Dedric T. Moore prays for a judgement n.o.v., or in the alternative, a new trial.

Dedric T. Moore,
Defendant,

By: Diana Lenik
His Attorney

Diana Lenik
Attorney at Law
202 W. Green Street
Urbana, IL 61801
217/337-5610

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Post Trial Motion was hand-delivered to Heidi Ladd, Champaign County Assistant State's Attorney, 101 East Main Street, Urbana, IL 61801, on this 22 nd day of March, 1999.

C000750

Victim-Impact Statement of
Lori Hansen

98-CF-1558

It will be easiest for me to just list the ways this attack has affected my life.

*My cat, Lester, who meant the world to me, died.* I will never forget trying to climb through the window to save my cats. All I could do, however, was reach into the smoke darkened room, guided by the sound of Lester wheezing and moaning, and try to comfort him until someone could save him. Pets are innocent, helpless, totally dependent companions. My pets are about as close to me as children would be, so this experience was like hearing my child cry for help, but knowing I was unable to help him. Seeing him inside an oxygen tank, caked in soot, trying desperately to lift his head to greet me broke my heart. After I had spent so much time in the emergency room, where total strangers examined and photographed me, and after I had relived the attack by giving my statement to Detective Shepard, I was finally able to sleep. A phone call from the vet woke me up. She called to tell me my cat was dead.

*My parents cried.*

*I still have a burn scar on my knee.* I could hardly walk for several days after the fire because when I was being dragged across the floor, some of the burning carpet melted to my jeans and burned my knee. When the jeans were removed in the ambulance, a large amount of skin was ripped off. I had to see a doctor every other day for about a week, and then several additional times for about a month.

*I did not have a full night of sleep for months after the attack.* Sometimes I would actually hide in corners, under, or behind furniture or boxes, just to feel safe enough to fall asleep. Even when I hid, the slightest noise would startle me awake.

*I spent one year trying to replace all the possessions destroyed in the fire.* Many possessions, like photographs and gifts, were irreplaceable. Although my renter's insurance covered most replacement costs, there was a $250 deductible. There was a similar deductible on my student health insurance. The veterinary bills were not covered by any insurance, so my father paid them.

In addition to losing my cat and possessions, *I lost my dignity, independence, freedom, sense of security, sense of safety, and trust in people.* Even if I can recover them, it will take time. After this experience, however, I realize life is short, and no one should have to spend such valuable time trying to recapture those necessities of a full, independent, worthwhile life.

A person's home is supposed to be the one place where she feels safe. *I feel safe nowhere, especially my home.* Since the attack, I have not spent one entire evening without company. People need to be able to be alone sometimes. I can't even spend an evening at home alone to relax. I do not go anywhere by myself when it's dark outside, even if it's only five in the afternoon. I now have to live with a roommate, a living situation I had deliberately avoided by living alone in that duplex.

Neighbors are supposed to treat each other with respect, generosity, and trust. *I cannot imagine ever trusting a neighbor again.*

C000751

*I missed several days of school,* and I still miss classes occasionally. For the remainder of the semester after the attack, I would start crying in the middle of class. Sometimes I started crying because the material we were covering revolved around similar circumstances as those I had experienced. Sometimes I cried out of frustration that violent criminals' civil rights were actually protected. Most of the time, however, I just cried.

I still do cry in class occasionally. I cry when I try to study for exams. *I am embarrassed and distracted when it happens.*

I wonder if I will ever be able to use for a career the degree I'm currently pursuing, because at least in the criminal context, there would be too many personal distractions.

*I spent my spring break waiting for his trial to end.* I testified the first day and spent the following days trying to keep my mind off what was going on and what the outcome would be. I had to relive the horrible experience at trial, and I have to relive it again by making this statement. Furthermore, I haven't had a break all semester.

*I have received psychological counseling for over a year.* Although the counseling is necessary, I often leave the sessions feeling emotionally drained and depressed, just because I have to remember what a horrible ordeal I went through. I am sad and angry.

I may not have student health insurance coverage over the summer, so I may have to discontinue this counseling.

It makes me angry and sick that the attack has made me suspicious of people I don't know.

I can think of no sentencing option that would erase such a horrible experience. If the attacker spends the majority of his life in prison, however, at least I'll believe he won't be able to hurt me or any other innocent person again. Unfortunately, I am skeptical of the rehabilitative effects of prison, so assuming this monster will become a human being after a modest number of years in prison seems naive to me. Furthermore, his behavior and total disregard for the welfare of others should be punished. If he learns nothing, at least a strict sentence might set an example for other young fools out there who otherwise would consider killing someone for money or thrills.

An additional remedy, which I doubt is possible, would involve money. Although it seems unlikely to me that someone with money to pay reparations would stalk and try to kill a person over a few dollars, it is also unlikely that I was the first or last person victimized and robbed by this criminal. He took so much from me that cannot be replaced. He also took from me, however, much that money will help replace.

My family and friends have suffered through this ordeal with me, and they have donated money, time and support to alleviate my numerous burdens. My family, friends and I, as well as the people in this community, would benefit tremendously from the harshest sentence this court is authorized to deliver.

April 29, 1999

C000752

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY

THE PEOPLE OF THE STATE OF ILLINOIS

V.

DEDRIC T. MOORE

CASE NUMBER **FILED**

98-CF-1558

MAY 17 1999

Linda S. Frank

CLERK OF THE CIRCUIT COURT
SIXTH JUDICIAL CIRCUIT
....IGN COUNTY, ILLINOIS

### PRESENTENCE REPORT

### 1. COURT INFORMATION

JUDGE:   HONORABLE THOMAS J. DIFANIS          PROSECUTOR:   HEIDI LADD

DEFENSE ATTORNEY:   DIANA LENIK          COURT APPOINTED

PROBATION OFFICER:   ELAINE LYLES

    Now on this 21st day of May , A.D. 1999 the undersigned officer of this Court respectfully submits the following report concerning the defendant Dedric T. Moore .

### 2. OFFENSE INFORMATION

| OFFENSE(S) CHARGED | COUNT | CLASS | CONVICTED Y | N | REDUCED Y | N | OFFENSE(S) JUDGMENT | CLASS |
|---|---|---|---|---|---|---|---|---|
| Attempt First Degree Murder | I | X | X | | | X | Attempt First Degree Murder | X |
| Home Invasion | II | X | X | | | X | Home Invasion | X |
| Aggravated Arson | III & IV | X | X | | | X | Aggravated Arson | X |
| Aggravated Criminal Sexual Abuse | V | 2 | X | | | X | Aggravated Criminal Sexual Abuse | 2 |
| Residential Burglary | VI | 1 | X | | | X | Residential Burglary | 1 |

CONVICTED BY:      JURY TRIAL          DATE:     03/18/99

CASH DEPOSIT POSTED:     $0

JAIL CREDIT:   184 DAYS

DATES OF CHAMPAIGN COUNTY CUSTODY FOR THIS OFFENSE:   11/19/98-05/21/99

*Denotes Verified Information from Sources other than the Defendant.



## 3. PRIOR RECORD

### JUVENILE:

| DISPO. DATE | CASE NO. / OFFENSE | DISPOSITION | LOC. / SOURCE |
|---|---|---|---|
| 11/10/93 | 93-J-330/Retail Theft Less Than $150.00 | 12 mos Probation; $86.00 costs (pd); 10 hrs PSW (4 hrs uncompleted); no contact with Kohl's; 10 days detention, subject to remission; 11/16/94: Unsuccessfully Discharged from Probation for failure to complete PSW; 07/26/95: Supplemental Petition filed for Robbery; 03/06/96: Court found respondent committed the offense of Robbery, respondent was adjudicated and ordered to serve 30 days CCCC; $33.00 costs (unpaid) | Champaign Co. Circuit Clerk |

### ADULT:

| DISPO. DATE | CASE NO. / OFFENSE | DISPOSITION | LOC. / SOURCE |
|---|---|---|---|
| 02/15/95 | 95-T-956/Disobeyed Stop Sign | $75.00 fine/costs (pd) | Champaign Co. Traffic Clerk |
| 02/13/96 | 95-CF-1317/Forgery | 24 mos Conditional Discharge; 11/15/96:Conditional Discharge revoked, resentenced to 30 mos Probation; $174.00 costs (pd); $240.00 PSF (unpaid); $100.00 restitution (pd); 50 hrs PSW (none completed); 90 days CCCC subject to remission; 12/11/96: PTR filed; 01/07/97: Probation Revoked; 02/10/97: Resentenced to 4 years DOC; $50.00 State's Attorney Appeal Service (unpaid); 11/21/97: Paroled; 08/04/98: DOC warrant issued | Champaign Co. Circuit Clerk/ DOC Records Springfield, IL |
| 11/20/96 | 96-TR-15049/Operating Motor Vehicle With Suspended Registration | $300.00 fine/costs (unpaid) | Champaign Co. Traffic Clerk |
| 05/08/98 | 98-TR-6130/Failure To Reduce Speed | $77.00 fine/costs (unpaid) | Champaign Co. Traffic Clerk |
| 06/22/98 | 98-CM-320/Obstructing A Peace Officer | 30 days CCCC; $160.00 costs ($60.00 unpaid) | Champaign Co. Circuit Clerk |

2

C000754

| 09/21/98 | 98-TR-17188/Operating Uninsured Motor Vehicle | $727.00 fine/costs (unpaid) | Champaign Co. Traffic Clerk |
| 11/03/98 | 98-CF-1089/Attempt Burglary | 30 mos DOC; $214.00 costs ($114.00 unpaid) | Champaign Co. Circuit Clerk |

### 4. OFFENDER INFORMATION

NAME:  Dedric Tremaine Moore                                    AGE:  20

ALIAS (ES):    Dearick T. Moore listed on Illinois State Police Criminal History Record

ADDRESS:    LK: 1605 Cruising Lane          Champaign      IL      61821
            Street Or Rural Address          City          State   ZIP

DATE OF BIRTH:  08/13/78              PLACE OF BIRTH:  Urbana, IL

RACE:  Black      HEIGHT:  6' 4"    WEIGHT:  225      HAIR:  Black    EYES:  Brown

OTHERS LIVING AT LAST KNOWN ADDRESS:

|       NAME       |   RELATIONSHIP   |
|------------------|------------------|
| Anthony Moore    | Uncle            |
| Anthony Moore, Jr.| Cousin          |

PHONE:        HOME NUMBER:  None

              WORK NUMBER:  None          EMERGENCY NUMBER:  None

DRIVER'S LICENSE #: M600-1787-8230    STATE OF ISSUE:  IL      STATUS:  Valid

SOCIAL SECURITY #:   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

U. S. CITIZEN:  Yes

ID MARKS:    None

GANG MEMBER:      PRESENTLY:  No      PAST:  No

CURRENT OR PAST AFFILIATION:      None

### 5. MARITAL INFORMATION

MARITAL STATUS:  SINGLE

INFORMATION REGARDING CHILDREN:

| NAME           | AGE | RESIDING WITH WHOM?        |
|----------------|-----|----------------------------|
| Tremaine Moore | 2   | Angel Decker, mother       |

3

C000755

PRESENCE REPORT
DEDRIC T. MOORE
98-CF-1588

CHILD SUPPORT INFORMATION

IS CHILD SUPPORT ORDERED:    No

## 6. EDUCATION

READ:  ☒        WRITE:  ☒

LAST GRADE ATTENDED:  10th        GED:  ☒        YEAR:  1997*

COLLEGE/VOCATION:  Yes        GRADUATED:  No        YEAR: 1996*

COMMENTS:   Mr. Moore stated he completed his sophomore year at Central High School and subsequently attended Parkland College in 1996 where he was enrolled in GED classes.  An academic transcript received from Parkland College confirmed the defendant was a GED student at that institution during the 1996 Fall Semester and achieved all satisfactory grades in his coursework.  According to the defendant, he ultimately obtained his GED and his barber's license in 1997 at the Sheridan Correctional Center.  Information this officer received from the Department of Corrections verified the defendant completed his GED; however, he never obtained his barber's license.

In conclusion, the defendant added he would like to become a journalist in the future.

## 7. EMPLOYMENT STATUS

EMPLOYED:  No

## 8. FINANCIAL

SOURCE OF INCOME:  Family and friends.

NET MONTHLY INCOME:  $0        MONTHLY EXPENSES:  $200.00
(Prior to incarceration)

EXPENSES SHARED BY:    Uncle

OUTSTANDING DEBTS:    None

## 9. HEALTH

PHYSICAL:

DISABILITY:  No

HISTORY OF SERIOUS ILLNESS/INJURY:  No

PRESENTLY TAKING MEDICATION:  No

4

C000756

PRESENTENCE REPORT
DEDRIC T. MOORE
98-CF-1588

ANY SIGNIFICANT HEALTH PROBLEMS:    No

COMMENTS:  According to this defendant, his left leg was broken in six places in 1992 and he has
had a limp since that time.  Mr. Moore described his health as good.

EMOTIONAL:

DISABILITY:  No

PRESENT COUNSELING:    No

PSYCHOLOGICALLY TESTED:   No

COMMENTS:    Mr. Moore indicated he has never received any mental health intervention, however,
he admitted he gets depressed every now and then.

ALCOHOL:

PRESENT USE:  No

PAST USE:  Yes                  TYPE:  Budweiser Beer

AMOUNT:  3 to 4                              FREQUENCY: 2 -4 times per week

TREATMENT:   No

PRESENT OFFENSE ALCOHOL RELATED:      No

COMMENTS:  Mr. Moore admitted he initially consumed beer at the age of 19 and generally drank
while watching sporting events.  According to the defendant, his usage of alcohol has never been
problematic.

DRUGS:

PRESENT USE:  No

PAST USE:  Yes              TYPE:  Cannabis

AMOUNT:   Unreported                  FREQUENCY: Less than 5 times

TREATMENT:   No

PRESENT OFFENSE DRUG RELATED:      No

COMMENTS:  Mr. Moore stated he smoked marijuana less than five times when he was 19 years old.
Furthermore, the defendant added "pot didn't do nothing for me."

5

C O O O 7 5 7

PRESENTENCE REPORT
DEDRIC T. MOORE
98-CF-1588

## 10. VICTIM IMPACT

NAME OF VICTIM:   Lori Hanson was the named victim in all of the counts in this case with the exception of Count IV/Aggravated Arson.  Harry Washburn, the landlord, was the victim in Count IV. Although Lori Hanson prepared a Victim Impact Statement for the States Attorney's office, she did not report an amount for her financial loss.  On the other hand, Harry Washburn provided this officer with information regarding his financial loss.  Mr. Washburn indicated his insurance company , Cincinnatti Life, paid all costs in the approximate amount of $22,600.00.  The original estimate was in the amount of $27,388.52.  As Mr. Washburn did not suffer an out-of-pocket loss, restitution was not determined.

## 11. ADDITIONAL INFORMATION

SUITABILITY OR SUPPLEMENTAL REPORTS AS ORDERED BY THE COURT:  None ordered

## 12. ANALYSIS

Dedric Tremaine Moore, a 20 year old recidivistic convicted felon, who is currently on Parole for a Forgery charge, appears before this Court to be sentenced for a cluster of very serious offenses. As the Court is well aware, a jury found Mr. Moore guilty of Attempt First Degree Murder, Home Invasion, Aggravated Arson, Aggravated Criminal Sexual Abuse, and Residential Burglary.  Although this defendant is only 20 years old, he has had an ongoing relationship with the Criminal Justice System since 1993, at which time, he was adjudicated in case number 93-J-330 for the offense of Retail Theft Less Than $150.00.  After he was unsuccessfully terminated from Probation as a juvenile on 11/16/94, Mr. Moore was adjudicated for a Robbery charge on 03/06/96 and was ordered to serve 30 days in the Champaign County Correctional Center.  This officer would note, shortly after Mr. Moore turned 17 years old, he committed his first adult offense, Forgery.  As a result, the defendant was given the opportunity on 02/13/96 to serve a 24 month Conditional Discharge sentence for the Forgery charge  in case number 95-CF-1317; however, a Petition to Revoke Conditional Discharge was filed in that case on 07/22/96 and his Conditional Discharge was revoked on 11/15/96.  On the aforementioned date, the defendant was given another community based sentence in that case when he was resentenced to a term of 30 months Probation.  Less than a month after Mr. Moore had been sentenced to Probation in cause number 95-CF-1317, a Petition to Revoke Probation was filed on 12/11/96 and on 02/10/97, the defendant was resentenced to the Department of Corrections for a period of 4 years.

Mr. Moore was confined in the Department of Corrections for approximately 9 months before he was paroled on 11/21/97.  During his tenure on Parole, this defendant managed to receive a conviction for an Attempt Burglary offense in cause number 98-CF-1089 and was sentenced to the Department of Corrections on 11/03/98 for a term of 30 months for that charge.  In addition, the defendant was convicted of a misdemeanor Obstructing A Peace Officer offense on 06/22/98 in case number 98-CM-320 and served 30 days in the Champaign County Correctional Center for that crime.  Furthermore, the defendant received convictions for two traffic citations on 05/08/98 and 09/21/98.

This officer would also note, the offenses for which Mr. Moore is being sentenced occurred on 02/25/98, approximately 3 months after he had been paroled.  Furthermore, the Attempt Burglary in case number 98-CF-1089 occurred on 08/01/98 and the offense date for the Obstructing A Peace Officer charge in cause number 98-CM-320 was 03/10/98.  As evidenced, Mr. Moore has been a very persistent offender and his parole status has not deterred his illicit behavior nor has it had an impact on his criminal activity. To date, dispositions of Conditional Discharge, Probation, the Department of Corrections, Parole, and county jail time have not had a rehabilitative effect on this defendant.

Although Mr. Moore indicated he obtained a barber's license when he was in the Department of

C000758

PRESENTENCE REPORT
DEDRIC T. MOORE
98-CF-1588

Corrections, information this officer received from the Sheridan Correctional Center noted he was never enrolled in the barber's program nor did he receive a barber's license.

As far as past employment, the defendant informed this officer he worked as a barber from 05/98 until 08/98 for the Rose and Taylor Barber Shop in Champaign, IL and earned from $300.00 to $400.00 per week. On the contrary, this officer spoke with Joe Taylor, one of the owner's of the Rose and Taylor Barber Shop, who stated he had never heard of this defendant.

Mr. Moore stated he enjoys playing semi pro football, piano, and activities with his son. In addition, the defendant reported his religious preference is Islam/Moor.

At this juncture, the defendant indicated he considers the following to be his major problem: "Being at the wrong places at the wrong times."According to the defendant, he plans to address his problem in the following manner: "Don't know got to work to feed family."

In conclusion, Mr. Moore was interviewed for preparation of this Presentence Report on 04/21/99. Any significant changes in the defendant's status have not been brought to this officer's attention.

### 13. SPECIAL CONDITIONS FOR COMMUNITY BASED SENTENCE WHICH WOULD ENHANCE REHABILITATION

As the offenses of Attempt First Degree Murder, Home Invasion, Aggravated Arson and Residential Burglary are all non-probationable pursuant to 730 ILCS 5/5-5-3(c)(2)(B), (C), (G), respectfully, this officer has not submitted any special conditions for a community based sentence for this defendant.

Respectfully submitted,

Roger D. Nelson
Deputy Director-Adult Services

Elaine Lyles
Probation Officer

7

C000759

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
Champaign County, Illinois

PEOPLE OF THE STATE OF ILLINOIS )
)
vs. ) Cause No.   98-CF-1558
)
DEDRIC T. MOORE _____ )
Defendant

**FILED**
SIXTH JUDICIAL CIRCUIT

MAY 2 1 1999

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## JUDGMENT-SENTENCE TO ILLINOIS DEPARTMENT OF CORRECTIONS

WHEREAS the above-named defendant 8/13/78 has been adjudged guilty of the offenses enumerated below.

IT IS THEREFORE ORDERED that the defendant be and hereby is sentenced to confinement in the Illinois Department of Corrections for the term of years and months specified for each offense.

| COUNT | OFFENSE | DATE OF OFFENSE | STATUTORY CITATION | CLASS | SENTENCE |
|---|---|---|---|---|---|
| VI | RESIDENTIAL BURGLARY | 2-25-98 | 720 ILCS 5/19-3 | 1 | 15 YR MO |

and said sentence shall run (concurrent with) (consecutive to) the sentence imposed on:

| | | | | | |
|---|---|---|---|---|---|
| I | Attempt(First Degree Murder) | 2-25-98 | 720 ILCS 5/8-4(a)(5/9-1(a)(1)) | X | 60 YR MO |

and said sentence shall run (concurrent with) (consecutive to) the sentence imposed on:

| | | | | | |
|---|---|---|---|---|---|
| II | HOME INVASION | 2-25-98 | 720 ILCS 5/12-11(a)2 | X | 60 YR MO |

and said sentence shall run (concurrent with) (consecutive to) the sentence imposed on:

| | | | | | |
|---|---|---|---|---|---|
| III | AGGRAVATED ARSON | 2-25-98 | 720 ILCS 5/20-1.1(a)(1) | X | 30 YR MO |

and said sentence shall run (concurrent with) (consecutive to) the sentence imposed on:

| | | | | | |
|---|---|---|---|---|---|
| V | AGGRAVATED CRIM. SEX. ABUSE | 2-25-98 | 720 ILCS 5/12-16(a)(1) | 2 | 7 YR MO |

Convicted fo a class____offense but sentenced as a class X offender pursuant to 730ILCS5/5-5-3(c)(8)

The court further finds that the defendant is entitled to receive credit for time actually served in custody(of 184 days as of the date of this order)(from[specify dates]_____

The Court further finds that the conduct leading to conviction for the offenses enumerated in Counts__resulted in great bodily harm to the victim.(730ILCS5/3-6-3(a)(2)(iii))._____

IT IS FURTHER ORDERED that the sentence(s) imposed on count(s)___be (concurrent with)(consecutive to) the sentence imposed in case number____in the Circuit Court of_____County; be (concurrent with)(consecutive to) the sentence imposed in case number____in the Circuit Court of_____County; be (concurrent with)(consecutive to) the sentence imposed in case number_____in the Circuit Court of _____County.

IT IS FURTHER ORDERED that the Clerk of the Court deliver a certified copy of this order to the Sheriff.

IT IS FURTHER ORDERED that the Sheriff take the defendant into custody and deliver him to the Department of Corrections which shall confine said defendant until expiration of his sentence or until he is otherwise released by operation of law.

IT IS FURTHER ORDERED that_____

THIS ORDER IS EFFECTIVE IMMEDIATELY.

DATED:   5/21/99 _____        ENTER:  _____

THOMAS J. DIFANIS
CIRCUIT JUDGE

C0007b0



IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,    )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )    98 CF 1558
                                        )
DEDRIC T. MOORE,                        )
                                        )
                    Defendant.          )

**FILED**

**MAY 2 4 1999**

Linda S. Frank

CLERK OF THE CIRCUIT COURT
SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

## MOTION TO RECONSIDER SENTENCE

NOW COMES the defendant Dedric T. Moore by his attorney Diana Lenik and for his Motion to Reconsider Sentence states as follows:

1.    He was sentenced to a total of 75 years in the Department of Corrections on May 21, 1999.

3.    His sentence was excessive for the following reasons:

a)    It did not take into account the defendant's status as an involved father to a very young child and the hardship that his lengthy incarceration would cause his family;

b)    It overemphasized particular facts in the case and did not consider defendant's conduct as a whole;

c)    The court acted out of sympathy for the victim;

d)    It did not take into account defendant's rehabilitative potential, as testified to by his witnesses in mitigation.

WHEREFORE, the defendant Dedric T. Moore prays that the court enter an order to reduce his sentence.




Dedric T. Moore,
Defendant,

By Diana Lenik
His Attorney

Diana Lenik
Attorney at Law
202 West Green Street
Urbana, IL 61801
217.337.5610

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Reduce Bond was hand-delivered to Heidi Ladd , Champaign County Assistant State's Attorney, 101 East Main Street, Urbana, IL 61801 on this 24th day of May, 1999.

Vivian C. Chelette

 

IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS
SIXTH JUDICIAL CIRCUIT

**FILED**
SIXTH JUDICIAL CIRCUIT

People of the State of Illinois          )
                                         )
            vs                           )          98 CF 1558    JUN 16 1999
Dedric Moore                             )
                                         )
                                         )

*Linda S. Frank*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

NOTICE OF APPEAL

An appeal is taken from the order or judgment described below:

1.  Court to which appeal is taken:

    APPELLATE COURT OF ILLINOIS, FOURTH JUDICIAL CIRCUIT

2.  Name of Appellant and address to which notice shall be sent:

    Name:   Dedric Moore K-53438
    Address:   Menard Corr Center, P.O. Box 711
               Menard, IL 62259

3.  Name and address of Appellant's Attorney on appeal:

    Name:   Daniel D. Yuhas, Office of the Appellate Defender
    Address:   400 S. Ninth Street, Suite 102, P.O. Box 5750
               Springfield, IL 62705-5750

4.  Date of judgment or order:  June 11th, 1999

5.  Offense of which convicted:  Attempt(First Degree Murder), Home
    Invasion, Aggravated Arson, Aggravated Criminal Sexual Abuse,
    Residential Burglary as contained in counts I, II, III, V, and VI of
    the Indictment filed November 19th, 1998.

6.  Sentence:  Count I-60 years in the IDOC, Count II-60 years IDOC,
    Count III-30 years IDOC, Count V-7 years IDOC, Count VI-15 years in
    the IDOC, counts I and VI are consecutive w/each other, counts II,
    III and V are concurrent w/each and counts I and VI, defendant to
    receive 184 days credit for time served, costs.

7.  If appeal is not from a conviction, nature of order appealed from:
    Denial of Motion To Reconsider Sentence, sentencing.

                        Dedric Moore
                          Defendant-Appellant

                        By *Linda S. Frank* US
                        Clerk of the Circuit Court
                        Champaign County, Illinois

C000763

 

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

THE PEOPLE OF THE STATE OF ILLINOIS   )
                                      )
                -vs-                  )   No.  98 CF 1558
                                      )
Dedric Moore                          )

JUN 16 1999

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

APPOINTMENT OF COUNSEL ON APPEAL

It appearing to the Court that the above-named plaintiff
desires to appeal from the order entered by the Court on
 June 11th, 1999                  ,, and that the plaintiff is
indigent and requests the appointment of counsel,

IT IS THEREFORE ORDERED that:

Daniel D. Yuhas, Deputy Defender
Office of the State Appellate Defender
Fourth Judicial District
400 S. Ninth St., Suite 102
Springfield, IL  62705-5750
is hereby appointed to represent the above-named defendant for purpose
of appeal.

IT IS FURTHER ORDERED that the Clerk of this Court shall
prepare and file a Notice of Appeal on behalf of the above-named
plaintiff, and shall send a copy of the Notice of Appeal to the
defendant's counsel.

IT IS FURTHER ORDERED that the Official Shorthand Reporter
of this Court shall:

(a)  Forthwith transcribe an original and a copy of all
the notes taken of the proceedings in the above-entitled cause;
(b)  Without charge to the defendant and within forty-
nine days from the date the Notice of Appeal is filed, file the
original of the Report of Proceedings with the Clerk of this court and
on the same day mail or deliver the copy of the Report of Proceedings
to the defendant.

IT IS FURTHER ORDERED that the Clerk of this court shall:

(a)  Send a copy of this order to the defendant and to
defendant's counsel;
(b)  Prepare and certify the Record on Appeal pursuant to
Supreme Court Rules 324 and 608;
(c)  File the Record on Appeal in the reviewing court within
sixty-three days from the date the Notice of Appeal is filed, or file
a Certificate in lieu of Record pursuant to Supreme Court Rule 325 and
send the Record on Appeal to the defendant's counsel;
(d)  Furnish the defendant with a copy of the common law
record.

DATE: June 11th, 1999          ENTER: Thomas J. Difanis

C000764



IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS

SIXTH JUDICIAL CIRCUIT

**FILED**
SIXTH JUDICIAL CIRCUIT

JUN 16 1999

*Linda S. Frank*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

I, <u>Linda S. Frank</u>, Clerk of the Circuit Court in and for said

County and State aforesaid, and Keeper of the records, files and the

seal of said Court, do hereby certify that I did, on the  16th

day of June          , 19 99, send by United States Mail, postage

fully prepaid, a copy of the attached Notice of Appeal to:


<u>Hon. Darryl Pratscher</u>          <u>Hon. Jim Ryan</u>
Clerk of the Appellate Court        Attorney General, State of Illinois
Fourth Judicial District            500 South Second Street
Supreme Court Building              Springfield, IL  62706
Springfield, IL  62701-1792



<u>John C. Piland</u>                    <u>Daniel D. Yuhas</u>
101 E. Main Street                  Deputy Defender
Urbana, IL  61801                   Office of the Appellate Defender
(HAND-DELIVERED)                    400 S. Ninth Street, Suite 102
                                    Springfield, IL    62705-5750


Dedric Moore K-53438
Menard Corr Center
P.O. Box 711
Menard, IL 62259


        (SEAL)                      *Linda (S. Frank* ᶜˢ
                                    Clerk of the Circuit Court
                                    Champaign County, Illinois

STATE OF ILLINOIS
APPELLATE COURT
FOURTH DISTRICT
SUPREME COURT BUILDING
SPRINGFIELD  62701-1792

FILED
SIXTH JUDICIAL CIRCUIT

JUN 2 3 1999

RESEARCH DIRECTOR
(217) 782-3528

CLERK OF THE APPELLATE COURT
     (217) 782-2586


DATE: 06/21/99


Daniel D. Yuhas
Deputy Dfr., Office of State Aplt. Defender
400 S. Ninth St., Suite 102, POB 5750
Springfield, IL 62705-5750


RE:     People v. Moore, Dedric
        General No.: 4-99-0499
        County: Champaign
        Trial Court No.: 98CF1558

TO COUNSEL:

Pursuant to Supreme Court Rule 312, appellants are required to
file a completed docketing statement, together with proof of
service, with the appellate court within fourteen (14) days of
the filing of the notice of appeal.  The enclosed form has been
provided for your convenience.  Please feel free to attach
additional sheets if the space provided on the form is not
sufficient.

Upon receipt of the completed docketing statement, the court will
issue a docketing order setting forth the due dates relevant to
the appeal.

This case was docketed as General No. 4-99-0499 upon this court's
receipt of the notice of appeal.


Darryl Pratscher, Clerk
Appellate Court
Fourth District


cc: Linda S. Frank
    Circuit Clerk, Champaign County


Enclosure


C00076b



# OFFICE OF THE STATE APPELLATE DEFENDER
**Fourth Judicial District**
400 South Ninth Street • Suite 102 • P.O. Box 5750
Springfield, IL  62705-5750
Telephone: 217/782-3654 • FAX: 217/524-2472
WWW SITE: http://www.state.il.us/defender/

**FILED**
SIXTH JUDICIAL CIRCUIT

JUN 3 0 1999

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**DANIEL D. YUHAS**
Deputy Defender
_____

KAREN MUNOZ
JEFFREY D. FOUST
GARY R. PETERSON
LAWRENCE J. ESSIG
JUDITH L. LIBBY
ARDEN J. LANG
MARTIN J. RYAN
JOHN M. McCARTHY
DUANE E. SCHUSTER
CATHERINE K. HART
JENIFER L. JOHNSON
JACQUELINE L. BULLARD
ROBERT N. MARKFIELD
TIMOTHY E. HOERMAN
DAVID M. CIALKOWSKI
**Assistant Defenders**

June 29, 1999

Ms. Linda S. Frank
Champaign County Circuit Clerk
Champaign County Courthouse
Urbana, IL  61801

RE:  ***PEOPLE V. DEDRIC MOORE***
CHAMPAIGN COUNTY NO. 98-CF-1558
APPELLATE COURT NO.  4-99-0499

Dear Ms. Frank:

This office has been appointed to represent the defendant on appeal in the above case.  Supreme Court Rule 608(c) provides that the record on appeal must be filed in the Appellate Court within nine weeks of the filing of the notice of appeal.  The Appellate court will issue a docketing order setting forth the due dates and you will be served with a copy.  This date is binding unless the Appellate Court limits or expands the date for compliance.

Please forward the original either to this office or to the Clerk of the Fourth District Appellate Court.  ***Please send the defendant's copy of the transcripts directly to him or her***.  If you do not know the defendant's present mailing address, we will be glad to provide you with that information.

Thank you for your cooperation.

Sincerely,

*Daniel D. Yuhas*

DANIEL D. YUHAS
Deputy Defender

DDY/lk

C 0 0 0 7 6 7



**FILED**

SIXTH JUDICIAL CIRCUIT

JUL 01 1999

Linda S. Frank

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, IL

STATE OF ILLINOIS

# APPELLATE COURT

FOURTH DISTRICT

SUPREME COURT BUILDING

SPRINGFIELD 62701-1792

CLERK OF THE COURT
(217) 782-2586

RESEARCH DIRECTOR
(217) 782-3528

06/30/99

Daniel D. Yuhas
Deputy Dfr., Office of State Aplt. Defender
400 S. Ninth St., Suite 102, POB 5750
Springfield, IL  62705-5750

RE: People v. Moore, Dedric
    General No. 4-99-0499
    County of Champaign
    No. 98CF1556

Dear Counsel:

The docketing statement in the above entitled cause was
received and filed. Based on the information in this statement,
the attached order was entered indicating a due date for every
step in the appeal.

We expect to set this case for oral argument (if requested)
during the month of January 00. You are advised that ANY motions
for extension of time are not favored and will be allowed by
the court only in the most extreme and compelling circumstances.

In connection with this appeal, your attention is directed
to the possibility of using an agreed statement of facts if
appropriate.

DARRYL PRATSCHER, CLERK
Appellate Court
Fourth District

DP:pw
Encl.

cc:  John C. Piland
     Norbert J. Goetten, Director
     Robert J. Biderman
     Linda S. Frank
     Nancy Sivertsen, Court Reporter
     Teresa Valdez, Court Reporter
     Melissa Clagg, Court Reporter



RE:   General No. 4-99-0499

Doncy L. Beard, Court Reporter
Alan Richey, Court Reporter
Lisa Martin, Court Reporter Administrator

UNITED STATES OF AMERICA

STATE OF ILLINOIS
APPELLATE COURT
FOURTH JUDICIAL DISTRICT

General No. 4-99-0499

    People v. Moore, Dedric

        Appeal from Circuit Court of County of Champaign
        98CF1558

DOCKETING ORDER

| | |
|---|---|
| Notice of Appeal filed: | 06/16/99 |
| Report of Proceedings due to be filed in Trial Court (Supreme Court Rule 323): | 08/04/99 |
| Record, or Certificate in Lieu of Record, due to be filed (Supreme Court Rules 325, 326): | 08/18/99 |
| Appellant's Brief with Appendix due to be filed (Supreme Court Rules 341, 342, 343):<br>  Brief will not be filed until docket fee has been paid. | 09/22/99 |
| Appellee's Brief due to be filed (Supreme Court Rules 341, 343):<br>  Brief will not be filed until appearance fee has been paid. | 10/27/99 |
| Appellant's Reply Brief due to be filed (Supreme Court Rules 341, 343): | 11/10/99 |
| Month for Oral Argument (if requested): | JAN/00 |

MOTIONS FOR EXTENSION OF TIME FILED WITHIN 14 DAYS OF THE
APPLICABLE DUE DATE WILL BE LOOKED ON WITH DISFAVOR.

ORAL ARGUMENT MAY BE HELD EARLIER IF CASE IS READY.  DISPO-
SITION WILL BE MADE WITHIN 60 DAYS FOLLOWING ORAL ARGUMENT.

Enter: JUNE 30, 1999

_____
PRESIDING JUDGE



# OFFICE OF THE STATE APPELLATE DEFENDER
**Fourth Judicial District**
400 South Ninth Street • Suite 102 • P.O. Box 5750
Springfield, IL  62705-5750
Telephone: 217/782-3654 • FAX: 217/524-2472
WWW SITE: http://www.state.il.us/defender/

**DANIEL D. YUHAS**
Deputy Defender
_____

**KAREN MUNOZ**
**JEFFREY D. FOUST**
**GARY R. PETERSON**
**LAWRENCE J. ESSIG**
**JUDITH L. LIBBY**
**ARDEN J. LANG**
**MARTIN J. RYAN**
**JOHN M. McCARTHY**
**DUANE E. SCHUSTER**
**CATHERINE K. HART**
**JENIFER L. JOHNSON**
**JACQUELINE L. BULLARD**
**ROBERT N. MARKFIELD**
**KELEIGH L. BIGGINS**
**SUSAN M. WILHAM**
Assistant Defenders

November 16, 1999

**RECEIVED**
SIXTH JUDICIAL CIRCUIT

NOV 17 1999

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

Linda S. Frank,
Clerk of the Circuit Court
Champaign County Courthouse
Urbana, IL  61801

RE:    **PEOPLE V. DEDRIC MOORE**
          Champaign County No. 98-CF-1558
          Appellate Court No. 4-99-0499

Dear Ms. Frank:

Our office has been appointed to represent the defendant in the above case on appeal. The attorney handling this case needed to examine the enclosed transcripts before possibly supplementing them to the record on appeal.

After examining these transcripts, we will not be supplementing them to the record on appeal and are therefore returning them to your office.

Sincerely,

Toni Beggs
TONI BEGGS
Legal Secretary

TB

Enclosures
(2 - R.O.P. of 2-25-99)

C000771

STATE OF ILLINOIS
                                              SS
COUNTY OF Champaign          IN THE

Sixth Judicial Circuit

Champaign County

**FILED**
SIXTH JUDICIAL CIRCUIT

APR 22 2002

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

State of Illinois        )
        Respondent       )
                         )   CASE NO. 98-Cf-1558
        vs               )
Dedric Moore             )
                         )

### NOTICE OF FILING

| TO: Linda  Frank | TO: Linda  Frank | TO: John C. Piland |
|---|---|---|
| Circuit Clerk | Circuit Clerk | State's Atty. |
| 101 E. Main | 101 E. Main | 101 E. Main |
| Urbana, Ill. 61801 | Urbana, Ill. 61801 | Urbana, Ill. 61801 |
| 1 Original & 1 copy | 2 copy(ies) | 1 copy(ies) |

PLEASE TAKE NOTE that on the ____ day of _____, ____, I have filed, through the U.S. Mail, with the above named parties, the below listed documents (number of copies & originals filed are listed below the addresses of the parties):

1) Post Conviction
2) One (1) copy to John Piland  S.A.
3) Two (2) copies to the Circuit Clerk
4)
5)
6)
7)
8)

### AFFIDAVIT OF SERVICE

I, ____ Dedric Moore ____, being first duly sworn on oath, deposes and avers that he/she has caused the above stated documents in the above stated amounts, to be served upon the above listed parties by placing the same in the U.S. MAIL BOX on Housing Unit #SL located at Menard ____ Correctional Center in Chester, IL for delivery as 1st Class Mail.

s/s _Dedric Moore_
NAME: Dedric Moore
IDOC Reg. No. K53438

Subscribed and sworn to before me this 12th day of April, 2002

_Regina Summers_
NOTARY PUBLIC

"OFFICIAL SEAL"
Regina Summers
Notary Public, State of Illinois
My Commission Exp. 07/21/2005

Form revised 11/1/01

*Linda S. Frank*





SIXTH JUDICIAL CIRCUIT

JUN 0 4 2002

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

MAY 31, 2002

Mr. Dedric T. Moore
K53438
P O Box 711
Menard, IL  62259

RE: PEOPLE OF THE STATE OF ILLINOIS-VS-DEDRIC T. MOORE K53438
Champaign County Case Number 1998 CF 1558

Dear Mr. MOORE,

You are hereby notified that on May 31, 2002 the Court entered an
order, a copy of which is enclosed herewith.  You have a right to
appeal.  In the case of an appeal from a post-conviction proceeding
involving a judgment imposing a sentence of death, the appeal is to the
Illinois Supreme Court.  In all other cases, the appeal is to the
Illinois Appellate Court in the district in which the Circuit Court is
located.  If you are indigent, you have a right to a transcript of the
record of the post-conviction proceedings and to the appointment of
counsel on appeal, both without cost to you.  To preserve your right to
appeal you must file a notice of appeal in the trial court within 30
days from the date the order was entered.

Sincerely,

Linda S. Frank
Office of the Circuit Clerk

E-FILED
Friday, 11 May, 2007  05:39:41 PM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT OF THE 6TH JUDICIAL CIRCUIT

CHAMPAGNE COUNTY, ILLINOIS

COUNTY DEPARTMENT    CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| RESPONDENT/APPELLEE, | ) | |
| | ) | |
| V. | ) | Ind. No. 98-CF-1558 |
| | ) | |
| DEDRIC T. MOORE, | ) | |
| PETITIONER/APPELLANT. | ) | |

**F I L E D**
SIXTH JUDICIAL CIRCUIT
JUN 1 9 2002
Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## <u>N O T I C E   O F   A P P E A L</u>

An Appeal is taken from the order described below:

(1) The Court to which appeal is taken is the Illinis Appellate Court for the 4th Judicial District.

(2) The name of the Appellant and the addresses to which notices are to be sent is:  Name: Dedric T. Moore,  Menard Corr. Ctr., P.O. BOX # 711, Menard, Illinois 62259-0711

(3) The Appellant has no attorney to represent him in this appeal and he is indigent, and he does want to have counsel appointed.

(4) The date of the order is May 31, 2002.

(5) The Appellant is convicted of the offence of attempted first degree murder, home invasion, arson, and burglary.

(6) The Appellant was sentenced to 60 years for the attempted murder, 60 years for the home invasion, 60 years for the arson, all sentence ran concurrently, and 15 years for the burglary, ran consecutively.

(7) The nature of the order being appealed is from the denial of a petition for post-conviction relief.

/SS/ Dedric T. Moore

STATE OF ILLINOIS )

             ) SS:

COUNTY OF RANDOLPH)

<u>P R O O F     O F     S E R V I C E</u>


    PLEASE TAKE NOTICE, That I,  <u>Dedric Moore</u>  , have had cause to

file   the hereto attached _____

_____ N O T I C E     O F     A P P E A L _____ ,

and supporting documents, with the person(s) named below:

| | |
|---|---|
| **LINDA FRANK** | **JOHN PILAND, STATE'S ATTORNEY** |
| **CIRCUIT CLERK** | **STATE'S ATTORNEY OFFICE** |
| **COURTHOUSE** | **101 EAST MAIN** |
| **101 EAST MAIN** | **URBANA, ILLINOIS 61801** |
| **URBANA, ILLINOIS 61801** | **(1 Copy)** |
| **(Original + 3)** | |

By placing said documents in the U.S. mail at the Menard Correctional

Center, P.O. Box # 711, Menard, Illinois 62259-0711, on this

___14___ day of _June_____ , 20_02___ .


                        /SS/ _Dedric Moore_____
                            Dedric Moore, Pro se


Subscribed and sworn to before me on

this___14th___ day of _June_____ , 20_02___ .


_Mary L. West_____
  NOTARY PUBLIC

| |
|---|
| "OFFICIAL SEAL" |
| MARY L. WEST |
| Notary Public, State of Illinois |
| My Commission Expires 4-28-2005 |



IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS   )
                                      )
              -vs-                    )   No.  98 CF 1558
                                      )
DEDRIC T. MOORE

**FILED**
SIXTH JUDICIAL CIRCUIT

JUN 2 6 2002

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## APPOINTMENT OF COUNSEL ON APPEAL

It appearing to the Court that the above-named plaintiff desires to appeal from the order entered by the Court on MAY 31, 2002                     , and that the plaintiff is indigent and requests the appointment of counsel,

IT IS THEREFORE ORDERED that:

Daniel D. Yuhas, Deputy Defender
Office of the State Appellate Defender
Fourth Judicial District
400 S. Ninth St., Suite 102
Springfield, IL  62705-5750

is hereby appointed to represent the above-named defendant for purpose of appeal.

IT IS FURTHER ORDERED that the Clerk of this Court shall prepare and file a Notice of Appeal on behalf of the above-named plaintiff, and shall send a copy of the Notice of Appeal to the defendant's counsel.

IT IS FURTHER ORDERED that the Official Shorthand Reporter of this Court shall:

(a)  Forthwith transcribe an original and a copy of all the notes taken of the proceedings in the above-entitled cause;

(b)  Without charge to the defendant and within forty-nine days from the date the Notice of Appeal is filed, file the original of the Report of Proceedings with the Clerk of this court and on the same day mail or deliver the copy of the Report of Proceedings to the defendant.

IT IS FURTHER ORDERED that the Clerk of this court shall:

(a)  Send a copy of this order to the defendant and to defendant's counsel;

(b)  Prepare and certify the Record on Appeal pursuant to Supreme Court Rules 324 and 608;

(c)  File the Record on Appeal in the reviewing court within sixty-three days from the date the Notice of Appeal is filed, or file send the Record on Appeal to the defendant's counsel;

(d)  Furnish the defendant with a copy of the common law record.

DATE: MAY 31, 2002              ENTER: JUDGE JEFFREY B. FORD

C000797

IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS

SIXTH JUDICIAL CIRCUIT



FILED
SIXTH JUDICIAL CIRCUIT

JUN 2 6 2002

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILL.

I, <u>LINDA S. FRANK</u> , Clerk of the Circuit Court in and for the

County and State aforesaid, and Keeper of the records, files and the

seal of said Court, do hereby certify that I did, on the  27th

day of JUNE    , 20 02 , send by United State's Mail, postage

 fully prepaid, a copy of the attached Notice of Appeal to:


<u>Hon. Darryl Pratscher</u>              <u>HON. JIM RYAN</u>
Clerk of the Appellate Court
Fourth Judicial District
201 West Monroe Street
P.O. Box 19206
Springfield, IL  62794-9206


<u>Daniel D. Yuhas</u>                  <u>John C. Piland (hand delivered)</u>




DEDRIC MOORE    K53438
P.O. BOX 711
MENARD, IL  62259




(SEAL)                          Linda S. Frank
                          Clerk of the Circuit Court
                          Champaign County, Illinois

2:07-cv-02015-MPM-DGB    # 13-14    Page 5 of 30

APPELLATE COURT OF ILLINOIS
FOURTH DISTRICT
APPELLATE COURT BUILDING
201 WEST MONROE, P.O. BOX 19206
SPRINGFIELD, IL  62794-9206

CLERK OF THE COURT                                    RESEARCH DIRECTOR
(217) 782-2586                                        (217) 782-3528

**FILED**

SIXTH JUDICIAL CIRCUIT

JUL 0 3 2002

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

DATE: 07/02/02


Daniel D. Yuhas
Deputy Dfr., Office of State Aplt. Defender
400 S. Ninth St., Suite 102, POB 5750
Springfield, IL 62705-5750


RE:       People v. Moore, Dedric T.
          General No.: 4-02-0523
          County: Champaign
          Trial Court No.: 98CF1558

TO COUNSEL:

Pursuant to Supreme Court Rule 312, appellants are required to
file a completed docketing statement, together with proof of
service, with the appellate court within fourteen (14) days of
the filing of the notice of appeal.  The enclosed form has been
provided for your convenience.  Please feel free to attach
additional sheets if the space provided on the form is not
sufficient.

Upon receipt of the completed docketing statement, the court will
issue a docketing order setting forth the due dates relevant to
the appeal.

This case was docketed as General No. 4-02-0523 upon this court's
receipt of the notice of appeal.


Darryl Pratscher, Clerk
Appellate Court
Fourth District, Illinois


cc: Linda S. Frank
    Circuit Clerk, Champaign County


Enclosure

C000799



## OFFICE OF THE STATE APPELLATE DEFENDER
### Fourth Judicial District
400 South Ninth Street • Suite 102 • P.O. Box 5750
Springfield, IL  62705-5750
Telephone: 217/782-3654 • FAX: 217/524-2472
Email: 4distsad@mail.state.il.us
WWW SITE: http://www.state.il.us/defender/





JUL 0 8 2002

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**DANIEL D. YUHAS**
Deputy Defender

KAREN MUNOZ
JEFFREY D. FOUST
GARY R. PETERSON
LAWRENCE J. ESSIG
JUDITH L. LIBBY
ARDEN J. LANG
MARTIN J. RYAN
JOHN M. McCARTHY
DUANE E. SCHUSTER
JENIFER L. JOHNSON
JACQUELINE L. BULLARD
ROBERT N. MARKFIELD
KELEIGH L. BIGGINS
SUSAN M. WILHAM
JOSHUA D. CARTER
ERICA R. CLINTON
Assistant Defenders

July 5, 2002

Honorable Jeffrey B. Ford
Judge of the Circuit Court
Champaign County Courthouse
Urbana, IL  61801

RE:    *PEOPLE V. DEDRIC T. MOORE*
CHAMPAIGN COUNTY NO. 98-CF-1558
APPELLATE COURT NO. 4-02-0523

Dear Judge Ford:

This will acknowledge receipt of your order appointing this office to represent the above-named defendant on appeal.

We will take the appropriate steps to process the defendant's appeal.

Sincerely,

DANIEL D. YUHAS
Deputy Defender

DDY/lk

C000800



**FILED**

SIXTH JUDICIAL CIRCUIT.

**JUL 0 8 2002**

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**OFFICE OF THE STATE APPELLATE DEFENDER**
Fourth Judicial District
400 South Ninth Street • Suite 102 • P.O. Box 5750
Springfield, IL 62705-5750
Telephone: 217/782-3654 • FAX: 217/524-2472
Email: 4distsad@mail.state.il.us
WWW SITE: http://www.state.il.us/defender/

**DANIEL D. YUHAS**
Deputy Defender

KAREN MUNOZ
JEFFREY D. FOUST
GARY R. PETERSON
LAWRENCE J. ESSIG
JUDITH L. LIBBY
ARDEN J. LANG
MARTIN J. RYAN
JOHN M. McCARTHY
DUANE E. SCHUSTER
JENIFER L. JOHNSON
JACQUELINE L. BULLARD
ROBERT N. MARKFIELD
KELEIGH L. BIGGINS
SUSAN M. WILHAM
JOSHUA D. CARTER
ERICA R. CLINTON
Assistant Defenders

July 5, 2002

Ms. Linda S. Frank
Champaign County Circuit Clerk
Champaign County Courthouse
Urbana, IL 61801

RE: *PEOPLE V. DEDRIC T. MOORE*
CHAMPAIGN COUNTY NO. 98-CF-1558
APPELLATE COURT NO. 4-02-0523

Dear Ms. Frank:

This office has been appointed to represent the defendant on appeal in the above case. Supreme Court Rule 608(c) provides that the record on appeal must be filed in the Appellate Court within nine weeks of the filing of the notice of appeal. The Appellate court will issue a docketing order setting forth the due dates and you will be served with a copy. This date is binding unless the Appellate Court limits or expands the date for compliance.

**The current appeal is from the denial of a post-conviction petition. This case was previously on direct appeal, and our office will also need the record from defendant's previous, direct appeal. Please include the record from the defendant's direct appeal when sending the post-conviction record to the Appellate Court.**

Please forward the original either to this office or to the Clerk of the Fourth District Appellate Court. *Please send the defendant's copy of the transcripts directly to him or her.* If you do not know the defendant's present mailing address, we will be glad to provide you with that information.

Thank you for your cooperation.

Sincerely,

DANIEL D. YUHAS
Deputy Defender

DDY/lk

C000801




**FILED**

SIXTH JUDICIAL CIRCUIT

**JUL 0 9 2002**

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

RESEARCH DIRECTOR
(217) 782-3628

STATE OF ILLINOIS

# APPELLATE COURT

FOURTH DISTRICT

201 W. MONROE STREET

P.O. BOX 19206

SPRINGFIELD, IL 62794-9206
07/08/02

CLERK OF THE COURT

(217) 782-2586

Daniel D. Yuhas
Deputy Dfr., Office of State Aplt. Defender
400 S. Ninth St., Suite 102, POB 5750
Springfield, IL  62705-5750

RE: People v. Moore, Dedric T.
    General No. 4-02-0523
    County of Champaign
    No: 98CF1558

Dear Counsel:

The docketing statement in the above entitled cause was
received and filed. Based on the information in this statement,
the attached order was entered indicating a due date for every
step in the appeal.

We expect to set this case for oral argument (if requested)
during the month of January 03. You are advised that ANY motions
for extension of time are not favored and will be allowed by
the court only in the most extreme and compelling circumstances.

In connection with this appeal, your attention is directed
to the possibility of using an agreed statement of facts if
appropriate.

DARRYL PRATSCHER, CLERK
Appellate Court
Fourth District

DP:pw
Encl.

cc:  John C. Piland
     Norbert J. Goetten, Director
     Robert J. Biderman
     Linda S. Frank

C000802

UNITED STATES OF AMERICA

STATE OF ILLINOIS
APPELLATE COURT
FOURTH JUDICIAL DISTRICT


General No. 4-02-0523

    People v. Moore, Dedric T.

        Appeal from Circuit Court of County of Champaign
        98CF1558


DOCKETING ORDER

| | |
|---|---|
| Notice of Appeal filed: | 06/19/02 |
| Report of Proceedings due to be filed in Trial Court (Supreme Court Rule 323): | NONE |
| Record, or Certificate in Lieu of Record, due to be filed (Supreme Court Rules 325, 326): | 08/21/02 |
| Appellant's Brief with Appendix due to be filed (Supreme Court Rules 341, 342, 343):<br>  Brief will not be filed until docket<br>  fee has been paid. | 09/25/02 |
| Appellee's Brief due to be filed (Supreme Court Rules 341, 343):<br>  Brief will not be filed until appearance<br>  fee has been paid. | 10/30/02 |
| Appellant's Reply Brief due to be filed (Supreme Court Rules 341, 343): | 11/13/02 |
| Month for Oral Argument (if requested): | JAN/03 |

MOTIONS FOR EXTENSION OF TIME FILED WITHIN 14 DAYS OF THE
APPLICABLE DUE DATE WILL BE LOOKED ON WITH DISFAVOR.

ORAL ARGUMENT MAY BE HELD EARLIER IF CASE IS READY. DISPO-
SITION WILL BE MADE WITHIN 60 DAYS FOLLOWING ORAL ARGUMENT.


Enter: JULY 8, 2002


_____
PRESIDING JUDGE


C000803





SIXTH JUDICIAL CIRCUIT

MAR 19 2003

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

STATE OF ILLINOIS

# APPELLATE COURT

### FOURTH DISTRICT

### 201 WEST MONROE STREET

CLERK OF THE COURT
(217) 782-2586

P.O. BOX 19206
SPRINGFIELD, ILLINOIS 62794-9206

RESEARCH DIRECTOR
(217) 782-3528

Appeal from the Circuit Court of County of Champaign

Trial Court No.: 98CF1558

THE COURT HAS THIS DAY, 03/18/03, ENTERED THE FOLLOWING ORDER IN
THE CASE OF:

Gen. No.: 4-02-0523

People v. Moore, Dedric T.

> Appellant's motion to supplement the record on
> appeal ALLOWED.
> Eleven (11) volumes report of proceedings,
> designated Volumes V through XV, filed as
> supplement to record on appeal per order.

DARRYL PRATSCHER, CLERK

cc: Daniel M. Kirwan
    Dep.Defender, Office of State Aplt. Defender

    Lawrence J. O'Neill
    Asst.Defender, Office of State Aplt.Defender
    730 E. Illinois Highway 15, POB 2430
    Mt. Vernon, IL  62864-0047

    John C. Piland
    Champaign County State's Attorney

    Robert J. Biderman
    Dep. Dir., State's Attorneys Aplt. Prosecutor

    Linda S. Frank
    Circuit Clerk, Champaign County

C000804





SIXTH JUDICIAL CIRCUIT

**MAY 0 5 2003**

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

**STATE OF ILLINOIS**

**APPELLATE COURT**

**FOURTH DISTRICT**

201 W. MONROE STREET

P.O. BOX 19206

SPRINGFIELD, IL 62794-9206

CLERK OF THE COURT
(217) 782-2586

RESEARCH DIRECTOR
(217) 782-3528

DATE: 05/02/03

RE: People v. Moore, Dedric
General No: 4-99-0499
Champaign 98CF1558
Rule 23 Filed: 04/04/03

I have today issued the mandate of this court in the above
entitled cause, pursuant to the provisions of Supreme Court
Rule 368.

DARRYL PRATSCHER, CLERK
Appellate Court
Fourth District

TO: Daniel D. Yuhas / Judith L. Libby
Deputy Dfr., Office of State Aplt. Defender

John C. Piland
Champaign County State's Attorney

Robert J. Biderman / Thomas R. Dodegge
Dep. Dir., State's Attorneys Aplt. Prosecutor

Linda S. Frank (with mandate and copy of decision)
Circuit Clerk, Champaign County

The Honorable Thomas J. Difanis (with information copy of mandate)
Courthouse
101 E. Main Street
Urbana, IL 61801

State of Illinois
Appellate Court
Fourth Judicial District

In the APPELLATE COURT sitting at SPRINGFIELD, within and for the
State of Illinois.

Present:    Honorable SUE E. MYERSCOUGH, Judge
            Honorable ROBERT W. COOK, Judge
            Honorable JOHN T. MCCULLOUGH, Judge

    BE IT REMEMBERED, that on the 4th day of April, 2003, the
final judgment of said Appellate Court was entered of record as
follows:

THE PEOPLE OF THE STATE OF ILLINOIS,        General No: 4-99-0499
     Plaintiff-Appellee,
     v.                                     Appeal from the
DEDRIC MOORE,                               Circuit Court of
     Defendant-Appellant.                   Champaign County
                                            98CF1558

    It is the decision of this court that the order on appeal
be AFFIRMED and stand in full force and effect.

    Costs, if any, to be taxed in accordance with the law.

    As Clerk of the Illinois Appellate Court for the Fourth
Judicial District and keeper of the records, files and Seal
thereof, I certify that the foregoing is a true statement of
the final order of said court in the above entitled cause, of
record in my office.



                    IN WITNESS WHEREOF, I have set
                    my hand and affixed the Seal of
                    the Illinois Appellate Court for
                    the Fourth Judicial District,
                    this 2nd day of May, 2003.

                    Clerk, Appellate Court for the
                    Fourth Judicial District

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**

SIXTH JUDICIAL CIRCUIT

MAY 1 4 2003

Linda S. Frank

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.:  98-CF-1558 |
| ) | |
| DEDRIC MOORE, ) | |
| Defendant. ) | |

## PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM

NOW COME the People of the State of Illinois by JOHN C. PILAND, State's Attorney of

and for the County of Champaign, State of Illinois, and move this Court to issue a Writ of

Habeas Corpus Ad Prosequendum directed to Warden Jonathan Walls, Menard Correctional

Center, 711 Kaskaskia Street, Menard, Illinois 62259 commanding Warden Jonathan Walls, to

produce the body of Dedric Moore #K-53438 now confined in the Menard Correctional Center,

711 Kaskaskia Street, Menard, Illinois 62259; and in support of said petition state:

1. That Dedric Moore #K-53438 is now confined in the Menard Correctional Center,

Menard, Illinois.

2. That Dedric Moore #K-53438 is now under the supervision, jurisdiction and control of

Warden Jonathan Walls.

3. That the said Dedric Moore #K-53438 is presently needed in Champaign County,

Illinois, for a Hearing in the case of THE PEOPLE OF THE STATE OF ILLINOIS vs.

DEDRIC MOORE, 1998-CF-1558.

4. That said Hearing is scheduled before this Court in the above-entitled case on Friday, May 23, 2003 at 9:00 a.m. in Courtroom "B" located in the Champaign County Courthouse, 101 E. Main Street, Urbana, Illinois.

5. That the interest of justice requires the presence of said Dedric Moore #K-53438 at said Hearing before this Court.

WHEREFORE, Petitioner prays that a Writ of Habeas Corpus Ad Prosequendum be issued out of this Court directed to Warden Jonathan Walls, 711 Kaskaskia Street, Menard, Illinois 62259, commanding him to produce the body of Dedric Moore #K-53438 before this Court on Friday, May 23, 2003 at 9:00 a.m. in Courtroom "B".

Respectfully submitted,

JOHN C. PILAND
State's Attorney for Champaign County

By: _____
Elizabeth J. Dobson
Lead Prosecutor

C000822



FILED
SIXTH JUDICIAL CIRCUIT

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

MAY 15 2003

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS

-VS-                                    Case No. 98 CF 1558

Dedric Moore

AFFIDAVIT OF MAILING

I, Linda S. Frank, Clerk of the Circuit Court, do hereby certify that I
did on the 15th   day of May          , 20 03 , mail to each person
listed below, to the addresses shown, a Writ of Habeas Corpus Ad
 Prosequendum          that said Writ      was places in envelope and
sealed, properly addressed, as aforesaid, postage prepaid and on the
date aforesaid, deposited in the United States Post Office at Urbana
Illinois.

        Warden Jonathan Walls
        Menard Correctional Center
        711 Kaskaskia St
        Menard, Il  62259

IN WITNESS WHEREOF, I have hereunto set my hand and the Seal of said
Court, this 15th  day of May            20.03 .

        Linda S Frank
CLERK OF THE CIRCUIT COURT

C000823

# WRIT OF HABEAS CORPUS 

## AD PROSEQUENDUM



SIXTH JUDICIAL CIRCUIT

MAY 15th 2003

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

### IN THE NAME OF THE PEOPLE OF THE STATE OF ILLINOIS

### IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,
                       Plaintiff,

         vs.                            No.  98-CF-1558

DEDRIC MOORE,
                   Defendant.

### WRIT OF HABEAS CORPUS TO TESTIFY

### AD PROSEQUENDUM

To: Warden Jonathan Walls, Menard Correctional Center,
    711 Kaskaskia Street, Menard, Illinois 62259

    **YOU ARE COMMANDED** to produce immediately <u>Dedric Moore #K-534</u>38

before the Honorable <u>   Thomas J. Difanis   </u> **or any judge sitting**

in his stead, at room <u>"B"</u>, <u>Champaign County</u> <u>Courthouse, 101 E. Main Street</u>,
                               **(building)**                 **(address)**

<u>   Urbana   </u>, Illinois and state the period **and cause of his detention**,
          **(city)**

in response to the petition of <u> the People of the State of Illinois </u>.
on Friday, May 23, 2003 at 9:00 am.

To the officer:

    You are to serve this writ and return it without delay.

                          **WITNESS,** <u> May  15th </u>, 20 03.

                          <u>*Linda S. Frank*</u>
                                  **(Clerk of Court)**

                                  **(Seal of Court)**

**Name** <u>   Elizabeth J. Dobson, Lead Prosecutor </u>

**Attorney for** <u> the People of the State of Illinois </u>

**Address** <u> 300 S. Broadway, Suite 10 </u>

**City** <u> Urbana, IL 61801 </u>

**Telephone** <u> 217-384-3733 </u>

C000824

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE ILLINOIS,    )
                Petitioner,    )
                       )
vs.                       )   No:  98-CF-1558
                       )
DEDRIC MOORE,               )
                Defendant.    )

**FILED**
SIXTH JUDICIAL CIRCUIT

MAY 1 5 2003

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

### ORDER

This cause having come on before the Court this __15th__ day of May, 2003, for hearing on the Petition for the People for Writ of Habeas Corpus Ad Prosequendum and the Court being fully advised in the premises.

THE COURT HEREBY ORDERS that a Writ of Habeas Corpus Ad Prosequendum be issued directing Warden Jonathan Walls, Menard Correctional Center, 711 Kaskaskia Street, Menard, Illinois 62259 to produce the body of Dedric Moore #K-53438 now confined in the Menard Correctional Center, 711 Kaskaskia Street, Menard, Illinois 62259, in this Court, on Friday, May 23, 2003 at 9:00 a.m. in Courtroom "B", Champaign County Courthouse, 101 E. Main Street, Urbana, Illinois.

_____
Thomas J. Lewis
JUDGE

C000825

# ORDER FOR SENTENCING REPORT

A  ☒ **Presentence Report**  or  ☐ **Traffic Summary**  Report is ordered on

the following case:

FILED
SIXTH JUDICIAL CIRCUIT

MAY 23 2003

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

Case # _____ 98CF 1558 _____

Defendant's Name _____ Moore _____

Offense _____ Att Murder  etc _____

Sentencing Date: _____ 7/1/03 _____ at _____ 2:30 _____ in Courtroom _____ B _____

**Special Reports Ordered for Attachment to Presentence Report:**

☐ Intensive Probation Suitability    **DEFENDANT IS INCARCERATED** (yes)  no

☐ Evaluation for Drug Sentencing Options

☐ Other: _____

☐ Other: _____

Dated: _____ 5/23/03 _____    S/ _Thomas J. Jones_

White Copy – Court File        Yellow Copy – Probation        Pink Copy – Defendant

C000826

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY



**FILED**
SIXTH JUDICIAL CIRCUIT

THE PEOPLE OF THE STATE OF ILLINOIS

v.

DEDRIC T. MOORE

CASE NUMBER JUN 2 6 2003

98-CE-1558      S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

### PRESENTENCE REPORT
### UPDATED

### 1. COURT INFORMATION

JUDGE: HONORABLE THOMAS J. DIFANIS      PROSECUTOR: ELIZABETH DOBSON

DEFENSE ATTORNEY: DIANA LENIK      COURT APPOINTED

PROBATION OFFICER: PHILIP L. BERG

Now on this 1st day of July , A.D. 2003, the undersigned officer of this Court respectfully submits the following report concerning the defendant Dedric T. Moore .

### 2. OFFENSE INFORMATION

| OFFENSE(S) CHARGED | COUNT | CLASS | CONVICTED Y | CONVICTED N | REDUCED Y | REDUCED N | OFFENSE(S) JUDGMENT | CLASS |
|---|---|---|---|---|---|---|---|---|
| Attempt First Degree Murder | I | X | X | | | X | Attempt First Degree Murder | X |
| Home Invasion | II | X | X | | | X | Home Invasion | X |
| Aggravated Arson | III & IV | X | X | | | X | Aggravated Arson | X |
| Aggravated Criminal Sexual Abuse | V | 2 | X | | | X | Aggravated Criminal Sexual Abuse | 2 |
| Residential Burglary | VI | 1 | X | | | X | Residential Burglary | 1 |

CONVICTED BY:      JURY TRIAL      DATE:      03/18/99

JAIL CREDIT:  1792 DAYS

DATES OF CHAMPAIGN COUNTY CUSTODY FOR THIS OFFENSE:   08/04/98-07/01/03

Some of the information contained in this report was obtained from the Presentence Report written by Court Services Officer Elaine Lyles.

*Denotes Verified Information from Sources other than the Defendant.

C000827

PRESENCE REPORT
DEDRIC T. MOORE
98-CF-1588

### 3. PRIOR RECORD

**JUVENILE:**

| DISPO. DATE | CASE NO. / OFFENSE | DISPOSITION | LOC. / SOURCE |
|---|---|---|---|
| 11/10/93 | 93-J-330/Retail Theft Less Than $150.00 | 12 mos Probation; $86.00 costs (pd); 10 hrs PSW (4 hrs uncompleted); no contact with Kohl's; 10 days detention, subject to remission; 11/16/94: Unsuccessfully Discharged from Probation for failure to complete PSW; 07/26/95: Supplemental Petition filed for Robbery; 03/06/96: Court found respondent committed the offense of Robbery, respondent was adjudicated and ordered to serve 30 days CCCC; $33.00 costs (unpaid) | Champaign Co. Circuit Clerk |

**ADULT:**

| DISPO. DATE | CASE NO. / OFFENSE | DISPOSITION | LOC. / SOURCE |
|---|---|---|---|
| 02/15/95 | 95-T-956/Disobeyed Stop Sign | $75.00 fine/costs (pd) | Champaign Co. Traffic Clerk |
| 02/13/96 | 95-CF-1317/Forgery | 24 mos Conditional Discharge; 11/15/96:Conditional Discharge revoked, resentenced to 30 mos Probation; $174.00 costs (pd); $240.00 PSF (unpaid); $100.00 restitution (pd); 50 hrs PSW (none completed); 90 days CCCC subject to remission; 12/11/96: PTR filed; 01/07/97: Probation Revoked; 02/10/97: Resentenced to 4 years DOC; $50.00 State's Attorney Appeal Service (unpaid); 11/21/97: Paroled; 08/04/98: DOC warrant issued | Champaign Co. Circuit Clerk/ DOC Records Springfield, IL |
| 11/20/96 | 96-TR-15049/Operating Motor Vehicle With Suspended Registration | $300.00 fine/costs (unpaid) | Champaign Co. Traffic Clerk |
| 05/08/98 | 98-TR-6130/Failure To Reduce Speed | $77.00 fine/costs (unpaid) | Champaign Co. Traffic Clerk |

2

C000828

PRESENTENCE REPORT
DEDRIC T. MOORE
98-CF-1588

**ADULT:**

| | | | |
|---|---|---|---|
| 06/22/98 | 98-CM-320/Obstructing A Peace Officer | 30 days CCCC; $160.00 costs ($60.00 unpaid) | Champaign Co. Circuit Clerk |
| 09/21/98 | 98-TR-17188/Operating Uninsured Motor Vehicle | $727.00 fine/costs (unpaid) | Champaign Co. Traffic Clerk |
| 11/03/98 | 98-CF-1089/Attempt Burglary | 30 mos DOC; $214.00 costs ($114.00 unpaid) | Champaign Co. Circuit Clerk |

## 4. OFFENDER INFORMATION

NAME:   Dedric Tremaine Moore                                    AGE:  24

ALIAS (ES):    Dearick T. Moore listed on Illinois State Police Criminal History Record

ADDRESS:    Menard Correctional Center          <u>Menard</u>          <u>IL</u>          <u>61821</u>
                       Street Or Rural Address                City            State        ZIP

The defendant stated that his last known home address was 1605 Cruising Lane, Champaign, IL

DATE OF BIRTH:  08/13/78                    PLACE OF BIRTH:  Urbana, IL

RACE:  Black        HEIGHT: 6' 4"        WEIGHT:  260        HAIR:  Black        EYES:  Brown

PHONE:              HOME NUMBER:    None

                          WORK NUMBER:    None            EMERGENCY NUMBER:  None

DRIVER'S LICENSE #: M600-1787-8230    STATE OF ISSUE:  IL        STATUS: Va lid

SOCIAL SECURITY #:   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

U. S. CITIZEN:  Yes

ID MARKS:      None

GANG MEMBER:          PRESENTLY:  No          PAST:  No

CURRENT OR PAST AFFILIATION:      None

3

C000829

PRESENTENCE REPORT
DEDRIC T. MOORE
98-CF-1588

## 5.  MARITAL INFORMATION

MARITAL STATUS:  SINGLE

INFORMATION REGARDING CHILDREN:

| NAME | AGE | RESIDING WITH WHOM? |
|---|---|---|
| Dedric Moore | 7 | Tina Cobbs, Mother in Dallas TX. |

CHILD SUPPORT INFORMATION

IS CHILD SUPPORT ORDERED:    No

## 6.  EDUCATION

READ:  ☒        WRITE:  ☒

LAST GRADE ATTENDED:  10th      GED:   ☒      YEAR:  1997*

COLLEGE/VOCATION:  Yes    GRADUATED:  No      YEAR:  1996*

COMMENTS:   In the previous Presentence Report, Mr. Moore stated he completed his sophomore year at Central High School and subsequently attended Parkland College in 1996 where he was enrolled in GED classes.  An academic transcript received from Parkland College confirmed the defendant was a GED student at that institution during the 1996 Fall Semester and achieved all satisfactory grades in his coursework.  According to the defendant, he ultimately obtained his GED and his barber's license in 1997 at the Sheridan Correctional Center.  Information received from the Department of Corrections verified the defendant completed his GED; however, he never obtained his barber's license.
 The defendant added he would like to become a journalist in the future.  The defendant stated in the Social History form that he provided for this report that he completed his GED at the Sheridan Correctional Center in 1997 and that he had completed the 11th Grade at Champaign Central High School in 1996..

## 7.  EMPLOYMENT STATUS

EMPLOYED:    No. The defendant reported that he was last employed at Absopure Water Company in Champaign, IL from January-February 1998 stacking pallets and loading trucks earning $6.80 per hour working 32 hours a week.

## 8.  FINANCIAL

SOURCE OF INCOME: None. The defendant stated that he receives $10.00 per month while in the Illinois Department of Corrections.

OUTSTANDING DEBTS:    The defendant stated that there are "too many to list."

4

C000810

PRESENTENCE REPORT
DEDRIC T. MOORE
98-CF-1588

## 9.  HEALTH

PHYSICAL:

DISABILITY:  No

HISTORY OF SERIOUS ILLNESS/INJURY:  No

PRESENTLY TAKING MEDICATION:  No

ANY SIGNIFICANT HEALTH PROBLEMS:  No

COMMENTS:  In the previous Presentence Report ,the defendant reported that his left leg was broken in six places in 1992 and he has had a limp since that time. Mr. Moore reported to this Officer that is health is fair.

EMOTIONAL:

DISABILITY:  No

PRESENT COUNSELING:  No

PSYCHOLOGICALLY TESTED:  No

COMMENTS:    Mr. Moore indicated he has never received any mental health intervention, however, he admitted he gets depressed every now and then. The defendant stated that he spoke to the Department of Corrections psychologist in the fall of 1999.

ALCOHOL:

PRESENT USE:  No

PAST USE:  Yes

AMOUNT:   Defendant stated that he would have an occasional beer.

TREATMENT:  No

PRESENT OFFENSE ALCOHOL RELATED:    No

COMMENTS: The defendant stated that he first used alcohol at age 15 when  he "drank a Zima to try it." The defendant stated in the previous Presentence Report he initially consumed beer at the age of 19 and generally drank alcohol while watching sporting events. According to the defendant, his usage of alcohol has never been problematic.

C000851

PRESENTENCE REPORT
DEDRIC T. MOORE
98-CF-1588

### 9. HEALTH (cont)

<u>DRUGS:</u>

PRESENT USE:  No

PAST USE:  Yes                TYPE:  Cannabis

FREQUENCY: Once or twice at age 19.

TREATMENT:  No

PRESENT OFFENSE DRUG RELATED:    No

COMMENTS:   The defendant stated that he first used cannabis at age 19 "to fit in." The defendant stated that he smoked cannabis only once or twice at age 19. The defendant stated in the previous Presentence Report that he had smoked cannabis less than 5 times at age 19.

### 10. VICTIM IMPACT

NAME OF VICTIM:   In the previous Presentence Report, Lori Hanson was the named victim in all of the counts in this case with the exception of Count IV/Aggravated Arson. Harry Washburn, the landlord, was the victim in Count IV. Although Lori Hanson prepared a Victim Impact Statement for the States Attorney's office, she did not report an amount for her financial loss. On the other hand, Harry Washburn provided this officer with information regarding his financial loss. Mr. Washburn indicated his insurance company , Cincinnatti Life, paid all costs in the approximate amount of $22,600.00. The original estimate was in the amount of $27,388.52. As Mr. Washburn did not suffer an out-of-pocket loss, restitution was not determined.

### 11. ADDITIONAL INFORMATION

SUITABILITY OR SUPPLEMENTAL REPORTS AS ORDERED BY THE COURT: None

### 12. ANALYSIS

Dedric Tremaine Moore, a 24 year old convicted felon appears before this Court to be sentenced for a cluster of very serious offenses. As the Court is well aware, a jury found Mr. Moore guilty of Attempt First Degree Murder, Home Invasion, Aggravated Arson, Aggravated Criminal Sexual Abuse, and Residential Burglary. Although this defendant is only 24 years old, he has been involved with the Criminal Justice System since 1993, at which time, he was adjudicated in case number 93-J-330 for the offense of Retail Theft Less Than $150.00. After he was unsuccessfully terminated from Probation as a juvenile on 11/16/94, Mr. Moore was adjudicated for a Robbery charge on 03/06/96 and was ordered to serve 30 days in the Champaign County Correctional Center. The defendant committed his first adult offense, Forgery when he was 17 years old. The defendant was sentenced to 24 months Conditional Discharge for the Forgery charge in case number 95-CF-1317 and his Conditional Discharge was revoked on 11/15/96. On the aforementioned date, the defendant was resentenced to a term of 30 months Probation. Less than a month after Mr. Moore had been sentenced to Probation in cause number 95-CF-1317, a Petition to Revoke Probation was filed on 12/11/96 and on 02/10/97, the defendant was resentenced to the Department of Corrections for a period of 4 years.

C0008-2

PRESENCE REPORT
DEDRIC T. MOORE
98-CF-1588

## 12.  ANALYSIS (cont)

The defendant was paroled on 11/21/97.  While on Parole, the defendant was convicted for an Attempt Burglary offense in cause number 98-CF-1089 and was sentenced to the Illinois Department of Corrections on 11/03/98 for 30 months for that charge.  In addition, the defendant was convicted of a misdemeanor Obstructing A Peace Officer offense on 06/22/98 in case number 98-CM-320 and served 30 days in the Champaign County Correctional Center for that crime.  Furthermore, the defendant received convictions for two traffic citations on 05/08/98 and 09/21/98.

The offenses for which Mr. Moore is being sentenced occurred on 02/25/98, approximately 3 months after he had been paroled.  Furthermore, the Attempt Burglary in case number 98-CF-1089 occurred on 08/01/98 and the offense date for the Obstructing A Peace Officer charge in cause number 98-CM-320 was 03/10/98.  The aforementioned information demonstrates the defendant continued to commit offenses while on parole.  To date, dispositions of Conditional Discharge, Probation, the Department of Corrections, Parole, and Correctional Center time have not deterred the defendant from further criminal activity.

At this juncture, the defendant indicated he considers the following to be his major problem: "Right now it has to be freedom, I now love and cherish and no longer take freedom for granted."  When asked what he has done or what is he willing to do to address this problem, the defendant stated, "Mistakes, what people don't realize their self is that they are one mistake away from being on this side of the door. Mistakes, mistakes a very big mistake."

In conclusion, Mr. Moore was interviewed for preparation of this Presentence Report on 06/20/03.  Any significant changes in the defendant's status have not been brought to this officer's attention.

## 13.  SPECIAL CONDITIONS FOR COMMUNITY BASED SENTENCE WHICH WOULD ENHANCE REHABILITATION

As the offenses of Attempt First Degree Murder, Home Invasion, Aggravated Arson and Residential Burglary are all non-probationable pursuant to 730 ILCS 5/5-5-3(c)(2)(B), (C), (G), respectfully, this officer has not submitted any special conditions for a community based sentence for this defendant.

Respectfully submitted,

Philip L. Berg
IPS Officer

C000873

# CHAMPAIGN COUNTY PROBATION AND COURT SERVICES

Joseph J. Gordon
Director

| | | |
|---|---|---|
| Probation Services<br>Courthouse<br>101 E. Main<br>Urbana, IL 61801<br>Phone: (217) 384-3753<br>Fax: (217) 384-1264 | Robert P. Schwieter<br>Assistant Director | Detention Services<br>400 S. Art Bartell Rd.<br>Urbana, IL 61802<br>Phone: (217) 384-3780<br>Fax: (217) 384-8617 |

TO: SHERIFF'S OFFICE – RECORDS DIVISION

DATE: <u>06/06/03</u>

INMATE NAME: <u>Dedric T. Moore</u>       DOB: <u>08/13/78</u>

DOCKET NUMBER: <u>1998-CF-1558</u>

The above named defendant is scheduled to appear in Courtroom <u>B</u> on <u>07/01/03</u>. Please calculate the defendant's time incarcerated pursuant to the above offense to take the defendant up to the Court date.

NUMBER OF DAYS INCARCERATED IF SENTENCED TO IDOC: <u>175</u>

Please return to Probation Officer <u>Phil Berg.</u> This information will need to be included on the PSI, which will be filed with the Court on <u>06/26/03.</u>

| | | | |
|---|---|---|---|
| 1st Admission Date: | *8-4-98* | 1st Release Date: | *7-1-03* |
| 2nd Admission Date: | | 2nd Release Date: | |
| 3rd Admission Date: | | 3rd Release Date: | |
| 4th Admission Date: | | 4th Release Date: | |
| 5th Admission Date: | | 5th Release Date: | |
| 6th Admission Date: | | 6th Release Date: | |
| 7th Admission Date: | | 7th Release Date: | |
| 8th Admission Date: | | 8th Release Date: | |

Above information was calculated by the Sheriff's Office.

_Connie Jo Huddleston_          _6-18-03_
Sheriff's Office Employee                Date

C000854



# John C. Piland
## CHAMPAIGN COUNTY STATE'S ATTORNEY

Courthouse
101 E. Main Street
P.O. Box 785
Urbana, IL 61801
Phone (217) 384-3733
Fax (217) 384-3816
Traffic fax: (217) 384-6591

*First Assistant*
*State's Attorney*
William R. Gaston

*Criminal Division*
Elizabeth J. Dobson
Steven D. Ziegler
Duke C. Harris
Mick McAvoy
Charles M. Leonhard
Kelly M. Griffith
Lawrence T. Solava
Donna L. Miller
Michelle E. Brooks
Sarah J. Carlson
Kenneth R. Swails
Adam M. Dill

*Civil Division*
Brookens Administrative
Center
1776 E. Washington
Urbana, IL 61802
Phone (217) 384-3776
Fax (217) 384-3896
Joel Fletcher

*Child Support*
*Enforcement Alliance*
Phone (217) 384-3850
Mary K. Manning
Wanda E. Donnelly
Investigator
Gerald A. Morgan

*Misdemeanor/Domestic*
Phone (217) 384-3813
David C. Steigmann
Melissa Gagen

*Domestic Violence*
*Coordinator*
Susan Y. Chapin

*Investigator*
James E. Davis

*Adminstrative*
*Assistant*
Theresa A. Smith

*Paralegal*
Janelle Albrecht

*Victim/Witness*
*Services*
Phone (217) 384-8625
Sherry Chaney-Bruce
Bobbie Sykes

*Adult Diversion*
*Program*
(217) 384-3802
Martin Sheridan
Kathryn J. McGee

June 26, 2003

The Honorable Thomas J. Difanis
Champaign County Courthouse
Courtroom B
101 E. Main St.
Urbana, IL 61801

Diana Lenik
202 W. Green
Urbana, IL 61801

RE: <u>People v. Dedric T. Moore,</u> 1998-CF-1558

Dear Judge Difanis and Ms. Lenik,

Enclosed please find an updated victim impact statement prepared by Lori Hansen. The People intend to ask the Court to consider this statement pursuant to 730 ILCS 5/5-3-2(a)(3) and 5/5-4-1(a)(7) at the sentencing hearing for the <u>Moore</u> case on July 1, 2003 at 2:30 pm.

Additionally, counsel have agreed that the Court may read and consider the transcript of the testimony in aggravation and mitigation from the original sentencing hearing in this case, in lieu of a presentation of live testimony.

Thank you for your consideration of this matter.

Very truly yours,

Elizabeth J. Dobson
Lead Prosecutor

encl

cc: Court Services Department

C00085

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

## CHAMPAIGN COUNTY, ILLINOIS

| | | |
|---|---|---|
| **THE PEOPLE OF THE STATE OF ILLINOIS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No.** 98-CF-1558 |
| | ) | |
| DEDRIC T. MOORE, | ) | |
| **Defendant.** | ) | |

UPDATED    **VICTIM IMPACT STATEMENT**

I, ___Lori Hansen___, being the named victim in the above-captioned case, submit this Victim Impact Statement for review by the Court pursuant to Article I, Section 8.1 of the Illinois Constitution, which states in part, that crime victims have the right to make a statement to the Court at sentencing.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

C00086

98-CF-1558

Although having to write a second victim impact statement means I have to recall a horrible experience and admit some embarrassing details about my life to strangers, I value the opportunity to underscore the effects these crimes have had on my life and the lives of others because I still believe the Defendant should receive the harshest sentence possible.

As I wrote back at the time of my first statement, I was devastated by the death of my cat, Lester: *"My pets are about as close to me as children would be, so this experience was like hearing my child cry for help, but knowing I was unable to help him. Seeing him inside an oxygen tank, caked in soot, trying desperately to lift his head to greet me broke my heart."*
I still can't think about it without crying. The few photographs of Lester I could salvage from the fire are displayed around my house because I need to remember what was good about life before the attack. I try not to remember how sick and injured and pitiful Lester was after that night because it is so painful, but pushing it back in my mind doesn't change the fact that an innocent and helpless pet - who kept me company and comforted me when I needed comforting - suffered a painful and drawn-out death because of these crimes. And if ever I needed the comfort of a familiar, purring fluff-ball, it was at the exact time he died.
My surviving cat has suffered numerous respiratory problems. While I cannot positively state that these illnesses are related to smoke inhalation from the fire the Defendant started when he tried to kill us and destroy the evidence, it is hard not to draw the connection. Thus, I have one more reminder of that gruesome experience.

*"In addition to losing my cat and possessions,"* I wrote in the first statement, *"I lost my dignity, independence, freedom, sense of security, sense of safety, and trust in people. . . . I feel safe nowhere, especially my home. . . .I cannot imagine ever trusting a neighbor again."*
I do not think I fully appreciated when I wrote those statements that so little would change in five years. Fear and suspicion are so integral to my life now, describing my feelings seems as hard as describing what it feels like to have a pulse. Although I have lived in the same house for several years, I have generally avoided interaction with my neighbors. I am still so afraid of leaving the house alone after dark that I usually stay home if I have no one to be with me. The few times I have ventured out alone after dark, my time was spent wondering who would jump out of the bushes to brutalize me when I returned home. Thus, I have missed out on opportunities to have a normal life, to be with my family and friends, and my relationships have suffered.
There have been times when I have had to spend the night alone in my house. I get very tense and afraid. When I can sleep, I leave televisions, radios and indoor lights on, and I sleep with phones and make-shift weapons all around my bed and under my pillow. Still, I am often startled awake by the wind, my dog moving in her sleep, or a car door closing outside.
It is a humiliating and frustrating way to live. I am supposed to be an adult, after all.

As I also wrote back at the time, *"My parents cried."* My parents now worry excessively for my safety, and they worry that I will never be able to regain my independence and sense of security. My mother has stopped insisting that I spend the night at her house if I am forced to be alone overnight, but she still has to check on me at least once a day. Having to check in with my

C00085 7

98-CF-1558

parents can be comforting under the circumstances, but it is also embarrassing for me and inconvenient for us all. It is as if I am living a second childhood and my parents have a new responsibility to me.

I also mentioned in my first statement how much time and effort I had spent caring for my worst physical injury (a nasty burn on my knee where the carpet melted through my jeans onto my skin), replacing the possessions destroyed by the fire that were replaceable, and facing the psychological effects of the ordeal. I feel extremely fortunate that my physical injuries were not worse, but that is not due to the Defendant's lack of zeal in trying to inflict the worst. I was unable to replace all my possessions. With the recent death of my grandmother, the Defendant's destruction by fire of irreplaceable photographs and gifts is particularly upsetting to me and the rest of my family.

I received psychological counseling for over a year and was diagnosed with post-traumatic stress disorder. I had to discontinue counseling, partly because of my school and work schedules, but primarily because the sessions left me feeling emotionally drained, angry and so sad that I could not concentrate on anything else. After finishing school, I could not afford counseling. Although I would prefer to avoid further counseling because of the feelings it evokes, I know I will probably need to resume the process.

Back at the time I wrote the first statement, I was still in school. I commented that I had missed several days of school and had difficulty getting through the classes I did attend because I would often start thinking about the ordeal and cry. I did manage to graduate. I also worked at a local law firm throughout my last year of law school, but I found that any case I worked on, no matter how far removed from the criminal context, reminded me of the Defendant's trial, which reminded me of that night he attacked, tortured and tried to kill me.

I speculated in the first statement, *"I wonder if I will ever be able to use for a career the degree I'm currently pursuing, because at least in the criminal context, there would be too many personal distractions."* I am currently unemployed. I have not even registered to take the bar exam, and I have no plans to pursue a career in any legal field. Unfortunately, I now associate the three years I spent in law school with the one night I was attacked. I finished school because I had to finish school – I had to keep my mind occupied and I had to finish what I started before this nightmare began.

I have tried to return to an independent adult life, but I have not succeeded yet. The process is difficult and ongoing. The real problem is not just that I was attacked. The fear, humiliation, anxiety, depression, anger and suspicion arise from *how* I was attacked. The memories of being tied up, strangled, groped, taunted, terrorized, urinated on and set on fire will never go away. Staying locked up in my house pathetically clutching pepper spray in one hand and a golf club in the other only makes me more angry and embarrassed, and will never make me feel safe and independent.

I reiterate what I said in my first statement: *"My family, friends and I, as well as the*

2

E-FILED
Friday, 04 May, 2007  05:40:02 PM
Clerk, U.S. District Court, ILCD

98-CF-1558

*people in this community, would benefit tremendously from the harshest sentence this court is authorized to deliver.* "  The initial sentence the Defendant received was just, but I have to live with the terrible memories and consequences of his heinous actions for the rest of my life. Indeed, I still can think of no sentencing option that would erase such a horrible experience. I still do not believe that even a couple of decades in prison would rehabilitate this monster. I wrote back at the time and agree today that *" his behavior and total disregard for the welfare of others should be punished. If he learns nothing, at least a strict sentence might set an example for other young fools out there who otherwise would consider killing someone for money or thrills."* If he spends the majority of his life in prison, he will be unable to inflict such atrocities on me or anyone else again.

6/20/03

3

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
Champaign County, Illinois

**FILED**

SIXTH JUDICIAL

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) |
| | ) |
| vs. | ) Cause No. 98-CF-1558 |
| | ) |
| DEDRIC T. MOORE | ) |
| Defendant. | ) |

JUL 1 2003

*Linda S. Frank*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## JUDGMENT - SENTENCE TO ILLINOIS DEPARTMENT OF CORRECTIONS

**WHEREAS** the above-named defendant  __08/13/78__  has been adjudged guilty of the offenses enumerated below.
                                        Date of Birth

**IT IS THEREFORE ORDERED** that the defendant be and hereby is sentenced to confinement in the Illinois Department of Corrections for the term of years and months specified for each offense.

| COUNT | OFFENSE | DATE OF OFFENSE | STATUTORY CITATION | CLASS | SENTENCE |
|---|---|---|---|---|---|
| 6 | RESIDENTIAL BURGLARY | 02/25/1998 | 720 ILCS 5/19-3 | 1 | 15 YEARS |

and said sentence shall run **CONSECUTIVE TO** the sentence imposed on:

| | | | | | |
|---|---|---|---|---|---|
| 2 | HOME INVASION | 02/25/1998 | 720 ILCS 5/12-11(a)2 | X | 30 YEARS |

and said sentence shall run **CONSECUTIVE TO** the sentence imposed on:

| | | | | | |
|---|---|---|---|---|---|
| 3 | AGGRAVATED ARSON | 02/25/1998 | 720 ILCS 5/20-1.1(a)(1) | X | 30 YEARS |

and said sentence shall run **CONCURRENT TO** the sentence imposed on:

| | | | | | |
|---|---|---|---|---|---|
| | ATTEMPT | | 720 ILCS 5/8-4(a) | | |
| 1 | (FIRST DEGREE MURDER) | 02/25/1998 | 720 ILCS 5/9-1(a)(1) | X | 30 YEARS |

and said sentence shall run **CONCURRENT TO** the sentence imposed on **COUNT 2.**

| | | | | | |
|---|---|---|---|---|---|
| | AGGRAVATED CRIMINAL | | | | |
| 5 | SEXUAL ABUSE | 02/25/1998 | 720 ILCS 5/12-16(a)(1) | 2 | 7 YEARS |

and said sentence shall run **CONCURRENT TO** the sentence imposed on **COUNT 3.**

The Court further finds that the defendant is entitled to receive credit for time actually served in custody of **1,792** days as of the date of this order) (from [specify dates] _____

The Court further finds that the conduct leading to conviction for the offenses enumerated in Counts _____ resulted in great bodily harm to the victim. (730 ILCS 5/3-6-3(a)(2)(iii)).  _____

**IT IS FURTHER ORDERED** that the sentence(s) imposed on count(s)_____ be (concurrent with) (consecutive to) the sentence imposed in case number _____ in the Circuit Court of _____County; be (concurrent with) (consecutive to) the sentence imposed in case number _____ in the Circuit Court of _____County; be (concurrent with) (consecutive to) the sentence imposed in case number _____ in the Circuit Court of _____County.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver a certified copy of this order to the Sheriff.

**IT IS FURTHER ORDERED** that the Sheriff take the defendant into custody and deliver him to the Department of Corrections which shall confine said defendant until expiration of his sentence or until he is otherwise released by operation of law.

**IT IS FURTHER ORDERED THAT** _____

_____

_____

**THIS ORDER IS EFFECTIVE IMMEDIATELY.**

**DATE:** __July 1, 2003__        **ENTER:** *Thomas J. Difanis*

THOMAS J. DIFANIS
Circuit Judge

11/97 MITT.DOC

C0008Ñ0

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | 98 CF 1558 |
| | ) | |
| DEDRIC MOORE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**FILED**
SIXTH JUDICIAL CIRCUIT
JUL 02 2003
Linda S. Frerichs
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## MOTION TO RECONSIDER SENTENCE

NOW COMES the defendant DEDRIC MOORE by his attorney Diana Lenik and

for his Motion to Reconsider Sentence states as follows:

1. He was convicted by a jury of the offense of Attempt Murder, Home Invasion,

   Aggravated Arson, Aggravated Criminal Sexual Abuse and Residential

   Burglary on March 18, 1999. He was originally sentenced on May 21, 1999.

   The case was then appealed and the Appellate Court reversed and remanded

   due to issues related to <u>Apprendi</u>.

2. The Champaign County State's Attorney elected to hold a new sentencing

   hearing, and defendant was resentenced on July 1, 2003. He received a

   sentence of 45 years in the Department of Corrections.

3. That sentence was excessive and should be reconsidered for the following

   reasons:

   a) The court improperly ruled that the event was not a single course of

      conduct and made the sentence for one of the counts consecutive and

      not concurrent; and

b) The court did not give sufficient weight to the testimony of

defendant's witnesses regarding his non-violent nature prior to this

occurrence.

WHEREFORE, the defendant prays that this court reconsider his sentence.

Dedric Moore,
Defendant,

By:    _Diana Lenik_
Diana Lenik
His Attorney

**Diana Lenik**
**Attorney at Law**
**202 W. Green Street**
**Urbana, IL 61801**
**217-337-5610**

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

Motion to Reconsider Sentence was hand-delivered to Elizabeth Dobson, Assistant

State's Attorney, 101 E. Main, Urbana, IL  61801 on this ___2nd___ day of

___July___, 2003.

_Morgan Hall_



IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

JUL 1 5 2003

*Linda S. Frank*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS

-VS-                                Case No. 98 CF 1558

Dedric Moore


### AFFIDAVIT OF MAILING

I, Linda S. Frank, Clerk of the Circuit Court, do hereby certify that I
did on the 15th  day of July          , 20 03 , mail to each person
listed below, to the addresses shown, a Writ of Habeas Corpus Ad
 Prosequendum          that said Writ      was places in envelope and
sealed, properly addressed, as aforesaid, postage prepaid and on the
date aforesaid, deposited in the United States Post Office at Urbana
Illinois.

        Warden
        Menard Correctional Center
        711 Kaskaskia St
        P O Box 711
        Menard, IL  62259


IN WITNESS WHEREOF, I have hereunto set my hand and the Seal of said
Court, this 15th  day of July          20.03 .

                    *Linda S. Frank*
                    CLERK OF THE CIRCUIT COURT

# WRIT OF HABEAS CORPUS TO TESTIFY

FILED

SIXTH JUDICIAL CIRCUIT

JUL 1 5 2003

Linda S. Frank

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## IN THE NAME OF THE STATE OF ILLINOIS

## IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,      )
                                          )
    PLAINTIFF,                            )
                                          )
V.                                        )      98 CF 1558
                                          )
DEDRIC MOORE,                             )
                                          )
    DEFENDANT.                            )

## WRIT OF HABEAS CORPUS AD TESTIFICANDUM (TO TESTIFY)

To:   Warden, Menard Correctional Center, 711 Kaskaskia Street, P.O. Box 711,
      Menard, IL 62259

      YOU ARE COMMANDED to produce immediately DEDRIC MOORE,

#K53428, before the Honorable Thomas J. Difanis or any judge sitting in his stead, at

Courtroom " B ", Champaign County Courthouse, 101 East Main Street, Urbana, Illinois

for the purpose of his appearance in the above-entitled cause on September 5, 2003, at

2:30pm.

To the officer:

        You are to serve this writ and return it without delay.

        WITNESS, _July 15th_, 2003.

        _Linda S Frank_ ____
        (Clerk of Court)

                        (Seal of Court)

Name:         Diana Lenik
Attorney for: Defendant
Address:      202 West Green Street
City:         Urbana, Illinois 61801
Telephone:    217-337-5610

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,  )
                                       )
      PLAINTIFF,                    )
                                       )
V.                                     )     98 CF 1558
                                       )
DEDRIC MOORE,                          )
                                       )
      DEFENDANT.                    )

**FILED**
SIXTH JUDICIAL CIRCUIT

JUL 1 4 2003

*Linda S. Frank*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

## ORDER

    THIS CAUSE having come on before this court on the 7th day of July, 2003 for hearing on the Petition for Writ of Habeas Corpus to Testify and the court being fully advised in the premises:

    THE COURT HEREBY ORDERS that a Writ of Habeas Corpus to Testify issue directing the Warden, Menard Correctional Center to produce the body of DEDRIC MOORE, now confined in the Menard Correctional Center to Courtroom " B " at the Champaign County Courthouse, 101 East Main Street, Urbana, Illinois, 61801, on September 5, 2003 at 2:30pm.

Dated: _____7/14/03_____      Enter: _Thomas J. Jarvis_
                              Judge

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | **FILED** |
| | ) | SIXTH JUDICIAL CIRCUIT |
| PLAINTIFF, | ) | |
| | ) | 98 CF 1558   JUL 14 2003 |
| V. | ) | |
| | ) | _Linda S. Frank_ |
| DEDRIC MOORE, | ) | CLERK OF THE CIRCUIT COURT |
| | ) | CHAMPAIGN COUNTY ILLINOIS |
| DEFENDANT. | ) | |

## PETITION FOR WRIT OF HABEAS CORPUS TO TESTIFY

NOW COMES the defendant DEDRIC MOORE by his attorney Diana Lenik and moves this court to issue a Writ of Habeas Corpus to Testify, directed to the Warden, Menard Correctional Center, 711 Kaskaskia Street, P.O. Box 711, Menard, Illinois, 62259 commanding that said Warden to produce the body of DEDRIC MOORE, #K-53438 now confined in the Menard Correctional Center, and in support of said Petition states:

1.     That DEDRIC MOORE is now confined in the Menard Correctional Center and is now under the supervision, jurisdiction and control of the Warden.

2.     That the said DEDRIC MOORE is presently needed in Champaign County, Illinois for the case of People v. Dedric Moore (98 CF 1558).

3.     That a court proceeding is scheduled before this court in the above-entitled case and the defendant's presence is required on September 5, 2003 at 2:30pm in Courtroom " B."

4.     That the interests of justice requires the presence of said DEDRIC MOORE at said proceeding before this court.

C00008ñb



WHEREFORE the defendant DEDRIC MOORE prays that a Writ of Habeas

Corpus to Testify issue out of this court to the Warden, Menard Correctional Center,

commanding him to produce the body of DEDRIC MOORE at the Champaign County

Courthouse, 101 East Main Street, Urbana, Illinois, 61801, on September 5, 2003 at

2:30pm in Courtroom " B."

<div style="margin-left:50%">

Respectfully Submitted,
Dedric Moore,
Defendant,


By:  _Diana Lenik_
    Diana Lenik
    His Attorney

</div>

**Diana Lenik**
**Attorney at Law**
**202 West Green Street**
**Urbana, IL  61801**
**217-337-5610**





SIXTH JUDICIAL CIRCUIT

AUG 14 2003

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## STATE OF ILLINOIS

# APPELLATE COURT

### FOURTH DISTRICT
### 201 W. MONROE STREET
### P.O. BOX 19206
### SPRINGFIELD, IL 62794-9206

CLERK OF THE COURT
(217) 782-2586

RESEARCH DIRECTOR
(217) 782-3828

Appeal from the Circuit Court of County of Champaign

    Trial Court No.: 98CF1558

THE COURT HAS THIS DAY, 08/13/03, ENTERED THE FOLLOWING ORDER IN
THE CASE OF:

    Gen. No.: 4-99-0499

    People v. Moore, Dedric

        Letter request by State's Attorney, Appellee, that $50,
        statutory fee be assessed as costs against the
        Appellant. Request allowed; costs, made payable to the
        county designated above, to be taxed upon issuance of
        the mandate.

                              DARRYL PRATSCHER, CLERK

TO: Daniel D. Yuhas
    Deputy Dir., Office of State Aplt. Defender

    John C. Piland
    Champaign County State's Attorney

    Robert J. Biderman
    Dep. Dir., State's Attorneys Aplt. Prosecutor

    Dedric Moore
    K-53438
    Menard Corr. Center
    P.O. Box 711
    Menard, IL  62259

    Linda S. Frank
    Circuit Clerk, Champaign County

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　PLAINTIFF,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　)
VS.　　　　　　　　　　　　　　　　　　　　　　　)　　　98 CF 1558
　　　　　　　　　　　　　　　　　　　　　　　　　)
DEDRIC MOORE,　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　DEFENDANT.　　　　　　　　　　　　　　　)

**FILED**
SIXTH JUDICIAL CIRCUIT

SEP 0 5 2003

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

## ATTORNEY'S CERTIFICATE
## PURSUANT TO SUPREME COURT RULE 604 (d)

NOW COMES Diana Lenik, Attorney for Defendant, DEDRIC MOORE, and for

his Certificate of Attorney pursuant to Supreme Court Rule 604 (d) states as follows:

1.　　In preparation for filing the Motion for Reconsideration, I performed the

　　　following tasks:

　　　a.　　I consulted with the defendant in person to ascertain his

　　　　　　contentions of error in the sentence which Judge Difanis ordered.

　　　b.　　I examined reports of proceeding of the sentencing hearing.

　　　c.　　There were no amendments necessary for adequate presentation of

　　　　　　any defects in those proceedings.

2.　　This Certificate is being made pursuant to Supreme Court Rule 604 (d).


　　　　　　　　　　　　　　　　Diana Lenik
　　　　　　　　　　　　　　　　Diana Lenik
　　　　　　　　　　　　　　　　Attorney for Defendant

**Diana Lenik**
**Attorney at Law**
**202 W. Green St.**
**Urbana, IL 61801**
**217-337-5610**

C000849

IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS
SIXTH JUDICIAL CIRCUIT

**FILED**
SIXTH JUDICIAL CIRCUIT

SEP 17 2003

*Linda S. Franks*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS

        vs

DEDRIC T. MOORE    K53438

  )
  )    98 CF 1558
  
  )
  )

NOTICE OF APPEAL

An appeal is taken from the order or judgment described below:

1.  Court to which appeal is taken:

    APPELLATE COURT OF ILLINOIS, FOURTH JUDICIAL CIRCUIT

2.  Name of Appellant and address to which notice shall be sent:

    Name:   DEDRIC T. MOORE    K53438
    Address:   MENARD CORRECTIONAL CENTER
            P.O. BOX  711    MENARD, IL  62259

3.  Name and address of Appellant's Attorney on appeal:

    Name:  DANIEL D. YUHAS    DEPUTY DEFENDER
    Address:   OFFICE OF THE APPELATE DEFENDER
            400 S. NINTH STR., SUITE 102    SPRINGFIELD, IL  62705

4.  Date of judgment or order:  SEPTEMBER 5, 2003

5.  Offense of which convicted:  RESIDENTIAL BURGLARY AS CONTAINED IN
COUNT 6. HOME INVASION AS CONTAINED IN COUNT 2.  AGGRAVATED ARSON AS
CONTAINED IN COUNT 3.   ATTEMPT(FIRST DEGREE MURDER) AS CONTAINED IN
COUNT 1. AGGRAVATED CRIMINAL SEXUAL ABUSE AS CONTAINED IN COUNT 5.
ALL COUNTS IN THE INDICTMENTS OF 11/19/98.
6.  Sentence:   COUNT 6 - 15 YRS IN THE ILLINOIS DEPARTMENT OF CORR.
TO RUN CONSECUTIVE TO COUNT 2 - 30 YEARS IL DEPT OF CORR. TO RUN
CONSECUTIVE TO COUNT 3-30 YRS IN IL DEPT OF CORR. TO RUN CONCURRENT
TO COUNT 1-30 YEARS IN IL DEPT OF CORR. TO RUN CONCURRENT TO COUNT 2.
COUNT 5-7 YRS IL DEPT OF CORR. TO RUN CONCURRENT TO COUNT 3.
7.  If appeal is not from a conviction, nature of order appealed from:
SEPTEMBER 5, 2003 - DENIED MOTION TO RECONSIDER SENTENCE

                          DEDRIC T. MOORE  K53438
                          Defendant-Appellant

          By    *Linda S. Franks*

                          Clerk of the Circuit Court
                          Champaign County, Illinois

IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS
SIXTH JUDICIAL CIRCUIT

THE PEOPLE OF THE STATE OF ILLINOIS

|  |  |  |
|---|---|---|
|  | ) |  |
| vs | ) | 98 CF 1558 |
| DEDRIC T. MOORE   K53438 |  |  |
|  | ) |  |
|  | ) |  |

NOTICE OF APPEAL

An appeal is taken from the order or judgment described below:

1.   Court to which appeal is taken:

      APPELLATE COURT OF ILLINOIS, FOURTH JUDICIAL CIRCUIT

2.   Name of Appellant and address to which notice shall be sent:

      Name:   DEDRIC T. MOORE   K53438
      Address:   MENARD CORRECTIONAL CENTER
                 P.O. BOX  711      MENARD, IL  62259

3.   Name and address of Appellant's Attorney on appeal:

      Name:  DANIEL D. YUHAS    DEPUTY DEFENDER
      Address:   OFFICE OF THE APPELATE DEFENDER
                 400 S. NINTH STR., SUITE 102   SPRINGFIELD, IL  62705

4.   Date of judgment or order:  SEPTEMBER 5, 2003

5.   Offense of which convicted:

6.   Sentence:  DEFENDANT TO RECEIVE CREDIT FOR 1,792 DAYS SERVED
AND COSTS.

7.  If appeal is not from a conviction, nature of order appealed from:
SEPTEMBER 5, 2003 - DENIED MOTION TO RECONSIDER SENTENCE

DEDRIC T. MOORE  K53438
Defendant-Appellant

By   *Linda S. Frank*
Clerk of the Circuit Court
Champaign County, Illinois

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

SEP 17 2003

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS )
)
-vs-                                 )  No.  98 CF 1558
)
DEDRIC T. MOORE    K53438

### APPOINTMENT OF COUNSEL ON APPEAL

It appearing to the Court that the above-named plaintiff desires to appeal from the order entered by the Court on SEPTEMBER 5, 2003           ,and that the plaintiff is indigent and requests the appointment of counsel,

IT IS THEREFORE ORDERED that:

Daniel D. Yuhas, Deputy Defender
Office of the State Appellate Defender
Fourth Judicial District
400 S. Ninth St., Suite 102
Springfield, IL  62705-5750

is hereby appointed to represent the above-named defendant for purpose of appeal.

IT IS FURTHER ORDERED that the Clerk of this Court shall prepare and file a Notice of Appeal on behalf of the above-named plaintiff, and shall send a copy of the Notice of Appeal to the defendant's counsel.

IT IS FURTHER ORDERED that the Official Shorthand Reporter of this Court shall:

(a)  Forthwith transcribe an original and a copy of all the notes taken of the proceedings in the above-entitled cause;
(b)  Without charge to the defendant and within forty-nine days from the date the Notice of Appeal is filed, file the original of the Report of Proceedings with the Clerk of this court and on the same day mail or deliver the copy of the Report of Proceedings to the defendant.

IT IS FURTHER ORDERED that the Clerk of this court shall:

(a)  Send a copy of this order to the defendant and to defendant's counsel;
(b)  Prepare and certify the Record on Appeal pursuant to Supreme Court Rules 324 and 608;
(c)  File the Record on Appeal in the reviewing court within sixty-three days from the date the Notice of Appeal is filed, or file send the Record on Appeal to the defendant's counsel;
(d)  Furnish the defendant with a copy of the common law record.

DATE: SEPTEMBER 5, 2005          ENTER: JUDGE THOMAS J. DIFANIS

C000852

IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS

SIXTH JUDICIAL CIRCUIT



**FILED**

SIXTH JUDICIAL CIRCUIT

SEP 1 7 2003

*Linda S. Frank*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

I,  <u>LINDA S. FRANK</u> , Clerk of the Circuit Court in and for the

County and State aforesaid, and Keeper of the records, files and the

seal of said Court, do hereby certify that I did, on the  17TH

day of September 20 03 , send by United State's Mail, postage

fully prepaid, a copy of the attached Notice of Appeal to:

Hon. Darryl Pratscher
Clerk of the Appellate Court
Fourth Judicial District
201 West Monroe Street
P.O. Box 19206
Springfield, IL  62794-9206

LISA MADIGAN
ATTORNEY GENERAL
STATE OF ILLINOIS
500 S. SECOND STREET
SPRINGFIELD, IL  62706

DANIEL D. YUHAS
DEPUTY DEFENDER
OFFICE OF THE APPELATE DEFENDER
400 S NINTH STR., SUITE 102
SPRINGFIELD, IL  62705-5750

JOHN C. PILAND
101 E Main
Urbana, Illinois  61801

DEDRIC MOORE    K53438
MENARD CORRECTIONAL CNTR
P.O. BOX  711
MENARD, IL  62259

(SEAL)

*Linda S. Frank*
Clerk of the Circuit Court
Champaign County, Illinois

C000853

APPELLATE COURT OF ILLINOIS
FOURTH DISTRICT
APPELLATE COURT BUILDING
201 WEST MONROE, P.O. BOX 19206
SPRINGFIELD, IL  62794-9206

SEP 23 2003

CLERK OF THE COURT
(217) 782-2586

RESEARCH DIRECTOR
(217) 782-3528

DATE: 09/22/03


Daniel D. Yuhas
Deputy Dfr., Office of State Aplt. Defender
400 S. Ninth St., Suite 102, POB 5750
Springfield, IL 62705-5750


RE:      People v. Moore, Dedric T.
         General No.: 4-03-0790
         County: Champaign
         Trial Court No.: 98CF1558

TO COUNSEL:

Pursuant to Supreme Court Rule 312, appellants are required to
file a completed docketing statement, together with proof of
service, with the appellate court within fourteen (14) days of
the filing of the notice of appeal.  The enclosed form has been
provided for your convenience.  Please feel free to attach
additional sheets if the space provided on the form is not
sufficient.

Upon receipt of the completed docketing statement, the court will
issue a docketing order setting forth the due dates relevant to
the appeal.

This case was docketed as General No. 4-03-0790 upon this court's
receipt of the notice of appeal.


Darryl Pratscher, Clerk
Appellate Court
Fourth District, Illinois


cc: Linda S. Frank
    Circuit Clerk, Champaign County

Enclosure

C000854



## OFFICE OF THE STATE APPELLATE DEFENDER
## FOURTH JUDICIAL DISTRICT

SEP 30 2003

400 SOUTH NINTH STREET • SUITE 102 • P.O. BOX 5750
SPRINGFIELD, IL 62705-5750
TELEPHONE: 217/782-3654 • FAX: 217/524-2472
WWW SITE: http://www.state.il.us/defender/

CLERK

**DANIEL D. YUHAS**
DEPUTY DEFENDER

---

**JEFFREY D. FOUST**
ASSISTANT DEPUTY DEFENDER

**KAREN MUNOZ**
**GARY R. PETERSON**
**LAWRENCE J. ESSIG**
**JUDITH L. LIBBY**
**ARDEN J. LANG**
**MARTIN J. RYAN**
**JOHN M. McCARTHY**
**JACQUELINE L. BULLARD**
**ROBERT N. MARKFIELD**
**KELEIGH L. BIGGINS**
**SUSAN M. WILHAM**
**ERICA R. CLINTON**
**NANCY L. VINCENT**
**COLLEEN MORGAN**
**CATHERINE K. HART**
ASSISTANT APPELLATE DEFENDERS

September 29, 2003

Linda S. Frank
Champaign County Circuit Clerk
Champaign County Courthouse
101 E. Main Street
Urbana, IL 61801

RE:   *PEOPLE V. DEDRIC T. MOORE*
      CHAMPAIGN COUNTY NO. 98-CF-1558
      APPELLATE COURT NO. 4-03-0790

Dear Ms. Frank:

This office has been appointed to represent the defendant on appeal in the above case. Supreme Court Rule 608(c) provides that the record on appeal must be filed in the Appellate Court within nine weeks of the filing of the notice of appeal. The Appellate court will issue a docketing order setting forth the due dates and you will be served with a copy. This date is binding unless the Appellate Court limits or expands the date for compliance.

Please forward the original either to this office or to the Clerk of the Fourth District Appellate Court. *Please send the defendant's copy of the transcripts directly to him or her.* If you do not know the defendant's present mailing address, we will be glad to provide you with that information.

Thank you for your cooperation.

Sincerely,

DANIEL D. YUHAS
Deputy Defender

DDY:mmr

C000855



OCT - 1 2003

STATE OF ILLINOIS

# APPELLATE COURT

FOURTH DISTRICT

201 W. MONROE STREET

P.O. BOX 19206

SPRINGFIELD, IL 62794-9206

CLERK OF THE COURT
(217) 782-2586

RESEARCH DIRECTOR
(217) 782-3528

09/30/03

Daniel D. Yuhas
Deputy Dfr., Office of State Aplt. Defender
400 S. Ninth St., Suite 102, POB 5750
Springfield, IL 62705-5750

RE: People v. Moore, Dedric T.
    General No. 4-03-0790
    County of Champaign
    No: 98CF1558

Dear Counsel:

The docketing statement in the above entitled cause was received and filed. Based on the information in this statement, the attached order was entered indicating a due date for every step in the appeal.

We expect to set this case for oral argument (if requested) during the month of April 04. You are advised that ANY motions for extension of time are not favored and will be allowed by the court only in the most extreme and compelling circumstances.

In connection with this appeal, your attention is directed to the possibility of using an agreed statement of facts if appropriate.

DARRYL PRATSCHER, CLERK
Appellate Court
Fourth District

DP:pw
Encl.

cc:  John C. Piland
     Norbert J. Goetten, Director
     Robert J. Biderman
     Linda S. Frank
     Nancy Sivertsen, Court Reporter
     Joni E. Markel, Court Reporter

UNITED STATES OF AMERICA

STATE OF ILLINOIS
APPELLATE COURT
FOURTH JUDICIAL DISTRICT

General No. 4-03-0790

    People v. Moore, Dedric T.

        Appeal from Circuit Court of County of Champaign
        98CF1558

DOCKETING ORDER

| | |
|---|---|
| Notice of Appeal filed: | 09/17/03 |
| Report of Proceedings due to be filed in Trial Court (Supreme Court Rule 323): | 11/05/03 |
| Record, or Certificate in Lieu of Record, due to be filed (Supreme Court Rules 325, 326): | 11/19/03 |
| Appellant's Brief with Appendix due to be filed (Supreme Court Rules 341, 342, 343):<br>  Brief will not be filed until docket fee has been paid. | 12/24/03 |
| Appellee's Brief due to be filed (Supreme Court Rules 341, 343):<br>  Brief will not be filed until appearance fee has been paid. | 01/28/04 |
| Appellant's Reply Brief due to be filed (Supreme Court Rules 341, 343): | 02/11/04 |
| Month for Oral Argument (if requested): | APR/04 |

MOTIONS FOR EXTENSION OF TIME FILED WITHIN 14 DAYS OF THE
APPLICABLE DUE DATE WILL BE LOOKED ON WITH DISFAVOR.

ORAL ARGUMENT MAY BE HELD EARLIER IF CASE IS READY.  DISPO-
SITION WILL BE MADE WITHIN 60 DAYS FOLLOWING ORAL ARGUMENT.

Enter: SEPTEMBER 30, 2003

                             *Sue E. Myerscough*
                                  PRESIDING JUDGE





JUN -2 2004

CLERK OF THE CIRCUIT COURT
RESEARCH DIRECTOR ILLINOIS

(217) 782-3528

**STATE OF ILLINOIS**

**APPELLATE COURT**

FOURTH DISTRICT

201 W. MONROE STREET

P.O. BOX 19206

SPRINGFIELD, IL 62794-9206

CLERK OF THE COURT

(217) 782-2586

DATE:  06/01/04

RE:  People v. Moore, Dedric T.
     General No:  4-02-0523
     Champaign 98CF1558
     Rule 23 Filed:  12/03/03

I have today issued the mandate of this court in the above
entitled cause, pursuant to the provisions of Supreme Court
Rule 368.

                    DARRYL PRATSCHER, CLERK
                    Appellate Court
                    Fourth District

TO: Daniel M. Kirwan / Lawrence J. O'Neill
    Dep. Defender, Office of State Aplt. Defender

    John C. Piland
    Champaign County State's Attorney

    Robert J. Biderman / Thomas R. Dodegge
    Dep. Dir., State's Attorneys Aplt. Prosecutor

    Linda S. Frank (with mandate and copy of decision)
    Circuit Clerk, Champaign County

    The Honorable Jeffrey B. Ford (with information copy of mandate)
    Courthouse
    101 E. Main Street
    Urbana, IL  61801

State of Illinois
Appellate Court
Fourth Judicial District

In the APPELLATE COURT sitting at SPRINGFIELD, within and for the State of Illinois.

Present:    Honorable SUE E. MYERSCOUGH, Judge
            Honorable ROBERT W. COOK, Judge
            Honorable JOHN T. MCCULLOUGH, Judge

    BE IT REMEMBERED, that on the 3rd day of December, 2003, the final judgment of said Appellate Court was entered of record as follows:

THE PEOPLE OF THE STATE OF ILLINOIS,        General No: 4-02-0523
    Plaintiff-Appellee,
    v.                                      Appeal from the
DEDRIC T. MOORE,                            Circuit Court of
    Defendant-Appellant.                    Champaign County
                                            98CF1558

    It is the decision of this court that the order on appeal be AFFIRMED and stand in full force and effect.

    Costs, if any, to be taxed in accordance with the law.

    As Clerk of the Illinois Appellate Court for the Fourth Judicial District and keeper of the records, files and Seal thereof, I certify that the foregoing is a true statement of the final order of said court in the above entitled cause, of record in my office.

                        IN WITNESS WHEREOF, I have set
                        my hand and affixed the Seal of
                        the Illinois Appellate Court for
                        the Fourth Judicial District,
                        this 1st day of June, 2004.



                        Clerk, Appellate Court for the
                        Fourth Judicial District

C000859

NO. 4-02-0523

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT



<table>
<tr><td>THE PEOPLE OF THE STATE OF ILLINOIS,<br>Plaintiff-Appellee,<br>v.<br>DEDRIC T. MOORE,<br>Defendant-Appellant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Appeal from<br>Circuit Court of<br>Champaign County<br>No. 98CF1558<br><br>Honorable<br>Jeffrey B. Ford,<br>Judge Presiding.</td></tr>
</table>

ORDER

In May 2002, the trial court summarily dismissed
defendant's postconviction petition, finding it frivolous and
patently without merit under section 122-2.1(a)(2) of the Post-
Conviction Hearing Act (Act).  725 ILCS 5/122-2.1(a)(2) (West
1998).  Defendant appeals, arguing that he received ineffective
assistance of trial counsel and appellate counsel.  We affirm.

I. BACKGROUND

In March 1999, the jury found defendant, Dedric T.
Moore, guilty of (1) aggravated arson (720 ILCS 5/20-1.1(a)(1)
(West 1998)), (2) attempt (first degree murder) (720 ILCS 5/8-
4(a), 9-1(a) (West 1998)), (3) aggravated criminal sexual abuse
(720 ILCS 5/12-16(a)(1) (West 1998)), (4) home invasion (720 ILCS
5/12-11(a)(2) (West 1998)), and (5) residential burglary (720
ILCS 5/19-3 (West 1998)).  The trial court sentenced defendant to
a 15-year prison term for residential burglary to run consecutive
to defendant's concurrent 60-year extended prison term for
attempted first degree murder, 60-year extended prison term for



home invasion, 7-year prison term for aggravated criminal sexual
assault, and 30-year prison term for aggravated arson.

Defendant appealed, and this court affirmed. People v.
Moore, No. 4-99-0499 (January 11, 2002) (unpublished order under
Supreme Court Rule 23). Pursuant to its supervisory authority,
the Supreme Court of Illinois directed this court to vacate its
judgment and reconsider in light of People v. Swift, 202 Ill. 2d
378, 781 N.E.2d 292 (2002). People v. Moore, 202 Ill. 2d 688,
783 N.E.2d 32 (2003) (nonprecedential supervisory order).
Pursuant to Swift, 202 Ill. 2d at 393, 781 N.E.2d at 300, this
court vacated defendant's extended sentence for the offenses of
attempted first degree murder and home invasion and remanded for
retrial or resentencing.

In April 2002, defendant filed a pro se petition for
relief pursuant to the Act (725 ILCS 5/122-1 (West 1998)),
alleging, in relevant part, that (1) his trial counsel had
incorrectly advised him during the plea negotiation process that,
under the truth-in-sentencing statute, he would not have been
eligible for day-for-day good-time credit had he pleaded guilty
to attempted first degree murder, and (2) appellate counsel was
ineffective for not urging the application of the plain error
doctrine to overcome waiver regarding the deoxyribonucleic acid
(DNA) evidence. Defendant filed with his petition an affidavit
from his appellate counsel in which she acknowledged being
responsible for inadvertently forfeiting defendant's argument on
that issue. In May 2002, the trial court summarily dismissed

- 2 -



defendant's postconviction petition, finding it frivolous and patently without merit under section 122-2.1(a)(2) of the Act. 725 ILCS 5/122-2.1(a)(2) (West 1998).

This appeal followed.

## II. ANALYSIS

Defendant argues that both his trial and appellate counsel were ineffective.  We disagree.

### A. Postconviction Proceeding

In the present case, the trial court summarily dismissed defendant's postconviction petition.  The Act confers upon the trial court the ability to summarily dismiss a defendant's petition in its first stage of review if it is frivolous or patently without merit.  725 ILCS 5/122-2.1(a)(2) (West 2000).  A postconviction petition is considered frivolous or patently without merit if the petition's allegations, taken as true, fail to present the gist of a meritorious constitutional claim. People v. Collins, 202 Ill. 2d 59, 66, 782 N.E.2d 195, 198 (2002), citing People v. Gaultney, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996).  The "gist" standard is "a low threshold." People v. Edwards, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001).  The allegations in defendant's petition must be supported by the record or accompanying affidavits, and nonspecific and nonfactual assertions are insufficient to require an evidentiary hearing under the Act. People v. Coleman, 183 Ill. 2d 366, 381-82, 701 N.E.2d 1063, 1071 (1998).  The failure to either attach the necessary "affidavits, records, or other

- 3 -

C000862

evidence" or explain their absence is "fatal" to a postconviction petition (People v. Turner, 187 Ill. 2d 406, 414, 719 N.E.2d 725, 729-30 (1999)) and by itself justifies the petition's summary dismissal (Coleman, 183 Ill. 2d at 380, 701 N.E.2d at 1071).  We review de novo the first-stage dismissal of a postconviction petition and may affirm such dismissal on any basis supported by the record.  People v. Patton, 315 Ill. App. 3d 968, 972, 735 N.E.2d 185, 189 (2000).

    B. Defendant's Ineffective Assistance of Counsel Claims

        In a postconviction proceeding, a defendant is entitled to a reasonable level of assistance of counsel.  People v. Guest, 166 Ill. 2d 381, 412, 655 N.E.2d 873, 887 (1995).  Claims of ineffective assistance of counsel are evaluated under the standard set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  A defendant who contends that his trial counsel rendered ineffective assistance of counsel must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's errors, the result of the trial would have been different.  People v. Enis, 194 Ill. 2d 361, 376, 743 N.E.2d 1, 11 (2000). The constitutional guarantee of assistance of counsel applies both at trial and on defendant's first appeal as of right. People v. Haynes, 192 Ill. 2d 437, 472, 737 N.E.2d 169, 188 (2000).  The test for ineffective assistance of appellate counsel is the same as the two-part standard established in Strickland, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.

- 4 -

Haynes, 192 Ill. 2d at 472, 737 N.E.2d at 188-89.

## 1. Trial Counsel

Defendant argues that his trial counsel's assistance during the plea negotiation process was ineffective because she gave him incorrect advice concerning good-time credit. Defendant alleged in his postconviction petition that the State made him an offer on the attempt (first degree murder) charge. His trial counsel erroneously told him that he was subject to the truth-in-sentencing guidelines, which required him to serve 85% of his sentence. Defendant further alleged that if he had known that he was not subject to the truth-in-sentencing guidelines, he "MOST LIKELY WOULD OF [sic]" taken the State's plea bargain offer.

Defendant attached a page from the transcript of the sentencing hearing that pertained to the discussions concerning day-for-day credit. Defendant, however, failed to attach an affidavit or any documents to support his assertion that there was a plea offer and its terms, if there were an offer, and did not offer an explanation for the absence of such documentation as mandated by section 122-2 of the Act (725 ILCS 5/122-2 (West 1998)). As a result, the trial court properly summarily dismissed defendant's postconviction petition. Collins, 202 Ill. 2d at 66, 782 N.E.2d at 198 (defendant's postconviction petition was unsupported by affidavits, records, or other evidence and offered no explanation for their absence, which, on that basis alone, justified the summary dismissal of defendant's petition). Moreover, there is nothing in the record to corroborate defen-

- 5 -



dant's claim that he would "most likely" have taken the offer.

## 2. Appellate Counsel

Defendant also argues that his appellate counsel was ineffective because she did not urge this court to apply the plain error doctrine to review the issue regarding the admission of the revised DNA frequency calculations. Defendant attached to his petition an affidavit from his appellate counsel, which outlined how she had handled this issue. Appellate counsel acknowledged that the sole substantive issue raised on direct appeal concerned the revised DNA frequency calculations, and this court found that the DNA issue had been forfeited. Appellate counsel further acknowledged she did not on direct appeal urge this court to consider the issue under the plain error doctrine. However, appellate counsel also stated she had filed a motion to reconsider, urging this court to consider the issue under the plain error doctrine. This court denied defendant's petition for rehearing.

Upon review of the record, we conclude that defendant cannot satisfy the prejudice prong under Strickland. While it is true that appellate counsel did not urge consideration of the plain error doctrine until the petition for rehearing, the fact remains that she did raise the issue on direct appeal. Our denial of the petition for rehearing amounts to a refusal to consider the issue under the plain error doctrine. Defendant's ineffective assistance of appellate counsel claim is, therefore, denied.

- 6 -

C000865

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH, J., with COOK and MCCULLOUGH, JJ., concurring.

C000866





SIXTH JUDICIAL CIRCUIT

JUN 1 8 2004



CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

**STATE OF ILLINOIS**

# APPELLATE COURT

**FOURTH DISTRICT**

**201 W. MONROE STREET**

**P.O. BOX 19206**

**SPRINGFIELD, IL 62794-9206**

CLERK OF THE COURT

(217) 782-2586

RESEARCH DIRECTOR

(217) 782-3528

Appeal from the Circuit Court of County of Champaign

    Trial Court No.: 98CF1558

THE COURT HAS THIS DAY, 06/17/04, ENTERED THE FOLLOWING ORDER IN
THE CASE OF:


    Gen. No.: 4-02-0523

    People v. Moore, Dedric T.

        Letter request by State's Attorney, Appellee, that $50,
        statutory fee be assessed as costs against the
        Appellant.  Request allowed; costs, made payable to the
        county designated above, to be taxed upon issuance of
        the mandate.


                DARRYL PRATSCHER, CLERK


TO: Daniel M. Kirwan
    Dep. Defender, Office of State Aplt. Defender
    730 E. Illinois Highway 15, Suite #1
    Mt. Vernon, IL  62864

    John C. Piland
    Champaign County State's Attorney

    Robert J. Biderman
    Dep. Dir., State's Attorneys Aplt. Prosecutor

    Dedric T. Moore
    K-53438
    Menard Corr. Center
    P.O. Box 711
    Menard, IL  62259

    Linda S. Frank
    Circuit Clerk, Champaign County





MAR 0 3 2005

*Linda S. Frank*

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

### STATE OF ILLINOIS

# APPELLATE COURT

#### FOURTH DISTRICT

201 W. MONROE STREET

P.O. BOX 19206

SPRINGFIELD, IL 62794-9206

CLERK OF THE COURT
(217) 782-2586

RESEARCH DIRECTOR
(217) 782-3528

Appeal from the Circuit Court of County of Champaign

    Trial Court No.: 98CF1558

THE COURT HAS THIS DAY, 03/02/05, ENTERED THE FOLLOWING ORDER IN THE CASE OF:

    Gen. No.: 4-03-0790

    People v. Moore, Dedric T.

        Appellant's motion to supplement the record on appeal ALLOWED.
        One volume report of proceedings held on May 21, 1999, filed as supplement to record on appeal per order.

                            DARRYL PRATSCHER, CLERK

cc: Daniel D. Yuhas
    Deputy Dfr., Office of State Aplt. Defender

    Karen Munoz
    Asst. Dfr., Office of State Appellate Defender

    Julia Rietz
    State's Attorney

    Robert J. Biderman
    Dep. Dir., State's Attorneys Aplt. Prosecutor

    Linda S. Frank
    Circuit Clerk, Champaign County

**E-FILED**
Friday, 04 May, 2007  05:40:30 PM
Clerk, U.S. District Court, ILCD



STATE OF ILLINOIS

# APPELLATE COURT

FOURTH DISTRICT

CLERK OF THE COURT
(217) 782-2586

201 W. MONROE STREET

P.O. BOX 19206

SPRINGFIELD, IL 62794-9206

RESEARCH DIRECTOR
(217) 782-3528

DATE:  06/01/04

RE:  People v. Moore, Dedric T.
     General No:  4-02-0523
     Champaign 98CF1558
     Rule 23 Filed:  12/03/03

I have today issued the mandate of this court in the above
entitled cause, pursuant to the provisions of Supreme Court
Rule 368.

                          DARRYL PRATSCHER, CLERK
                          Appellate Court
                          Fourth District

TO: Daniel M. Kirwan / Lawrence J. O'Neill
    Dep. Defender, Office of State Aplt. Defender

    John C. Piland
    Champaign County State's Attorney

    Robert J. Biderman / Thomas R. Dodegge
    Dep. Dir., State's Attorneys Aplt. Prosecutor

    Linda S. Frank (with mandate and copy of decision)
    Circuit Clerk, Champaign County

    The Honorable Jeffrey B. Ford (with information copy of mandate)
    Courthouse
    101 E. Main Street
    Urbana, IL  61801

C000869




SIXTH JUDICIAL CIRCUIT

JUL 1 4 2006

*Linda S. Frank*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

**STATE OF ILLINOIS**

# APPELLATE COURT
FOURTH DISTRICT
201 W. MONROE STREET
P.O. BOX 19206
SPRINGFIELD, IL 62794-9206

CLERK OF THE COURT
(217) 782-2586

RESEARCH DIRECTOR
(217) 782-3528

DATE:  07/12/06

RE:  People v. Moore, Dedric T.
     General No:  4-03-0790
     Champaign 98CF1558
     Opinion Filed:  09/26/05

I have today issued the mandate of this court in the above
entitled cause, pursuant to the provisions of Supreme Court
Rule 368.

                    DARRYL PRATSCHER, CLERK
                    Appellate Court
                    Fourth District

TO: Daniel D. Yuhas / Karen Munoz
    Office of State Appellate Defender

    Julia Rietz
    State's Attorney, Champaign County

    Robert J. Biderman / Thomas R. Dodegge
    Dep. Dir., State's Attorneys Aplt. Prosecutor

    Linda S. Frank (with mandate and copy of decision)
    Circuit Clerk, Champaign County

    The Honorable Thomas J. Difanis (with information copy of mandate)
    Courthouse
    101 E. Main Street
    Urbana, IL  61801

State of Illinois
Appellate Court
Fourth Judicial District

In the APPELLATE COURT sitting at SPRINGFIELD, within and for the State of Illinois.

Present: Honorable SUE E. MYERSCOUGH, Judge
Honorable JOHN T. MCCULLOUGH, Judge
Honorable ROBERT W. COOK, Judge

BE IT REMEMBERED, that on the 26th day of September, 2005, the final judgment of said Appellate Court was entered of record as follows:

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>Plaintiff-Appellee,<br>v.<br>DEDRIC T. MOORE,<br>Defendant-Appellant. | General No: 4-03-0790<br><br>Appeal from the<br>Circuit Court of<br>Champaign County<br>98CF1558 |

It is the decision of this court that the order on appeal be AFFIRMED and stand in full force and effect.

Costs, if any, to be taxed in accordance with the law.

As Clerk of the Illinois Appellate Court for the Fourth Judicial District and keeper of the records, files and Seal thereof, I certify that the foregoing is a true statement of the final order of said court in the above entitled cause, of record in my office.

IN WITNESS WHEREOF, I have set my hand and affixed the Seal of the Illinois Appellate Court for the Fourth Judicial District, this 12th day of July, 2006.

Clerk, Appellate Court for the
Fourth Judicial District



NO. 4-03-0790



IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| DEDRIC T. MOORE, | ) | No. 98CF1558 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE MYERSCOUGH delivered the opinion of the court:

Defendant, Dedric T. Moore, appeals from a July 2003 order of the trial court resentencing him to a total of 75 years' imprisonment. Defendant argues that the conversion of formerly concurrent sentences to consecutive sentences constitutes an improper increase in his sentence. We affirm.

### I. BACKGROUND

In March 1999, a jury convicted defendant of attempt (first degree murder) (720 ILCS 5/8-4(a), 9-1(a)(1) (West 1998)), home invasion (720 ILCS 5/12-11(a)(2) (West 1998)), residential burglary (720 ILCS 5/19-3 (West 1998)), aggravated criminal sexual abuse (720 ILCS 5/12-16(a)(1) (West 1998)), and aggravated arson (720 ILCS 5/20-1.1(a)(1) (West 1998)). In May 1999, the trial court sentenced defendant to a total of 75 years' imprisonment: a 60-year extended prison term for attempt (first degree murder), concurrent to a 60-year extended prison term for home invasion, concurrent to a 30-year prison term for aggravated arson, concurrent to a 7-year prison term for aggravated sexual



abuse, consecutive to a 15-year prison term for residential
burglary, for a 75-year prison term in total.

In May 1999, defendant appealed the convictions and
sentences, and this court affirmed in People v. Moore, No. 4-99-
0499 (January 11, 2002) (unpublished order under Supreme Court
Rule 23). Thereafter, defendant filed a petition for leave to
appeal. The Supreme Court of Illinois denied the petition but
ordered this court to vacate the judgment and to reconsider in
light of People v. Swift, 202 Ill. 2d 378, 392, 781 N.E.2d 292,
300 (2002). People v. Moore, 202 Ill. 2d 688 (2003)
(nonprecedential supervisory order).

Upon reconsideration, this court vacated defendant's
extended-term sentence and remanded for retrial or resentencing
at the election of the State pursuant to section 5-5-3(d) of the
Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-3(d)
(West 2002)). People v. Moore, No. 4-99-0499 (April 4, 2003)
(unpublished order under Supreme Court Rule 23). The State
sought resentencing. On July 1, 2003, the trial court
resentenced Moore to a total of 75 years' imprisonment: 30 years
for home invasion, consecutive to 30 years for aggravated arson,
consecutive to 15 years for residential burglary, concurrent to
30 years for attempt (first degree murder), and concurrent to 7
years for aggravated criminal sexual abuse.

This appeal followed.

## II. ANALYSIS

On appeal, defendant argues that by ordering formerly

- 2 -



concurrent terms to run consecutively, the trial court improperly increased his sentences. The State argues that defendant forfeited this issue by failing to raise it in a motion to reconsider the sentence because section 5-8-1(c) of the Unified Code requires that a defendant's challenge to his sentence be made within 30 days of sentencing. 730 ILCS 5/5-8-1(c) (West 2002).

Typically, failure to raise a sentencing issue in a postsentencing motion forfeits the issue on appeal. <u>People v. Reed</u>, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997). However, since the imposition of more severe sentences upon remand would violate defendant's fundamental rights, this court will review the sentences at issue to determine if the trial court erroneously increased defendant's sentence under section 5-5-4(a) of the Unified Code. See 134 Ill. 2d R. 615. Because the question presented is one of law, our review is <u>de novo</u>. <u>Woods v. Cole</u>, 181 Ill. 2d 512, 516, 693 N.E.2d 333, 335 (1998).

As defendant correctly points out, section 5-5-4(a) of the Unified Code prohibits a court from imposing a greater sentence for an offense on remand and provides as follows: "Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence ***." 730 ILCS 5/5-5-4(a) (West 2002).

Illinois courts have held the length of the individual

- 3 -

C000874



sentence, rather than the aggregate of several terms, is critical
in determining whether a sentence was improperly increased under
section 5-5-4(a) of the Unified Code.  <u>People v. Sanders</u>, 356
Ill. App. 3d 998, 827 N.E.2d 17 (2005) (First District).  In
<u>Sanders</u>, the trial court, upon remand, sentenced the defendant to
three concurrent 25-year terms.  The defendant appealed the
resentence, and the trial court sentenced the defendant to
consecutive 10-year terms on each count.  The defendant again
appealed, arguing the resentence violated section 5-5-4(a)
because the aggregate term of imprisonment was increased upon
resentence.  <u>Sanders</u>, 356 Ill. App. 3d at 1002-03, 927 N.E.2d at
20.  The appellate court affirmed, holding that although the
defendant may serve a longer aggregate sentence upon remand, a
10-year term for each individual conviction is less than the
previous 25-year term for each conviction.  <u>Sanders</u>, 356 Ill.
App. 3d at 1005, 827 N.E.2d at 22.  Therefore, the trial court
did not improperly increase defendant's sentence in violation of
section 5-5-4(a) of the Unified Code.

     Similarly here, upon remand, the court reduced the 60-
year extended-term sentences for attempt and home invasion to 30-
year terms.  Clearly, a 30-year prison term is less than a 60-
year term.  The aggregate of 75 years remains unchanged by the
imposition of the 30-year home-invasion term, consecutive to the
30-year aggravated-arson term and the 15-year residential-
burglary term.  Similar to the sentencing order in <u>Sanders</u>,
defendant's individual terms were reduced, and his sentence was

- 4 -



not improperly increased upon remand in violation of section 5-5-4(a) of the Unified Code when the trial court imposed consecutive sentences upon formerly concurrent terms of imprisonment.

This court further notes that the cases relied upon by defendant are distinguishable. In <u>People v. Kilpatrick</u>, 167 Ill. 2d 439, 657 N.E.2d 1005 (1995), the trial court originally sentenced the defendant to consecutive sentences of six years for home invasion and nine years for attempted murder. Following the defendant's motion to reconsider, the court sentenced the defendant to a single 15-year sentence for both offenses. <u>Kilpatrick</u>, 167 Ill. 2d at 441, 657 N.E.2d at 1006. The supreme court reversed, holding that "although the total number of years defendant would be incarcerated was unchanged, consecutive sentences are not treated as a single sentence. Thus, the circuit court's action effectively increased defendant's sentences for each offense to 15 years." <u>People v. Carney</u>, 196 Ill. 2d 518, 530, 752 N.E.2d 1137, 1144 (2001) (interpreting <u>Kilpatrick</u>).

In the present case, the trial court did not attempt to convert more than one consecutive sentence into a single, longer sentence. In fact, the sentences for residential burglary, aggravated criminal sexual abuse, and aggravated arson remained unchanged, while the sentences for home invasion and attempt were both reduced from 60-year terms to 30-year terms. Therefore, <u>Kilpatrick</u> does not support defendant's argument.

<u>People v. Muellner</u>, 70 Ill. App. 3d 671, 388 N.E.2d 851

- 5 -



(1979) (Fifth District), is also distinguishable.  The defendant there was convicted of two counts of rape and two counts of deviate sexual assault and was sentenced to indeterminate sentences of four to eight years in prison on each count. Several days later, the trial court, upon the State's motion for rehearing, altered the sentence by ordering the terms imposed for rape to run consecutively to those imposed for deviate sexual assault.  Muellner, 70 Ill. App. 3d at 677, 388 N.E.2d at 856-57. The appellate court affirmed the judgment as modified, vacating the second sentence and reinstating the sentence originally imposed because the resentence increased the overall amount of time served from 4 to 8 years to 8 to 16 years.  Muellner, 70 Ill. App. 3d at 683-84, 388 N.E.2d at 861.

Here, no such increase occurred.  Therefore, Muellner also does not support defendant's position.

As defendant's individual terms were reduced and the aggregate remained unchanged, the trial court's resentence complied with section 5-5-4(a) of the Unified Code and did not constitute an improper increase of his sentence.

### III. CONCLUSION

For the reasons stated herein, we affirm defendant's sentence.

Affirmed.

McCULLOUGH, J., concurs.

COOK, P.J., dissents.

- 6 -



PRESIDING JUSTICE COOK, dissenting:

The key components of the May 1999 sentence were the
60-year extended term for attempt (first degree murder), the 60-
year extended term for home invasion, and the consecutive 15-year
prison term for residential burglary, which produced the 75-year
total.  We affirmed, one judge dissenting, but the supreme court
told us we were wrong, that extended-term sentences could not be
imposed by a judge in this case.  Extended-term sentencing,
requiring the factual finding that the crime was brutal and
heinous, must be proved to a jury beyond a reasonable doubt.
Swift, 202 Ill. 2d at 392, 781 N.E.2d at 300, citing Apprendi v.
New Jersey, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct.
2348, 2362-63 (2000).

When the case returned to the trial court, that court
looked for another way to impose its 75-year sentence.  The court
did so by imposing the maximum 30-year nonextended sentence for
home invasion, the previous 30-year sentence for aggravated
arson, and the previous 15-year sentence for residential
burglary, this time exercising its discretion to make all those
sentences consecutive.  The court may impose discretionary
consecutive sentences if "it is of the opinion that such a term
is required to protect the public from further criminal conduct
by the defendant, the basis for which the court shall set forth
in the record."  730 ILCS 5/5-8-4(b) (West 2002).

This case does not involve sentences imposed in
violation of section 5-8-4(a), requiring consecutive sentences

- 7 -

C000878



which are said to be void.  <u>People v. Garcia</u>, 179 Ill. 2d 55, 73,

688 N.E.2d 57, 65 (1997).  This case involves a situation where

the trial court had properly chosen to impose concurrent

sentences, but on remand changed its mind to impose discretionary

consecutive sentences, which it had not previously chosen to

impose.

Imposition of consecutive sentences has produced

difficulties.  In <u>People v. Todd</u>, 263 Ill. App. 3d 435, 636

N.E.2d 114 (1994), <u>abrogated</u> <u>in</u> <u>Kilpatrick</u>, 167 Ill. 2d 439, 657

N.E.2d 1005, the defendant was convicted of three counts of

criminal sexual assault (720 ILCS 5/12-13(a)(3) (West 1992)).

Criminal sexual assault is a Class 1 felony, for which the

sentence shall be not less than 4 years and not more than 15

years.  730 ILCS 5/5-8-1(a)(4) (West 1992).  The trial court

determined a sentence of 12 years was appropriate.  Believing

that consecutive sentences were required, the trial court

sentenced defendant to four years on each count, to run

consecutively.  When it later developed that consecutive

sentences could not be imposed, the trial court resentenced

defendant to 12 years on each count, the sentences to run

concurrently.  The supreme court eventually held that the

resentencing, even though the total sentence was not increased,

was improper.

> "A defendant should not have to run the
> risk that a challenge to his consecutive
> sentencing will result in a resentencing of

- 8 -

C000879



increased length.   Such a risk would have
an improper chilling effect on a defendant's
decision to challenge a consecutive sentence
as imposed by the trial court and could vio-
late fundamental principles of due process
of law."  Kilpatrick, 167 Ill. 2d at 447,
657 N.E.2d at 1008.

I read Kilpatrick to express real concern about
increased sentences on remand, imposing strict rules even where
there is only a technical violation and the total sentence is not
increased.   I do not read Kilpatrick as endorsing a rule that
would somehow tolerate an increase in the total sentence on
remand.   Kilpatrick quoted with approval the language from
Muellner that "'the resentencing of defendant to consecutive
terms after originally imposing concurrent sentences was in the
very real sense an increase in the length of his sentence because
his earliest possible parole release will necessarily be delayed
to a later date in time.'"  Kilpatrick, 167 Ill. 2d at 444, 657
N.E.2d at 1007, quoting Muellner, 70 Ill. App. 3d at 683, 388
N.E.2d at 861.

I do not understand how Sanders can approve three
discretionary consecutive 10-year terms in place of three
concurrent 25-year terms.   How can an increase in the total
sentence from 25 years to 30 years comply with the broad
directive that the court "shall not impose a new sentence ***
which is more severe than the prior sentence" (730 ILCS 5/5-5-4

- 9 -

C000880



(West 2002))?  The <u>Sanders</u> court relied on <u>Carney</u>, but that decision only rejected defendant's argument that consecutive sentences must, under <u>Apprendi</u>, be treated as a single sentence. See <u>Carney</u>, 196 Ill. 2d at 531, 752 N.E.2d at 1144.

       In the present case, the total sentence was unchanged. Under <u>Kilpatrick</u>, however, that is not a safe harbor.  After remand, the trial court made findings that it had not previously made and imposed a sentence that it had not previously imposed. Given the strict rules applied by <u>Kilpatrick</u>, I conclude that a more severe sentence was improperly imposed following remand in this case.

C000881

IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS

SIXTH JUDICIAL CIRCUIT

I, <u>LINDA S. FRANK</u> , Clerk of the Circuit Court in and for the

County and State aforesaid, and Keeper of the records, files and the

seal of said Court, do hereby certify that I did, on the  5THH

day of SEPTEMBER 20 06 , send by United State's Mail, postage

fully prepaid, a copy of the attached  NOTICE OF APPEAL

**FILED**
SIXTH JUDICIAL CIRCUIT

SEP 0 5 2006

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

<u>HON. DARRYL PRATSCHER</u>
Clerk of the Appellate Court
Fourth Judicial District
201 West Monroe Street
P.O. BOX  19206
Springfield, IL  62794-9206

<u>LISA MADIGAN</u>
Attorney General
State of Illinois
500 S Second Street
Springfield, IL  62706

<u>DANIEL D YUHAS</u>
DEPUTY DEFENDER
OFFICE OF THE APPELLATE DEFEND
400 S NINTH STREET, SUITE 303
P.O. BOX 5240
SPRINGFIELD, IL  62705-5750

<u>JULIA REITZ</u>
Champaign County State's Attorney
101 E. MAIN STREET
URBANA, IL  61801

DEDRIC T MOORE K-53438
MENANRD CORRECTIONAL CENTER
P.O. BOX 711
MENARD, IL  62259-0711

(SEAL)

*Linda S. Frank*
Clerk of the Circuit Court
Champaign County, Illinois

APPELLATE COURT OF ILLINOIS
FOURTH DISTRICT
APPELLATE COURT BUILDING
201 WEST MONROE, P.O. BOX 19206
SPRINGFIELD, IL  62794-9206

CLERK OF THE COURT
(217) 782-2586

RESEARCH DIRECTOR
(217) 782-3528

DATE: 09/07/06

Daniel D. Yuhas
Office of State Appellate Defender
400 W. Monroe St., Suite 303, POB 5240
Springfield, IL 62705

RE:     People v. Moore, Dedric T.
        General No.: 4-06-0742
        County: Champaign
        Trial Court No.: 98CF1558



FILED
SIXTH JUDICIAL CIRCUIT

SEP 0 8 2006

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

TO COUNSEL:

Pursuant to Supreme Court Rule 312, appellants are required to
file a completed docketing statement, together with proof of
service, with the appellate court within fourteen (14) days of
the filing of the notice of appeal.  The enclosed form has been
provided for your convenience.  Please feel free to attach
additional sheets if the space provided on the form is not
sufficient.

Upon receipt of the completed docketing statement, the court will
issue a docketing order setting forth the due dates relevant to
the appeal.

This case was docketed as General No. 4-06-0742 upon this court's
receipt of the notice of appeal.


Darryl Pratscher, Clerk
Appellate Court
Fourth District, Illinois


cc: Linda S. Frank
    Circuit Clerk, Champaign County

Enclosure



## OFFICE OF THE STATE APPELLATE DEFENDER
## FOURTH JUDICIAL DISTRICT

**FILED**
SIXTH JUDICIAL CIRCUIT

400 WEST MONROE STREET • SUITE 303 • P.O. BOX 5240
SPRINGFIELD, IL 62705-5240
TELEPHONE: 217/782-3654 • FAX: 217/524-2472
WWW SITE: http://www.state.il.us/defender/

**SEP 2 5 2006**

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

**DANIEL D. YUHAS**
DEPUTY DEFENDER
_____

**GARY R. PETERSON**
ASSISTANT DEPUTY DEFENDER
_____

KAREN MUNOZ
ARDEN J. LANG
LAWRENCE J. ESSIG
JUDITH L. LIBBY
MARTIN J. RYAN
JOHN M. McCARTHY
JACQUELINE L. BULLARD
ROBERT N. MARKFIELD
SUSAN M. WILHAM
ERICA R. CLINTON
NANCY L. VINCENT
COLLEEN MORGAN
CATHERINE K. HART
JANIEEN R. TARRANCE
ROSALEE DODSON
MICHAEL DELCOMYN
ASSISTANT APPELLATE DEFENDERS

September 22, 2006

Linda S. Frank
Champaign County Circuit Clerk
Champaign County Courthouse
101 E. Main Street
Urbana, IL 61801

RE:   ***PEOPLE V. DEDRIC T. MOORE***
      CHAMPAIGN COUNTY NO. 98-CF-1558
      APPELLATE COURT NO. 4-06-0742

Dear Ms. Frank:

This office has been appointed to represent the defendant on appeal in the above case. Supreme Court Rule 608(c) provides that the record on appeal must be filed in the Appellate Court within nine weeks of the filing of the notice of appeal. The Appellate court will issue a docketing order setting forth the due dates and you will be served with a copy. This date is binding unless the Appellate Court limits or expands the date for compliance.

The current appeal is from the denial of a post-conviction petition. This case was previously on direct appeal, and our office will also need the record from defendant's previous, direct appeal. **Please include the record from the defendant's direct appeal when sending the post-conviction record to the Appellate Court.**

Please forward the original either to this office or to the Clerk of the Fourth District Appellate Court. ***Please send the defendant's copy of the transcripts directly to him or her.*** If you do not know the defendant's present mailing address, we will be glad to provide you with that information.

Thank you for your cooperation.

Sincerely,

DANIEL D. YUHAS
Deputy Defender

DDY:tb



# OFFICE OF THE STATE APPELLATE DEFENDER
# FOURTH JUDICIAL DISTRICT

400 WEST MONROE STREET • SUITE 303 • P.O. BOX 5240
SPRINGFIELD, IL  62705-5240
TELEPHONE: 217/782-3654 • FAX: 217/524-2472
WWW SITE: http://www.state.il.us/defender/

**DANIEL D. YUHAS**
DEPUTY DEFENDER
————————

**GARY R. PETERSON**
ASSISTANT DEPUTY DEFENDER
————————

KAREN MUNOZ
ARDEN J. LANG
LAWRENCE J. ESSIG
JUDITH L. LIBBY
MARTIN J. RYAN
JOHN M. McCARTHY
JACQUELINE L. BULLARD
ROBERT N. MARKFIELD
SUSAN M. WILHAM
ERICA R. CLINTON
NANCY L. VINCENT
COLLEEN MORGAN
CATHERINE K. HART
JANIEEN R. TARRANCE
ROSALEE DODSON
MICHAEL DELCOMYN
ASSISTANT APPELLATE DEFENDERS

September 22, 2006

**FILED**
SIXTH JUDICIAL CIRCUIT
SEP 2 5 2006
Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS  B

Honorable Thomas J. DiFanis
Judge of the Circuit Court
Champaign County Courthouse
101 E. Main Street
Urbana, IL  61801

RE:  ***PEOPLE V. DEDRIC T. MOORE***
     CHAMPAIGN COUNTY NO. 98-CF-1558
     APPELLATE COURT NO. 4-06-0742

Dear Judge DiFanis:

This will acknowledge receipt of your order appointing this office to represent the above-named defendant on appeal.

We will take the appropriate steps to process the defendant's appeal.

Sincerely,

DANIEL D. YUHAS
Deputy Defender

DDY:tb

C000917





SIXTH JUDICIAL CIRCUIT

SEP 2 7 2006

*Linda S. Frank*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

STATE OF ILLINOIS

# APPELLATE COURT

CLERK OF THE COURT
(217) 782-2586

FOURTH DISTRICT
201 W. MONROE STREET
P.O. BOX 19206
SPRINGFIELD, IL 62794-9206

RESEARCH DIRECTOR
(217) 782-3528

09/26/06

Daniel D. Yuhas
Office of State Appellate Defender
400 W. Monroe St., Suite 303, POB 5240
Springfield, IL  62705

RE: People v. Moore, Dedric T.
    General No. 4-06-0742
    County of Champaign
    No: 98CF1558

Dear Counsel:

The docketing statement in the above entitled cause was received and filed. Based on the information in this statement, the attached order was entered indicating a due date for every step in the appeal.

We expect to set this case for oral argument (if requested) during the month of March 07. You are advised that ANY motions for extension of time are not favored and will be allowed by the court only in the most extreme and compelling circumstances.

In connection with this appeal, your attention is directed to the possibility of using an agreed statement of facts if appropriate.


DARRYL PRATSCHER, CLERK
Appellate Court
Fourth District

DP:pw
Encl.

cc:  Julia Rietz
     Norbert J. Goetten, Director
     Robert J. Biderman
     Linda S. Frank


C000918

UNITED STATES OF AMERICA

STATE OF ILLINOIS
APPELLATE COURT
FOURTH JUDICIAL DISTRICT

General No. 4-06-0742

People v. Moore, Dedric T.

Appeal from Circuit Court of County of Champaign
98CF1558

DOCKETING ORDER

| | |
|---|---|
| Notice of Appeal filed: | 09/05/06 |
| Report of Proceedings due to be filed in Trial Court (Supreme Court Rule 323): | NONE |
| Record, or Certificate in Lieu of Record, due to be filed (Supreme Court Rules 325, 326): | 11/07/06  X |
| Appellant's Brief with Appendix due to be filed (Supreme Court Rules 341, 342, 343):   Brief will not be filed until docket   fee has been paid. | 12/12/06 |
| Appellee's Brief due to be filed (Supreme Court Rules 341, 343):   Brief will not be filed until appearance   fee has been paid. | 01/16/07 |
| Appellant's Reply Brief due to be filed (Supreme Court Rules 341, 343): | 01/30/07 |
| Month for Oral Argument (if requested): | MAR/07 |

MOTIONS FOR EXTENSION OF TIME FILED WITHIN 14 DAYS OF THE
APPLICABLE DUE DATE WILL BE LOOKED ON WITH DISFAVOR.

ORAL ARGUMENT MAY BE HELD EARLIER IF CASE IS READY.  DISPO-
SITION WILL BE MADE WITHIN 60 DAYS FOLLOWING ORAL ARGUMENT.

Enter: SEPTEMBER 26, 2006

_____
PRESIDING JUDGE

# Champaign County Circuit Court

No. _____ 98CF 1558

| ATTORNEYS | |
|---|---|

THE PEOPLE OF THE STATE OF ILLINOIS          FILED:  11/19/98          11

- VS -

DEDRIC T. MOORE

```
  I - ATTEMPT MURDER/INTENT TO KILL/INJURE
 II - HOME INVASION/CAUSE INJURY
III - AGG ARSON/KNOW PEOPLE PRESENT
 IV - AGG ARSON/KNOW PEOPLE PRESENT
  V - AGG CRIM SEX AB/BODILY HARM
 VI - RESIDENTIAL BURGLARY
```

11/19/98 JBF/ARS
    98 CF  1558
                    RE: MOORE DEDRIC T.
                    People appear by MICK MCAVOY.  Defendant appears
                    personally.  Deft. arraigned on Indictment.
                    DIANA LENIK is appointed and appears instanter.
                    Cause set for Pre-Trial 1/27/1999 at  02:30 PM in
                    Courtroom A. Pre-trial Orders entered. See ORDERS
                    See Expanded Record.
                    Defendant's Bond fixed in the amount of
                    $250000  .

12/04/98 CRIMINL/MC
    98 CF  1558    Discovery on file

1/26/99 TJD/LSM
    98 CF  1558
                    RE: MOORE DEDRIC T.
                    Affidavit of Mailing and proof of notice of
                    hearing on file.

1/27/99 JGT/NB
    98 CF  1558
                    RE: DEDRIC MOORE
                    Appearance of the States Attorney.  Suggestion
                    that the Defendant is in custody.  Motion by the
                    State for continuance.  Motion allotted for
                    hearing  1/28/1999 at  9:00  AM  in Courtroom F

1/28/99 JGT/NB/NS
    98 CF  1558    RE: DEDRIC MOORE

C000920



# Champaign County Circuit Court    No._____

| ATTORNEYS | |
|---|---|

98  CF  1558
PAGE:    2

1/28/99 JGT/NB/NS
98 CF   1558
    Appearance of the People.  Appearance of the Defendant in custody and by counsel.  Matter called for hearing on State's Motion for Continuance. Objection by the Defendant.  Motion allowed over the objection.  Trial setting this term vacated. Matter continued for trial during the   FEBRUARY/ 1999  trial term and pre-trial  2/24/1999  at  2:30 PM in Courtroom A.
    RE:  Dedric Moore
    Hearing had on People's Motion for Production of Photographs.  Over objection of counsel for defendant, motion allowed.  Written Order entered.  See ORDER.

    Hearing had on People's Motion To Compel the Taking of Handwriting Exemplars.  Motion allowed.  Written Order entered.  See ORDER.

1/29/99 TJD/LSM
98 CF   1558
    RE: MOORE DEDRIC T.
    Affidavit of Mailing of written Order on file.

2/23/99 CRIMINL/DB
98 CF   1558
    Supplemental Discovery on file.

2/24/99 JGT/CAM
98 CF   1558
    RE: DEDRIC MOORE
    Appearance of the States Attorney.  Suggestion that the Defendant is in custody.  Motion by Defendant for continuance.  Motion allotted for hearing  2/25/1999 at  9:30 AM   in Courtroom F

2/24/99 CRIMINL/DB
98 CF   1558
    Supplemental Discovery on file.

2/25/99 JGT/LSM
98 CF   1558
    RE: DEDRIC MOORE
    Appearance of the SA.  Defendant appears in custody and by counsel.  Matter called for hearing on the Defendant's Motion for Continuance.  Motion denied.  Matter allotted for trial during the   MARCH/1999  trial term.

# Champaign County Circuit Court    No._____

| ATTORNEYS | |
|---|---|

```
                                                              11
                                            98  CF  1558      12
                                            PAGE:   3         13
                                                             14
                                                             15
2/25/99 CRIMINL/DB                                           16
    98 CF  1558                                              17
2/25/99 CRIMINL/DB                                           18
    98 CF  1558        Motion to Continue on file by the defendant, by  19
                       Diana Lenik.                          20
                       Supplemental Discovery on file.       21
                       Supplemental Discovery on file.       22
                                                             23
2/26/99 CRIMINL/DB                                           24
    98 CF  1558        Supplemental Discovery on file.       25
                                                             26
3/01/99 JGT/NB/AR                                            27
    98 CF  1558                                              28
                            Appearance of the People by Ms. Ladd.  29
                       Appearance of the Defendant by Ms. Lenik.    30
                       Document received pursuant to Subpoena to National  31
                       City Bank.  By agreement each of the parties to  32
                       receive a copy of the document.       33
                                                             34
                            No appearance pursuant to the Subpoena  35
                       directed to First Midwest.  Subpoena to remain in  36
                       full force and effect.  By agreement any documents  37
                       when received are to be tendered to counsel for  38
                       the People, who will make a copy for the defense  39
                       and cause the original to be placed in the Court  40
                       file.                                 41
                                                             42
3/01/99 CRIMINL/DB                                           43
    98 CF  1558        Discovery on file by the defendant by Diana Lenik  44
                       Supplemental Discovery on file.       45
                       Supplemental Discovery on file.       46
                                                             47
3/02/99 CRIMINL/DB                                           48
    98 CF  1558        Supplemental Discovery on file.       49
                       Supplemental Discovery on file by the defendant  50
                       by Diana Lenik.                       51
                                                             52
3/05/99 TJD/LSM                                              53
    98 CF  1558                                              54
                       RE: MOORE DEDRIC T.                   55
                       Supplemental Discovery on file.       56
                                                             57
3/08/99 TJD/LSM/TV                                           58
    98 CF  1558                                              59
                                                             60
```

# Champaign County Circuit Court   No._____

| ATTORNEYS | |
|-----------|---|
| | |

11
98  CF  1558
PAGE:     4

3/08/99 TJD/LSM/TV
    98 CF   1558
　　　　　　　　　　RE: MOORE DEDRIC T.
Appearance of the People by Asst. State's Atty.
Heidi Ladd.  Appearance of the deft. in custody
with atty. Diana Lenik.
Motion of atty. Diana Lenik to Withdraw on file.
Cause called for hearing on the Motion to
Withdraw.  Arguments of counsel heard.  Motion
denied.  Cause called for hearing on the deft.'s
Motion to Continue.  Arguments of Counsel heard.
Motion denied.  Cause remains allotted for trial
3/15/99 at 9:00 a.m. in Courtroom H.
Deft. is remanded to the custody of the
Champaign County Sheriff to be held pending
trial.

3/09/99 CRIMNL/LM
    98 CF   1558
　　　　　　　　　　RE: MOORE DEDRIC T.
Second Supplemental Discovery on file.

3/11/99 CRIMNL/LM
    98 CF   1558
　　　　　　　　　　RE: MOORE DEDRIC T.
Supplemental Discovery on file.

3/15/99 TJD/LSM/MC
    98 CF   1558
　　　　　　　　　　RE: MOORE DEDRIC T.
Appearance of the People by Asst. State's Atty.
Heidi Ladd.  Appearance of the deft. in custody
with atty. Diana Lenik.  Cause called for jury
trial.  The Court hears Motion of the deft. in
Limine as to prior convictions, arguments of
counsel heard, motion denied.  Motion by the
deft. exclude witnesses.  Motion allowed.
Motion by the People to excluding mentioning
of the time from the incident to the time of
charging.  Arguments of counsel heard.  Motion
allowed.  Motion by the People in Limine as to
excluding Officer Shipley's testimony regarding
other potential suspects.  Arguments heard.
Motion allowed.  Motion by the deft. to strike
names from the list of witnesses J. Thompson

C000923

# Champaign County Circuit Court   No._____

| ATTORNEYS | |
|---|---|

98  CF  1558
PAGE:    5

3/15/99 TJD/LSM/MC
   98 CF   1558       and L. Thompson, motion allowed.  Names stricken.
                      Deft. is advised as to the possible penalties of
                      the offenses as charged.  Jurors selected and
                      sworn.  Opening statements.  State presents
                      evidence.  Trial recess for the day.  Trial
                      continued to 3/16/99 at 9:00 a.m. in H.

3/16/99 TJD/LSM/MC
   98 CF   1558       RE: MOORE DEDRIC T.
                      Appearance of the People by Asst. State's Atty.
                      HEIDI LADD.  Appearance of the deft. in custody
                      with atty. DIANA LENIK.  Trial reconvenes.
                      State presents evidence.  Trial recesses for
                      the day.  Trial continued to 3/17/99 at 9:00 a.m.
                      in Courtroom H.

3/16/99 TJD/LSM
   98 CF   1558       RE: MOORE DEDRIC T.
                      Stipulation as to the Testimony of John Carnes
                      on file.  Stipulation as to the Testimony of
                      Robert Gleeson on file.  Stipulation as to the
                      Testimony of Roger Hobbs on file.  Stipulation
                      as to the Testimony of Renee Patrick on file.
                      Stipulation as to the Testimony of William
                      Kilpatrick on file.

3/17/99 TJD/LSM/MC
   98 CF   1558       RE: MOORE DEDRIC T.
                      Appearance of the People by Asst. State's Atty.
                      HEIDI LADD.  Appearance of the deft. in custody
                      with atty. DIANA LENIK.
                      Trial reconvenes.  State presents evidence.
                      State rests.  Motion by the deft. for a directed
                      verdict.  Arguments of counsel heard.  Motion
                      denied.  Deft. presents evidence.  Trial recesses
                      for the day.  Trial continued to 3/18/99 at 9:00
                      a.m. in H.

3/18/99 TJD/LSM/MC
   98 CF   1558

C000924

# Champaign County Circuit Court    No._____

| ATTORNEYS | |
|---|---|

98  CF  1558
PAGE:    6

3/18/99 TJD/LSM/MC
98 CF   1558

RE: MOORE DEDRIC T.
Appearance of the People by Asst. State's Atty.
Heidi Ladd.  Appearance of the deft. in custody
with atty. Diana Lenik.  Trial reconvenes.
Deft. presents evidence.  Deft. rests.  Jury
instruction conference held.  Instructions
settled.  Closing arguments.  Jury retires
to deliberate in the custody of the sworn
bailiff.
LATER:  Jury returns their Verdict into open
Court.  "We, the jury, find the defendant,
Dedric T. Moore, guilty of Aggravated Arson."
"We, the jury, find the defendant, Dedric T.
Moore, guilty of Attempt First Degree Murder."
"We, the jury, find the defendant, Dedric T.
Moore, guilty of Aggravated Criminal Sexual
Abuse." "We, the jury, find the defendant,
Dedric T. Moore, guilty of Home Invasion."
"We, the jury, find the defendant, Dedric T.
Moore, guilty of Residential Burglary."
Jurors polled in open court and affirm their
Verdict.  Jurors excused.  JUDGMENT entered on
the Verdicts plus costs.  Post trial motions to
be on file within 30 days.  Hearing on Post Trial
motions and sentencing set for 5/21/99 at 1:30
p.m. in Courtroom H./ Order for Sentencing Report
entered this date.  Deft. is remanded to the
custody of the Champaign County Sheriff.  Deft. to
be held without bond.

3/22/99 CRIMINL/DL
98-CF- 1558

RE: Dedric T. Moore
Post Trial Motion placed on file by Defendant
through his attorney, Diana Lenik.

5/21/99 TJD/LSM/TV
98-CF- 1558

RE: MOORE DEDRIC T.
Appearance of the People by Asst. States's Atty.
HEIDI LADD.  Appearance of the deft. in custody
with atty. DIANA LENIK.  Cause called for hearing
on the Post-trial motions, arguments of counsel
heard.  The motion is denied.  Cause called for

C000925

# Champaign County Circuit Court        No. 98CF 1558

| ATTORNEYS | |
|---|---|

sentencing hearing. Witnesses sworn. Evidence heard. The Court considers the Presentence Report, the testimony presented, the statutory factors in aggravation and the statutory factors in mitigation and the comments of counsel and the deft. The Court sentences the deft. to the IL Dept. of Corrections for 60 years for the offense of Attempt First Degree Murder, 60 years concurrent for the offense of Home Invasion, 30 years concurrent for the offense of Aggravated Arson, 7 years concurrent for the offense of Agg Criminal Sexual Abuse and 15 years consecutive for the offense of Residential Burglary. The deft. is to receive credit for 184 days for time served. Deft. requests a hearing on the Motion to Reconsider Sentence. Hearing set for 6/11/99 at 8:30 a.m. in Courtroom H. Deft. in open court waives his presence at the Motion to Reconsider. Bond Order Vacated. Deft. is advised of his Appellate Rights pursuant to Supreme Court Rule 605. Deft. is remanded to the Custody of the Champaign County Sheriff for transportation to the Dept. of Corrections. Order of Commitment issued.

5/24/99 CRIMINL/LA
98-CF- 1558

MOTION TO RECONSIDER SENTENCE ON FILE

6/11/99 TJD/LSM/NS
98-CF- 1558

RE: MOORE DEDRIC T.
Appearance of the People by Asst. State's Atty. HEIDI LADD. Appearance of the deft. by atty. DIANA LENIK. Deft. has waived his appearance at this hearing. Cause called for hearing on the Motion of the deft. to Reconsider. Arguments heard. Motion denied. Office of the Circuit Clerk is to prepare and file a Notice of Appeal. Office of the State Apellate Defender appointed to represent the defendant on the appeal. Office of the Circuit Cierk is to notify the State Appellate Defender of their appointment.

6/16/99 CRIMINL/LA
98-CF- 1558

Notice of Appeal sent to all parties involved this date

C000926

4/22/2002 CRIMINL/TV          Pro se Post-Conviction Petition, Application to          2
1998-CF- 1558          Sue or Defend as a Poor Person placed on file.          3
                                                                                        4
                              File forwarded to Judge Difanis this date.          5
                                                                                        6
                                                                                        7
                                                                                        8
                                                                                        9
                                                                                       10
5/06/2002 JGT/SEC                                                                      11
1998-CF- 1558          RE: MOORE DEDRIC T.                                             12
                       The Court notes a filing for the Defendant          13
                       entitled "Pro-se Post Conviction Relief and          14
                       Application to Sue or Defend as A Poor          15
                       Person", file-marked April 22, 2002. Matter          16
                       assigned to the Honorable Jeffrey B. Ford          17
                       for any proceedings required on the filing.          18
                                                                                       19
                                                                                       20
        5/31/2002 JBF/AJL                                                              21
        1998 CF   1558          RE: MOORE DEDRIC T.          22
                       The Petitioner's claims are frivoulous and          23
                       patently without merit.  The Pro-Se Petition For          24
                       Post-Conviction Relief is denied and the Clerk of          25
                       the Circuit Court of Champaign County is to serve          26
                       a copy of this order upon the petiitoner by          27
                       certified mail within 10 days of its entry.          28
                       Further, the Clerk is to notify the petitioner          29
                       of the disposition in this matter as provided          30
                       for in Supreme Court Rule 651(b).          31
                                                                                       32
                                                                                       33
6/19/2002 CRIMINL/TV          PRO SE NOTICE OF APPEAL PLACED ON FILE.          34
        1998-CF- 1558          FILE FORWARDED TO JUDGE FORD JUNE 20, 2002.          35
                                                                                       36
                                                                                       37
                                                                                       38
        6/21/2002 JBF/AJL                                                              39
        1998 CF   1558          RE: MOORE DEDRIC T.          40
                       Notice of Appeal is on file.          41
                       Office of the Circuit Clerk is to prepare and file          42
                       a Notice of Appeal.  Office of the State Appellate          43
                       Defender appointed to represent the defendant on          44
                       the appeal.  Office of the Circuit Clerk is to          45
                       notify the State Appellate Defender of their          46
                       appointment.          47
                                                                                       48
                                                                                       49
6/26/2002 CRIMINL/TV          NOTICE OF APPEAL SENT TO ALL PARTIES INVOLVED          50
        1998-CF- 1558          THIS DATE.          51
                                                                                       52
5/05/2003 CRIMINL/TV          MANDATE from the Appellate Court on file.  Order          53
        1998-CF- 1558          on Appeal is AFFIRMED and stand in full force          54
                              and effect.          55
                                                                                       56
                                                                                       57
                                                                                       58
                                                                                       59
                                                                                       60

C000927

# Champaign County Circuit Court    No._____

| ATTORNEYS | |
|---|---|

5/12/2003 TJD/CAM
   1998-CF- 1558

RE: MOORE DEDRIC T.
Cause allotted for status hearing on May 23, 2003
at 9:00 a.m. in Courtroom B.  Ms. Dobson to give
all notice required and to prepare writ for the
Defendant's return.

5/15/2003 TJD/CAM
   1998-CF- 1558

RE: MOORE DEDRIC T.
Petition for Writ of Habeas Corpus Ad Prosequendum
on file.  Prayer of the Petition allowed.  Writ to
issue returnable 05/23/2003 at 09:00 AM in
Courtroom B.  See ORDER.

   5/23/2003 TJD/LSO/NS
      1998 CF   1558

Appearance of the People by Ms. Dobson and Mr.
Piland.  Appearance of the deft. in the custody
of DOC and with trial counsel, atty. Diana Lenik
Cause is called for hearing on remand from the
Appellate Court.  Cause is allotted for sentencing
hearing to 7/1/03 at 2:30 p.m. in Courtroom B.
Court Services Dept. is directed to prepare an
updated Presentence Report.  Order for Sentencing
Report entered.  Deft. is remanded to the custody
of the Champaign County Sheriff to be held pending
the sentencing hearing on 7/1/03.

6/26/2003 CRIMINL/EV
  1998-CF- 1558

     Presentence Report on file.

   7/01/2003 TJD/CAM/JM
      1998 CF   1558

RE: MOORE DEDRIC T.
Appearance of the People by MR.MCAVOY/MS.DOBSON
Appearance of the defendant personally and by
counsel, LENIK, DIANA              .  Cause called for
sentencing hearing upon remand.
Statements of counsel heard.
Statement of the defendant heard.
Defendant sentenced to Illinois Department of
Corrections for a period of 15   YEARS on Count 6,
Residential Burglary, said sentence to run
CONSECUTIVE to the sentence imposed in Count 2,
Home Invasion, of 30 years, said sentence to run
CONSECUTIVE to the sentence imposed in Count 3,
Aggravated Arson, of 30 years.  Defendant is
sentenced on Count 1, Attempt (Murder) to 30 years
said sentence to run CONCURRENTLY with sentence

# Champaign County Circuit Court

No._____

| ATTORNEYS | |
|---|---|

7/01/2003  TJD/CAM/JM

| 1998 CF  1558 | imposed on Count 2.  Defendant is sentenced on | 11 |
|---|---|---|
| | Count 5, Aggravated Criminal Sexual Abuse, to | 12 |
| | 7 years, said sentenced to run CONCURRENTLY with | 13 |
| | sentence imposed on Count 3.  Defendant is given | 14 |
| | credit for 1,792 days heretofore served in | 15 |
| | custody. | 16 |
| | Judgement - Sentence to Illinois Department of | 17 |
| | Corrections on file. | 18 |
| | | 19 |
| | Defendant remanded to the custody of the Sheriff | 20 |
| | for transportation to Department of Corrections. | 21 |
| | Defendant advised of right to Appeal and rights | 22 |
| | pursuant to Supreme Court Rule 605 and the Court | 23 |
| | finds that the defendant understands the same. | 24 |
| | Bond of the defendant, if any, is discharged to be | 25 |
| | applied toward any fine, costs or restitution. | 26 |
| | | 27 |
| | | 28 |
| | | 29 |
| | | 30 |
| | | 31 |
| 7/02/2003 CRIMINL/EV | Motion to Reconsider Sentence on file. | 32 |
| 1998-CF- 1558 | | 33 |
| | | 34 |
| 7/14/2003 TJD/CAM | | 35 |
| 1998-CF- 1558 | RE: MOORE DEDRIC T. | 36 |
| | Petition for Writ of Habeas Corpus Ad Testificam | 37 |
| | on file.  Prayer of the Petition allowed.  Writ to | 38 |
| | issue returnable 09/05/2003 at 02:30 PM in | 39 |
| | Courtroom B.  See ORDER. | 40 |
| | | 41 |
| | | 42 |
| | | 43 |
| | | 44 |
| | | 45 |
| | | 46 |
| 7/11/2003 CRIMINL/EV | Transcript of Proceedings Sentencing Hearing | 47 |
| 1998-CF- 1558 | July 1, 2003 on file. | 48 |
| | | 49 |
| | | 50 |
| | | 51 |
| | | 52 |
| | | 53 |
| | | 54 |
| | | 55 |
| | | 56 |
| | | 57 |
| | | 58 |
| | | 59 |
| | | 60 |

C000929

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44

9/05/2003 TJD/CAM/NS
1998-CF- 1558

RE: MOORE DEDRIC T.
Appearance of the People by MICK MCAVOY
Appearance of the Defendant personally and by
counsel LENIK, DIANA.  Hearing had on Defendant's
motion to reconsider sentence.  Motion is denied.
Ms. Lenik places on file this date her 604(d)
certificate.
Office of the Circuit Clerk is to prepare and file
a Notice of Appeal.  Office of the State Appellate
Defender appointed to represent the defendant on
the appeal.  Office of the Circuit Clerk is to
notify the State Appellate Defender of their
appointment.

45
46
47
48
49
50
51
52
53
54
55
56
57
58
59
60

C000930

# Champaign County Circuit Court    No._____

| ATTORNEYS | |
|---|---|

| | | 11 |
| | | 12 |
| 9/17/2003 CRIMINL/TV | NOTICE OF APPEAL SENT TO ALL PARTIES INVOLVED | 13 |
| 1998-CF- 1558 | THIS DATE. | 14 |
| | | 15 |
| | | 16 |
| | | 17 |
| 6/02/2004 CRIMINL/TV | MANDATE from the Appellate Court on file.  Order | 18 |
| 1998-CF- 1558 | on Appeal is AFFIRMED and stand in full force | 19 |
| | and effect. | 20 |
| | | 21 |
| | | 22 |
| | | 23 |
| | | 24 |
| 7/14/2006 CRIMINL/CS | MANDATE from the Appellate Court on file.  Order | 25 |
| 1998-CF- 1558 | on Appeal is AFFIRMED and stand in full force | 26 |
| | and effect. | 27 |
| | | 28 |
| | | 29 |
| | | 30 |
| 7/21/2006 CRIMINL/EV | PRO SE POST-CONVICTION PETITION ON FILE. | 31 |
| 1998-CF- 1558 | FILE FORWARDED TO JUDGE DIFANIS 7/25/06. | 32 |
| | | 33 |
| | | 34 |
| | | 35 |
| | | 36 |
| 7/28/2006 TJD/SEC | | 37 |
| 1998-CF- 1558 | RE: MOORE DEDRIC T. | 38 |
| | Written Order of Post-Conviction Relief entered | 39 |
| | this date finding Petitioner's claims are | 40 |
| | frivolous and patently without merit and denying | 41 |
| | Petitioner's Petition for Post-Conviction Relief | 42 |
| | The Clerk of the Circuit Court of Champaign County | 43 |
| | is ordered to serve a copy of this Order upon the | 44 |
| | Petitioner by certified mail within 10 days of | 45 |
| | its entry. SEE ORDER. | 46 |
| | | 47 |
| | | 48 |
| | | 49 |
| 8/02/2006 CRIMINL/CS | ORDER ON POST CONVICTION PETITION ALONG WITH | 50 |
| 1998-CF- 1558 | LETTER INREGARD TO SUP CRT RULE 651(b) FORWARDED | 51 |
| | TO DEFT BY CERTIFIED MAIL THIS DATE.  SEE AFF OF | 52 |
| | MAILING. | 53 |
| | | 54 |
| | | 55 |
| | | 56 |
| | | 57 |
| | | 58 |
| | | 59 |
| | | 60 |

C000931

8/30/2006 CRIMINL/EV          PRO-SE MOTION FOR RECONSIDERATION OF PETITIONER'S
    1998-CF- 1558             POST-CONVICTION PETITION, OR IN THE ALTERNATIVE,
                              NOTICE OF APPEAL ON FILE AND FORWARDED TO JUDGE
                              DIFANIS 8/31/06.  COPY RETURNED TO DEFENDANT VIA
                              U.S. MAIL.


    9/01/2006 TJD/SEC
       1998-CF- 1558               RE: MOORE DEDRIC T.
                                   Defendant's Motion to Reconsider filed 8/30/06
                                   is DENIED.
                                   Office of the Circuit Clerk is to prepare and file
                                   a Notice of Appeal.  Office of the State Appellate
                                   Defender appointed to represent the defendant on
                                   the appeal.  Office of the Circuit Clerk is to
                                   notify the State Appellate Defender of their
                                   appointment.


9/05/2006 CRIMINL/SR          NOTICE OF APPEAL MAILED TO ALL PARTIES THIS DATE,
    1998-CF- 1558             SEE AFFIDAVIT OF MAILING.


    9/25/2006 CRIMINL/JO      CORRESPONDENCE FROM THE STATE APPELLATE DEFENDER
       1998 CF  1558          FORTH JUDICIAL DISTRICT ON FILE.

C000932