UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DEDRIC MOORE, pro. se.<br><br>Petitioner,<br><br>-vs-<br><br>DONALD HULICK, Warden<br><br>Respondent. | NO. 07-2015<br><br><br>HONORABLE MICHAEL P. McCUSKEY<br>JUDGE PRESIDING |

**MOTION TO HOLD IN ABEYANCE PETITIONER'S**

**PETITION FOR WRIT OF HABEAS CORPUS**

FILED
JUL 20 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

NOW COMES, Petitioner, **DEDRIC MOORE**, PRO. SE. respectfully and humbly request of this Honorable Court to **STAY** hold in **ABEYANCE**, Petitioner's "PETITION FOR WRIT OF HABEAS CORPUS". In further support therof, the Petitioner states as follows:

1. Petitioner filed his Petition for Writ of Habeas Corpus on January 17, 2007.

2. That he is presently confined at the Menard Correctional Center, under register identification Number K-53438.

3. That the Respondent was **Ordered** to Answer said Petition in accordance with Rule 5 governing 2254.  (See Attached Exhibit - A)

4. That this Honorable Court granted the Respondent's Motion For Extension of Time of (35) days, up and until May 7, 2007.

5. That the Respondent filed an **Answer** with the court on May 4, 2007.

6. That the Respondent on May 7, 2007, mailed to the Petitioner their <u>Answer</u>, but the Certificate of Service specifically states <u>Motion To Dismiss</u>, (Which were not the contents), contrary to ¶ #3, answer.

7. That in addition, the Certificate of Service clearly shows that the Respondent identified the Petitioner by an <u>incorrect</u> identification Number (K-52275), which is not the Petitioner's Number, and this did in fact delay the Petitioner from receiving until May 29, 2007, (22) days later.

8. That on July 21, 2006, the Petitioner filed a "Petitin For Post Conviction Relief, and the trial court denied said Petition on July 28, 2006, summarily.

9. Petitioner then timely filed a <u>"Motion For Reconsideration of Petitioner's Petition For Post-Conviction Relief, or/in the Alternative Notice of Appeal</u>. (See Attached Exhibit - B)

10. That an appeal is presently pending from this denial of the Post-Conviction Petition, Under Appellate No. _____.

11. That Petitioner has received correspondence from his Appellate Counsel, agreeing with the Petitioner that said Second Petition For Post Conviction Relief should not be considered as a seccessive petition considering that the Petitioner was re-sentenced on July 1, 2003 and he then filed a Motion to Reconsider sentence and that Motion was denied on September 5, 2003, and the Notice of Appeal was then filed on September 17, 2003. (See Attached Exhibit - C)

12. That this Petitioner has received all of his Legal assistance

-2-

from a knowledgeable Law Clerk, to do his Motion For Reconsideration stated in ¶. #9; the actual Petition for Writ of Habeas Corpus and this Motion to Hold in Abeyance. Without this assistance, the Petitioner would be unable to litigate this matter before this Honorable Court.

13. That the delay in filing this Motion was due to the mere fact that the Petitioner had to wait until the Law Clerk down load some of the legal matters that he was already working on; and considering that I do not have daily access to the law library (if prisoners do not have a court order deal-line, then access to the library is on a 6-8 week cycle), it is totally impossible to research and find cases that would support his claims presently pending before this Honorable Court.

14. That the issues were intentionally raised in compliance with the instructions of the form that specifically states that any issues not raised in the Petition itself may be considered waived.

15. That the intent tis to exhaust his state court remedies with regards to any issues not fully exhausted at this time, and further to beable to have future counsel amend the Petition at a later date after his state court appeals.

16. That if the state court rules against the Petitioner that his second Post-Conviction Petition is a Successive Petition then he would run the risk that his Federal Petition being untimely, considering that his (1) One year statutory dead-line would have been on January 25, 2007.

In addition, considering that the State Court Petition is presently pending, additional issues made develpe as a result of the decision handed down by the state appellate court.

-3-

17.  That the Respondent ask of this Honorable Court to dismiss the Petition with Prejudice, with leave to reinstate within (30) days of his conclusion of state court proceedings.   (State's Answer at pg. 13)

18.  That in addition, the Respondent states that "There is nothing in the record demonstrating that the Petitioner has good cause for his failure to have already pursure in State-Court the claims asserted in his second post conviction pettion,...."  (State's Answer at pg. 13)

19.  That issues # IV, and V derived as a direct result of the Petitioner's re-sentence on July 1, 2003, and sentence reconsideration denial on September 5, 2003.  That it was totally and a categorical impossibility to have raised an issue that never existed until after the resentencing.  It is apparent that Respondent nagated to attach the Petitioner's Motion For Reconsideration, which clearly points to the issues derived as a result of the State and Federation constitutional violations that occured, and direct appeal counsel failed to raise said issue during the second direct appeal.

20.  That the recent ruling in the 7th Circuit Court of Appeals in <u>Dolis v. Chambers</u>, 454 F.3d 721, 725 (7th Cir. 2006), clearly acknowledge the consistent harmful pitfall that many Petitioners have suffered for the failure to file in both State and Federal Courts with respects to the (1) One year statutory dead-line looming.

21.  That if the appellate court agrees with the state court and then the Illinois Supreme Court denies discretionary review, that the Petition for Post-Conviction Relief was in fact a successive petition, (although it is the first considering it was only filed after the state court resentenced this Petitioner), then the petition itself would not

have been properly filed and then serious procedural questions and the timeliness would now exist as a result of said ruling. In addition, the Petitioner would then be faced with the following problems:

    (1) That the Post-Conviction Petition was not properly filed, and so the statutory (1) One dead-line would not be tolled;

    (2) Procedural questions would then exist as a result;

    (3) Petitioner would now be in an unavoidable predicament that the Seventh Circuit Court of Appeals recognize and foresees future Petitioners falling into a harmful pitfall that could be avoidable by filing in both State and Federal Courts simultaneously.

22. Finally, so that the record is clear, the Petitioner was re-sentenced on July 1, 2003, and therefore the appeal process starts <u>anew</u>. Direct appeal was taken and the Petitioner again timely filed his P.L.A. before the Illinois Supreme Court. Petitioner then timely filed his Post-Conviction Petition (Which is the appeal presently pending), on July 21, 2006, which was denied and a Motion to Re-Consider was filed. (See Attached Exhibit - B)

    The Respondent suggest to this Honorable Court that a specific time limit should be imposed for the Petitioner to re-file the instant Petition presently pending. This suggestion would be contrary to the (1) One year statutory limitation of the ATEDP ACT. In all actuality, this Petitioner Petition For Writ of Habeas Corpus would not be due until (1) One year after the resolution of his pending appeal, and at this time the trial

court summarily dismissal of the Post-Conviction Petition is not only erroneous as stating that it was a successive Petition, but also contrary to and an unreasonable determination of <u>facts</u> and State Law with respects to the Post-Conviction Hearing Act.

**Wherefore,** this Petitioner prays that this Honorable Court will **Allow/Grant** this Petitioner's Petition to be held in **Abeyance**, until after the State Court resolution of his appeal presently pending before the appeal court.

Respectfully Submitted

/s/ *Dedric Moore*

DEDRIC MOORE, PRO. SE.

## VERIFICATION OF CERTIFICATION

I, <u>DEDRIC MOORE K-53438</u>, the undersigned, certify and states the following in support thereof:

1. I AM THE DEFENDANT-PETITIONER IN THE ABOVE ENTITLED CAPTIONED MATTER:

2. I HAVE READ THE FOREGOING MOTION TO HOLD IN ABEYANCE AND HAVE DIRECT KNOWLEDGE OF ITS CONTENTS:

3. UNDER PENALTIES AS PROVIDED BY LAW PURSUANT TO SEC. 1-109 OF THE CODE OF CIVIL PROCEDURE, I CERTIFY THAT THE STATEMENTS SET FORTH IN THE FOREGOING DOCUMENTS ARE TRUE IN SUBSTANCE AND IN FACTS AND CORRECT EXCEPT AS TO MATTERS HEREIN STATED TO BE ON INFORMATION AND BELIEF, AND AS TO SUCH MATTER I CERTIFY THAT I BELIEVE THE SAME TO BE TRUE.

FURTHER AFFIANT SAYETH NOT.

/S/ *Dedric Moore*
DEDRIC MOORE, K-53438

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>DEDRIC MOORE, pro. se.<br><br>    PETITIONER,<br><br>    -vs-<br><br>DONALD HULICK, Warden<br><br>    Respondent. | NO. 07-2015<br><br>HONORABLE MICHAEL P. McCUSKEY<br>JUDGE PRESIDING |

## NOTICE OF FILING

To: ELDAD Z. MALAMUTH
Asst. Att. General
100 West Randolph St. 12th Fl.
Chicago, Illinois 60601

X TO: U.S. District Court of Illinois
Urbana Division
Room 218 U.S. Courthouse
201 South Vine St
Urbana, IL 61801

Please Take Notice, that on this _17_ day of July, 2007, I have filed with the Clerk of the United States District Court, Central Div. (1) One Original and (2) Copies of of Petitioner's **Motion To Hold In Abeyance Petitioner'S Petition For Writ of Habeas Corpus**, and you are hereby served.

/s/ _Dedric Moore_
Dedric Moore, Reg. No. K-53438

STATE OF ILLINOIS ) ss:
COUNTY OF RANDOLPH )

## CERTIFICATE OF SERVICE

The undersigning being first duly sworn upon oath, deposes and states that the above **Notice** and **Motion to Hold in Abeyance**, was served upon the above named party on this _17_ day of July, 2007, by depositing the same and said in the Proper Prison Official hands here at the Menard Corr. Ctr. 711 Kaskaskia St. / P. O. BOX - 711 Menard, Illinois 62259-0711, to affix the Proper First Class Postage and placement in the U.S. Mail Service to be delivered; and pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare all of the above and contents thereof herewith is true in fact and in substance.

/s/ _Dedric Moore_
DEDRIC MOORE, PRO. SE.
711 Kaskaskia St./Box-711
Menard, Illinois 62259-0711

E-FILED
Friday, 20 July, 2007 02:59:14 PM
Clerk, U.S. District Court, ILCD

E-FILED
Thursday, 01 February, 2007 01:29:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

---

| | |
|---|---|
| DEDRIC MOORE, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 07-CV-2015 |
| | ) |
| DONALD A. HULICK, Warden, | ) |
| | ) |
| Respondent. | ) |

### ORDER

On January 29, 2007, Petitioner, Dedric Moore, filed an Application to Proceed in Forma Pauperis (#1) which included the required trust fund ledger. The ledger shows that Petitioner has no funds available to pay the $5.00 filing fee. Therefore, Petitioner's Application to Proceed in Forma Pauperis (#1) is GRANTED. The clerk is directed to file the attached Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Petitioner also filed a Motion for Appointment of Counsel (#2). This court concludes that Petitioner has not shown that appointment of counsel is warranted in this case. Therefore, Petitioner's Motion for Appointment of Counsel (#2) is DENIED.

This court now orders that Respondent, Donald A. Hulick, has sixty (60) days to file a response to the Petition pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. This court further orders that Respondent should attach those portions of the state court record which are relevant to Petitioner's claims and to the issues of the statute of limitations, exhaustion of state remedies, and procedural default.

IT IS THEREFORE ORDERED THAT:

(ATTACHED EXHIBIT - A)

(1) Petitioner's Application to Proceed in Forma Pauperis (#1) is GRANTED. The clerk is directed to file the attached Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody without the payment of the $5.00 filing fee.

(2) Petitioner's Motion for Appointment of Counsel (#2) is DENIED.

(3) Respondent is ordered to file his Response to the Petition pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court. Respondent should attach those portions of the state court record which are relevant to Petitioner's claims and to the issues of the statute of limitations, exhaustion of state remedies, and procedural default.

ENTERED this 1st day of February, 2007.

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE



**OFFICE OF THE STATE APPELLATE DEFENDER**
**THIRD JUDICIAL DISTRICT**

ROBERT AGOSTINELLI
Deputy Defender

VERLIN MEINZ
Assistant Deputy Defender

1100 COLUMBUS STREET
OTTAWA, ILLINOIS 61350-2107
(815) 434-5531

Fax: (815) 434-2920
E-Mail: Paula.Ramza@OSAD.state.il.us
www.state.il.us/defender/

March 26, 2007

Mr. Dedric T. Moore
Register No. K53438
Menard Correctional Center
711 Kaskaskia Street, Box 711
Menard IL 62259

Dear Mr. Moore:

    Thank you for your recent letter. I just received the record in your case and it will still be some time before I work on your appeal, so it is difficult for me to answer specific questions.

    After I have read the record, I will let you know my opinion of the constitutionality of your sentences. I can say, however, that I will look into your ideas and consider any possible issue.

    You have asked if this petition will be considered a first or successive petition. If it is the only one filed after your resentencing and only going to the new sentence, it should be considered a first petition.

    I will be in touch with you once I know more about your case. In the meantime, please feel free to write with any questions or concerns.

Very truly yours,

CARRIE B. MARCHE
Assistant Defender

CBM:rje
Enc.
cc

**(ATTACHED EXHIBIT - C)**

---

Assistant Defenders

| | | | |
|---|---|---|---|
| Peter A. Carusona | Mark D. Fisher | Santiago A. Durango | Jay Wiegman |
| Stephen H. Omolecki | Thomas A. Karalis | Kerry J. Bryson | Melissa A. Maye |
| Kenneth D. Brown | Carrie B. Marche | Fletcher P. Hamill | Bryon S. Kohut |

Printed on Recycled Paper