**E-FILED**
Monday, 06 August, 2007  11:43:38 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

---

| | | |
|---|---|---|
| United States of America ex rel. | ) | |
| DEDRIC MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 07-2015 |
| DONALD A. HULICK, Warden, | ) | |
| Menard Correctional Center, | ) | The Honorable |
| | ) | Michael P. McCuskey, |
| Respondent. | ) | Chief Judge Presiding. |

---

### RESPONSE TO MOTION TO HOLD IN ABEYANCE

Respondent, DONALD A. HULICK, in response to petitioner's motion to hold in abeyance the above-captioned petition for habeas relief, states as follows:

1.     Petitioner filed the instant petition on January 17, 2007, raising five claims.

2.     On May 4, 2007, respondent filed an Answer, in which he noted that petitioner had exhausted his remedies with respect to the claims in his petition to this Court.  Doc. 9 at 12.  However, the Answer also noted that petitioner's second state postconviction petition, an appeal of which was still pending, contained other claims.  *Id.*  Thus, by proceeding in this matter, petitioner would forfeit any federal habeas corpus challenge raising those claims unless he could satisfy stringent statutory requirements and obtain leave from the Seventh Circuit.  *See* 28 U.S.C. §§ 2244(b)(2), (3)(a).

3.     Subsequently, petitioner filed his "motion to hold in abeyance." Doc. 16. Petitioner's motion states that he intends to exhaust the claims currently pending in state court and to "have future counsel amend the Petition at a later date after his state court appeals." Doc. 16, ¶ 15. Citing *Dolis v. Chambers*, 454 F.3d 721 (7th Cir. 2006), petitioner further states that if the state court were to hold that his second postconviction petition is an improper successive petition, he would run the risk of his federal habeas petition being untimely. But because: (1) petitioner has failed to file a protective petition as suggested by *Dolis* and his Section 2254 petition raises only exhausted claims; and (2) he cannot satisfy the *Rhines* factors in any event, this Court should deny his motion to hold in abeyance.

4.     First, petitioner has failed to follow the procedure specified in *Dolis*. Petitioner asks this Court to stay the instant proceedings because he is uncertain whether his pending postconviction proceedings will be deemed "properly filed," such that they would toll the limitations period under Section 2244(d)(2). Courts have suggested that a prisoner who is uncertain whether a postconviction action will be considered properly filed (and thus toll the limitations period) should file a "protective petition," and seek a stay while returning to state court to exhaust the unexhausted claims. *Dolis*, 454 F.3d at 725 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)) ("A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's reasonable confusion about whether a state

2

filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."). But petitioner has not filed such a protective petition; the instant petition raises only his exhausted claims, not the unexhausted claims. Therefore, he cannot rely on *Dolis*.

5.      Second, even if petitioner had presented his unexhausted claims in the instant Section 2254 petition, he could not demonstrate his entitlement to a stay of these proceedings. While this Court has discretion to stay a "mixed" petition (one raising both exhausted and unexhausted claims) and hold it in abeyance pending exhaustion of a petitioner's unexhausted claims, the Supreme Court has directed that this procedure "should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "Stay and abeyance . . . has the potential to undermine [the] purposes" of the Antiterrorism and Effective Death Penalty Act of 1996. *Id.*

6.      Under *Rhines*, this Court may grant a stay only if petitioner can demonstrate that: (1) "there was good cause for petitioner's failure to exhaust his claims first in state court;" (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not "engage[d] in abusive litigation tactics or intentional delay." 544 U.S. at 277-78.

7.      Petitioner cannot satisfy the *Rhines* factors. Indeed, he has not even raised the unexhausted claims in the instant petition to this Court, much less demonstrated that they are potentially meritorious. "[E]ven if a petitioner had good

cause for that failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." 544 U.S. at 277; *see also Dolis*, 454 F.3d at 724 ("The district court must decide . . . whether the unexhausted claims have some possible merit.").

8.      Petitioner's failure to present the unexhausted claims in his Section 2254 petition renders this Court unable to find that he has satisfied the second prong of the *Rhines* test. *Rhines* dealt with a mixed petition, *see* 544 U.S. at 271; in *Dolis*, upon which petitioner relies, petitioner had not exhausted any of his claims. 454 F.3d at 724. In each instance, however, the petitioner raised his unexhausted claims in his Section 2254 petition.

9.      Here, petitioner has made no attempt to demonstrate the possible merit of his pending state court claims — claims that the postconviction trial court has already denied as "frivolous, patently without merit and outrageous given the record in this case." *See* Resp. Exh. T to Doc. 9.

10.      Moreover, he also not established that he has satisfied the third prong of the *Rhines* inquiry. A successive postconviction petition cannot be filed in Illinois without leave of the court. *See* 725 ILCS § 5/122-2.1. The only court to address the second postconviction petition has found it to be successive — as well as "outrageous" — and petitioner never sought leave to file it. *See* Resp. Exh. T to Doc. 9. Therefore, petitioner has not established that he has refrained from engaging in "abusive litigation tactics." *See* 544 U.S. at 278.

11.    Petitioner also appears to seek leave to add any additional issues that may develop as a result of his pending postconviction appeal.  Doc. 16, ¶ 16.  But this request runs directly counter to AEDPA's twin purposes of reducing delay and furthering the finality of state court judgments, and ignores the limitations period set forth in Section 2244(d)(1).

In sum, petitioner cannot rely on *Dolis* and *Rhines* to obtain a stay of these proceedings because he has failed to file a protective petition raising his unexhausted claims.  Moreover, even if petitioner had filed a protective petition raising his pending postconviction claims, he could not satisfy the *Rhines* factors because he has not shown that his claims are potentially meritorious where the state court has already denied them as "frivolous, patently without merit and outrageous given the record in this case."  *See* Resp. Exh. T to Doc. 9.  Therefore, this Court should deny petitioner's motion to hold in abeyance.

## <u>CONCLUSION</u>

For the reasons stated above, respondent respectfully requests that this

Court deny petitioner's motion to hold in abeyance the above-caption petition for

habeas relief.

August 6, 2007                                        Respectfully submitted,

                                                     LISA MADIGAN
                                                     Attorney General of Illinois

                                 By:      s/Eldad Z, Malamuth
                                          ELDAD Z. MALAMUTH, Bar # 6275421
                                          Assistant Attorney General
                                          100 West Randolph Street, 12th Floor
                                          Chicago, Illinois 60601
                                          TELEPHONE: (312) 814-2235
                                          FAX: (312) 814-2253
                                          E-MAIL: emalamuth@atg.state.il.us

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2007, I presented the attached **Response to Motion to Hold in Abeyance** to the Clerk of the United States District Court for the Central District of Illinois, using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

Dedric Moore #K53438
Menard Correctional Center
711 Kaskaskia Street
P.O. Box 711
Menard, Illinois 62259.


LISA MADIGAN
Attorney General of Illinois

By:    s/ Eldad Z. Malamuth
ELDAD Z. MALAMUTH, Bar # 6275421
Assistant Attorney General
100 West Randolph Street, 12th floor
Chicago, Illinois 60601
TELEPHONE: (312) 814-2235
FAX: (312) 814-2253
EMAIL: emalamuth@atg.state.il.us